GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 849-5300
Facsimile:   (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
GAIL E. LEES, SBN 90363
GLees@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FACEBOOK, INC.,<br><br>                    Defendant. | Case No. C 13-05996 PJH<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Gibson, Dunn &
Crutcher LLP

Defendant Facebook, Inc. ("Facebook") answers Plaintiffs' Consolidated Amended Complaint (the "Complaint") as follows:

Except as otherwise expressly recognized herein, Facebook denies each and every allegation contained in the Complaint.  Facebook states that the headings, sub-headings and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Facebook denies the allegations in the headings, sub-headings, and footnotes in the Complaint.  Facebook expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "I.     INTRODUCTION"

1.     Facebook denies the allegations in the first sentence of paragraph 1.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  The remaining allegations in paragraph 1 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the remaining allegations in paragraph 1 are deemed in whole or in part to be factual, Facebook admits that Plaintiffs purport to bring claims under these statutes and are requesting an order seeking injunctive, declaratory, and monetary relief, except that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' UCL and CIPA § 632 claims with prejudice.  Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or that this action may be maintained as a class action.

2.     Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 2 that pertain to Plaintiffs' use of Facebook and/or the Facebook Messages product.  Facebook denies Plaintiffs' characterizations of the Facebook Messages product and its disclosures related to the Facebook Messages product.  Facebook admits that it processes the messages of Facebook users who send or receive messages through the Messages product.  Facebook further admits that, at certain times, and under certain circumstances, if a message sent through the Facebook Messages product included a link to another website (uniform resource identifier ("URL")) that contained a Facebook "Like" button plugin, the aggregate "Like" count for that URL

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

displayed on a social plugin may have increased.  Facebook denies the remaining allegations in paragraph 2.

3.      Facebook admits that, while it offers the Facebook social networking service to users for free, it generates revenue from targeted advertising.  Facebook further admits that it has approximately 1.2 billion users.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 3.

4.      Facebook denies the allegations in paragraph 4.

"II.   <u>THE PARTIES</u>"

5.      Facebook admits that a Facebook account with a user name of Matthew Campbell exists.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 5.

6.      Facebook admits that a Facebook account with a user name of Michael Hurley exists. Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6.

7.      Facebook admits that a Facebook account with a user name of David Shadpour exists.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 7.

8.      Facebook admits the allegations in paragraph 8.

"III.   <u>JURISDICTION</u>"

9.      Facebook admits that this Court has federal question jurisdiction over claims that arise under the Electronic Communications Privacy Act, but Facebook denies that Plaintiffs have standing under Article III of the United States Constitution.  Facebook further denies Plaintiffs have stated a claim for a violation of any law, or that this action may be maintained as a class action. Except as so admitted, Facebook denies the allegations in paragraph 9.

10.      Facebook admits that this Court has diversity jurisdiction under the Class Action Fairness Act, but Facebook denies that Plaintiffs have standing under Article III of the United States Constitution.  Facebook further denies Plaintiffs have stated a claim for a violation of any law, or

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1  that this action may be maintained as a class action.   Except as so admitted, Facebook denies the

2  allegations in paragraph 10.

3      11.    Facebook admits that its headquarters are in California and that it conducts business

4  in California.  The remaining allegations in paragraph 11 are conclusions of law for which no

5  responsive pleading is required and which are therefore denied.

6                          **"IV.   INTRADISTRICT ASSIGNMENT"**

7      12.    Facebook admits that its executive offices and corporate headquarters are located in

8  Menlo Park, California.  Insofar as the allegations in paragraph 12 state conclusions of law, no

9  response is required.  To the extent a response is required, Facebook is without information

10 sufficient to form a belief as to the truth of the allegations in this paragraph and denies each and

11 every allegation on that basis.  Facebook denies any express or implied allegation within this

12 paragraph that any of its conduct was improper or unlawful.

13     13.    Facebook admits the allegations in paragraph 13.

14                              **"V.   CHOICE OF LAW"**

15     14.    The allegations in paragraph 14 are conclusions of law for which no responsive

16 pleading is required and which are therefore denied.  To the extent the allegations in paragraph 14

17 are deemed in whole or in part to be factual, Facebook admits that paragraph 14 contains what

18 appears to be a partial excerpt of its Statement of Rights and Responsibilities, and avers this

19 document speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 14.

20                     **"VI.   FACTS COMMON TO ALL COUNTS"**

21     15.    Facebook admits that it operates the world's largest social-networking website.

22 Facebook admits that it has approximately 1.2 billion users.  Facebook further admits that its social-

23 networking website enables users to share text, photography, video, and other Internet content.

24 Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in

25 paragraph 15.

26     16.    Facebook admits that its social-networking website enables users to communicate

27 with one another.  Facebook admits that the Facebook social-networking website includes Facebook

28 Pages and the Facebook Messages product.  By way of further response, Facebook avers that

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

Facebook Pages and the Facebook Messages product are not the only tools offered on the Facebook social-networking website.  Facebook admits that the Facebook Messages product includes messages and chats.  Facebook further admits that Facebook chats are in an instant messaging format.  Except as so admitted, Facebook denies the allegations in paragraph 16.

17.     Facebook admits that, in order to establish a Facebook account, a Facebook user must agree to Facebook's Statement of Rights and Responsibilities and acknowledge reading Facebook's Data Use Policy.  Facebook further admits that paragraph 17 contains what appears to be a partial excerpt of a prior version of the Facebook website at wwww.facebook.com, and Facebook avers that the document speaks for itself.

18.     Facebook admits the allegations in paragraph 18.

19.     Facebook admits that paragraph 19 quotes certain language used in one or more versions of its Statement of Rights and Responsibilities and Data Use Policy, and avers that these documents speak for themselves.  Except as so admitted, Facebook denies the allegations in paragraph 19.

20.     Facebook admits that paragraph 20 quotes certain language used in an article that was available on the Facebook Help Center.  Facebook admits that there are different ways to share content on Facebook, including sharing content with a broad audience, sharing content with a small group of friends, and sharing content with an individual.  Facebook admits that one way to share content with an individual is to send a message.  By way of further response, Facebook avers that the document speaks for itself.

21.     Facebook admits that paragraph 21 quotes portions of an article that was available on the Facebook Help Center.  By way of further response, Facebook avers that the document speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 21.

22.     Facebook admits that the Facebook Messages product has, at certain points in time, included email, chat, and messaging functionality.  Facebook admits that, at certain points in time, users were able to use the Facebook Messages product to send messages to and receive messages from Facebook users and non-Facebook email addresses.  Except as so admitted, Facebook denies the allegations in paragraph 22.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

23.     Facebook admits that the Facebook Messages product enables users to communicate with one another.  Facebook disputes Plaintiffs' characterizations of its Facebook Messages product and its disclosures related to the Facebook Messages product, or that its conduct provides a basis for any actionable claim.  Facebook further admits that paragraph 23 quotes certain language used in articles that were available on the Facebook Help Center, and avers that these documents speak for themselves.  Except as so admitted, Facebook denies the allegations in paragraph 23.

24.     Facebook admits that paragraph 24 contains certain words that were included in a Facebook post that was previously available on the Internet, and avers that this document speaks for itself.  Facebook disputes Plaintiffs' characterization of the document.  Except as so admitted, Facebook denies the allegations in paragraph 24.

25.     Facebook denies the allegations in paragraph 25.

26.     Facebook admits that it has developed items of embeddable HTML code called "social plugins," including the "Like" button.  Facebook admits that certain third-party websites offer social plugins in order to provide engaging and personalized social experiences to their users. Facebook admits that social plugins allow people to share content using Facebook directly from third-party websites.  Except as so admitted, Facebook denies the allegations in paragraph 26.

27.     Facebook admits that it processes the messages of Facebook users who send or receive messages through the Messages product.  Facebook further admits that, at certain times, and under certain circumstances, if a message sent using the Facebook Messages product included a link to another website (URL) that contained a Facebook "Like" button plugin, the aggregate "Like" count for that URL displayed on a social plugin may have increased.  Facebook disputes Plaintiffs' characterizations of its Facebook Messages product, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 27.

28.     Facebook denies the allegations in paragraph 28.

29.     Facebook denies the allegations in paragraph 29.

30.     Facebook denies the allegations in paragraph 30.

31.     Facebook avers that the referenced documents speak for themselves.  Facebook disputes Plaintiffs' characterization of its conduct and its disclosures, or that its conduct provides a

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1  basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph

2  31.

3          32.      Facebook admits that it has developed items of embeddable HTML code called

4  "social plugins," including the "Like" button.  Facebook admits that certain third-party websites

5  offer social plugins.  Facebook admits that social plugins allow people to share content using

6  Facebook directly from third-party websites.  Facebook admits that paragraph 32 contains what

7  appears to be a partial written excerpt of audio from a Facebook video titled "Understanding Social

8  Plugins" that was posted to Facebook at one time, and Facebook avers that the document speaks for

9  itself.  Except as so admitted, Facebook denies the allegations in paragraph 32.

10         33.      Facebook admits that social plugins allow people to share content using Facebook

11 directly from third-party websites.  Except as so admitted, Facebook denies the allegations in

12 paragraph 33.

13         34.      Facebook admits that paragraph 34 contains what appears to be a partial written

14 excerpt of audio from a Facebook video titled "Understanding Social Plugins" that was posted to

15 Facebook at one time, and Facebook avers that the document speaks for itself.  Facebook disputes

16 Plaintiffs' characterization of its conduct and its disclosures, or that its conduct provides a basis for

17 any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 34.

18         35.      Facebook admits that paragraph 35 purports to characterize a blog post that was

19 published on the *Wall Street Journal*'s website in October 2012.  Facebook avers that the blog post

20 speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 35.

21         36.      Facebook admits that paragraph 36 purports to characterize an article that was

22 published on the *Digital Trends* website in October 2012.  Facebook avers that the article speaks for

23 itself.  Except as so admitted, Facebook denies the allegations in paragraph 36.

24         37.      Facebook admits that paragraph 37 purports to characterize a blog post that was

25 published on the *Wall Street Journal*'s website in October 2012.  Facebook avers that the blog post

26 speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 37.

27         38.      Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct

28 provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 38.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1      39.      Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct

2  provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 39.

3      40.      Facebook admits that paragraph 40 purports to characterize an article that was

4  published on Swiss security firm High-Tech Bridge's website in August 2013.  Facebook avers that

5  the article speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 40.

6      41.      Facebook denies the allegations in paragraph 41.

7      42.      Facebook denies the allegations in paragraph 42.  By way of further response,

8  Facebook disputes Plaintiffs' characterization of its conduct and its disclosures, or that its conduct

9  provides a basis for any actionable claim.

10     43.      Facebook admits that it has developed items of embeddable HTML code called

11 "social plugins," including the "Like" button.  Facebook admits that certain third-party websites

12 offer social plugins.  Facebook admits that social plugins allow people to share content using

13 Facebook directly from third-party websites.  By way of further response, Facebook admits that

14 paragraph 43 purports to characterize an article that was published on CNET News' website in June

15 2010.  Facebook avers that the article speaks for itself.  Except as so admitted, Facebook denies the

16 allegations in paragraph 43.

17     44.      Facebook admits that paragraph 44 purports to characterize an article that was

18 published on CNET News' website in June 2010.  Facebook avers that the article speaks for itself.

19 Except as so admitted, Facebook denies the allegations in paragraph 44.

20     45.      Facebook denies the allegations in paragraph 45.

21     46.      Facebook admits that paragraph 46 purports to characterize an episode of *Frontline*.

22 Facebook avers that the document speaks for itself.  Facebook disputes Plaintiffs' characterization of

23 its conduct, or that its conduct provides a basis for any actionable claim.  Facebook lacks knowledge

24 or information sufficient to admit or deny the remaining allegations in paragraph 46.

25     47.      Facebook denies the allegations in paragraph 47.  Facebook disputes Plaintiffs'

26 characterization of its conduct, or that its conduct provides a basis for any actionable claim.

27     48.      Facebook denies the allegations in paragraph 48.

28

Gibson, Dunn &
Crutcher LLP

49.     Facebook admits that it has more than one billion users.  Facebook admits that paragraph 49 contains what appears to be a partial excerpt of a Facebook article titled "How Advertising and Sponsored Stories Works" that was available on Facebook.  Facebook avers that this document speaks for itself.  Facebook admits that it earns revenue from advertisements it displays to Facebook users, and that such advertisements may be targeted based on certain information provided by users to Facebook.  Except as so admitted, Facebook denies the allegations in paragraph 49.

50.     Facebook admits that paragraph 50 purports to characterize a third-party study published by Nielsen OCR.  Facebook avers that this document speaks for itself.  Facebook admits that it earns revenue from advertisements it displays to Facebook users, and that such advertisements may be targeted based on certain information provided by users to Facebook.  Except as so admitted, Facebook denies the allegations in paragraph 50.

51.     Facebook admits that paragraph 51 purports to characterize an article titled "Private Traits and Attributes are Predictable from Digital Records of Human Behavior" that was published in the *Proceedings of the National Academy of Sciences of the United States of America* in 2013.  Facebook admits that paragraph 51 purports to characterize an article titled "Social Influence in Social Advertising:  Evidence from Field Experiments" that was published in *Proceedings of the 13th ACM Conference on Electronic Commerce* in 2012.  Facebook avers that these documents speak for themselves.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 51.

52.     Facebook admits that it receives, processes, and stores information shared by users on Facebook, including when users send messages.  Facebook avers that it uses all information shared on Facebook in accordance with its Statement of Rights and Responsibilities and its Data Use Policy, and avers that these documents speak for themselves.  By way of further response, Facebook admits that paragraph 52 purports to characterize an article titled "Information For Law Enforcement Authorities" that was available on Facebook's Safety Center.  Facebook avers that the document speaks for itself.  Facebook disputes Plaintiffs' characterization of its conduct and disclosures, or

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1   that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies

2   the allegations in paragraph 52.

3        53.     Facebook admits that paragraph 53 contains what appears to be a partial excerpt of a

4   statement by the Senate Judiciary Committee, and Facebook avers that this document speaks for

5   itself.  The remaining allegations in paragraph 53 are conclusions of law for which no responsive

6   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 53

7   are deemed in whole or in part to be factual, Facebook denies them.

8        54.      Facebook admits that paragraph 54 contains what appears to be a partial excerpt of a

9   statement by Senator Patrick Leahy, and Facebook avers that this document speaks for itself.  The

10  remaining allegations in paragraph 54 are conclusions of law for which no responsive pleading is

11  required and which are therefore denied.  To the extent the allegations in paragraph 54 are deemed

12  in whole or in part to be factual, Facebook denies them.

13       55.     Facebook admits that paragraph 55 purports to characterize the "Fair Information

14  Practice Principles" published by the U.S. Department of Health and Human Services.  Facebook

15  avers that this document speak for itself.  The remaining allegations in paragraph 55 are conclusions

16  of law for which no responsive pleading is required and which are therefore denied.  To the extent

17  these allegations are deemed in whole or in part to be factual, Facebook denies them.  Facebook

18  disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any

19  actionable claim.

20       56.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct

21  provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 56.

22       57.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct

23  provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 57.

24       58.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct

25  provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 58.

26              **"VII.   CLASS ALLEGATIONS"**

27       59.     Facebook admits that Plaintiffs purport to bring a class action under Rule 23 of the

28  Federal Rules of Civil Procedure.  The remaining allegations in paragraph 59 are conclusions of law

for which no responsive pleading is required and which are therefore denied.  To the extent these allegations are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

In response to footnote 2 to paragraph 59, Facebook admits that what it understands to be the "practice" challenged in this action—incrementing a "Like" count when users shared URLs in Facebook messages in certain circumstances—ceased in October 2012.

60.     Facebook admits that Plaintiffs purport to exclude certain entities and individuals from the putative class.  By way of further response, Facebook avers that this action may not be maintained as a class action.  Except as so admitted, Facebook denies the allegations in paragraph 60.

61.     The allegations in paragraph 61 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 61 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

62.     The allegations in paragraph 62 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 62 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

63.     The allegations in paragraph 63 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 63 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

64.     The allegations in paragraph 64 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 64 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

65.     The allegations in paragraph 65 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 65

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

2  Facebook avers that this action may not be maintained as a class action.

3      66.      The allegations in paragraph 66 are conclusions of law for which no responsive

4  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 66

5  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

6  Facebook avers that this action may not be maintained as a class action.

7      67.      The allegations in paragraph 67 are conclusions of law for which no responsive

8  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 67

9  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

10  Facebook avers that this action may not be maintained as a class action.

11      68.      The allegations in paragraph 68 are conclusions of law for which no responsive

12  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 68

13  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

14  Facebook avers that this action may not be maintained as a class action.

15                          **"VIII.  THE CLASS REPRESENTATIVES"**

16      69.      Facebook lacks knowledge or information sufficient to admit or deny the allegations

17  in paragraph 69.

18      70.      Facebook lacks knowledge or information sufficient to admit or deny the allegations

19  in paragraph 70.

20      71.      Facebook lacks knowledge or information sufficient to admit or deny the allegations

21  in paragraph 71.

22                          **"IX.  CAUSES OF ACTION**

23                              **COUNT ONE**

24      **(Violations of the Electronic Communications Privacy Act,**
                  **18 U.S.C. §§ 2510 *et seq.*)"**
25

26      72.      Responding to paragraph 72, Facebook incorporates by reference its responses to the

27  preceding paragraphs as if fully set forth herein.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1       73.     Facebook admits that Plaintiffs purport to bring claims under these statutes.

2   Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or

3   that this action may be maintained as a class action.

4       74.     Facebook admits the allegations in paragraph 74.

5       75.     Facebook admits that it presently has over 166 million users in the United States.

6   Facebook further admits that it presently has more than one billion users.  The remaining allegations

7   in paragraph 75 are conclusions of law for which no responsive pleading is required and which are

8   therefore denied.  To the extent the allegations in paragraph 75 are deemed in whole or in part to be

9   factual, Facebook denies them.

10      76.     The allegations in paragraph 76 are conclusions of law for which no responsive

11  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 76

12  are deemed in whole or in part to be factual, Facebook denies them.

13      77.     The allegations in paragraph 77 are conclusions of law for which no responsive

14  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 77

15  are deemed in whole or in part to be factual, Facebook denies them.

16      78.     Facebook denies the allegations in paragraph 78.

17      79.     The allegations in paragraph 79 are conclusions of law for which no responsive

18  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 79

19  are deemed in whole or in part to be factual, Facebook denies them.

20      80.     The allegations in paragraph 80 are conclusions of law for which no responsive

21  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 80

22  are deemed in whole or in part to be factual, Facebook denies them.

23      81.     The allegations in paragraph 81 are conclusions of law for which no responsive

24  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 81

25  are deemed in whole or in part to be factual, Facebook denies them.

26      82.     The allegations in paragraph 82 are conclusions of law for which no responsive

27  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 82

28  are deemed in whole or in part to be factual, Facebook denies them.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

83.     The allegations in paragraph 83 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 83 are deemed in whole or in part to be factual, Facebook denies them.

84.     The allegations in paragraph 84 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 84 are deemed in whole or in part to be factual, Facebook denies them.

85.     Facebook denies the allegations in paragraph 85.

86.     Facebook denies the allegations in paragraph 86.

87.     Facebook denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 88 are deemed in whole or in part to be factual, Facebook denies them.

89.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 89.

90.     The allegations in paragraph 90 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 90 are deemed in whole or in part to be factual, Facebook denies them.

91.     Facebook denies the allegations in paragraph 91.

92.     Facebook denies the allegations in paragraph 92.

93.     Facebook denies the allegations in paragraph 93.

94.     The allegations in paragraph 94 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 94 are deemed in whole or in part to be factual, Facebook denies them.

## "COUNT TWO

### (Violations of the California Invasion of Privacy Act,

### Cal. Penal Code §§ 630, *et seq.*)"

95.     Responding to paragraph 95, Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

96.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to this paragraph is required.  To the extent a response is required,  Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or that this action may be maintained as a class action.  The allegations in paragraph 96 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the remaining allegations in paragraph 96 are deemed in whole or in part to be factual, Facebook denies them.

97.     Facebook admits that the language quoted in paragraph 97 appears in California Penal Code § 630.  Facebook denies that the language has anything to do with Facebook's conduct or renders unlawful any of Facebook's conduct.  By way of further response, Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice.

98.     The allegations in paragraph 98 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 98 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice.

99.     Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 99.  By way of further response, Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice.

100.    The allegations in paragraph 100 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 100 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice.

101.    The allegations in paragraph 101 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 101 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1    Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim

2    under California Penal Code § 632 with prejudice.

3           102.    The allegations in paragraph 102 are conclusions of law for which no responsive

4    pleading is required and which are therefore denied.  To the extent the allegations in paragraph 102

5    are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

6    Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim

7    under California Penal Code § 632 with prejudice.

8           "A.     **Violations of California Penal Code § 631(a)**"

9           103.    Facebook admits the allegations in paragraph 103.

10          104.    The allegations in paragraph 104 are conclusions of law for which no responsive

11   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 104

12   are deemed in whole or in part to be factual, Facebook denies them.

13          105.    Facebook denies the allegations in paragraph 105.

14          106.    Facebook denies the allegations in paragraph 106.

15          107.    The allegations in paragraph 107 are conclusions of law for which no responsive

16   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 107

17   are deemed in whole or in part to be factual, Facebook denies them.

18          108.    Facebook denies the allegations in paragraph 108.

19          109.    Facebook denies the allegations in paragraph 109.

20          110.    The allegations in paragraph 110 are conclusions of law for which no responsive

21   pleading is required and which are therefore denied.  To the extent the allegations in paragraph 110

22   are deemed in whole or in part to be factual, Facebook denies them.

23          111.    Facebook denies the allegations in paragraph 111.

24          112.    Facebook denies the allegations in paragraph 112.

25          "B.     **Violations of California Penal Code § 632**"

26          113.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

27   Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to

28   paragraph 113 is required.

---

15

Gibson, Dunn &
Crutcher LLP

114.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 114 is required.

115.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 115 is required.

116.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 116 is required.

117.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 117 is required.

118.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 118 is required.

119.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 119 is required.

120.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 120 is required.

121.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 121 is required.

122.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to paragraph 122 is required.  By way of further response, the allegations in paragraph 122 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1   the extent the allegations in paragraph 122 are deemed in whole or in part to be factual, Facebook

2   denies them.

3       123.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

4   Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to

5   paragraph 123 is required.  By way of further response, the allegations in paragraph 123 are

6   conclusions of law for which no responsive pleading is required and which are therefore denied.  To

7   the extent the allegations in paragraph 123 are deemed in whole or in part to be factual, Facebook

8   denies them.

9                           **"COUNT THREE**

10                  **(Violations of California's Unfair Competition**

11                  **Law, Cal. Bus. & Prof. Code § 17200, *et seq.*)"**

12      124.    Responding to paragraph 124, Facebook incorporates by reference its responses to

13   the preceding paragraphs as if fully set forth herein.

14      125.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

15   Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and

16   therefore no response to paragraph 125 is required.

17      126.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

18   Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and

19   therefore no response to paragraph 126 is required.

20      127.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

21   Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and

22   therefore no response to paragraph 127 is required.

23      128.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

24   Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and

25   therefore no response to paragraph 128 is required.

26      129.    Facebook avers that in its Order dated December 23, 2014, the Court dismissed

27   Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and

28   therefore no response to paragraph 129 is required.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

130.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Business & Professions Code § 17200 with prejudice, and therefore no response to paragraph 130 is required.

## "JURY TRIAL DEMANDED"

Plaintiffs' paragraph is a demand for a jury trial, to which no response is required.

## "PRAYER FOR RELIEF"

The allegations set forth in Plaintiffs' "Prayer for Relief" are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 1 through 10 of Plaintiffs' "Prayer for Relief" are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook denies that Plaintiffs' purported class is certifiable or that Plaintiffs or members of the purported class suffered injury or damage of any kind.  Facebook denies that Plaintiffs or the members of the purported classes are entitled to any relief on any of their claims.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, Facebook pleads the following separate and additional defenses.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

Facebook denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiffs and the putative class.  It is not necessary at this time for Facebook to delineate such defenses against the putative class because no class has been certified, and the putative class members are not parties to this litigation.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' Complaint, and each and every purported cause of action, fails to state a claim upon which relief can be granted.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and/or by Article 1, Section 2 of the California Constitution.

Gibson, Dunn & Crutcher LLP

1

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

2       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

3   because Plaintiffs and the putative class members lack standing under Article III of the United States

4   Constitution.

5

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

6       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

7   because Plaintiffs and the putative class members lack standing under the Electronic

8   Communications Privacy Act, 18 U.S.C. 2510, *et seq*.

9

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

10       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

11   because Plaintiffs and the putative class members lack standing under the California Invasion of

12   Privacy Act, California Penal Code §§ 630, *et seq*.

13

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

14       This Court lacks jurisdiction over some or all of the claims asserted by the Plaintiffs and/or

15   the purported class.

16

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

17       Plaintiffs and the putative class members have not sustained any injury or damage as a result

18   of any actions allegedly taken by Facebook, and are thus barred from asserting any claims against

19   Facebook.

20

### NINTH SEPARATE AND ADDITIONAL DEFENSE

21       Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory

22   damages—are limited by the terms of the contracts between Facebook and Plaintiffs.

23

### TENTH SEPARATE AND ADDITIONAL DEFENSE

24       Plaintiffs' claims are barred, in whole or in part, because the damages sought by Plaintiffs and

25   the putative class members are speculative and remote and impossible to ascertain.

26

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

27       Plaintiffs' claims are barred, in whole or in part, because the damages alleged to have been

28   suffered are not compensable under the law.

19

1

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

2   Plaintiffs have failed to mitigate their damages, if any, and any recovery should be reduced or

3   denied accordingly.

4

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

5   Plaintiffs are barred by the doctrine of unclean hands from maintaining each and every

6   purported claim against Facebook, or from recovering any damages thereunder from Facebook.

7

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

8   Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

9

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

10   Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by

11   contracts and/or agreements they entered into with Facebook.

12

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

13   If Plaintiffs have sustained any damages as alleged in the Complaint, which Facebook denies,

14   such damages were proximately caused by subsequent and intervening or superseding acts of the

15   Plaintiffs and/or of third parties, such that Facebook is not responsible or liable for any damages

16   allegedly suffered by Plaintiffs.

17

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

18   Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

19   any recovery by Plaintiffs would constitute unjust enrichment of Plaintiffs.  In particular, Plaintiffs'

20   claims and the claims of the putative class are barred, in whole or in part, to the extent that Plaintiffs

21   have used any of Facebook's services that are enabled by the practices that Plaintiffs seek to

22   challenge.

23

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

24   Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

25   applicable statutes of limitation and statutes of repose.

26

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

27   Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

28   doctrine of laches.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1      **TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

2      Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

3 doctrine of estoppel.

4      **TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

5      Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

6 doctrine of waiver.

7      **TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

8      Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, to the

9 extent there is an adequate remedy at law.

10      **TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

11      Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part,

12 because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of

13 the occurrences that form the bases of their claims as alleged in the Complaint.

14      **TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

15      Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the

16 putative plaintiff class representatives are not sufficiently typical of those of the purported class

17 members, common issues of fact and law do not predominate over individual issues and liability and

18 damages cannot be proven on a class-wide basis, the putative plaintiff class representatives will not

19 adequately represent the purported plaintiff class, the putative plaintiff class is not ascertainable, the

20 proposed class action would not be manageable, and a class action is not a superior method for

21 adjudicating the purported claims set forth in Plaintiffs' Complaint.

22      **TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

23      Plaintiffs may not maintain this lawsuit as a class action because the interests of the purported

24 class members are in conflict with each other.

25      **TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

26      Any attempt to require Facebook to identify, locate or notify absent persons on whose behalf

27 this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth

28 Amendment to the United States Constitution.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

1

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

2

As a matter of constitutional right and substantive due process, Facebook would be entitled to

3

contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the

4

purported plaintiff class prevail on their claims.  Trying this case as a class action would violate the

5

United States Constitution and the Constitution of California.

6

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

7

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

8

at all relevant times, Facebook's actions were a necessary incident to the rendition of services.

9

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

10

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

11

at all relevant times, Facebook's alleged conduct was authorized.

12

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

13

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

14

at all relevant times, Facebook's actions were within the ordinary course of business.

15

**THIRTY-FIRST  SEPARATE AND ADDITIONAL DEFENSE**

16

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

17

to the extent Facebook engaged in any of the alleged acts, omissions, or conduct, it did so with

18

justification.

19

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

20

Plaintiffs' application of the California Invasion of Privacy Act in this case is contrary to

21

public policy.

22

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

23

Plaintiffs' remaining state law claim is preempted by federal law.

24

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

25

Statutory damages under 18 U.S.C. § 2510 should not be awarded or should otherwise be

26

limited because:  (i) such an award would violate the substantive and procedural safeguards

27

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1,

28

Section 7 of the California Constitution, and by the common law; and (ii) the imposition of such an

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1  award would constitute an excessive fine or penalty under the Eighth Amendment to the United

2  States Constitution and Article 1, Section 17 of the California Constitution.

3  <u>**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**</u>

4        Per 18 U.S.C § 2520(d), Facebook acted in good faith reliance on a court warrant or order, a

5  grand jury subpoena, a legislative authorization, or a statutory authorization; a request of an

6  investigative or law enforcement officer under 18 U.S.C § 2518(7); and/or a good faith determination

7  that 18 U.S.C § 2511(3) or 18 U.S.C § 2511(2)(i) permitted the conduct complained of.

8  <u>**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**</u>

9        The Complaint and each cause of action are vague, ambiguous, and uncertain.  Facebook

10  reserves the right to add additional defenses as the factual bases for each of Plaintiffs' claims and

11  allegations become known.

12  <u>**THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**</u>

13        Facebook has insufficient knowledge or information upon which to form a basis as to whether

14  it may have additional, as yet unstated, separate defenses available.  Facebook has not knowingly or

15  intentionally waived any applicable affirmative defenses and reserves the right to raise additional

16  affirmative defenses as they become known to it through discovery in this matter.  Facebook further

17  reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete

18  affirmative defenses that it determines are not applicable during the course of subsequent discovery.

19  <u>**PRAYER**</u>

20        WHEREFORE, Facebook prays for the following relief:

21        A.     That judgment on the Complaint, and on each cause of action, be entered in favor of

22  Facebook;

23        B.     That this Court finds that this suit cannot be maintained as a class action;

24        C.     That Plaintiffs and the members of the putative class take nothing by Plaintiffs'

25  Complaint;

26        D.     That the request for declaratory and injunctive relief be denied;

27        E.     That Facebook be awarded its costs incurred, including reasonable attorneys' fees; and

28        F.     For such other and/or further relief as this Court may deem just and proper.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1    Dated:  February 6, 2015                Respectfully submitted,

2                                            GIBSON, DUNN & CRUTCHER LLP

3                                            By:  _____/s/_____

4                                                      Joshua A. Jessen

5                                            Attorneys for Defendant FACEBOOK, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH

1

## JURY DEMAND

2
     Defendant Facebook, Inc. hereby demands a jury trial on all issues so triable.

3
Dated:  February 6, 2015            Respectfully submitted,

4
                           GIBSON, DUNN & CRUTCHER LLP

5

6
                           By: _____/s/_____
                                   Joshua A. Jessen

7
                           Attorneys for Defendant FACEBOOK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Case No. C 13-05996 PJH