UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR,<br><br>    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. C 13-05996 PJH (MEJ)<br><br>**ATTESTATION IN SUPPORT OF JOINT LETTER REGARDING PLAINTIFFS' RESPONSES TO FACEBOOK'S INTERROGATORIES**<br><br>Date:    TBD<br>Time:    TBD<br>Location: San Francisco Courthouse<br>            Courtroom B – 15th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, CA 94102 |

Pursuant to the Discovery Standing Order for Magistrate Judge Maria-Elena James, undersigned counsel hereby attest that they met and conferred in person in a good faith attempt to resolve their disputes prior to filing the below joint letter.

Dated:  May 20, 2015

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:          /s/
        JOSHUA A. JESSEN

Attorneys for Defendant Facebook, Inc.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:          /s/
        MICHAEL W. SOBOL

Attorneys for Plaintiffs

ATTESTATION IN SUPPORT OF JOINT LETTER REGARDING PLAINTIFFS' RESPONSES TO FACEBOOK'S INTERROGATORIES - Case No. C 13-05996 PJH (MEJ)

May 20, 2015

VIA ECF

The Honorable Maria-Elena James, Chief Magistrate Judge
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom B - 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   *Campbell v. Facebook, Inc*., N.D. Cal. Case No. 13-cv-05996-PJH (MEJ)

Dear Magistrate Judge James:

Plaintiffs and Defendant Facebook, Inc. jointly submit this letter brief pursuant to the Court's Discovery Standing Order.

### I.   Background

This is a privacy case involving the alleged "scanning" of messages sent on Facebook's social media website.  Facebook users are able to share content—such as photos, text, and video—with other users.  There are many different ways for users to share content on Facebook, including through messages shared with other Facebook users.  While not identical to email, a Facebook message is analogous to email, in that it involves an electronic message sent from one user to one or more other users, and users can access a "messages" inbox on Facebook.  This suit arises out of Facebook's alleged handling of these "private messages."

Plaintiffs allege that Facebook scans the content of their and putative class members' messages for use in connection with its "social plugin" functionality—without consent.  Specifically, certain websites display a Facebook "like" counter, which enables visitors to see how many users have either clicked a button indicating that they "like" the page, or have shared the page on Facebook.  Plaintiffs allege that Facebook scans the content of class members' messages, and if a link to a web page is in a message, Facebook treats it as a "like" of the page, and increases the page's "like" counter by one.  Plaintiffs further allege that Facebook uses this data regarding "likes" to compile user profiles, which it then uses to deliver targeted advertising to users.  Plaintiffs seek to represent a nationwide class of "all natural person Facebook users located within the United States who have sent or received private messages that included URLs in their content, from within two years before the filing of this action up through and including the date when Facebook ceased its practice."  Plaintiffs brought four claims for alleged violations of (1) the federal Electronic Communications Privacy Act (ECPA), (2) Cal. Penal Code § 631, (3) Cal. Penal Code § 632, and (4) California's UCL.  On December 23, 2014, Judge Hamilton granted Facebook's Motion to Dismiss in part and denied it in part, dismissing the UCL and Section 632 claims with prejudice and allowing the ECPA and Section 631 claims to proceed.

May 20, 2015
Page 2

On January 26, 2015, Facebook served interrogatories on each of the named Plaintiffs (Matthew Campbell, Michael Hurley, and David Shadpour). Plaintiffs served their responses in April, Facebook identified several deficiencies in these responses, Plaintiffs' counsel responded, the parties have met and conferred, and they are now at an impasse and submit this joint letter pursuant to the Court's Discovery Standing Order. Facebook seeks full and complete responses to Interrogatory Nos. 9-13 (Campbell); Interrogatory Nos. 9-12 (Hurley); and Interrogatory Nos. 9-11 (Shadpour), which are appended, along with Plaintiffs' responses, as Exhibits A-F.

## II.     Facebook's Position

Since the inception of this case, the conduct Plaintiffs are challenging has been a moving target. In their initial Complaint, Plaintiffs alleged that Facebook intercepts users' messages in order to "aggregate data on its users for purposes of advertising, marketing and user profiling." Dkt. 1, ¶ 50. In their Consolidated Amended Complaint ("CAC"), Plaintiffs appeared to drop these advertising-related allegations to instead focus on the increase in the "Like" count on a third-party website when a URL was included in a message. *See, e.g.*, Dkt. 25, ¶¶ 2, 4, 31, 38. In their opposition to Facebook's Motion to Dismiss, however, Plaintiffs resurrected their advertising-related allegations to avoid dismissal of their claims. *See* Dkt. 31 at 2:2-5, 4: 22-23. And the Court credited both of Plaintiffs' theories (advertising and "Like" count) in allowing two claims to survive. *See* Dkt. 43 at 2:12-16, 5:12-14. Troublingly, Plaintiffs have recently suggested that they may be challenging conduct much broader than that framed by the CAC—namely, *any* "interception" of messages containing URLs for *any* purpose, regardless of whether it incremented the "Like" count on a third-party website or was used to target advertisements.

By way of its interrogatories, Facebook asked Plaintiffs to explain—in writing and under oath— (i) the precise conduct Plaintiffs contend is unlawful, and (ii) the factual basis for specific allegations in the CAC. For example, Facebook asked Plaintiff Campbell to (i) identify all facts regarding the "exact practices" he contends are unlawful (Ex. A, Rog 9); (ii) state whether he contends that message scanning "for any purpose" (*id.*, Rog. No. 10) and/or "for the purpose of increasing the 'Like' count" (*id.*, Rog. 12) is unlawful; and (iii) if so, to identify all facts supporting those contentions (*id.*, Rogs. 11, 13). Facebook asked Plaintiff Hurley whether he contends that message scanning "for the purpose of developing user profiles to support and deliver targeted advertising" is unlawful, and if so, to identify all facts supporting his response (Ex. B, Rogs. 9-10). Facebook also asked Plaintiffs to identify factual support for a limited number of *specific* allegations in the CAC. *See* Ex. C, Rogs. 9-11; Ex. B, Rogs. 11-12.

This is basic information necessary to determine the precise scope of the conduct at issue in this case. Plaintiffs provided no substantive responses, but instead merely referred Facebook to the CAC. Ex. D, Resp. 9, 11, 13; Ex. E, Resp. 10. Some responses referred Facebook "to the entirety of the operative Complaint" and included a string cite to paragraphs in the CAC (Ex. F, Resp. 9-11; Ex. E., Resp. 11) or merely cited articles referenced in the CAC (Ex. E, Resp. 12).

May 20, 2015
Page 3

Plaintiffs' claim that these requests are premature should be rejected. Rule 33 expressly authorizes the use of contention interrogatories (Fed. R. Civ. P. 33(a)(2)), and Rule 11(b) requires Plaintiffs to have evidentiary support for the factual contentions in their pleadings. *See United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007); *Cable & Computer Techn., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651 (C.D. Cal. 1997).

Further, Plaintiffs' blanket assertion that early contention interrogatories are "directly contrary to black letter law" is contradicted by the very authorities they cite. For example, *In re Convergent Technologies Securities Litigation* expressly declined to create "a rigid rule" precluding the use of early contention interrogatories because "the benefits that can flow from clarifying and narrowing the issues in litigation *early* in the pretrial period are potentially significant." 108 F.R.D. 328, 332–38 (N.D. Cal. 1985) (emphasis in original). *See also Thomas & Betts Corp. v. Panduit Corp.*, 1996 WL 169389, at *2 (N.D. Ill. Apr. 9, 1996) (despite the fact that discovery was not "significantly complete[]," "[plaintiffs] must answer any contention interrogatories at issue here with whatever information is currently available" so as to "narrow[] the issues and find[] out exactly what [plaintiff] actually contends").

As the propounding party, Facebook need simply show that responses would "contribute meaningfully" to, among other things, (i) clarifying the issues in the case or (ii) narrowing the scope of the dispute—which Plaintiffs' responses will do here. *In re Convergent,* 108 F.R.D. at 338; *see also Cleveland Const., Inc. v. Gilbane Bldg. Co.*, 2006 WL 2167238, at *7 (E.D. Ky. July 31, 2006) ("[T]he court in *Convergent Technologies* also recognized that contention interrogatories served early in the litigation may serve very legitimate and useful purposes."); *Henry v. Rizzolo*, 2010 WL 3385448, at *6 (D. Nev. Aug. 24, 2010) ("[D]ecisions subsequent to *In re Convergent* do not necessarily require [contention interrogatories to] be served or responded to only at the end of discovery."). No case cited by Plaintiffs tracks the procedural posture here, where Plaintiffs' allegations have shifted in such a way that it remains unclear which precise conduct they intend to challenge.[1]

Contrary to Plaintiffs' assertion, Facebook's interrogatories do not "simply track" all allegations in the CAC; they are a targeted, appropriately "limited set of questions" aimed at clarifying the issues in the case. *In re Convergent,* 108 F.R.D. at 338. And, as recognized by the court in a case Plaintiffs themselves cite, Facebook's requests to "state 'all facts' do[] not require a listing . . . of trivial or non-material matters." *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012). Accordingly, Plaintiffs' objections are baseless, and their existing responses are plainly inadequate. *See Logtale, Ltd. v. IKOR, Inc.*,

---

[1] For example, Plaintiffs cite this Court's decision in *Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, No. 12-CV-00944-JST(MEJ), 2014 WL 7206849, at *3 (N.D. Cal. Dec. 18, 2014) (James, M.J.), but that case involved the propriety of contention interrogatories as an alternative to re-opening a 30(b)(6) deposition in a case that had been pending for nearly three years.

May 20, 2015
Page 4

2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (granting motion to compel where a party "responded with a one or two sentence narrative and referred to various documents, including the pleadings"); *see also Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2005 WL 318811, at *4 (N.D. Cal. Jan. 5, 2005).  There is no reason to permit Plaintiffs to defer their responses until later in the case:  providing substantive responses now in no way prevents Plaintiffs from amending their responses (if appropriate) after they obtain additional discovery. *See Rizzolo*, 2010 WL 3385448, at *6 ("[T]he argument that contention interrogatories should only occur at the end of discovery is misplaced because the court can permit a party to withdraw or amend an interrogatory answer as appropriate."); *Cable*, 175 F.R.D. at 651.

### III.   Plaintiffs' Position

Facebook's contention interrogatories are premature.  Facebook's demand that Plaintiffs be compelled to provide "all facts" supporting their allegations in the Complaint at this early stage in the case—prior to the commencement of any significant discovery—is directly contrary to black letter law and should be denied.  As recognized by this Court, "courts are reluctant to allow contention interrogatories when the responding party has not yet obtained enough information through discovery to respond[.]" *Retiree Support Grp. v. Contra Costa Cnty*, 2014 U.S. Dist. LEXIS 175095, *9 (N.D. Cal. Dec. 18, 2014) (James, M.J.); *see also* Fed. R. Civ. P. 33(a)(2) ("the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time").

It has been black letter law for thirty years within this district[2] that contention interrogatories served prior to completion of substantial discovery are generally inappropriate. *See Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 U.S. Dist. LEXIS 144136, *4-6 (N.D. Cal. Oct. 4, 2013) (Orrick, J.); *Zulewski v. Hershey Co.*, 2012 U.S. Dist. LEXIS 171375, at *4-5 (N.D. Cal. Dec. 3, 2012) (Westmore, M.J.) ("[W]hile Plaintiffs are entitled to discover the factual basis underlying each of [defendant's] defenses, this contention interrogatory is premature, as discovery has not yet been taken."); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 133403, *16-17 (N.D. Cal. Sept. 17, 2012) (Cousins, M.J.) ("Courts applying Rule 33(a)(2) 'tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete.'") (citation

---

[2]   The equivocal, out-of-district cases cited by Facebook are inapposite. While the court in *Rizollo* stated that some courts have held that contention interrogatories are not *required* to be responded to "only" at the end of discovery, the court granted the motion to compel responses in part on the grounds that "[t]his case is near the end of discovery." 2010 U.S. Dist. LEXIS 95402, at *18. In *Pac. Lumber Co.*, the court granted a motion to compel contention interrogatories related to damages.  Here, Facebook does not seek to compel further responses to its interrogatories related to damages.  Additionally, the court in *Logtale* noted that "a party responding to contention interrogatories may object on the ground that it is too early in discovery for the party to make a full and complete response . . . and may reserve the right to supplement its response" but held that was rule was not germane in that case.  2013 U.S. Dist. LEXIS 107727, at *12.

May 20, 2015
Page 5

omitted); *see also Tennison v. City & Cnty. of San Francisco,* 226 F.R.D. 615, 618 (N.D. Cal. 2005) (Chen, M.J.).

As noted in the widely cited *In re Convergent Techn. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985) (Brazil, M.J.), "there is substantial reason to believe that the early…filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse." This is precisely what Facebook has engaged in here, and compounds with its instant motion. Moreover, virtually all of Facebook's contention interrogatories seek "all facts" supporting Plaintiff's contentions, a demand that is overbroad, unduly burdensome, seeks irrelevant information, and is in principle unanswerable. *See Haggarty v. Wells Fargo Bank, N.A*., 2012 U.S. Dist. LEXIS 133375,*2 (N.D. Cal. Sept. 18, 2012) (Corley, M.J.) ("While contention interrogatories are permitted, they 'are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses.'").

Facebook's assertion that Plaintiffs' allegations have been a "moving target" is baseless; Plaintiffs' presentation of the case has remained consistent across the Amended Complaint, the briefing on the Motion to Dismiss, the Joint Case Management Conference Statement and the responses to the interrogatories at issue. Plaintiffs' responses to Facebook's contention interrogatories, which generally cite to the Complaint, are adequate and appropriate for this stage in the case. Plaintiffs' 30-page Complaint is factually detailed and contains numerous citations to the factual bases of Plaintiffs' allegations. That Facebook is apparently unhappy with the scope of Plaintiffs' claims as pled is not a proper basis to seek further responses to premature interrogatories, and it is ironic that Facebook claims that responses that cite to the detailed factual allegations in the Complaint somehow constitute "moving target[s]."

Moreover, Facebook's contention interrogatories concern highly technical issues related to precisely how Facebook processes messages and intercepts content. As Judge Hamilton recognized, the resolution of these issues depends upon discovery into the details of Facebook's source code and related technical architecture. *See* Order re: Motion to Dismiss (Doc. No. 43) at 12; *see also Convergent*, 108 F.R.D. at 337-38 ("Where defendants presumably have access to most of the evidence about their own behavior," the benefit of responses may not outweigh the burden of responding.). Given that Facebook has yet to produce a *single* non-public document or a *single* line of source code (or related, internal technical document), it would be highly premature and prejudicial to compel Plaintiffs to set forth "all facts" related to these technical matters.