# Exhibit A

1   GIBSON, DUNN & CRUTCHER LLP
    JOSHUA A. JESSEN, SBN 222831
2   JJessen@gibsondunn.com
    JEANA BISNAR MAUTE, SBN 290573
3   JBisnarMaute@gibsondunn.com
    ASHLEY M. ROGERS, SBN 286252
4   ARogers@gibsondunn.com
    1881 Page Mill Road
5   Palo Alto, California 94304
    Telephone:  (650) 849-5300
6   Facsimile:   (650) 849-5333

7   GIBSON, DUNN & CRUTCHER LLP
    GAIL E. LEES, SBN 90363
8   GLees@gibsondunn.com
    CHRISTOPHER CHORBA, SBN 216692
9   CChorba@gibsondunn.com
    333 South Grand Avenue
10  Los Angeles, California 90071
    Telephone:  (213) 229-7000
11  Facsimile:  (213) 229-7520

12  Attorneys for Defendant
    FACEBOOK, INC.

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                          OAKLAND DIVISION
16

17  MATTHEW CAMPBELL, MICHAEL          Case No. C 13-05996 PJH
    HURLEY, and DAVID SHADPOUR,
18                                     **CONSOLIDATED CLASS ACTION**
                   Plaintiffs,
19                                     **DEFENDANT FACEBOOK, INC.'S FIRST
          v.                           SET OF INTERROGATORIES TO
20                                     PLAINTIFF MATTHEW CAMPBELL**
    FACEBOOK, INC.,
21
                   Defendant.
22

23  PROPOUNDING PARTY:        FACEBOOK, INC.

24  RESPONDING PARTY:         MATTHEW CAMPBELL

25  SET NO.                   ONE (1)

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 33 (the "Federal Rules"), Defendant Facebook, Inc., by and through its undersigned counsel, hereby propounds the following first set of interrogatories ("Interrogatories") on Plaintiff Matthew Campbell to be answered separately and under oath, within thirty (30) days after service hereof.  For purposes of these Interrogatories, the following definitions and instructions shall apply:

## DEFINITIONS

1.       "ACTION" means and refers to the above-captioned lawsuit entitled *Matthew Campbell et al. v. Facebook, Inc.*, Case No. C 13-05996 PJH, now pending in the United States District Court for the Northern District of California, and assigned to the Honorable Phyllis J. Hamilton.

2.       "YOU," "YOUR," and/or "YOURSELF" refers to Matthew Campbell, a Plaintiff in the ACTION, and anyone acting on YOUR behalf.  Any DOCUMENTS referred to herein shall include those in YOUR possession, custody, or control, as well as all DOCUMENTS in the possession, custody or control of YOUR past and present attorneys, agents, employees, accountants, spouses, financial or tax advisors, or any other persons and/or entities purporting to act on YOUR behalf.

3.       "COMPLAINT" means and refers to YOUR "Consolidated Amended Class Action Complaint," filed on or about April 25, 2014, in the ACTION (Dkt. No. 25).

4.       "COMMUNICATION" and "COMMUNICATIONS" include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

5.       "DOCUMENT" and "DOCUMENTS" have the full meaning ascribed to those terms under Federal Rule 34 and include, without limitation, any and all drafts; COMMUNICATIONS; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing

1

cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "DOCUMENT" and "DOCUMENTS" specifically include all e-mail accounts of YOU and YOUR representatives and/or agents.  A draft or nonidentical copy is a separate document within the meaning of this term.

6.     "FACEBOOK" refers to Facebook, Inc., the Defendant in this ACTION, and anyone acting on FACEBOOK's behalf, as well as www.facebook.com and any FACEBOOK mobile application.

7.     "FACEBOOK MESSAGES PRODUCT" refers to the FACEBOOK product that YOU allege in the COMPLAINT that YOU used, which allows FACEBOOK users to share content by sending or receiving a message.

8.     "SOCIAL NETWORKING WEBSITES" refers to all websites that provide users with a platform to build social networks or social relations with users of the same website.

9.     "EMAIL SERVICES" refers to all online services YOU use to send, receive, and/or store electronic mail.

10.     "PERSON" or "PERSONS" means an individual, or any public or private organization or entity, including an agency, commission, committee, partnership, joint venture, corporation, association, trust, estate, political subdivision, department, office, or board or any similar entity.

11.     If YOU are asked to "IDENTIFY" information in response to an Interrogatory, YOUR response should be complete and include:

a.     in the case of an individual, the identification should include the full name (including any maiden name, prior name, "nickname," or variation in spelling) and present or last known home or business address;

b.     in the case of an organization or entity, the identification should include the full name of the organization or entity and the present or last known address(es) of its place(s) of business;

---

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

c.      in the case of DOCUMENTS, the identification should include a complete description setting forth the title (if any), date, author, recipient, general subject matter, present location(s), and present custodian(s);

d.      in the case of a transaction, occurrence, or instance of any behavior, the identification should include the date, persons involved, place of occurrence, and a complete description of all DOCUMENTS related thereto; and

e.      in the case of a fact (or all facts), the identification should include YOUR basis for asserting that fact, all persons who have discoverable knowledge concerning that fact, and all DOCUMENTS relating to that fact, regardless of whether they support or contradict the fact.

## **INSTRUCTIONS**

1.      The numbered headings in the Interrogatories below are for convenience only and are not intended or to be read as limiting the scope or meaning of any request for response thereunder.

2.      YOU are to answer each Interrogatory separately and as completely as possible.

3.      In answering these Interrogatories, furnish all information that is available to YOU, including information in the possession of anyone acting on YOUR behalf, and not merely such information known of YOUR own personal knowledge.  If YOU cannot answer the Interrogatories in full after exercising due diligence to secure the information to do so, YOU must answer to the extent possible and explain why YOUR answer is not complete.

4.      These Interrogatories should be construed as broadly as possible with all doubts resolved in favor of production.  The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.  Except as specifically provided in these Interrogatories, words imparting the singular shall include the plural and vice versa, where appropriate.  Except as specifically provided in these Interrogatories, words imparting the present tense shall also include the past and future tenses and vice versa, where appropriate.

5.      If any response requested by any Interrogatory is withheld under a claim of privilege, YOU must set forth the information necessary for FACEBOOK to ascertain whether the privilege properly applies, including, but not limited to, describing the matter withheld, stating the privilege

3

being relied upon, and identifying all PERSONS (by name, title, address, company (if applicable), and relationship to YOU) who have or have had access to said matter (including but not limited to all the identity(ies) of the author(s) or maker(s), recipient(s), and carbon copy recipient(s)), the applicable date(s), and the subject matter(s) in a privilege log.

6.     If any portion of any response to these Interrogatories is withheld under a claim of privilege, any non-privileged portion of such response must be produced.

7.     If the answer to any Interrogatory is that YOU lack knowledge of some or all of the requested information, describe all efforts made by YOU to obtain the information necessary to answer the Interrogatory.

8.     The fact that YOUR investigation is continuing or that discovery is not complete does not excuse YOU from answering each Interrogatory based on the knowledge YOU currently have. However, if YOUR investigation is continuing or discovery is not complete with respect to the matter inquired into, please state as much in YOUR answer.

9.     Whenever an Interrogatory may be answered by referring to a DOCUMENT, the DOCUMENT should be attached as an exhibit to the response and referred to in YOUR response.  If the DOCUMENT has more than one page, please refer to the page and section where the answer to the Interrogatory can be found.

10.    YOUR response to each Interrogatory shall identify each individual who supplied information for, or participated or assisted in, the preparation of YOUR response.

11.    If YOU object to a portion of any Interrogatory, then YOU should answer any portion of the Interrogatory to which YOU have no objection.

12.    If YOU conclude that any Interrogatory, Definition, or Instruction is ambiguous, then state in YOUR answer the matter deemed ambiguous and the construction YOU employed in answering the Interrogatory.

13.    Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates.  In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

14.     These Interrogatories are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules.  YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers now given to the following Interrogatories.  Pursuant to Rule 26(e) of the Federal Rules, YOU are required to supplement these responses without a specific request from FACEBOOK.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

IDENTIFY all FACEBOOK accounts YOU have ever established or used, including, for each account:  (a) YOUR username; (b) the name YOU provided to FACEBOOK in setting up the account; (c) the e-mail address that YOU associated with the account; (d) the mobile telephone number(s) that YOU associated with the account; (e) the date YOUR account was established; and (f) the date YOUR account was disabled, suspended, or deleted (if applicable).

**INTERROGATORY NO. 2**

IDENTIFY all facts regarding all messages YOU have sent or received via the FACEBOOK MESSAGES PRODUCT, including, for each message:  (a) the date the message was sent; (b) the author of the message; (c) the recipient(s) of the message; (d) the physical location (city and state) where the author was located when the message was sent (or, if unknown, the author's state of residence); (e) the physical location (city and state) where the recipient(s) was located when the message was received (or, if unknown, the recipient's state of residence); (f) if a URL was included in the message, the name of the URL(s); (g) if a URL was included in the message, whether a "preview" of the website associated with the URL was contained in the message (if known); and (h) if a URL was included in the message, whether the website associated with the URL contained a FACEBOOK social plugin at the time the message was sent (if known).

**INTERROGATORY NO. 3**

IDENTIFY all PERSONS YOU have sent messages to or received messages from via the FACEBOOK MESSAGES PRODUCT, including each PERSON'S name, address, and FACEBOOK

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

account username, or if the PERSON was not a FACEBOOK user, the PERSON's mobile telephone number and/or email address from which a message was received or to which a message was sent.

**INTERROGATORY NO. 4**

IDENTIFY all facts regarding all EMAIL SERVICES and SOCIAL NETWORKING WEBSITES, including but not limited to applications offered within those SOCIAL NETWORKING WEBSITES, that YOU have used, including, for each, YOUR e-mail address and/or username and the duration (time period) of YOUR use.

**INTERROGATORY NO. 5**

IDENTIFY all facts regarding how and when YOU first became aware of FACEBOOK's alleged conduct referenced in YOUR COMPLAINT.

**INTERROGATORY NO. 6**

IDENTIFY all facts that support YOUR claim that YOU, other Plaintiffs in this ACTION, and/or putative class members suffered harm and/or damage as a result of YOUR use of the FACEBOOK MESSAGES PRODUCT, including but not limited to IDENTIFYING all facts describing how YOU, Plaintiffs, and/or putative class members were harmed.

**INTERROGATORY NO. 7**

Separately for YOURSELF and the putative class, IDENTIFY all facts regarding the damages and/or all other monetary relief that YOU and the putative class claim in this ACTION.

**INTERROGATORY NO. 8**

IDENTIFY all facts regarding all putative class action proceedings in which YOU have been involved, including but not limited to YOUR role in the proceeding (plaintiff, defendant, witness), the claims and defenses raised in each proceeding, the court or other tribunal in which the proceeding occurred, the judicial officer or arbitrator(s) who presided over the proceeding, the case number, the parties to the proceeding, a summary of the testimony and/or DOCUMENTS YOU provided (if any), an identification of YOUR counsel for each proceeding, and the disposition and relief awarded.

**INTERROGATORY NO. 9**

IDENTIFY all facts regarding the exact practices by FACEBOOK that YOU contend violate California and/or federal law.

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

1    **INTERROGATORY NO. 10**

2         Do YOU contend that the scanning of FACEBOOK messages for any purpose violates federal

3    law and/or California law?

4    **INTERROGATORY NO. 11**

5         If YOUR response to Interrogatory No. 10 is anything other than an unqualified "no,"

6    IDENTIFY all facts supporting YOUR response.

7    **INTERROGATORY NO. 12**

8         Do YOU contend that the scanning of FACEBOOK messages for the purpose of increasing

9    the "Like" count violates federal law and/or California law?

10   **INTERROGATORY NO. 13**

11        If YOUR response to Interrogatory No. 12 is anything other than an unqualified "no,"

12   IDENTIFY all facts supporting YOUR response.

13   DATED:  January 26, 2015                    GIBSON, DUNN & CRUTCHER LLP

14
                                                 By:  _____
15                                                             /s/
                                                       Joshua A. Jessen
16                                               Attorneys for Defendant FACEBOOK, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

**PROOF OF SERVICE**

I, Jeana Bisnar Maute, declare as follows:

I am employed in the County of Santa Clara, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State.  On January 26, 2015, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL**

on the parties stated below, by the following means of service:

David F. Slade
dslade@cbplaw.com
James Allen Carney
acarney@cbplaw.com
Joseph Henry Bates, III
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com

Jeremy A. Lieberman
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
jalieberman@pomlaw.com

Melissa Ann Gardner
mgardner@lchb.com
Nicholas Diamand
ndiamand@lchb.com
Rachel Geman
rgeman@lchb.com
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
msobol@lchb.com

Jon A Tostrud
Tostrud Law Group, P.C.
jtostrud@tostrudlaw.com

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
info@glancylaw.com

☐   **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Palo Alto, California.

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MATTHEW CAMPBELL
Case No. C 13-05996 PJH

☐ **BY MESSENGER SERVICE**: I placed a true copy in a sealed envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service for delivery before 5:00 p.m. on the above-mentioned date. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **BY FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above at _____ [a.m./p.m.] , on January 26, 2015. The telephone number of the sending fax machine is [number] No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. This transmission report was properly issue by the sending fax machine.

☐ **BY OVERNIGHT DELIVERY**:  On the above-mentioned date, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier with delivery fees paid or provided for.

☐ **BY LEXISNEXIS**:  I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the order authorizing electronic service and the instructions on that website.

☐ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **BY ELECTRONIC SERVICE**:  On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☐ **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2015.

_____
/s/
Jeana Bisnar Maute

9

# Exhibit B

GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 849-5300
Facsimile:   (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
GAIL E. LEES, SBN 90363
GLees@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No. C 13-05996 PJH <br><br> **CONSOLIDATED CLASS ACTION** <br><br> **DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY** |

PROPOUNDING PARTY:          FACEBOOK, INC.

RESPONDING PARTY:          MICHAEL HURLEY

SET NO.                                  ONE (1)

Pursuant to Federal Rules of Civil Procedure 26 and 33 (the "Federal Rules"), Defendant Facebook, Inc., by and through its undersigned counsel, hereby propounds the following first set of interrogatories ("Interrogatories") on Plaintiff Michael Hurley to be answered separately and under oath, within thirty (30) days after service hereof.  For purposes of these Interrogatories, the following definitions and instructions shall apply:

## DEFINITIONS

1.      "ACTION" means and refers to the above-captioned lawsuit entitled *Matthew Campbell et al. v. Facebook, Inc.*, Case No. C 13-05996 PJH, now pending in the United States District Court for the Northern District of California, and assigned to the Honorable Phyllis J. Hamilton.

2.      "YOU," "YOUR," and/or "YOURSELF" refers to Michael Hurley, a Plaintiff in the ACTION, and anyone acting on YOUR behalf.  Any DOCUMENTS referred to herein shall include those in YOUR possession, custody, or control, as well as all DOCUMENTS in the possession, custody or control of YOUR past and present attorneys, agents, employees, accountants, spouses, financial or tax advisors, or any other persons and/or entities purporting to act on YOUR behalf.

3.      "COMPLAINT" means and refers to YOUR "Consolidated Amended Class Action Complaint," filed on or about April 25, 2014, in the ACTION (Dkt. No. 25).

4.      "COMMUNICATION" and "COMMUNICATIONS" include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

5.      "DOCUMENT" and "DOCUMENTS" have the full meaning ascribed to those terms under Federal Rule 34 and include, without limitation, any and all drafts; COMMUNICATIONS; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter,

Gibson, Dunn & Crutcher LLP

however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "DOCUMENT" and "DOCUMENTS" specifically include all e-mail accounts of YOU and YOUR representatives and/or agents.  A draft or nonidentical copy is a separate document within the meaning of this term.

6.     "FACEBOOK" refers to Facebook, Inc., the Defendant in this ACTION, and anyone acting on FACEBOOK's behalf, as well as www.facebook.com and any FACEBOOK mobile application.

7.     "FACEBOOK MESSAGES PRODUCT" refers to the FACEBOOK product that YOU allege in the COMPLAINT that YOU used, which allows FACEBOOK users to share content by sending or receiving a message.

8.     "SOCIAL NETWORKING WEBSITES" refers to all websites that provide users with a platform to build social networks or social relations with users of the same website.

9.     "EMAIL SERVICES" refers to all online services YOU use to send, receive, and/or store electronic mail.

10.     "PERSON" or "PERSONS" means an individual, or any public or private organization or entity, including an agency, commission, committee, partnership, joint venture, corporation, association, trust, estate, political subdivision, department, office, or board or any similar entity.

11.     If YOU are asked to "IDENTIFY" information in response to an Interrogatory, YOUR response should be complete and include:

a.     in the case of an individual, the identification should include the full name (including any maiden name, prior name, "nickname," or variation in spelling) and present or last known home or business address;

b.     in the case of an organization or entity, the identification should include the full name of the organization or entity and the present or last known address(es) of its place(s) of business;

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY
Case No. C 13-05996 PJH

c.      in the case of DOCUMENTS, the identification should include a complete description setting forth the title (if any), date, author, recipient, general subject matter, present location(s), and present custodian(s);

d.      in the case of a transaction, occurrence, or instance of any behavior, the identification should include the date, persons involved, place of occurrence, and a complete description of all DOCUMENTS related thereto; and

e.      in the case of a fact (or all facts), the identification should include YOUR basis for asserting that fact, all persons who have discoverable knowledge concerning that fact, and all DOCUMENTS relating to that fact, regardless of whether they support or contradict the fact.

## **INSTRUCTIONS**

1.      The numbered headings in the Interrogatories below are for convenience only and are not intended or to be read as limiting the scope or meaning of any request for response thereunder.

2.      YOU are to answer each Interrogatory separately and as completely as possible.

3.      In answering these Interrogatories, furnish all information that is available to YOU, including information in the possession of anyone acting on YOUR behalf, and not merely such information known of YOUR own personal knowledge.  If YOU cannot answer the Interrogatories in full after exercising due diligence to secure the information to do so, YOU must answer to the extent possible and explain why YOUR answer is not complete.

4.      These Interrogatories should be construed as broadly as possible with all doubts resolved in favor of production.  The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.  Except as specifically provided in these Interrogatories, words imparting the singular shall include the plural and vice versa, where appropriate.  Except as specifically provided in these Interrogatories, words imparting the present tense shall also include the past and future tenses and vice versa, where appropriate.

5.      If any response requested by any Interrogatory is withheld under a claim of privilege, YOU must set forth the information necessary for FACEBOOK to ascertain whether the privilege properly applies, including, but not limited to, describing the matter withheld, stating the privilege

3

being relied upon, and identifying all PERSONS (by name, title, address, company (if applicable), and relationship to YOU) who have or have had access to said matter (including but not limited to all the identity(ies) of the author(s) or maker(s), recipient(s), and carbon copy recipient(s)), the applicable date(s), and the subject matter(s) in a privilege log.

6.     If any portion of any response to these Interrogatories is withheld under a claim of privilege, any non-privileged portion of such response must be produced.

7.     If the answer to any Interrogatory is that YOU lack knowledge of some or all of the requested information, describe all efforts made by YOU to obtain the information necessary to answer the Interrogatory.

8.     The fact that YOUR investigation is continuing or that discovery is not complete does not excuse YOU from answering each Interrogatory based on the knowledge YOU currently have. However, if YOUR investigation is continuing or discovery is not complete with respect to the matter inquired into, please state as much in YOUR answer.

9.     Whenever an Interrogatory may be answered by referring to a DOCUMENT, the DOCUMENT should be attached as an exhibit to the response and referred to in YOUR response.  If the DOCUMENT has more than one page, please refer to the page and section where the answer to the Interrogatory can be found.

10.     YOUR response to each Interrogatory shall identify each individual who supplied information for, or participated or assisted in, the preparation of YOUR response.

11.     If YOU object to a portion of any Interrogatory, then YOU should answer any portion of the Interrogatory to which YOU have no objection.

12.     If YOU conclude that any Interrogatory, Definition, or Instruction is ambiguous, then state in YOUR answer the matter deemed ambiguous and the construction YOU employed in answering the Interrogatory.

13.     Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates.  In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY
Case No. C 13-05996 PJH

14.     These Interrogatories are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules.  YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers now given to the following Interrogatories.  Pursuant to Rule 26(e) of the Federal Rules, YOU are required to supplement these responses without a specific request from FACEBOOK.

## INTERROGATORIES

### INTERROGATORY NO. 1

IDENTIFY all FACEBOOK accounts YOU have ever established or used, including, for each account:  (a) YOUR username; (b) the name YOU provided to FACEBOOK in setting up the account; (c) the e-mail address that YOU associated with the account; (d) the mobile telephone number(s) that YOU associated with the account; (e) the date YOUR account was established; and (f) the date YOUR account was disabled, suspended, or deleted (if applicable).

### INTERROGATORY NO. 2

IDENTIFY all facts regarding all messages YOU have sent or received via the FACEBOOK MESSAGES PRODUCT, including, for each message:  (a) the date the message was sent; (b) the author of the message; (c) the recipient(s) of the message; (d) the physical location (city and state) where the author was located when the message was sent (or, if unknown, the author's state of residence); (e) the physical location (city and state) where the recipient(s) was located when the message was received (or, if unknown, the recipient's state of residence); (f) if a URL was included in the message, the name of the URL(s); (g) if a URL was included in the message, whether a "preview" of the website associated with the URL was contained in the message (if known); and (h) if a URL was included in the message, whether the website associated with the URL contained a FACEBOOK social plugin at the time the message was sent (if known).

### INTERROGATORY NO. 3

IDENTIFY all PERSONS YOU have sent messages to or received messages from via the FACEBOOK MESSAGES PRODUCT, including each PERSON'S name, address, and FACEBOOK

Gibson, Dunn &
Crutcher LLP

account username, or if the PERSON was not a FACEBOOK user, the PERSON's mobile telephone number and/or email address from which a message was received or to which a message was sent.

**INTERROGATORY NO. 4**

IDENTIFY all facts regarding all EMAIL SERVICES and SOCIAL NETWORKING WEBSITES, including but not limited to applications offered within those SOCIAL NETWORKING WEBSITES, that YOU have used, including, for each, YOUR e-mail address and/or username and the duration (time period) of YOUR use.

**INTERROGATORY NO. 5**

IDENTIFY all facts regarding how and when YOU first became aware of FACEBOOK's alleged conduct referenced in YOUR COMPLAINT.

**INTERROGATORY NO. 6**

IDENTIFY all facts that support YOUR claim that YOU, other Plaintiffs in this ACTION, and/or putative class members suffered harm and/or damage as a result of YOUR use of the FACEBOOK MESSAGES PRODUCT, including but not limited to IDENTIFYING all facts describing how YOU, Plaintiffs, and/or putative class members were harmed.

**INTERROGATORY NO. 7**

Separately for YOURSELF and the putative class, IDENTIFY all facts regarding the damages and/or all other monetary relief that YOU and the putative class claim in this ACTION.

**INTERROGATORY NO. 8**

IDENTIFY all facts regarding all putative class action proceedings in which YOU have been involved, including but not limited to YOUR role in the proceeding (plaintiff, defendant, witness), the claims and defenses raised in each proceeding, the court or other tribunal in which the proceeding occurred, the judicial officer or arbitrator(s) who presided over the proceeding, the case number, the parties to the proceeding, a summary of the testimony and/or DOCUMENTS YOU provided (if any), an identification of YOUR counsel for each proceeding, and the disposition and relief awarded.

**INTERROGATORY NO. 9**

Do YOU contend that the scanning of FACEBOOK messages for the purpose of developing user profiles to support and deliver targeted advertising violates federal law and/or California law?

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY
Case No. C 13-05996 PJH

1   **INTERROGATORY NO. 10**

2       If YOUR response to Interrogatory No. 9 is anything other than an unqualified "no,"

3   IDENTIFY all facts supporting YOUR response.

4   **INTERROGATORY NO. 11**

5       IDENTIFY all facts that support YOUR allegation in paragraph 3 of YOUR COMPLAINT

6   that "Facebook primarily generates revenue from targeted advertising and the fundamental means of

7   amassing the user data needed for effective targeted advertising is through Facebook's 'Like'

8   function."

9   **INTERROGATORY NO. 12**

10      IDENTIFY all facts that support YOUR allegation in paragraph 25 of YOUR COMPLAINT

11  that "whenever a private message contains a URL, Facebook uses a software application called a

12  'web crawler' to scan the URL, sending HTTP requests to the server associated with the URL and

13  then seeking various items of information about the web page to which the URL is linked."

14  DATED:  January 26, 2015                    GIBSON, DUNN & CRUTCHER LLP

15

16                                              By:  _____/s/_____
                                                      Joshua A. Jessen

17                                              Attorneys for Defendant FACEBOOK, INC.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

**PROOF OF SERVICE**

I, Jeana Bisnar Maute, declare as follows:

I am employed in the County of Santa Clara, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State.  On January 26, 2015, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY**

on the parties stated below, by the following means of service:

David F. Slade
dslade@cbplaw.com
James Allen Carney
acarney@cbplaw.com
Joseph Henry Bates, III
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com

Jeremy A. Lieberman
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
jalieberman@pomlaw.com

Melissa Ann Gardner
mgardner@lchb.com
Nicholas Diamand
ndiamand@lchb.com
Rachel Geman
rgeman@lchb.com
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
msobol@lchb.com

Jon A Tostrud
Tostrud Law Group, P.C.
jtostrud@tostrudlaw.com

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
info@glancylaw.com

☐ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Palo Alto, California.

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF MICHAEL HURLEY
Case No. C 13-05996 PJH

☐ **BY MESSENGER SERVICE**: I placed a true copy in a sealed envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service for delivery before 5:00 p.m. on the above-mentioned date. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **BY FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above at _____ [a.m./p.m.] , on January 26, 2015. The telephone number of the sending fax machine is [number] No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. This transmission report was properly issue by the sending fax machine.

☐ **BY OVERNIGHT DELIVERY**: On the above-mentioned date, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier with delivery fees paid or provided for.

☐ **BY LEXISNEXIS**: I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the order authorizing electronic service and the instructions on that website.

☐ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☐ **(STATE)**       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2015.

_____
                    */s/*
                  Jeana Bisnar Maute

---

9

# Exhibit C

1  GIBSON, DUNN & CRUTCHER LLP
   JOSHUA A. JESSEN, SBN 222831
2  JJessen@gibsondunn.com
   JEANA BISNAR MAUTE, SBN 290573
3  JBisnarMaute@gibsondunn.com
   ASHLEY M. ROGERS, SBN 286252
4  ARogers@gibsondunn.com
   1881 Page Mill Road
5  Palo Alto, California 94304
   Telephone:  (650) 849-5300
6  Facsimile:   (650) 849-5333

7  GIBSON, DUNN & CRUTCHER LLP
   GAIL E. LEES, SBN 90363
8  GLees@gibsondunn.com
   CHRISTOPHER CHORBA, SBN 216692
9  CChorba@gibsondunn.com
   333 South Grand Avenue
10 Los Angeles, California 90071
   Telephone:  (213) 229-7000
11 Facsimile:  (213) 229-7520

12 Attorneys for Defendant
   FACEBOOK, INC.

13
                 UNITED STATES DISTRICT COURT
14
               NORTHERN DISTRICT OF CALIFORNIA
15
                       OAKLAND DIVISION
16

17 MATTHEW CAMPBELL, MICHAEL      | Case No. C 13-05996 PJH
   HURLEY, and DAVID SHADPOUR,    |
18                                | **CONSOLIDATED CLASS ACTION**
              Plaintiffs,         |
19                                | **DEFENDANT FACEBOOK, INC.'S FIRST
        v.                        | SET OF INTERROGATORIES TO
20                                | PLAINTIFF DAVID SHADPOUR**
   FACEBOOK, INC.,                |
21                                |
              Defendant.          |
22

23 PROPOUNDING PARTY:          FACEBOOK, INC.

24 RESPONDING PARTY:           DAVID SHADPOUR

25 SET NO.                     ONE (1)

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 33 (the "Federal Rules"), Defendant Facebook, Inc., by and through its undersigned counsel, hereby propounds the following first set of interrogatories ("Interrogatories") on Plaintiff David Shadpour to be answered separately and under oath, within thirty (30) days after service hereof.  For purposes of these Interrogatories, the following definitions and instructions shall apply:

### DEFINITIONS

1.     "ACTION" means and refers to the above-captioned lawsuit entitled *Matthew Campbell et al. v. Facebook, Inc.*, Case No. C 13-05996 PJH, now pending in the United States District Court for the Northern District of California, and assigned to the Honorable Phyllis J. Hamilton.

2.     "YOU," "YOUR," and/or "YOURSELF" refers to David Shadpour, a Plaintiff in the ACTION, and anyone acting on YOUR behalf.  Any DOCUMENTS referred to herein shall include those in YOUR possession, custody, or control, as well as all DOCUMENTS in the possession, custody or control of YOUR past and present attorneys, agents, employees, accountants, spouses, financial or tax advisors, or any other persons and/or entities purporting to act on YOUR behalf.

3.     "COMPLAINT" means and refers to YOUR "Consolidated Amended Class Action Complaint," filed on or about April 25, 2014, in the ACTION (Dkt. No. 25).

4.     "COMMUNICATION" and "COMMUNICATIONS" include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

5.     "DOCUMENT" and "DOCUMENTS" have the full meaning ascribed to those terms under Federal Rule 34 and include, without limitation, any and all drafts; COMMUNICATIONS; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter,

however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "DOCUMENT" and "DOCUMENTS" specifically include all e-mail accounts of YOU and YOUR representatives and/or agents.  A draft or nonidentical copy is a separate document within the meaning of this term.

6.     "FACEBOOK" refers to Facebook, Inc., the Defendant in this ACTION, and anyone acting on FACEBOOK's behalf, as well as www.facebook.com and any FACEBOOK mobile application.

7.     "FACEBOOK MESSAGES PRODUCT" refers to the FACEBOOK product that YOU allege in the COMPLAINT that YOU used, which allows FACEBOOK users to share content by sending or receiving a message.

8.     "SOCIAL NETWORKING WEBSITES" refers to all websites that provide users with a platform to build social networks or social relations with users of the same website.

9.     "EMAIL SERVICES" refers to all online services YOU use to send, receive, and/or store electronic mail.

10.    "PERSON" or "PERSONS" means an individual, or any public or private organization or entity, including an agency, commission, committee, partnership, joint venture, corporation, association, trust, estate, political subdivision, department, office, or board or any similar entity.

11.    If YOU are asked to "IDENTIFY" information in response to an Interrogatory, YOUR response should be complete and include:

a.     in the case of an individual, the identification should include the full name (including any maiden name, prior name, "nickname," or variation in spelling) and present or last known home or business address;

b.     in the case of an organization or entity, the identification should include the full name of the organization or entity and the present or last known address(es) of its place(s) of business;

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR
Case No. C 13-05996 PJH

   c.  in the case of DOCUMENTS, the identification should include a complete description setting forth the title (if any), date, author, recipient, general subject matter, present location(s), and present custodian(s);

    d.  in the case of a transaction, occurrence, or instance of any behavior, the identification should include the date, persons involved, place of occurrence, and a complete description of all DOCUMENTS related thereto; and

    e.  in the case of a fact (or all facts), the identification should include YOUR basis for asserting that fact, all persons who have discoverable knowledge concerning that fact, and all DOCUMENTS relating to that fact, regardless of whether they support or contradict the fact.

## INSTRUCTIONS

  1.  The numbered headings in the Interrogatories below are for convenience only and are not intended or to be read as limiting the scope or meaning of any request for response thereunder.

  2.  YOU are to answer each Interrogatory separately and as completely as possible.

  3.  In answering these Interrogatories, furnish all information that is available to YOU, including information in the possession of anyone acting on YOUR behalf, and not merely such information known of YOUR own personal knowledge.  If YOU cannot answer the Interrogatories in full after exercising due diligence to secure the information to do so, YOU must answer to the extent possible and explain why YOUR answer is not complete.

  4.  These Interrogatories should be construed as broadly as possible with all doubts resolved in favor of production.  The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatories inclusive rather than exclusive.  Except as specifically provided in these Interrogatories, words imparting the singular shall include the plural and vice versa, where appropriate.  Except as specifically provided in these Interrogatories, words imparting the present tense shall also include the past and future tenses and vice versa, where appropriate.

  5.  If any response requested by any Interrogatory is withheld under a claim of privilege, YOU must set forth the information necessary for FACEBOOK to ascertain whether the privilege properly applies, including, but not limited to, describing the matter withheld, stating the privilege

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR
Case No. C 13-05996 PJH

being relied upon, and identifying all PERSONS (by name, title, address, company (if applicable), and relationship to YOU) who have or have had access to said matter (including but not limited to all the identity(ies) of the author(s) or maker(s), recipient(s), and carbon copy recipient(s)), the applicable date(s), and the subject matter(s) in a privilege log.

6.   If any portion of any response to these Interrogatories is withheld under a claim of privilege, any non-privileged portion of such response must be produced.

7.   If the answer to any Interrogatory is that YOU lack knowledge of some or all of the requested information, describe all efforts made by YOU to obtain the information necessary to answer the Interrogatory.

8.   The fact that YOUR investigation is continuing or that discovery is not complete does not excuse YOU from answering each Interrogatory based on the knowledge YOU currently have. However, if YOUR investigation is continuing or discovery is not complete with respect to the matter inquired into, please state as much in YOUR answer.

9.   Whenever an Interrogatory may be answered by referring to a DOCUMENT, the DOCUMENT should be attached as an exhibit to the response and referred to in YOUR response.  If the DOCUMENT has more than one page, please refer to the page and section where the answer to the Interrogatory can be found.

10.   YOUR response to each Interrogatory shall identify each individual who supplied information for, or participated or assisted in, the preparation of YOUR response.

11.   If YOU object to a portion of any Interrogatory, then YOU should answer any portion of the Interrogatory to which YOU have no objection.

12.   If YOU conclude that any Interrogatory, Definition, or Instruction is ambiguous, then state in YOUR answer the matter deemed ambiguous and the construction YOU employed in answering the Interrogatory.

13.   Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates.  In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

14.     These Interrogatories are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules.  YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers now given to the following Interrogatories.  Pursuant to Rule 26(e) of the Federal Rules, YOU are required to supplement these responses without a specific request from FACEBOOK.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**

IDENTIFY all FACEBOOK accounts YOU have ever established or used, including, for each account:  (a) YOUR username; (b) the name YOU provided to FACEBOOK in setting up the account; (c) the e-mail address that YOU associated with the account; (d) the mobile telephone number(s) that YOU associated with the account; (e) the date YOUR account was established; and (f) the date YOUR account was disabled, suspended, or deleted (if applicable).

### **INTERROGATORY NO. 2**

IDENTIFY all facts regarding all messages YOU have sent or received via the FACEBOOK MESSAGES PRODUCT, including, for each message:  (a) the date the message was sent; (b) the author of the message; (c) the recipient(s) of the message; (d) the physical location (city and state) where the author was located when the message was sent (or, if unknown, the author's state of residence); (e) the physical location (city and state) where the recipient(s) was located when the message was received (or, if unknown, the recipient's state of residence); (f) if a URL was included in the message, the name of the URL(s); (g) if a URL was included in the message, whether a "preview" of the website associated with the URL was contained in the message (if known); and (h) if a URL was included in the message, whether the website associated with the URL contained a FACEBOOK social plugin at the time the message was sent (if known).

### **INTERROGATORY NO. 3**

IDENTIFY all PERSONS YOU have sent messages to or received messages from via the FACEBOOK MESSAGES PRODUCT, including each PERSON'S name, address, and FACEBOOK

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR
Case No. C 13-05996 PJH

account username, or if the PERSON was not a FACEBOOK user, the PERSON's mobile telephone number and/or email address from which a message was received or to which a message was sent.

**INTERROGATORY NO. 4**

IDENTIFY all facts regarding all EMAIL SERVICES and SOCIAL NETWORKING WEBSITES, including but not limited to applications offered within those SOCIAL NETWORKING WEBSITES, that YOU have used, including, for each, YOUR e-mail address and/or username and the duration (time period) of YOUR use.

**INTERROGATORY NO. 5**

IDENTIFY all facts regarding how and when YOU first became aware of FACEBOOK's alleged conduct referenced in YOUR COMPLAINT.

**INTERROGATORY NO. 6**

IDENTIFY all facts that support YOUR claim that YOU, other Plaintiffs in this ACTION, and/or putative class members suffered harm and/or damage as a result of YOUR use of the FACEBOOK MESSAGES PRODUCT, including but not limited to IDENTIFYING all facts describing how YOU, Plaintiffs, and/or putative class members were harmed.

**INTERROGATORY NO. 7**

Separately for YOURSELF and the putative class, IDENTIFY all facts regarding the damages and/or all other monetary relief that YOU and the putative class claim in this ACTION.

**INTERROGATORY NO. 8**

IDENTIFY all facts regarding all putative class action proceedings in which YOU have been involved, including but not limited to YOUR role in the proceeding (plaintiff, defendant, witness), the claims and defenses raised in each proceeding, the court or other tribunal in which the proceeding occurred, the judicial officer or arbitrator(s) who presided over the proceeding, the case number, the parties to the proceeding, a summary of the testimony and/or DOCUMENTS YOU provided (if any), an identification of YOUR counsel for each proceeding, and the disposition and relief awarded.

**INTERROGATORY NO. 9**

IDENTIFY all facts supporting YOUR allegation in paragraph 25 of YOUR COMPLAINT that the "interceptions" YOU contend are unlawful occur "in transit, in transmission, and/or during

6

1 transfer of users' private messages."

2 **INTERROGATORY NO. 10**

3    IDENTIFY all facts that support YOUR allegations in paragraph 89 of YOUR COMPLAINT

4 that "Facebook's practice of intercepting, scanning, and generating 'Likes' from, users' private

5 messages, are not necessary for the rendition of Facebook's private messaging service, the protection

6 of Facebook's rights or property, or the security of Facebook users," and "have not be undertaken in

7 the ordinary course of business of an electronic communication service, as described in 28 U.S.C.

8 § 2510(15)."

9 **INTERROGATORY NO. 11**

10    IDENTIFY all facts that support YOUR allegations in paragraphs 59–68 of the COMPLAINT

11 that this ACTION is appropriate for class treatment.

12 DATED:  January 26, 2015                    GIBSON, DUNN & CRUTCHER LLP

13                                             By:  _____/s/_____

14                                                      Joshua A. Jessen

15                                             Attorneys for Defendant FACEBOOK, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR
Case No. C 13-05996 PJH

**PROOF OF SERVICE**

I, Jeana Bisnar Maute, declare as follows:

I am employed in the County of Santa Clara, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State.  On January 26, 2015, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR**

on the parties stated below, by the following means of service:

David F. Slade
dslade@cbplaw.com
James Allen Carney
acarney@cbplaw.com
Joseph Henry Bates, III
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com

Jeremy A. Lieberman
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
jalieberman@pomlaw.com

Melissa Ann Gardner
mgardner@lchb.com
Nicholas Diamand
ndiamand@lchb.com
Rachel Geman
rgeman@lchb.com
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
msobol@lchb.com

Jon A Tostrud
Tostrud Law Group, P.C.
jtostrud@tostrudlaw.com

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
info@glancylaw.com

☐ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Palo Alto, California.

Gibson, Dunn & Crutcher LLP

☐ **BY MESSENGER SERVICE**: I placed a true copy in a sealed envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service for delivery before 5:00 p.m. on the above-mentioned date. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **BY FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above at _____ [a.m./p.m.] , on January 26, 2015. The telephone number of the sending fax machine is [number] No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. This transmission report was properly issue by the sending fax machine.

☐ **BY OVERNIGHT DELIVERY**:  On the above-mentioned date, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier with delivery fees paid or provided for.

☐ **BY LEXISNEXIS**:  I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the order authorizing electronic service and the instructions on that website.

☐ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **BY ELECTRONIC SERVICE**:  On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☐ **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2015.

_____
*/s/*
Jeana Bisnar Maute

DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DAVID SHADPOUR
Case No. C 13-05996 PJH

Gibson, Dunn &
Crutcher LLP

# Exhibit D

*CONFIDENTIAL*

1    Michael W. Sobol (State Bar No. 194857)          Jeremy A. Lieberman
     msobol@lchb.com                                  Lesley F. Portnoy
2    David T. Rudolph (State Bar No. 233457)          info@pomlaw.com
     drudolph@lchb.com                                POMERANTZ, LLP
3    Melissa Gardner (State Bar No. 289096)           600 Third Avenue, 20th Floor
     mgardner@lchb.com                                New York, New York 10016
4    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP          Telephone: 212.661.1100
     275 Battery Street, 29th Floor                   Facsimile: 212.661.8665
5    San Francisco, CA  94111-3339
     Telephone:  415.956.1000                         Patrick V. Dahlstrom
6    Facsimile:  415.956.1008                         pdahlstrom@pomlaw.com
                                                      POMERANTZ, LLP
7    Rachel Geman                                     10 S. La Salle Street, Suite 3505
     rgeman@lchb.com                                  Chicago, Illinois 60603
8    Nicholas Diamand                                 Telephone: 312.377.1181
     ndiamand@lchb.com                                Facsimile: 312.377.1184
9    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
     250 Hudson Street, 8th Floor
10   New York, NY  10013-1413
     Telephone:  212.355.9500
11   Facsimile:  212.355.9592

12   Hank Bates (State Bar No. 167688)
     hbates@cbplaw.com
13   Allen Carney
     acarney@cbplaw.com
14   David Slade
     dslade@cbplaw.com
15   CARNEY BATES & PULLIAM, PLLC
     11311 Arcade Drive
16   Little Rock, AR 72212
     Telephone: 501.312.8500
17   Facsimile: 501.312.8505

18
19   *Attorneys for Plaintiffs and the Proposed Class*

20                     UNITED STATES DISTRICT COURT

21                   NORTHERN DISTRICT OF CALIFORNIA

22                          OAKLAND DIVISION

23   MATTHEW CAMPBELL, MICHAEL            Case No. C 13-05996 PJH
     HURLEY, and DAVID SHADPOUR,
24                                        **PLAINTIFF MATTHEW CAMPBELL'S**
                    Plaintiffs,           **CORRECTED OBJECTIONS AND**
25                                        **RESPONSES TO DEFENDANT**
     `        v.                          **FACEBOOK, INC.'S FIRST SET OF**
26                                        **INTERROGATORIES**
     FACEBOOK, INC.,
27
                    Defendant.
28

<u>*CONFIDENTIAL*</u>

PROPOUNDING PARTY:                    FACEBOOK, INC.

RESPONDING PARTY:                     MATTHEW CAMPBELL, on behalf of himself and
                                      all others similarly situated

SET NO.:                              ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Matthew Campbell hereby serves his corrected objections and responses to Defendant Facebook Inc.'s First Set of Interrogatories ("Interrogatories"). These responses are designated "Confidential" under the terms of the draft of the Stipulated Protective Order sent by Plaintiffs to Defendant on March 11, 2015.

## GENERAL OBJECTIONS

1.       Plaintiff objects to each of Defendant's Interrogatories to the extent that they, individually or cumulatively, purport to impose on Plaintiff duties and obligations which exceed, or are different, than those imposed on him by the Federal Rules of Civil Procedure or the Local Rules of the Court.

2.       Plaintiff generally objects to each Interrogatory to the extent it purports to seek information covered by the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.  Plaintiff further objects to each Interrogatory to the extent that it seeks information prepared in anticipation of litigation or for trial of this or any matter. Plaintiff will provide any information that he believes is non-privileged and is otherwise properly discoverable.  By providing such information, Plaintiff does not waive any privileges.  To the extent that an Interrogatory may be construed as seeking such privileged or protected information or documents, Plaintiff hereby claims such privilege and invokes such protection.  The fact that Plaintiff does not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

*CONFIDENTIAL*

1  **RESPONSE TO INTERROGATORY NO. 8:**

2      Plaintiff incorporates and references herein all of the General Objections. Plaintiff further

3  objects that the Interrogatory seeks irrelevant information.  Subject to and without waiver of the

4  foregoing objections, Plaintiff states as follows: Plaintiff has not been involved in any other

5  putative class action proceedings.

6  **INTERROGATORY NO. 9:**

7      IDENTIFY all facts regarding the exact practices by FACEBOOK that YOU contend

8  violate California and/or federal law.

9  **RESPONSE TO INTERROGATORY NO. 9:**

10      Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

11  to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this

12  Interrogatory on the grounds that it is untimely and premature because discovery in this action is

13  ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed

14  his discovery or investigation of facts relating to this matter, and has not completed preparation

15  for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive,

16  harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all

17  facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P.

18  33(a)(2)("the court may order that [contention interrogatories] need not be answered until

19  designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff

20  further objects to the extent this Interrogatory purports to seek information covered by the

21  attorney-client privilege or the work product privilege.

22      Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

23  Plaintiff refers to the operative Complaint, which identifies the elements of causes of action under

24  the federal Electronic Communications Privacy Act, and Section 631 of the California Penal

25  Code, respectively, as well as identifies which facts Plaintiff contends establish violations of each

26  element of each of these statutes.

27

28

*CONFIDENTIAL*

**INTERROGATORY NO. 10:**

Do YOU contend that the scanning of FACEBOOK messages for any purpose violates federal law and/or California law?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").  Subject to and without waiver of the foregoing objections, Plaintiff states as follows:  As alleged in the operative Complaint, Facebook's conduct of scanning Plaintiff's and the putative class members' messages is a violation of federal and California law.

**INTERROGATORY NO. 11:**

If YOUR response to Interrogatory No. 10 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR response.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P.

*CONFIDENTIAL*

1   33(a)(2)("the court may order that [contention interrogatories] need not be answered until

2   designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff

3   further objects to the extent this Interrogatory purports to seek information covered by the

4   attorney-client privilege or the work product privilege.

5           Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

6   Plaintiff refers to the operative Complaint, which identifies the elements of causes of action under

7   the federal Electronic Communications Privacy Act, and Section 631 of the California Penal

8   Code, respectively, as well as identifies which facts Plaintiff contends establish violations of each

9   element of each of these statutes.

10  **INTERROGATORY NO. 12:**

11          Do YOU contend that the scanning of FACEBOOK messages for the purpose of

12  increasing the "Like" count violates federal law and/or California law?

13  **RESPONSE TO INTERROGATORY NO. 12:**

14          Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

15  to this Interrogatory on the grounds that the term "scanning" is undefined and is therefore vague;

16  the term "increasing the 'Like' count" is similarly vague within the context of this

17  Interrogatory.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and

18  premature because discovery in this action is ongoing with substantial discovery yet to

19  occur.  Plaintiff objects on the grounds that Plaintiff has not completed his discovery or

20  investigation of facts relating to this matter, and has not completed preparation for trial, and

21  therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and

22  abusive of the discovery process to the extent that it calls for the disclosure of all facts that

23  support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court

24  may order that [contention interrogatories] need not be answered until designated discovery is

25  complete, or until a pretrial conference or some other time.").  Subject to and without waiver of

26  the foregoing objections, Plaintiff states as follows:  As alleged in the operative Complaint,

27  Facebook's conduct of scanning Plaintiff's and the putative class members' messages is a

28  violation of federal and California law.

*CONFIDENTIAL*

**INTERROGATORY NO. 13:**

If YOUR response to Interrogatory No. 12 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all facts that support the contentions and allegations in the Complaint.  See Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff further objects to the extent this Interrogatory purports to seek information covered by the attorney-client privilege or the work product privilege.

Subject to and without waiver of the foregoing objections, Plaintiff states as follows: Plaintiff refers to the operative Complaint, which identifies the elements of causes of action under the federal Electronic Communications Privacy Act, and Section 631 of the California Penal Code, respectively, as well as identifies which facts Plaintiff contends establish violations of each element of each of these statutes.

*CONFIDENTIAL*

1  Dated: April 2, 2015                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

2

3                                          By:   /s/ *Michael W. Sobol*
                                                  Michael W. Sobol
4
                                           Michael W. Sobol (State Bar No. 194857)
5                                          msobol@lchb.com
                                           David T. Rudolph (State Bar No. 233457)
6                                          drudolph@lchb.com
                                           Melissa Gardner (State Bar No. 289096)
7                                          mgardner@lchb.com
                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
8                                          275 Battery Street, 29th Floor
                                           San Francisco, CA  94111-3339
9                                          Telephone:  415.956.1000
                                           Facsimile:  415.956.1008
10
                                           Rachel Geman
11                                         rgeman@lchb.com
                                           Nicholas Diamand
12                                         ndiamand@lchb.com
                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
13                                         250 Hudson Street, 8th Floor
                                           New York, NY  10013-1413
14                                         Telephone:  212.355.9500
                                           Facsimile:  212.355.9592
15
                                           Hank Bates  (State Bar No. 167688)
16                                         hbates@cbplaw.com
                                           Allen Carney
17                                         acarney@cbplaw.com
                                           David Slade
18                                         dslade@cbplaw.com
                                           CARNEY BATES & PULLIAM, PLLC
19                                         11311 Arcade Drive
                                           Little Rock, AR 72212
20                                         Telephone:  501.312.8500
                                           Facsimile:  501.312.8505
21
                                           Jeremy A. Lieberman
22                                         info@pomlaw.com
                                           POMERANTZ, LLP
23                                         600 Third Avenue, 20th Floor
                                           New York, NY 10016
24                                         Telephone: 212.661.1100
                                           Facsimile: 212.661.8665
25

26

27

28

PLAINTIFF CAMPBELL'S
                                           CORRECTED RESPONSES TO
                                           FACEBOOK'S 1ST SET OF ROGS

*CONFIDENTIAL*

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

Jon Tostrud (State Bar No. 199502)
jtostrud@tostrudlaw.com
TOSTRUD LAW GROUP, PC
1925 Century Park East, Suite 2125
Los Angeles, CA 90067
Telephone: 310.278.2600
Facsimile: 310.278.2640

*Attorneys for Plaintiffs and the Proposed Class*

PLAINTIFF CAMPBELL'S
CORRECTED RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS

*CONFIDENTIAL*

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

I am readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's practice for collection and processing of documents for service via email, and that practice is that the documents are attached to an email and sent to the recipient's email account.

I am also readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

On April 2, 2015, I caused to be served copies of the following documents:

1.      **PLAINTIFF MATTHEW CAMPBELL'S CORRECTED OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES; and this**

2.      **PROOF OF SERVICE BY EMAIL AND U.S. MAIL**

on Defendant in this action through their counsel:

Christopher Chorba
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: cchorba@gibsondunn.com

Joshua Aaron Jessen
Gibson Dunn & Crutcher LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Email: jjessen@gibsondunn.com

Executed on April 2, 2015, at San Francisco, California.

*/s/ Melissa A. Gardner*
Melissa A. Gardner

# Exhibit E

*CONFIDENTIAL*

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
David T. Rudolph (State Bar No. 233457)
drudolph@lchb.com
Melissa Gardner (State Bar No. 289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Rachel Geman
rgeman@lchb.com
Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive
Little Rock, AR 72212
Telephone:  501.312.8500
Facsimile:  501.312.8505

Jeremy A. Lieberman
Lesley F. Portnoy
info@pomlaw.com
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR,<br><br>             Plaintiffs,<br><br>`     v.<br><br>FACEBOOK, INC.,<br><br>             Defendant. | Case No. C 13-05996 PJH<br><br>**PLAINTIFF MICHAEL HURLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES** |

*CONFIDENTIAL*

PROPOUNDING PARTY:                FACEBOOK, INC.

RESPONDING PARTY:                 MICHAEL HURLEY, on behalf of himself and all
                                  others similarly situated

SET NO.:                          ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Michael Hurley hereby serves his objections and responses to Defendant Facebook Inc.'s First Set of Interrogatories ("Interrogatories"). These responses are designated "Confidential" under the terms of the draft of the Stipulated Protective Order sent by Plaintiffs to Defendant on March 11, 2015.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to each of Defendant's Interrogatories to the extent that they, individually or cumulatively, purport to impose on Plaintiff duties and obligations which exceed, or are different, than those imposed on him by the Federal Rules of Civil Procedure or the Local Rules of the Court.

2.      Plaintiff generally objects to each Interrogatory to the extent it purports to seek information covered by the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.  Plaintiff further objects to each Interrogatory to the extent that it seeks information prepared in anticipation of litigation or for trial of this or any matter. Plaintiff will provide any information that he believes is non-privileged and is otherwise properly discoverable.  By providing such information, Plaintiff does not waive any privileges.  To the extent that an Interrogatory may be construed as seeking such privileged or protected information or documents, Plaintiff hereby claims such privilege and invokes such protection.  The fact that Plaintiff does not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

3.      Plaintiff and Plaintiff's counsel have not completed their investigation of the facts related to this case and have not completed their preparation for trial.  Thus, the following

*CONFIDENTIAL*

**INTERROGATORY NO. 9:**

Do YOU contend that the scanning of FACEBOOK messages for the purpose of developing user profiles to support and deliver targeted advertising violates federal law and/or California law?

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory on the grounds that the term "scanning" is undefined and is therefore vague; the terms "user profiles" and "targeted advertising" are similarly vague within the context of this Interrogatory.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur. Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").  Subject to and without waiver of the foregoing objections, Plaintiff states as follows:  As alleged in the operative Complaint, Facebook's conduct of scanning Plaintiff's and the putative class members' messages is a violation of federal and California law.

**INTERROGATORY NO. 10:**

If YOUR response to Interrogatory No. 9 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR response.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation

*CONFIDENTIAL*

1   for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive,

2   harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all

3   facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P.

4   33(a)(2)("the court may order that [contention interrogatories] need not be answered until

5   designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff

6   further objects to the extent this Interrogatory purports to seek information covered by the

7   attorney-client privilege or the work product privilege.

8           Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

9   Plaintiff refers to the operative Complaint, which identifies the elements of causes of action under

10  the federal Electronic Communications Privacy Act, and Section 631 of the California Penal

11  Code, respectively, as well as identifies which facts Plaintiff contends establish violations of each

12  element of each of these statutes.

13  **INTERROGATORY NO. 11:**

14          IDENTIFY all facts that support YOUR allegation in paragraph 3 of YOUR

15  COMPLAINT that "Facebook primarily generates revenue from targeted advertising and the

16  fundamental means of amassing the user data needed for effective targeted advertising is through

17  Facebook's 'Like' function."

18  **RESPONSE TO INTERROGATORY NO. 11:**

19          Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

20  to this Interrogatory as overly broad and unduly burdensome, particularly given that Facebook

21  necessarily has access to its own financial data.  Plaintiff objects to this Interrogatory on the

22  grounds that it is untimely and premature because discovery in this action is ongoing with

23  substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery

24  or investigation of facts relating to this matter, and has not completed preparation for trial, and

25  therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and

26  abusive of the discovery process to the extent that it calls for the disclosure of all facts that

27  support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court

28  may order that [contention interrogatories] need not be answered until designated discovery is

*CONFIDENTIAL*

1  complete, or until a pretrial conference or some other time.").  Plaintiff further objects to this

2  Interrogatory on the grounds that it is premature, as this Interrogatory may be the subject of

3  expert testimony, to be disclosed at a later date in accordance with the time set by the Court for

4  such disclosures.  Plaintiff further objects to the extent this Interrogatory purports to seek

5  information covered by the attorney work product privilege. Subject to and without waiver of the

6  foregoing objections, Plaintiff states as follows:

7          Facebook admits in its Answer to paragraphs 3 and 49 of Plaintiffs' Complaint that it

8  generates revenue from targeted advertising.  *See also* Facebook's Form 10-k for the fiscal year

9  ended December 31, 2014, at page 10, in which Facebook represents, "The substantial majority of

10  our revenue is currently generated from third parties advertising on Facebook. For 2014, 2013,

11  and 2012, advertising accounted for 92%, 89% and 84%, respectively, of our revenue."

12  (Securities and Exchange Commission, *Facebook, Inc. Form 10-k*, (Fiscal Year ended December

13  31, 2014), http://www.sec.gov/Archives/edgar/data/1326801/000132680115000006/fb-

14  12312014x10k.htm (last visited February 20, 2015)); *see also* paragraph 49 of the operative

15  Complaint, which cites to Facebook's Data Use Policy, Section IV, *How Advertising and*

16  *Sponsored Stories Work* (updated Dec. 11, 2012).

17  **INTERROGATORY NO. 12:**

18          IDENTIFY all facts that support YOUR allegation in paragraph 25 of YOUR

19  COMPLAINT that "whenever a private message contains a URL, Facebook uses a software

20  application called a 'web crawler' to scan the URL, sending HTTP requests to the server

21  associated with the URL and then seeking various items of information about the web page to

22  which the URL is linked."

23  **RESPONSE TO INTERROGATORY NO. 12:**

24          Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

25  to this Interrogatory as overly broad and unduly burdensome, particularly given that Facebook

26  necessarily has access to its own technical data.  Plaintiff objects to this Interrogatory on the

27  grounds that it is untimely and premature because discovery in this action is ongoing with

28  substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery

*CONFIDENTIAL*

1   or investigation of facts relating to this matter, and has not completed preparation for trial, and

2   therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and

3   abusive of the discovery process to the extent that it calls for the disclosure of all facts that

4   support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court

5   may order that [contention interrogatories] need not be answered until designated discovery is

6   complete, or until a pretrial conference or some other time.").  Plaintiff further objects to this

7   Interrogatory on the grounds that it is premature, as this Interrogatory may be the subject of

8   expert testimony, to be disclosed at a later date in accordance with the time set by the Court for

9   such disclosures.  Subject to and without waiver of the foregoing objections, Plaintiff states as

10  follows: Plaintiff refers to the following articles cited in the operative Complaint: Hi-Tech

11  Bridge, *Social Networks: Can Robots Violate User Privacy?* (Aug. 27, 2013) (last visited March

12  26, 2015),

13  https://www.htbridge.com/news/social_networks_can_robots_violate_user_privacy.html,

14  Molly McHugh, *Facebook Scans Private Messages for Brand Page Mentions, Admits a Bug Is*

15  *Boosting Likes*, Digital Trends (Oct. 4, 2012) (last visited March 26, 2015),

16  http://www.digitaltrends.com/social-media/facebook-scans-private-messages/, Jennifer

17  Valentino-DeVries et al., *How Private Are Your Private Facebook Messages?*, Wall St. J., (Oct.

18  3, 2012), http://blogs.wsj.com/digits/2012/10/03/how-private-are-your-private-messages/ (last

19  visited March 26, 2015).

20

21

22

23

24

25

26

27

28

PLAINTIFF HURLEY'S RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS
CASE NO. C 13-05996 PJH

*CONFIDENTIAL*

1   Dated: April 1, 2015                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

2

3                                           By:   /s/ *Michael W. Sobol*
                                                  Michael W. Sobol
4
                                            Michael W. Sobol (State Bar No. 194857)
5                                           msobol@lchb.com
                                            David T. Rudolph (State Bar No. 233457)
6                                           drudolph@lchb.com
                                            Melissa Gardner (State Bar No. 289096)
7                                           mgardner@lchb.com
                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
8                                           275 Battery Street, 29th Floor
                                            San Francisco, CA  94111-3339
9                                           Telephone:  415.956.1000
                                            Facsimile:  415.956.1008
10
                                            Rachel Geman
11                                          rgeman@lchb.com
                                            Nicholas Diamand
12                                          ndiamand@lchb.com
                                            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
13                                          250 Hudson Street, 8th Floor
                                            New York, NY  10013-1413
14                                          Telephone:  212.355.9500
                                            Facsimile:  212.355.9592
15
                                            Hank Bates  (State Bar No. 167688)
16                                          hbates@cbplaw.com
                                            Allen Carney
17                                          acarney@cbplaw.com
                                            David Slade
18                                          dslade@cbplaw.com
                                            CARNEY BATES & PULLIAM, PLLC
19                                          11311 Arcade Drive
                                            Little Rock, AR 72212
20                                          Telephone:  501.312.8500
                                            Facsimile:  501.312.8505
21
                                            Jeremy A. Lieberman
22                                          info@pomlaw.com
                                            POMERANTZ, LLP
23                                          600 Third Avenue, 20th Floor
                                            New York, NY 10016
24                                          Telephone: 212.661.1100
                                            Facsimile: 212.661.8665
25

26

27

28

PLAINTIFF HURLEY'S RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS
CASE NO. C 13-05996 PJH

*CONFIDENTIAL*

1

2

3

4

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

5

6

7

8

Jon Tostrud (State Bar No. 199502)
jtostrud@tostrudlaw.com
TOSTRUD LAW GROUP, PC
1925 Century Park East, Suite 2125
Los Angeles, CA 90067
Telephone: 310.278.2600
Facsimile: 310.278.2640

9

*Attorneys for Plaintiffs and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*CONFIDENTIAL*

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

I am readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's practice for collection and processing of documents for service via email, and that practice is that the documents are attached to an email and sent to the recipient's email account.

I am also readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

On April 1, 2015, I caused to be served copies of the following documents:

1.    **PLAINTIFF MICHAEL HURLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES; and this**

2.    **PROOF OF SERVICE BY EMAIL AND U.S. MAIL**

on Defendant in this action through their counsel:

Christopher Chorba
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: cchorba@gibsondunn.com

Joshua Aaron Jessen
Gibson Dunn & Crutcher LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Email: jjessen@gibsondunn.com

Executed on April 1, 2015, at San Francisco, California.

*/s/ Melissa A. Gardner*
Melissa A. Gardner

PLAINTIFF HURLEY'S RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS
CASE NO. C 13-05996 PJH

# Exhibit F

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
David T. Rudolph (State Bar No. 233457)
drudolph@lchb.com
Melissa Gardner (State Bar No. 289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Rachel Geman
rgeman@lchb.com
Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive
Little Rock, AR 72212
Telephone:  501.312.8500
Facsimile:  501.312.8505

Jeremy A. Lieberman
Lesley F. Portnoy
info@pomlaw.com
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR,<br><br>        Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. C 13-05996 PJH<br><br>**PLAINTIFF DAVID SHADPOUR'S CORRECTED OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES** |

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

1

PROPOUNDING PARTY:              FACEBOOK, INC.

2

RESPONDING PARTY:              DAVID SHADPOUR, on behalf of himself and all

3
                              others similarly situated

4

SET NO.:                       ONE (1)

5

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff David

6

Shadpour hereby serves his corrected objections and responses to Defendant Facebook Inc.'s First

7

Set of Interrogatories ("Interrogatories"). These responses are designated "Highly Confidential –

8

Attorneys' Eyes Only" under the terms of the draft of the Stipulated Protective Order sent by

9

Plaintiffs to Defendant on March 11, 2015.

10

11

**GENERAL OBJECTIONS**

12

    1.    Plaintiff objects to each of Defendant's Interrogatories to the extent that they,

13

individually or cumulatively, purport to impose on Plaintiff duties and obligations which exceed,

14

or are different, than those imposed on him by the Federal Rules of Civil Procedure or the Local

15

Rules of the Court.

16

    2.    Plaintiff generally objects to each Interrogatory to the extent it purports to seek

17

information covered by the attorney-client privilege, the work product privilege, or any other

18

applicable privilege or immunity.  Plaintiff further objects to each Interrogatory to the extent that

19

it seeks information prepared in anticipation of litigation or for trial of this or any matter.

20

Plaintiff will provide any information that he believes is non-privileged and is otherwise properly

21

discoverable.  By providing such information, Plaintiff does not waive any privileges.  To the

22

extent that an Interrogatory may be construed as seeking such privileged or protected information

23

or documents, Plaintiff hereby claims such privilege and invokes such protection.  The fact that

24

Plaintiff does not specifically object to an individual Interrogatory on the ground that it seeks

25

such privileged or protected information shall not be deemed a waiver of the protection afforded

26

by the attorney-client privilege, the attorney work product doctrine, or any other applicable

27

privilege or protection.

28

PLAINTIFF SHADPOUR'S
CORRECTED RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

1  such disclosures.  Subject to and without waiver of the foregoing objections, Plaintiff states as

2  follows: *See* Plaintiff's responses to Interrogatories No. 2 and 6.

3  **INTERROGATORY NO. 8:**

4      IDENTIFY all facts regarding all putative class action proceedings in which YOU have

5  been involved, including but not limited to YOUR role in the proceeding (plaintiff, defendant,

6  witness), the claims and defenses raised in each proceeding, the court or other tribunal in which

7  the proceeding occurred, the judicial officer or arbitrator(s) who presided over the proceeding, the

8  case number, the parties to the proceeding, a summary of the testimony and/or DOCUMENTS

9  YOU provided (if any), an identification of YOUR counsel for each proceeding, and the

10  disposition and relief awarded.

11  **RESPONSE TO INTERROGATORY NO. 8:**

12      Plaintiff incorporates and references herein all of the General Objections. Plaintiff further

13  objects that the Interrogatory seeks irrelevant information.  Subject to and without waiver of the

14  foregoing objections, Plaintiff states as follows: Plaintiff has not been involved in any other

15  putative class action proceedings.

16  **INTERROGATORY NO. 9:**

17      IDENTIFY all facts that support YOUR allegation in paragraph 25 of YOUR

18  COMPLAINT that the "interceptions" YOU contend are unlawful occur "in transit, in

19  transmission, and/or during transfer of users' private messages."

20  **RESPONSE TO INTERROGATORY NO. 9:**

21      Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

22  to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this

23  Interrogatory on the grounds that it is untimely and premature because discovery in this action is

24  ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed

25  his discovery or investigation of facts relating to this matter, and has not completed preparation

26  for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive,

27  harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all

28  facts that support the contentions and allegations in the Complaint.  See Fed. R. Civ. P.

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff further objects to this Interrogatory on the grounds that it is premature, as this Interrogatory may be the subject of expert testimony, to be disclosed at a later date in accordance with the time set by the Court for such disclosures.  Plaintiff further objects to the extent this Interrogatory purports to seek information covered by the attorney work product privilege. Subject to and without waiver of the foregoing objections, Plaintiff states as follows: Plaintiff refers to the entirety of the operative Complaint, including but not limited to the allegations set forth in Paragraphs 27, 28, 35, 36, 37, 40.

**INTERROGATORY NO. 10:**

IDENTIFY all facts that support YOUR allegation in paragraph 89 of YOUR COMPLAINT that "Facebook's practice of intercepting, scanning, and generating 'Likes' from, users' private messages, are not necessary for the rendition of Facebook's private messaging service, the protection of Facebook's rights or property, or the security of Facebook users," and "have not be undertaken in the ordinary course of business of an electronic communication service, as described in 28 U.S.C. § 2510(15)."

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Plaintiff objects to this Interrogatory on the grounds that it is untimely and premature because discovery in this action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not completed his discovery or investigation of facts relating to this matter, and has not completed preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome, oppressive, harassing, and abusive of the discovery process to the extent that it calls for the disclosure of all facts that support the contentions and allegations in the Complaint.  *See* Fed. R. Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff objects to this Interrogatory on the grounds that it is premature, as this Interrogatory may be the

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

1  subject of expert testimony, to be disclosed at a later date in accordance with the time set by the

2  Court for such disclosures.  Plaintiff further objects to the extent this Interrogatory purports to

3  seek information covered by the attorney-client privilege or the work product privilege.

4       Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

5  Plaintiff refers to the operative Complaint, including but not limited to the following allegations,

6  2, 4, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40,

7  45, 46, 47, 48, 49, 52, 56, 57, 58, 64, and 86, which identify the elements of causes of action

8  under the federal Electronic Communications Privacy Act, and Section 631 of the California

9  Penal Code, respectively, as well as identify which facts Plaintiff contends establish violations of

10  each element of each of these statutes.

11  **INTERROGATORY NO. 11:**

12       IDENTIFY all facts that support YOUR allegations in paragraphs 59−68 of the

13  COMPLAINT that this ACTION is appropriate for class treatment.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15       Plaintiff incorporates and references herein all of the General Objections.  Plaintiff objects

16  to this Interrogatory on the grounds that it is untimely and premature because discovery in this

17  action is ongoing with substantial discovery yet to occur.  Plaintiff objects that Plaintiff has not

18  completed his discovery or investigation of facts relating to this matter, and has not completed

19  preparation for trial, and therefore, this Interrogatory is premature, improper, burdensome,

20  oppressive, harassing, and abusive of the discovery process to the extent that it calls for the

21  disclosure of all facts that support the contentions and allegations in the Complaint.  See Fed. R.

22  Civ. P. 33(a)(2)("the court may order that [contention interrogatories] need not be answered until

23  designated discovery is complete, or until a pretrial conference or some other time.").  Plaintiff

24  further objects to this Interrogatory on the grounds that it is premature, as this Interrogatory may

25  be the subject of expert testimony, to be disclosed at a later date in accordance with the time set

26  by the Court for such disclosures.

27       Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

28  Plaintiff refers to the entirety of the operative Complaint, including but not limited to the

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

1   allegations in Paragraphs 2, 3, 4, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,

2   33, 34, 35, 36, 37, 38, 39, 40, 41, 45, 46, 47, 48, 49, 50, 51, 52, 56, 57, 58, 62, 63, 64, and 65.

3

4   Dated: April 2, 2015                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

5

6                                          By: ___/s/ *Michael W. Sobol*___
                                               Michael W. Sobol

7                                          Michael W. Sobol (State Bar No. 194857)
                                           msobol@lchb.com
8                                          David T. Rudolph (State Bar No. 233457)
                                           drudolph@lchb.com
9                                          Melissa Gardner (State Bar No. 289096)
                                           mgardner@lchb.com
10                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           275 Battery Street, 29th Floor
11                                         San Francisco, CA  94111-3339
                                           Telephone:  415.956.1000
12                                         Facsimile:  415.956.1008

13                                         Rachel Geman
                                           rgeman@lchb.com
14                                         Nicholas Diamand
                                           ndiamand@lchb.com
15                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                           250 Hudson Street, 8th Floor
16                                         New York, NY  10013-1413
                                           Telephone:  212.355.9500
17                                         Facsimile:  212.355.9592

18                                         Hank Bates  (State Bar No. 167688)
                                           hbates@cbplaw.com
19                                         Allen Carney
                                           acarney@cbplaw.com
20                                         David Slade
                                           dslade@cbplaw.com
21                                         CARNEY BATES & PULLIAM, PLLC
                                           11311 Arcade Drive
22                                         Little Rock, AR 72212
                                           Telephone:  501.312.8500
23                                         Facsimile:  501.312.8505

24                                         Jeremy A. Lieberman
                                           info@pomlaw.com
25                                         POMERANTZ, LLP
                                           600 Third Avenue, 20th Floor
26                                         New York, NY 10016
                                           Telephone: 212.661.1100
27                                         Facsimile: 212.661.8665

28

PLAINTIFF SHADPOUR'S
CORRECTED RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

1

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
2

POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
3

Chicago, IL 60603
Telephone: 312.377.1181
4

Facsimile: 312.377.1184

5

Jon Tostrud (State Bar No. 199502)
jtostrud@tostrudlaw.com
6

TOSTRUD LAW GROUP, PC
1925 Century Park East, Suite 2125
7

Los Angeles, CA 90067
Telephone: 310.278.2600
8

Facsimile: 310.278.2640

9

*Attorneys for Plaintiffs and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF SHADPOUR'S
CORRECTED RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 275 Battery Street, 29th Floor, San Francisco, California  94111-3339.

I am readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's practice for collection and processing of documents for service via email, and that practice is that the documents are attached to an email and sent to the recipient's email account.

I am also readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

On April 2, 2015, I caused to be served copies of the following documents:

1. **PLAINTIFF DAVID SHADPOUR'S CORRECTED OBJECTIONS AND RESPONSES TO DEFENDANT FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES; and this**

2. **PROOF OF SERVICE BY EMAIL AND U.S. MAIL**

on Defendant in this action through their counsel:

Christopher Chorba
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Email: cchorba@gibsondunn.com

Joshua Aaron Jessen
Gibson Dunn & Crutcher LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Email: jjessen@gibsondunn.com

Executed on April 2, 2015, at San Francisco, California.

*/s/ Melissa A. Gardner*
Melissa A. Gardner

PLAINTIFF SHADPOUR'S
CORRECTED RESPONSES TO
FACEBOOK'S 1ST SET OF ROGS