United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK INC.,<br><br>    Defendant. | Case No. 13-cv-05996-PJH   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 77 |

**INTRODUCTION**

Pending before the Court is the parties' joint discovery letter in which Plaintiffs assert that Defendant Facebook Inc.'s contention interrogatories are premature while Facebook asks the Court to compel their responses. Dkt. No. 77. Federal Rule of Civil Procedure 33 permits interrogatories to parties about their factual contentions, yet provides that the Court may postpone answers to those interrogatories "until designated discovery is complete, or until a pretrial conference or some other time." Having considered the parties' positions, relevant legal authority, and the record in this case, the Court finds Facebook's contention interrogatories premature and **DENIES** Facebook's request to compel responses.

**BACKGROUND**

This is a privacy case against the social media website, Facebook, concerning its alleged "scanning" of messages sent through its platform. Jt. Ltr. at 1. A Facebook message is analogous to email as it involves an electronic message sent from one user to another user(s), and users can access a "messages" inbox on Facebook. *Id.* Through these messages, Facebook users can share content such as photos, text, and video with other Facebook users. *Id.*

Plaintiffs allege that, without consent, Facebook scans the content of their and putative

class members' messages for use in connection with its "social plugin" functionality. *Id.* Specifically, certain websites display a Facebook "like" counter, which enables visitors to see how many users have clicked a button indicating that they "like" the page or have shared the page on Facebook. *Id.* Plaintiffs allege that Facebook scans the content of putative class members' messages, and if a link to a web page is in a message, Facebook treats it as a "like" of the page, and increases the page's "like" count by one. *Id.* Plaintiffs allege that Facebook uses this data regarding "likes" to compile user profiles, which it then uses to deliver targeted advertising to users. *Id.*

Plaintiffs seek to represent a nationwide class of "all natural person Facebook users located within the United States who have sent or received private messages that included URLs in their content, from within two years before the filing of this action up through and including the date when Facebook ceased its practice." *Id.* Plaintiffs brought four claims for alleged violations of (1) the federal Electronic Communications Privacy Act (ECPA), (2) California Penal Code section 631, (3) California Penal Code section 632, and (4) California's Unfair Competition Law (UCL). *Id.*; *see also* Consolidated Am. Compl. ("CAC"), Dkt. No. 25. On December 23, 2014, Judge Hamilton granted in part and denied in part Facebook's Motion to Dismiss, dismissing the UCL and section 632 claims with prejudice but allowing the ECPA and section 631 claims to proceed. Order re: Mot. to Dismiss, Dkt. No. 43.

On January 26, 2015, Facebook served interrogatories on each of the named Plaintiffs: Matthew Campbell, Michael Hurley, and David Shadpour. Jt. Ltr. at 2. Plaintiffs served their responses in April, and Facebook identified several deficiencies in these responses. *Id.* Although the parties met and conferred in an attempt to resolve the dispute, they are now at an impasse. *Id.* Facebook seeks full and complete responses to Interrogatory Nos. 9-13 (Campbell); Interrogatory Nos. 9-12 (Hurley); and Interrogatory Nos. 9-11 (Shadpour), which the parties appended, along with Plaintiffs' responses, as Exhibits A-F to their letter. *Id.* Facebook's interrogatories ask:

> **Interrogatory No. 9:** IDENTIFY all facts regarding the exact practices by FACEBOOK that YOU contend violate California and/or federal law.
>
> **Interrogatory No. 10:** Do YOU contend that the scanning of

2

FACEBOOK messages for any purpose violates federal law and/or California law?

**Interrogatory No. 11:** If YOUR response to Interrogatory No. 10 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR Response.

**Interrogatory No. 12:** Do YOU contend that the scanning of FACEBOOK messages for the purpose of increasing the "Like" count violates federal law and/or California law?

**Interrogatory No. 13:** If YOUR response to Interrogatory No. 12 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR Response.

*Id.*, Ex. A (Interrogatories to Plaintiff Campbell).

**Interrogatory No. 9:** Do YOU contend that the scanning of FACEBOOK messages for the purpose of developing user profiles to support and deliver targeted advertising violates federal law and/or California law?

**Interrogatory No. 10:** If YOUR response to Interrogatory No. 9 is anything other than an unqualified "no," IDENTIFY all facts supporting YOUR response.

**Interrogatory No. 11:** IDENTIFY all facts that support YOUR allegation in paragraph 3 of YOUR COMPLAINT that "Facebook primarily generates revenue from targeted advertising and the fundamental means of amassing the user data needed for effective targeted advertising is through Facebook's 'Like' function."

**Interrogatory No. 12:** IDENTIFY all facts that support YOUR allegation in paragraph 25 of YOUR COMPLAINT that "whenever a private message contains a URL, Facebook uses a software application called a 'web crawler' to scan the URL, sending HTTP requests to the server associated with the URL and then seeking various items of information about the web page to which the URL is linked."

*Id.*, Ex. B (Interrogatories to Plaintiff Hurley).

**Interrogatory No. 9:** IDENTIFY all facts supporting YOUR allegation in paragraph 25 of YOUR COMPLAINT that the "interceptions" YOU contend are unlawful occur "in transit, in transmission, and/or during transfer of users' private messages."

**Interrogatory No. 10:** IDENTIFY all facts that support YOUR allegations in paragraph 89 of YOUR COMPLAINT that "Facebook's practice of intercepting, scanning, and generating 'Likes' from, users' private messages, are not necessary for the rendition of Facebook's private messaging service, the protection of Facebook's rights or property, or the security of Facebook users," and "have not be undertaken in the ordinary course of business of an electronic communication service, as described in 28 U.S.C. § 2510(15)."

3

> **Interrogatory No. 11:** IDENTIFY all facts that support YOUR allegations in paragraphs 59-68 of the COMPLAINT that this ACTION is appropriate for class treatment.

*Id.*, Ex. C (Interrogatories to Plaintiff Shadpour).

Plaintiffs' responses largely direct Facebook to the factual allegations of their CAC and otherwise assert that these interrogatories are premature because Plaintiffs have not yet completed discovery or investigation into the matters into which Facebook inquires. *See id.*, Exs. D-F. Plaintiffs Hurley's and Shadpour's responses also note that some of Facebook's interrogatories may be the subject of expert testimony. *Id.*, Exs. E & F. Plaintiff Hurley provides more detailed responses to interrogatory numbers 11 and 12, identifying the sources supporting specific allegations in Plaintiffs' CAC. *Id.*, Ex. E.

The class certification motion and summary judgment motion deadline in this case is October 14, 2015. *See* Case Management Order, Dkt. No. 62.

## LEGAL STANDARD

"Rule 33 of the Federal Rules of Civil Procedure governs contention interrogatories which seek to discover the factual basis for allegations in a complaint." *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (footnote omitted). "Rule 33(a)(2) provides that interrogatories may relate to any matter that may be inquired into under Rule 26(b) and is not objectionable merely because it asks for contentions that relate to fact or the application of law to fact." *Id.* "[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id.* (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985); additional citation omitted).

"Moreover, because the device can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in Rule 26(b)(2) . . . ." Fed. R. Civ. P. 33 advisory committee's note (1993 amendment).[1] A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the

---

[1] Rule 26(b)(2) has been amended since the Advisory Committee's note, but today's Rule 26(b)(2)(C) contains the same key principles and is substantially similar to the 1993 version of the Rule.

4

1  discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other
2  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
3  discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
4  the burden or expense of the proposed discovery outweighs its likely benefit, considering the
5  needs of the case, the amount in controversy, the parties' resources, the importance of the issues at
6  stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P.
7  26(b)(2)(C).

## DISCUSSION

"The purpose of contention interrogatories 'is to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position.'" *Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, 2014 WL 7206849, at *3 (N.D. Cal. Dec. 18, 2014) (quotation omitted). Rule 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact," but leaves the court with substantial discretion as to when such an interrogatory must be answered, noting that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." As the Rules' Advisory Committee notes state, "[s]ince interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." Fed. R. Civ. P. 33 advisory committee's note (1970 amendment).

Consequently, courts in this district have placed "a burden of justification" on a party who seeks answers to contention interrogatories before substantial documentary or testimonial discovery has been completed. *See, e.g.*, *In re Convergent*, 108 F.R.D. at 338; *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, 2009 WL 1771368, at *6 (N.D. Cal. June 19, 2009); *United States v. Bazaarvoice, Inc.*, 2013 WL 1739472, at *3 (N.D. Cal. Apr. 22, 2013). "[S]uch a party must be able to show that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to

expose a substantial basis for a motion under Rule 11 or Rule 56." *In re Convergent*, 108 F.R.D. at 338-39 (footnote omitted). "A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered." *Id.* at 339. "Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* In the case where a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be "especially vigilant" in evaluating the proffered justifications when the plaintiff's complaint is not "facially infirm" and the defendant appears to have control over or adequate access to much of the evidence relevant to its alleged misconduct. *Id.*

Facebook has not demonstrated that its contention interrogatories are appropriate at this stage. It asserts that through its interrogatories it asks Plaintiffs to explain (1) the precise conduct Plaintiffs contend is unlawful, and (2) the factual basis for specific allegations in the CAC, contending that the conduct Plaintiffs challenge in this case has been "a moving target" and that its interrogatories are "necessary to determine the precise scope of the conduct at issue in this case." Jt. Ltr. at 2. But Facebook does not show how or why "it remains unclear which precise conduct [Plaintiffs] intend to challenge." *Id.* at 3.

First, it notes that in their initial Complaint, Plaintiffs alleged that Facebook intercepts users' messages in order to "aggregate data on users for purposes of advertising, marketing and user profiling[,]" Compl. ¶ 50, Dkt. No. 1, but argues that in their CAC, "Plaintiffs appeared to drop these advertising-related allegations to instead focus on the increase in the 'Like' count on a third-party website when a URL was included in a message." Jt. Ltr. at 2. Having reviewed Plaintiffs' initial Complaint and CAC, as well as Judge Hamilton's Order on Facebook's Motion to Dismiss, the Court finds nothing inconsistent with Plaintiffs' position. Facebook itself notes that Judge Hamilton "credited both of Plaintiffs' theories (advertising and 'Like' count) in allowing two claims to survive[,]" *id.*, and there is no indication that she did so on any basis other than the allegations in the CAC. *See* Order re: Mot. to Dismiss.

Second, Facebook asserts that "[t]roublingly, Plaintiffs have recently suggested that they

6

may be challenging conduct much broader than that framed by the CAC—namely, *any* 'interception' of messages containing URLS for *any* purpose, regardless of whether it incremented the 'Like' count on a third-party website or was used to target advertisements." Jt. Ltr. at 2 (emphasis in original). Facebook does not explain or cite anything in the record that would indicate that Plaintiffs are changing theories or fundamentally altering their position in some way such that Facebook's interrogatories will contribute meaningfully to clarifying the issues in the case or narrowing the scope of the dispute. Plaintiffs' CAC is not the sort of "infirm" complaint warned of in *In re Convergent*. It contains detailed factual allegations about the conduct Plaintiffs challenge as unlawful, and—from the Court's review—contains allegations that address Facebook's concern above. *See, e.g.*, CAC ¶¶ 63, 64, 73, 78-82, 86-87, 94, 96, 104-109; *see also In re Convergent*, 108 F.R.D. at 337 (contention interrogatories that "systematically track all the allegations in an opposing party's pleadings" can be "a serious form of discovery abuse" and can be misused "to impose great burdens on opponents," generating "a great deal of counterproductive friction between parties and counsel.").

The Court also notes that Interrogatory No. 10 to Plaintiff Campbell asks the question that Facebook raises here, i.e., "Do YOU contend that the scanning of FACEBOOK messages for any purpose violates federal law and/or California law." Jt. Ltr., Ex. A. Plaintiff's response states: "As alleged in the operative Complaint, Facebook's conduct of scanning Plaintiff's and the putative class members' messages is a violation of federal and California law." *Id.*, Ex. E. Facebook has not shown how this response is insufficient or how a response to its next interrogatory, which asks Plaintiff to identify "all facts" that support this response, is needed to clarify the issues in the case. *See Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) (collecting cases recognizing that contention interrogatories "are often overly broad and unduly burdensome" when they require a party to state "every fact" or "all facts" supporting responses); *see also Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) ("listing every single fact in support of their contentions would be unduly burdensome"). Nor has Facebook shown how responding to any of its other interrogatories before substantial discovery has been conducted will contribute

7

meaningfully to clarifying the issues in the case or narrowing the scope of the dispute.[2]
Ultimately, Facebook's arguments do not persuade the Court that the conduct Plaintiffs challenge is unclear or that Facebook requires answers to these interrogatories at this time to clarify Plaintiffs' position or the scope of the case.

As to the other considerations in determining whether to permit early contention interrogatories, Facebook provides no argument or support that the information sought would help set up early settlement discussions or that such answers are likely to expose a substantial basis for a Rule 11 or Rule 56 motion. *See In re Convergent*, 108 F.R.D. at 338-39. While Facebook's last interrogatory to Plaintiff Shadpour appears to seek information to expose a basis for opposing class certification under Rule 23 by requesting that Plaintiff "identify all facts that support . . . that this ACTION is appropriate for class treatment," Jt. Ltr., Ex. C, Facebook does not show how it needs this information at this time, when substantial discovery is yet to be conducted. Such an interrogatory strikes the Court as no more than a thinly veiled attempt to sneak preview Plaintiffs' class certification motion. In considering this interrogatory, the Court also finds significant *In re Convergent*'s concern over which party has better access to the information the propounding party seeks. *See* 108 F.R.D. at 349 ("It is not obvious why plaintiffs would have better access than defendants to evidence about how the information Convergent made public got into the market place. Convergent presumably knows what information it published and through which channels. Convergent thus would seem to be in a better position than plaintiffs to begin examining how, and to what extent, that information penetrated the marketplace."). The same is true of Facebook's interrogatory asking Plaintiff Shadpour to identify all facts that support that this action is appropriate for class treatment: Facebook seemingly would be in a better position to know what facts about its practices are common, etc., among proposed class members. In any case, as with the other interrogatories, the Court finds this interrogatory premature at this time.

Finally, Facebook suggests that if the Court compelled Plaintiffs to respond now, Plaintiffs

---

[2] Plaintiff Hurley also provides more specific responses to Interrogatory Nos. 11 and 12, identifying the sources supporting specific allegations in Plaintiffs' CAC. *Id.*, Ex. E. It is unclear what more Facebook seeks from Hurley in these responses other than information that he may unearth in discovery, which only supports that these interrogatories are premature.

8

would have the opportunity to update their responses later and that Plaintiffs need not provide responses listing "trivial or non-material matters." Jt. Ltr. at 3-4. As to Facebook's first suggestion, the Court does not find much utility. As one court in this District noted, "if [the plaintiff] were to respond now, his answers likely would be materially incomplete as soon as [the defendant] begins its document production. Moreover, the tentative nature of any responses generated at this stage would be of questionable value to the goal of efficiently advancing the litigation." *In re eBay*, 2008 WL 5212170, at *2. It also strikes the Court as unnecessarily burdensome to constantly revise and update such responses. The Court does, however, agree with and adopt Facebook's second suggestion. Courts can and regularly do modify the language of contention interrogatories to seek the material or principal facts, instead of "all facts" regardless of their triviality. *See Haggarty*, 2012 WL 4113341, at *2. Accordingly, the Court rules that the terms "all," "any," and "each" used in Facebook's contention interrogatories shall be construed as "all material," "any material," and "each material" for future purposes.

## CONCLUSION

Rule 33 expressly contemplates postponement of contention interrogatories under these circumstances, and given the foregoing, the Court finds application of that rule warranted here. Accordingly, the Court **DENIES** Defendants' motion to compel discovery responses to the contention interrogatories identified above. In accordance with this Order, Facebook may propound such interrogatories at an appropriate time near the close of discovery.

**IT IS SO ORDERED.**

Dated: June 3, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge