1 | Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
2 | Melissa Gardner (State Bar No. 289096)
mgardner@lchb.com
3 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
4 | San Francisco, CA  94111-3339
Telephone:  415.956.1000
5 | Facsimile:  415.956.1008

Jeremy A. Lieberman
Lesley F. Portnoy
info@pomlaw.com
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

6 | Rachel Geman
rgeman@lchb.com
7 | Nicholas Diamand
ndiamand@lchb.com
8 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
9 | New York, NY  10013-1413
Telephone:  212.355.9500
10 | Facsimile:  212.355.9592

11 | Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
12 | Allen Carney
acarney@cbplaw.com
13 | David Slade
dslade@cbplaw.com
14 | CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive
15 | Little Rock, AR 72212
Telephone:  501.312.8500
16 | Facsimile:  501.312.8505

17 | *Attorneys for Plaintiffs and the Proposed Class*

18 | *[Additional Counsel listed on Signature page]*

19 | UNITED STATES DISTRICT COURT

20 | NORTHERN DISTRICT OF CALIFORNIA

21 | MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FACEBOOK, INC.,

Defendant.

Case No. C 13-05996 PJH

**PLAINTIFFS' MOTION TO WITHDRAW PUTATIVE CLASS REPRESENTATIVE AND DISMISS CLAIMS WITHOUT PREJUDICE**

Date:        September 9, 2015
Time:       9:00 a.m.
Crtrm:     3, Third Floor
Judge:      Honorable Phyllis J. Hamilton

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE

2    that on September 9, 2015, in Courtroom 3, Third Floor of the District Court for the Northern

3    District of California, Oakland Division, pursuant to Federal Rules of Civil Procedure 21 and

4    41(a)(2) Plaintiffs' Interim Class Counsel will, and hereby do, move to dismiss plaintiff David

5    Shadpour as a party to this litigation and to withdraw his claims without prejudice to his rights as

6    an absent member of the putative Class.

7    **I.      STATEMENT OF ISSUES TO BE DECIDED**

8         Should this Court, in the exercise of its discretion under Federal Rules of Civil Procedure

9    21 and 41(a)(2) permit putative class representative David Shadpour to be dismissed as a party to

10   this litigation and to withdraw his claims without prejudice or conditions?

11   **II.     INTRODUCTION**

12        Plaintiffs' interim class counsel seek an Order pursuant to Federal Rules of Civil

13   Procedure 21 and/or 41(a)(2) to dismiss Mr. Shadpour as a party to this action, and relieve him of

14   any outstanding discovery obligations.  Mr. Shadpour no longer seeks to carry on the duties and

15   obligations as a class representative.  The two original plaintiffs in this action (Matthew Campbell

16   and Michael Hurley) remain willing and able to zealously represent the class.  The Class will not

17   be prejudiced in any way by dismissal of Mr. Shadpour's individual claims.

18   **III.    BACKGROUND AND PROCEDURAL HISTORY**

19        On December 30, 2013, Matthew Campbell and Michael Hurley filed a putative class

20   action (the "*Campbell* Action") alleging that Defendant, Facebook, Inc., had unlawfully

21   intercepted the content of Facebook users' private messages without their consent.  (Dkt. 1).

22   Shortly thereafter, on January 21, 2014, David Shadpour initiated a separate putative class action,

23   *Shadpour v. Facebook, Inc*., No. 5:14-cv-00307-PSG, (the "*Shadpour* Action") which was

24   predicated upon substantially similar facts and alleged substantially similar claims.

25        On January 29, 2014, Facebook filed a Motion to Relate the *Shadpour* Action to the

26   *Campbell* Action (Dkt. 14), which the Court granted on February 3, 2014.  (Dkt. 15).  Thereafter,

27   on April 15, 2014, the Court related the *Campbell* and the *Shadpour* Actions.  (Dkt. 24).  On

28   April 25, 2014, plaintiffs jointly filed the operative Consolidated Amended Complaint ("CAC").

1

1   (Dkt. 25).  With the exception of Mr. Shadpour's residence – in Los Angeles, California – all the

2   allegations in the CAC are identical as to all plaintiffs.

3         On June 17, 2014, Facebook filed a Motion to Dismiss the CAC.  (Dkt. 29).  Neither party's

4   briefing on that Motion made any argument directed independently to Mr. Shadpour, nor was

5   such an argument advanced at the hearing before the Court on October 1, 2014.  (Dkt. 29-35, 45).

6   The Court's December 23, 2014 Order granting in part and denying in part Facebook's Motion

7   did not discuss Mr. Shadpour separately from the other plaintiffs in any way.  (Dkt. 43).

8         The parties exchanged their first discovery requests on January 26, 2015. (Dkt. 89, at 1).

9   Plaintiffs have served their discovery jointly.  (*Id.*).  Similarly, Facebook's discovery requests to

10  each plaintiff have been identical, except that Facebook asked each plaintiff different contention

11  interrogatories seeking "all facts" supportive of specific allegations in the CAC – allegations

12  made on behalf of all plaintiffs.  (*See* Dkt. 77, Exs. A-C).

13        In its Answer to the CAC filed on February 6, 2014, all of Facebook's substantive answers

14  were identical as to all of the plaintiffs.  (Dkt. 53).

15        Similarly, in the parties' March 5, 2015 Joint Case Management Statement, Facebook

16  asserted that the "dispositive defenses" of express and implied consent would dispose of the

17  claims of "Facebook users" generally and, for example, "the people who use Facebook were

18  aware that the URLs in their messages were being processed—and consented to that processing."

19  (Dkt. 60, at 4-5).  Facebook's claims that class certification will be inappropriate due to

20  individualized issues of whether Class Members consented to the challenged conduct, (*id.*, at 5-6)

21  do not address Mr. Shadpour, in particular.

22        On March 17, 2015, plaintiffs' counsel informed Facebook's counsel that Mr. Shadpour

23  intended to withdraw from the litigation and asked if Facebook would stipulate to his dismissal.

24  (Dkt. 89, at 1, 4).  Facebook's counsel responded that they would confer with their client, and that

25  they were disinclined to stipulate to Mr. Shadpour's dismissal unless Mr. Shadpour responded to

26  all outstanding discovery and made himself available for a deposition, although no deposition had

27  yet been noticed.  *Id*.

28

2

1    A month later, on April 16, 2015, Facebook noticed Mr. Shadpour's deposition. *Id*.  It did

2    so without providing further information regarding Facebook's position.  No date for such a

3    deposition has been set.  Plaintiffs' counsel thereafter sent a written stipulation to Facebook

4    proposing to drop Mr. Shadpour as a party under Fed. R. Civ. P. 21 and to dismiss his claims

5    without prejudice under Fed. R. Civ. P. 41(a)(2).  (*See* Dkt. 89, at 1).  On May 5, 2015,

6    Facebook's counsel responded that Facebook would not stipulate to the requested dismissal

7    unless and until Mr. Shadpour completed all outstanding discovery that Facebook had served,

8    including its Requests for Production, Interrogatories, and Notice of Deposition. *Id*.

9    Following an in-person meet and confer, the parties brought these issues before Magistrate

10   Judge Maria-Elena through a joint letter brief dated June 18, 2015 (Dkt. 89).  On July 2, Judge

11   James held that these matters are beyond the scope of the discovery referral in this case, and

12   denied the parties' respective requests without prejudice to the filing of the instant motion. (Dkt.

13   94).  During a meet and confer on July 9, Facebook's counsel confirmed that its position with

14   respect to Mr. Shadpour's dismissal is unchanged.

15   Plaintiffs' interim class counsel therefore bring this motion requesting that the Court

16   exercise its discretion to dismiss Mr. Shadpour as a party from this consolidated litigation and to

17   permit him to withdraw his claims as a class representative against Facebook, and to proceed as

18   an absent member of the putative Class.

19   **IV.   ARGUMENT**

20   Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court

21   may at any time, on just terms, add or drop a party."  Rule 41(a)(2) provides that after an

22   opposing party has served an answer, "an action may be dismissed at the plaintiff's request only

23   by court order, on terms that the court considers proper."

24   "When considering whether to permit a named plaintiff to withdraw from a class action,

25   courts have observed that '[a]bsent a good reason . . . a plaintiff should not be compelled to

26   litigate if [he] doesn't wish to.'" *Roberts v. Electrolux Home Prods., Inc*., No. 12-1644, 2013 WL

27   4239050, at *2 (C.D. Cal. Aug. 14, 2013) (citation omitted); *see also U.S. ex rel. Meyer v.*

28   *Horizon Health Corp*., No. 00-1303, 2006 WL 1490216, at *1 (N.D. Cal. May 25, 2006)

3

(Armstrong, J.); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998) (stating that potential class representatives must be able to "vigorously pursue" claims on behalf of the class.) Accordingly, "a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987).

Facebook would suffer no "plain legal prejudice" if it is not allowed to condition Mr. Shadpour's withdrawal on his deposition and additional discovery, for two principal reasons.

*First*, this motion comes early in the proceedings.[1]  No substantial resources have been expended specific to Mr. Shadpour, as his claims merely mirror those brought by the original plaintiffs.  Mr. Shadpour has not produced any documents.  Facebook has not disputed that its preparation for Mr. Shadpour's deposition (if any), which Facebook noticed a month *after* learning he intended to withdraw, did not also apply to the June 19 Campbell and July 9 Hurley depositions.  (Dkt. 89).  Moreover, Mr. Shadpour has not propounded any unique discovery on Facebook; instead, all discovery has been propounded by plaintiffs collectively.  *See James ex rel. James Ambrose Johnson, Jr. v. UMG Recordings, Inc*., No. 11-1613, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) (Illston, J.) (granting substitution of named plaintiffs, finding "the nature of the litigation and the course of defense will not be substantially altered, and [defendant] will not suffer substantial prejudice" where proposed substitute plaintiffs and claims were substantially similar); *c.f., McConnell v. Red Robin Int'l, Inc.*, No. 11-03026, 2012 WL 1357616, at *3 (N.D. Cal. Apr. 17, 2012) (Alsup, J.) ("It is not clear . . . how the addition of [a new named plaintiff], absent additional claims, will so alter defendant's preparation for this case as to result in undue prejudice.").

*Second*, no allegation unique to Mr. Shadpour forms any fundamental part of the record. *See* Dkt. 25 (CAC); Dkt. 29-36; 43; 45 (Briefing, Hearing, and Order on Motion to Dismiss); Dkt. 53 (Answer).  The allegations in Mr. Shadpour's tag-along complaint mirrored those in the

---

[1] Pursuant to the operative Case Management Order, Plaintiffs' Motion for Class Certification and Facebook's Motion for Summary Judgment are due on or before October 14, 2015; and the hearing on those motions is scheduled for February 17, 2016.  (Dkt. 62).  Trial has not yet been scheduled.

1    original complaint filed by Mr. Campbell and Mr. Hurley.  Although Facebook argued in the

2    parties' briefing before Judge James that Mr. Shadpour's testimony will be relevant to class

3    certification and the merits, in the parties' March 5, 2015 Joint Case Management Statement,

4    Facebook asserted that its "dispositive defenses" would dispose of the claims of "Facebook users"

5    generally and, for example, "the people who use Facebook were aware that the URLs in their

6    messages were being processed—and consented to that processing." (Dkt. 60 at 4-5).  Any critical

7    testimony, discovery responses, or documents that Mr. Shadpour might possess are equally

8    available from the other Plaintiffs.

9       Unconditional dismissals are routinely granted under such facts.  *See Roberts*, 2013 WL

10   4239050, at *2 (declining to require discovery as a condition of dismissal where withdrawal was

11   sought before summary judgment or class certification, minimal resources were expended

12   preparing for the plaintiffs' depositions, and another plaintiff continued to represent the class);

13   *Meyer*, 2006 WL 1490216, at *1 (declining to require discovery as condition of dismissal,

14   holding "[t]o the extent that [defendant] is concerned about its access to certain documents or

15   information in [withdrawing plaintiff's] possession, this can be addressed, as appropriate and

16   necessary, through third-party discovery."); *In re Urethane Antitrust Litig.*, No. 04-1616, 2006

17   WL 8096533, at *2 (D. Kan. June 9, 2006) (denying motion to compel withdrawing plaintiff's

18   deposition, in part, because "[t]he information Defendants need regarding class certification

19   issues may be obtained from the remaining class representatives.").

20       In support of Facebook's contention that it is entitled to demand Mr. Shadpour's

21   deposition testimony and further discovery in spite of early notice of Mr. Shadpour's intention to

22   withdraw from the case, Facebook has relied on *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625,

23   (C.D. Cal. 2011); *Fraley v. Facebook, Inc.*, No. 11-1726, 2012 WL 555071 (N.D. Cal. Feb. 21,

24   2012) (Grewal, M.J.); and *Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-

25   02757, 2011 WL 5865059 (D. Colo. Nov. 22, 2011).  However, upon examination of the same

26   cases in the context of a plaintiff's motion to withdraw, a court in the Central District expressly

27   held that those cases "do not stand for the proposition that . . . withdrawal can be conditioned

28

1  upon the plaintiff's willingness to sit for a deposition." *Roberts*, 2013 WL 4239050, at *2

2  (permitting named plaintiffs to withdraw without sitting for depositions).

3        Indeed, the holdings that Facebook contends support its position here concerned different

4  facts, *i.e.*, withdrawals sought late in the litigation by plaintiffs who possessed unique testimony

5  not obtainable from other class representatives and whose participation in the proceedings formed

6  an important part of the record.  *See e.g.*, *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D.

7  Cal. Feb. 5, 2015) (requiring deposition, but not additional discovery, from original named

8  plaintiff likely to give unique testimony, whose deposition had been rescheduled several times,

9  and who sought dismissal late in the proceedings); *Dysthe* 273 F.R.D. at 629 (requiring discovery

10  from original named plaintiff who possessed unique information, and sought dismissal late in the

11  proceedings); *Fraley*, 2012 WL 555071, at *3 (requiring deposition of original named plaintiff

12  who sought dismissal late in the proceedings, and whose individual allegations formed important

13  part of the record).  By contrast, this request to dismiss Mr. Shadpour comes early, well before

14  dispositive motions are scheduled; minimal resources have been expended on Mr. Shadpour

15  individually, and his allegations form no unique part of the record.

16  **V.**  **CONCLUSION**

17        For the foregoing reasons, Plaintiffs' interim class counsel respectfully request that this

18  Court dismiss Mr. Shadpour as a party, and deny Facebook's request that such dismissal be

19  conditioned upon his deposition and or any additional discovery responses.

20

21

22

23

24

25

26

27

28

6

1     Dated: July 13, 2015            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

2                                   By:___/s/ *Michael W. Sobol*

3                                       Michael W. Sobol

4                             Michael W. Sobol (State Bar No. 194857)
                             msobol@lchb.com

5                             Melissa Gardner (State Bar No. 289096)
                            mgardner@lchb.com

6                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                            275 Battery Street, 29th Floor

7                             San Francisco, CA  94111-3339
                            Telephone:  415.956.1000

8                             Facsimile:  415.956.1008

9                             Rachel Geman
                            rgeman@lchb.com

10                             Nicholas Diamand
                            ndiamand@lchb.com

11                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                            250 Hudson Street, 8th Floor

12                             New York, NY  10013-1413
                            Telephone:  212.355.9500

13                             Facsimile:  212.355.9592

14                             Hank Bates  (State Bar No. 167688)
                            hbates@cbplaw.com

15                             Allen Carney
                            acarney@cbplaw.com

16                             David Slade
                            dslade@cbplaw.com

17                             CARNEY BATES & PULLIAM, PLLC
                            11311 Arcade Drive

18                             Little Rock, AR 72212
                            Telephone:  501.312.8500

19                             Facsimile:  501.312.8505

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeremy A. Lieberman
Lesley F. Portnoy
info@pomlaw.com
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212.661.1100
Facsimile: 212.661.8665

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street, Suite 3505
Chicago, IL 60603
Telephone: 312.377.1181
Facsimile: 312.377.1184

Jon Tostrud (State Bar No. 199502)
jtostrud@tostrudlaw.com
TOSTRUD LAW GROUP, PC
1925 Century Park East, Suite 2125
Los Angeles, CA 90067
Telephone: 310.278.2600
Facsimile: 310.278.2640

*Attorneys for Plaintiffs and the Proposed Class*

8