1  Michael W. Sobol (State Bar No. 194857)
   msobol@lchb.com
2  David T. Rudolph (State Bar No. 233457)
   drudolph@lchb.com
3  Melissa Gardner (State Bar No. 289096)
   mgardner@lchb.com
4  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, CA  94111-3339
   Telephone:  415.956.1000
6  Facsimile:  415.956.1008

7

   Hank Bates (State Bar No. 167688)
8  hbates@cbplaw.com
   Allen Carney
9  acarney@cbplaw.com
   David Slade
10 dslade@cbplaw.com
   CARNEY BATES & PULLIAM, PLLC
11 11311 Arcade Drive
   Little Rock, AR 72212
12 Telephone:  501.312.8500
   Facsimile:  501.312.8505
13

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No.  4:13-cv-05996-PJH (MEJ) <br><br> **DECLARATION OF DAVID T. RUDOLPH IN SUPPORT OF PLAINTIFFS' MOTION TO ENLARGE TIME AND EXTEND DEADLINES** |

I, David T. Rudolph, hereby declare:

1. I am a member in good standing of the California State Bar and Of Counsel in the law firm Lieff, Cabraser, Heimann & Bernstein, LLP, counsel for the plaintiffs in the above-captioned Action (Plaintiffs). I have personal knowledge of the facts set forth herein, and if called to testify thereto, I could and would do so competently. I submit this declaration in support of Plaintiffs' motion to extend the class certification and early summary judgment deadlines.

2. Plaintiffs request a 90-day extension to complete discovery related to class certification and Facebook's anticipated early summary judgment motion. As described below, Facebook has significantly delayed providing relevant discovery in this matter, thereby prejudicing Plaintiffs' ability to prepare their motion for class certification as well as their opposition to Facebook's anticipated early motion for summary judgment, both currently due October 14, 2015.

3. Plaintiffs attempted to obtain a stipulation for a 90-day extension of the class certification and early summary judgment deadlines. In the interest of compromise, Plaintiffs committed to not propound further written discovery beyond what has already been served in this case prior to the class certification deadline. Ex. 1, at 3.[1]

4. In response, Facebook took the position that no extension was warranted, but that Facebook would agree to a 30-day extension. Ex. 1, at 2-3. Plaintiffs responded that given the significant ongoing discovery disputes, some of which will require intervention by the Court, a 30-day extension is insufficient. Plaintiffs requested that Facebook let Plaintiffs know if it reconsiders its position. Ex 1, at 1. To date, Facebook has not agreed. On September 11, 2015, Facebook propounded numerous new discovery requests on Plaintiffs, consisting of requests for production of documents, requests for admissions, and interrogatories. Ex. 21.

5. Extending the class certification and early summary judgment schedule by 90 days will not unduly prejudice Facebook, but rather, will facilitate gaining a fuller record for class certification and summary judgment, and thereby best serve the interests of the Plaintiffs and the

---

[1] Exhibits attached hereto ("Ex.") are true and correct copies of the correspondence, discovery requests, and other documents referenced herein.

1  proposed class.  Given that no dates have been set in this matter beyond the class certification
2  and early summary judgment deadlines, the requested extension will have no further impact on
3  the schedule for this case.

4        6.      The parties have not sought any prior modifications to the current pretrial schedule
5  set forth in the Court's March 13, 2015 scheduling order.  Dkt. No. 62.

6  **SOURCE CODE**

7        7.      Since the inception of discovery in this case, Plaintiffs have requested that
8  Facebook produce source code.  Plaintiffs propounded their initial discovery requests on January
9  26, 2015, seeking, *inter alia*, the production of source code related to Facebook's processing of
10 Private Messaging.  Ex. 2.  Plaintiffs sought this source code as a means of objectively mapping
11 Facebook's private message function, from the creation of private messages through to end
12 storage.  This includes any scanning or acquisition of private message content Facebook conducts
13 and any resulting data structures that connect or associate users to messages or message content,
14 and messages to attachments or URLs.  During February and early March of 2015 the parties
15 repeatedly met and conferred regarding the production of source code.  Facebook consistently
16 refused to consider producing source code, arguing in part that to do so was burdensome in light
17 of the time and effort require to negotiate the terms of a protective order providing for source
18 code production.  During an in-person meet and confer on March 12, 2015 prior to the Case
19 Management Conference in this case, Facebook's counsel confirmed that Facebook would not
20 voluntarily produce source code and that the issue was ripe for adjudication by the Court.

21       8.      Despite Facebook's refusal to produce source code in this matter, Facebook has
22 repeatedly stipulated to protective orders providing for the production of source code.  *See, e.g.,*
23 Exs. 3-5.

24       9.      At the March 12, 2015 Case Management conference, Plaintiffs raised with the
25 Court that a dispute had arisen related to Facebook's refusal to produce source code.  The Court
26 referred the issue to a Magistrate Judge, and on April 13, 2015, the parties appeared before
27 Magistrate Judge James to discuss the source code issue.  Judge James ordered a briefing
28 schedule as follows:

- 3 -

DECLARATION OF DAVID T. RUDOLPH
CASE NO. 4:13-CV-05996-PJH (MEJ)

- **By June 1, 2015**, Facebook will produce technical and other relevant documents in response to Plaintiffs' source code discovery requests, which will include a declaration explaining why the produced documents respond to Plaintiffs' requests without producing the source code itself.

- The parties will meet and confer following the production, and if Plaintiffs continue to believe that the actual source code should be produced, Plaintiffs may file a motion to compel by **July 2, 2015**. Facebook will file its **opposition by July 20, 2015**, and Plaintiffs will file their reply by July 27, 2015. The Court will hold a hearing on the matter on **August 13, 2015 at 10:00 am**.

*See* Discovery Order Re: Source Code Briefing Schedule (Dkt. No. 68).

10. On June 1, 2015, in response to the Court's order, Facebook produced approximately 85 documents totaling approximately 400 pages, and also provided a declaration from Facebook employee Alex Himel.

11. During a telephonic meet and confer in mid-May 2015, counsel for Plaintiffs requested deposition dates in mid-June for Facebook's declarant in support of Plaintiffs' motion to compel source code, due July 2, 2015. Facebook was noncommittal, but did not notify Plaintiffs of any concerns related to the declarant's availability. On June 1, 2015, counsel for the parties met and conferred in person regarding the date for the declarant's deposition, during which Plaintiffs' counsel sought to schedule the deposition during the week of June 15, 2015, in light of the July 2, 2015 due date for Plaintiff's motion to compel. On June 2, 2015 Plaintiffs' counsel sought confirmation that Facebook would agree to make Facebook's declarant, Alex Himel, available during the week of June 15, 2015 as discussed during the in-person meet and confer. On June 3, 2015 Facebook's counsel informed Plaintiffs' counsel that Mr. Himel would not be available for deposition until July 8, 2015 and instead proposed a continuance or modification of the briefing schedule on the Motion to Compel, thereby delaying the resolution of the source code issue even further.

12. Because Facebook would not agree to produce Mr. Himel for a timely deposition, and would also not agree to a briefing schedule that would allow Plaintiffs to obtain a ruling from the Court prior to the due date for the motion to compel, Plaintiffs were forced to file a motion for a telephonic conference to resolve the matter. Dkt. No. 84.

13. On June 12, 2015, in the resolving the motion, Judge James ordered Facebook to produce Mr. Himel for deposition on July 1, 2015. Dkt. No. 88.

14. On June 24, 2015—*five months* after Plaintiffs initially requested it, and after Plaintiffs' counsel and their expert had spent significant time and resources preparing their motion to compel source code and to depose Alex Himel—Facebook agreed to voluntarily produce source code. Ex. 6. At no point prior to June 24, 2015 did Facebook ever indicate it would voluntarily produce source code. Additionally, despite earlier representations that negotiating a protective order covering source code would be laborious and time-consuming, and thus militated against production, Facebook agreed to a protective order that closely mirrors the model protective order of the Northern District of California.

15. Facebook's production of source code was not forthcoming in a timely manner. After repeated requests via both correspondence and in-person meet and confers (during which Facebook's counsel said he was "looking into" Facebook's production of source code), Facebook made its source code available for production on July 29, 2015 – more than one month after it agreed to produce the source code, and five months after Facebook's initial responses to Plaintiffs' discovery requests seeking source code were due.

16. Facebook itself has noted that its source code repository is "enormous" and its source code is "very complex."[2] Given the size and complexity of Facebook's source code (which consists of over 10 million lines of code[3]), Plaintiffs' experts require additional time to review and analyze Facebook's code in anticipation of Facebook's early summary judgment

---

[2] *See* Durham Goode and Siddharth Agarwal, *Scaling Mercurial at Facebook,* Jan, 7, 2014, https://code.facebook.com/posts/218678814984400/scaling-mercurial-at-facebook/ (Ex. 7).

[3] *See* James Pearce, *9.9 million lines of code and still moving fast - Facebook open source in 2014,* June 27, 2014, https://code.facebook.com/posts/292625127566143/9-9-million-lines-of-code-and-still-moving-fast-facebook-open-source-in-2014/ (Ex. 8).

1  motion, which, Plaintiffs anticipate, may turn on technical issues related to 1) whether

2  Facebook's interception of the content of the class members' Private Messages occurred "in

3  transit," and 2) whether such interception was part of the ordinary course of Facebook's business.

4  *See* Order granting in part and denying in part Facebook's Motion to Dismiss.  Dkt. No. 43.

5  Given Facebook's five-month delay in producing source code in this matter, Plaintiffs anticipate

6  they will not have had sufficient time to analyze Facebook's source code by the October 14, 2015

7  deadline for their class certification motion and Facebook's early motion for summary judgment.

8        17.     Plaintiffs have attempted to work with Facebook to expedite the review process for

9  the source code.  On September 4, 2015, Plaintiffs proposed that Facebook install an "integrated

10 development environment" on the source code review computer that will allow Plaintiffs' experts

11 to trace the path of a private message through Facebook's source code, as opposed to going

12 through the entirety of the code, line-by-line, to determine which portions potentially apply to the

13 relevant features of Facebook's private messaging functionality.  As of the date of this

14 declaration, and despite a follow-up request (Ex. 1, at 1), Facebook has not responded to this

15 proposal.

16 **FACEBOOK'S DOCUMENT PRODUCTION**

17       18.     To date, Facebook's production has been limited to approximately 1,600

18 documents, totaling approximately 6,175 pages.  Many of the produced documents arise from

19 only a handful of email conversations from October, 2012, from which Facebook produced the

20 same email thread from multiple custodians' inboxes; thus, Facebook's production count is

21 inflated by these duplicates.  Additionally, a significant portion of Facebook's total production

22 consists of publicly available documents, many of which are third-party articles and blog posts.

23       19.     Through the adoption of a "rolling" production schedule, Facebook still has not

24 produced all responsive documents to Plaintiffs' earliest discovery requests, despite only one

25 month remaining before the current deadline for Plaintiffs' motion for class certification.  As of

26 September 15, 2015, Facebook continues to maintain that it is still searching for and producing

27 documents responsive to Plaintiffs *first* set of Requests for Production of Documents, served

28

1   nearly eight months ago.  Ex. 9.  Facebook has not provided any estimate of when its document
2   production in response to these requests will be complete.

3   20.   Plaintiffs have noted various significant deficiencies in Facebook's document
4   production, including the total absence of any discussions related to Facebook's decision to
5   implement the practice of scanning private messages for URLs and incrementing the "Like" count
6   for a URL when that URL was detected—one of the specific practices at issue in this litigation.
7   Plaintiffs have repeatedly requested such documents via correspondence on August 20, 2015 and
8   August 26, 2015 as well as during an in-person meet and confer on September 2, 2015.  On
9   September 14, 2015, Facebook responded by stating, *inter alia*, that its production is ongoing, but
10  did not provide a date certain that responsive documents would be produced.  Ex. 9.

11  21.   Because Facebook has delayed responding to Plaintiffs' discovery requests, as
12  well as Plaintiffs' correspondence seeking assurances that further production will be forthcoming,
13  and has declined to provide any estimate of when its document production will be complete,
14  Plaintiffs do not know how many more documents Facebook may be producing, whether it is
15  currently withholding responsive documents for production at a later date, or any other salient
16  milestones related to the status of Facebook's overall document production.

17  22.   Facebook has informed Plaintiffs that it is continuing to produce documents on a
18  "rolling" basis, and that as of the date of this declaration, Facebook is still in the process of
19  searching for, reviewing, and producing documents responsive to Plaintiff's *first* set of requests
20  for production—nearly *eight months* after the requests were initially propounded.  Facebook has
21  provided no date certain for the substantial completion of its documents production.

22  **FACEBOOK'S IMPLEMENTATION OF PREDICTIVE CODING**

23  23.   On May 13, 2015 (Ex. 10), Facebook, in response to correspondence from
24  Plaintiffs dated May 1, 2015 seeking information regarding Facebook's ESI production, including
25  a list of the custodians as well as the search terms Facebook was utilizing, provided a list of
26  proposed search terms.  On May 27, 2015, Plaintiffs indicated they did not have additional search
27  terms to add at that time.  Ex. 11.  Facebook's counsel did not indicate in the May 13, 2015 letter
28

1  that Facebook intended to implement predictive coding as part of its document collection and
2  review process.

3      24.    On June 19, 2015, for the first time, Facebook disclosed to Plaintiffs that it was
4  using "predictive coding" to cull the results of these search terms further for review and
5  production. Ex. 12. At the time that Plaintiffs' counsel agreed to Facebook's proposed search
6  terms, Plaintiffs were not aware that Facebook intended to cull the results of those search terms
7  using predictive coding.

8      25.    On July 17, 2015, the parties met and conferred regarding Facebook's
9  implementation of predictive coding. Plaintiffs' counsel posed various questions to Facebook
10 regarding Facebook's implementation, which Facebook's counsel were unable to answer during
11 the call; however, Facebook's counsel committed to researching and providing answers to these
12 questions.

13     26.    On July 23, 2015 Plaintiffs sent a letter following up on these questions, and
14 posing additional questions. Ex 13. Despite a follow-up request (Ex. 14), Facebook did not
15 respond to these questions until a month later on August 20, 2015. Ex. 15.

16     27.    On September 1, 2015, in response to Facebook's August 20, 2015 letter, which
17 raised numerous, significant concerns regarding Facebook's implementation of predictive coding,
18 Plaintiffs requested further information about the specific "seed" documents Facebook had used
19 to "train" its predictive coding algorithms, as well as information regarding the document
20 repositories against which Facebook's initial search terms were run. Ex. 16. On September 15,
21 2015 (Ex. 17), Facebook refused to identify or produce all "seed" documents as requested.
22 Plaintiffs intend to seek to compel these documents and information as well.

23     28.    Plaintiffs are concerned that Facebook's failure to implement best practices in
24 implementing its predictive coding process—including Facebook's use of "keyword culling"
25 *prior* to implementing the predictive coding process and the use of "seeding" without seeking
26 input from Plaintiffs—will likely lead to many relevant, responsive documents not being
27 produced, and Facebook's failure to provide timely answers to Plaintiffs' questions regarding this
28 process have hindered Plaintiffs' efforts to even evaluate the efficacy of Facebook's

implementation. Additionally, given the relatively small set of documents produced thus far in this case, Facebook's implementation of predictive coding is apparently significantly delaying Facebook's document production.

**RESPONSES TO INTERROGATORY NO. 8 AND REQUEST FOR PRODUCTION NO. 41**

29. On May 26, 2105, Plaintiffs propounded Interrogatory No. 8, through which Plaintiffs seek information and ESI concerning the data Facebook created when it scanned the named Plaintiffs' messages containing URLs. Ex. 18. Concurrently, Plaintiffs served Request for Production No. 41, which sought all documents relied upon in responding to Interrogatory No. 8. Plaintiffs seek this information in order to have concrete illustrations of the precise type of message content acquired by Facebook from its users' private messages. Having real-world examples from Plaintiffs' inboxes would allow Plaintiffs to contextualize their understanding of Facebook's messaging functionality, the scans conducted by Facebook, the data Facebook mines, and the uses to which Facebook puts those data. Initially, Plaintiffs sought this information for all of their private messages, but agreed to limit the scope of these requests to a subset of just nineteen messages.

30. Facebook responded on June 29, 2015, stating it would meet and confer with Plaintiffs regarding the scope of the requests. The parties met and conferred in person on June 30, 2015 and again on July 9, 2015, and exchanged further correspondence on July 17, 2015, July 24, 2015, and August 3, 2015, and then met and conferred again on August 11, 2015. During the August 11, 2015 meet and confer, Facebook's counsel stated that Facebook would produce the requested responses within two weeks.

31. On August 19, 2015, during mediation, Plaintiffs sought confirmation that Facebook would be providing responses within two weeks, but were told Facebook would require an additional two weeks. On August 21, 2015, Plaintiffs notified Facebook of their intent to begin the letter briefing process on September 2, 2015. Facebook agreed to the September 2 commencement date on August 24, 2015, but stated to Plaintiffs that it anticipated having the

1  requested information before this date.  Facebook reiterated this position in an August 27, 2015
2  email.

3    32.    On September 1, 2015, over three months after Plaintiffs propounded their
4  requests, Facebook provided incomplete responses to Interrogatory No. 8 and Request for
5  Production No. 41.  The parties met and conferred again in person on September 2, at which time
6  Plaintiffs identified their concerns regarding the deficient production.  Facebook's counsel stated
7  that it would discuss these issues with the client, but would neither commit to remedying the
8  deficiencies nor provide a date certain for production.  Accordingly, Plaintiffs intend to move to
9  compel the production of documents and data in response to these requests, and the parties have
10 agreed to a joint briefing schedule whereby the letter brief will be filed September 18, 2015.

11    33.    The information sought in these discovery requests directly relates to the essential
12 issue in this case:  the extent to which Facebook intercepts and acquires the content of its users'
13 private messages.  Discovery related to what was gleaned from Plaintiffs' messages is not only
14 critical to Plaintiffs' claims, but also to Facebook's defenses.  Facebook's months-long, ongoing
15 delay in producing this information has prejudiced Plaintiffs' efforts to prepare their class
16 certification motion as well as their opposition to Facebook's anticipated motion for summary
17 judgment.

18 **FACEBOOK'S DAMAGES DOCUMENTS**

19    34.    On June 29, Plaintiffs served their Third Requests for Production ("RFPs"),
20 comprising eight RFPs numbered 53-60. Ex. 19.  These RFPs seek documents and ESI relevant
21 to the parties' assessment of class-wide damages in this Action.  Facebook responded on August
22 2 (1) by offering to meet and confer to narrow RFP Nos. 53, 54, and 59; (2) by offering to
23 conduct a reasonable search for documents responsive to RFP Nos. 55 and 57, as narrowed by
24 Facebook's objections; and (3) by objecting to RFP Nos. 56, 58, and 60.

25    35.    The parties met and conferred in person and telephonically multiple times, and
26 additionally exchanged correspondence, regarding Facebook's objections to these requests.  On
27 September 2, Facebook's counsel stated in an email that Facebook possesses no documents
28 responsive to RFP Nos. 54, 55, and 57. Ex. 20.  During a meet and confer conference the same

1  day, Facebook's counsel stated that Facebook did not intend to produce any documents

2  responsive to RFP Nos. 53-60.  To date, Facebook has produced no documents in response to any

3  of RFP Nos. 53-60; *i.e.*, Facebook has not yet produced a single document relating to Plaintiffs'

4  damages RFPs.  Accordingly, Plaintiffs intend to move to compel the production of documents in

5  response to these requests, and the parties have agreed to a joint briefing schedule whereby the

6  letter brief will be filed September 18, 2015.

7        36.    Documents responsive to these RFPs are directly relevant to the issues of damages

8  suffered by the class as well as the appropriate injunctive relief in this matter, and Facebook's

9  refusal to produce these documents has prejudiced Plaintiffs' efforts to prepare their class

10  certification motion.

11  **PLAINTIFFS' 30(B)(6) NOTICE**

12        37.    Plaintiffs propounded a Rule 30(b)(6) deposition notice on Facebook on August

13  28, 2015.  Among other topics, Plaintiffs seek deposition testimony regarding the source code

14  related to Facebook's characterization of its Private Message internal system as described in

15  Facebook's interrogatory responses.  Specifically, Plaintiffs seek a deponent to identify, in

16  Facebook's source code, the factual basis for Facebook's characterizations of how its private

17  messaging functionality works.

18        38.    During a September 2, 2015 in-person meet and confer, Facebook's counsel

19  objected that preparing a deponent to testify on the topics related to the identification of source

20  code was both improper and "impossible."  Plaintiffs indicated during this meet and confer that

21  they intended to seek intervention of the Court in securing a deponent to testify on these topics.

22        39.    As a compromise to avoid potential motion practice on this issue, as discussed in

23  paragraph 17, *supra*, on September 4, 2015, Plaintiffs suggested that, in lieu of a Rule 30(b)(6)

24  deposition related to source code, Facebook install on its source code review computer an

25  "integrated development environment," a source code review tool which would, among other

26  things, assist Plaintiffs in tracing the path of a Private Message through Facebook's voluminous

27  source code.  As of the date of this declaration Facebook has not responded to this proposed

28  compromise, despite a follow-up request from Plaintiffs.  Ex. 1, at 1.  Given that Facebook

- 11 -                              DECLARATION OF DAVID T. RUDOLPH
                                    CASE NO.  4:13-CV-05996-PJH (MEJ)

appears not to be amenable to this proposed compromise, Plaintiffs anticipate they will be forced to seek to compel deposition testimony related to the source code topics, thus further impeding Plaintiffs' preparations of their class certification motion and their opposition to Facebook's anticipated early summary judgment motion.

**SUMMARY**

40. Given the numerous ongoing discovery disputes described above, Plaintiffs will suffer substantial prejudice if an extension is not granted. Many of the documents Plaintiffs seek to compel from Facebook are directly relevant to class certification, including issues related to damages suffered by the class and the appropriate injunctive relief. With less than one month remaining for Plaintiffs' to file their motion for class certification, Facebook still states that responses to Plaintiffs' discovery requests—some of which were propounded nearly eight months ago—will be provided on a "rolling" basis at some unspecified point in the future. The paucity of documents thus far produced, coupled with the fact that Facebook refuses to give any indication of when it will conclude its production, greatly prejudices Plaintiffs' ability to file their motion for class certification, as well as to respond to Facebook's anticipated motion for summary judgment. Plaintiffs are similarly concerned that Facebook's delay in providing access to its source code, lack of cooperation with regard to scheduling a 30(b)(6) deponent, and flawed methodology in implementing its predictive coding review have each caused Plaintiffs significant prejudice.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was signed in San Francisco, California, on September 16, 2015.

Dated: September 16, 2015    By:   /s/ *David T. Rudolph*
                                    David T. Rudolph

**ATTESTATION**

I, Michael W. Sobol, am the ECF user whose identification and password are being used to file this document.  I hereby attest that David T. Rudolph has concurred in this filing.


DATED:  September 16, 2015              /s/ Michael W. Sobol
                                        Michael W. Sobol