# EXHIBIT A

1   Michael W. Sobol (State Bar No. 194857)
    msobol@lchb.com
2   Melissa Gardner (State Bar No. 289096)
    mgardner@lchb.com
3   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
4   San Francisco, CA  94111-3339
    Telephone:  415.956.1000
5   Facsimile:  415.956.1008

6   Rachel Geman
    rgeman@lchb.com
7   Nicholas Diamand
    ndiamand@lchb.com
8   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
9   New York, NY  10013-1413
    Telephone:  212.355.9500
10  Facsimile:  212.355.9592

11  Hank Bates (State Bar No. 167688)
    hbates@cbplaw.com
12  Allen Carney
    acarney@cbplaw.com
13  David Slade
    dslade@cbplaw.com
14  CARNEY BATES & PULLIAM, PLLC
    11311 Arcade Drive
15  Little Rock, AR 72212
    Telephone:  501.312.8500
16  Facsimile:  501.312.8505

Jeremy A. Lieberman
Lesley F. Portnoy
info@pomlaw.com
POMERANTZ, LLP
600 Third Avenue, 20th Floor
New York, New York  10016
Telephone:  212.661.1100
Facsimile:  212.661.8665

Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
POMERANTZ, LLP
10 S. La Salle Street Suite 3505
Chicago, Illinois  60603
Telephone:  312.377.1181
Facsimile:  312.377.1184

17  *Attorneys for Plaintiffs and the Proposed Class*

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20

21  MATTHEW CAMPBELL, MICHAEL
    HURLEY, and DAVID SHADPOUR, on
22  behalf of themselves and all others
    similarly situated,
23
                 Plaintiffs,
24
    v.
25
    FACEBOOK, INC.,
26
                 Defendant.
27

28

Case No. C 13-5996 PJH

**PLAINTIFFS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT**

1       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs request

2   that Defendant Facebook respond to the following requests for the production of Documents

3   (each, a "Request," collectively the "Requests") within thirty (30) days of service.

4                                          **DEFINITIONS**

5   (a)     **"Action"** means the case captioned *Matthew Campbell et al. v. Facebook*, *Inc.*; Case No.

6           C 13-5996 PJH (N.D. Cal.).

7   (b)     **"Communication"** means the conveyance (in the form of facts, ideas, thoughts, opinions,

8           data, inquiries or otherwise) of information and includes, without limitation,

9           correspondence, memoranda, reports, presentations, face-to-face conversations, telephone

10          conversations, text messages, instant messages, voice messages, negotiations, agreements,

11          inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of

12          any type.

13  (c)     **"Document(s)"** means all materials within the full scope of Fed. R. Civ. P. 34 including

14          but not limited to:  all writings and recordings, including the originals, drafts and all non-

15          identical copies, whether different from the original by reason of any notation made on

16          such copies or otherwise (including but without limitation to, email and attachments,

17          correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes,

18          contracts, reports, studies, checks, statements, tags, labels, invoices, brochures,

19          periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office

20          Communications, instant messages, chats, offers, notations of any sort of conversations,

21          working papers, applications, permits, file wrappers, indices, telephone calls, meetings or

22          printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications,

23          changes and amendments of any of the foregoing), graphic or aural representations of any

24          kind (including without limitation, photographs, charts, microfiche, microfilm, videotape,

25          recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical,

26          magnetic, optical or electric records or representations of any kind (including without

27          limitation, computer files and programs, tapes, cassettes, discs, recordings), including

28          Metadata.

PLAINTIFFS' THIRD SET OF REQUESTS FOR
                     PRODUCTION OF DOCUMENTS TO DEFENDANT
                                    CASE NO. C 13-5996 PJH

1     (d)     **"Electronic Media"** means any magnetic, optical, or other storage media device used to

2            record or access ESI including, without limitation, computer memory, hard disks, floppy

3            disks, flash memory devices, CDs, DVDs, Blu-ray disks, cloud storage (e.g., DropBox,

4            Box, OneDrive, and SharePoint), tablet computers (e.g., iPad, Kindle, Nook, and Samsung

5            Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, Samsung Galaxy), personal

6            digital assistants, magnetic tapes of all types or any other means for digital storage and/or

7            transmittal.

8     (e)     **"ESI"** or **"Electronically Stored Information"** refers to information and Documents (as

9            defined within this section) within the full scope of Fed. R. Civ. P. 34 – with all Metadata

10            intact – created, manipulated, communicated, stored, and best utilized in digital form, and

11            requiring the use of Electronic Media to access.  Such information includes emails, email

12            attachments, message boards, forums, support tickets, support articles, security alerts,

13            pop-ups, videos, discussion boards, data, charts, BETA results, error messages, bug

14            reports, source code, investigative reports, monitoring reports, comments, press releases,

15            drafts, models, templates, websites, instant messages, chats, and intercompany and intra-

16            company Communications.

17     (f)     **"Facebook User(s)"** means Persons who have established a Facebook account.

18     (g)     **"Identify," with respect to Documents**, means to give, to the extent known, the (a) type

19            of Document; (b) general subject matter; (c) date of the Document; (d) author(s), (e)

20            addressee(s), and (f) recipient(s).

21     (h)     **"Identify," with respect to Persons**, means to give, to the extent known, the Person's full

22            name, present or last known address, and when referring to a natural person, additionally,

23            the present or last known place of employment. Once a Person has been identified in

24            accordance with this subparagraph, only the name of that Person need be listed in

25            response to subsequent discovery requesting the identification of that Person.

26     (i)     **"Including"** means "including but not limited to" and "including without limitation."

27     (j)     **"Metadata"** refers to structured information about an electronic file that is embedded in

28            the file, describing the characteristics, origins, usage and validity the electronic file.

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

1  (k)  **"Passive Likes"** means any Likes that were *not* generated by Facebook Users

2       affirmatively clicking on a Like button Social PlugIn, and were instead generated as a

3       result of Facebook scanning URLs contained within Private Message (*i.e.*, generated

4       through the behavior described in the Wall Street Journal article "How Private Are Your

5       Private Facebook Messages").

6  (l)  **"Person"** means any natural person or any business, legal or governmental entity or

7       association.

8  (m)  **"Plaintiff"** and **"Plaintiffs"** refer to the named plaintiffs in this Action, and any reference

9        to "Plaintiff" or "Plaintiffs" shall be construed disjunctively or conjunctively as necessary

10       in order to bring within the scope of the request all responses which otherwise might be

11       construed to be outside its scope.

12  (n)  **"Private Message(s)"** means the portion of Facebook's service designed to transmit

13       private messages between Facebook Users – as opposed to posts – and which process is

14       engaged by, *inter alia*, the "Message" button on Facebook Users' profile pages or via the

15       Messenger app.

16  (o)  **"Relate(s) to," "Related to"** or **"Relating to"** shall be construed to mean referring to,

17       reflecting, concerning, pertaining to or in any manner being connected with the matter

18       discussed.

19  (p)  **"Third Party"** refers to any party other than You or Plaintiffs.

20  (q)  **"You," "Your,"** and **"Facebook"** shall mean Facebook, Inc. and any of its directors,

21       officers, employees, partners, members, representatives, agents (including attorneys,

22       accountants, consultants, investment advisors or bankers), and any other person purporting

23       to act on its behalf. In the case of business entities, these defined terms include parents,

24       subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments,

25       groups, acquired entities and/or related entities or any other entity acting or purporting to

26       act on its behalf.

27

28

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

**RULES OF CONSTRUCTION**

1.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    "Any," "all," and "each" shall be construed as any, all and each.

3.    The singular form of a noun or pronoun includes the plural form and vice versa.

4.    The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

5.    A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6.    Any headings which appear in the section entitled Requests for Production of Documents have been inserted for the purpose of convenience and ready reference. They do not purport to, and are not intended to, define, limit, or extend the scope or intent of the requests to which they pertain.

**INSTRUCTIONS**

1.    You are requested to produce all Documents and ESI in Your possession, custody, or control – as well as Documents and ESI that are in the possession of Your partners, officers, employees, attorneys, accountants, representatives, or agents, or that are otherwise subject to Your custody or control – that are described below.

2.    Unless otherwise indicated, the Documents and ESI to be produced include all Documents and ESI prepared, sent, dated or received, or those that otherwise came into existence any time during the Relevant Time Period, as stated below.

3.    The production by one person, party, or entity of a Document or item of ESI does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that Document or ESI, even if the two are identical.

4.    In producing Documents and ESI, You are requested to produce a copy of each original Document and ESI together with a copy of all non-identical copies and drafts of such Document or ESI. If the original of any Document or ESI cannot be located, a copy shall be

- 5 -

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

1    provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the

2    original.

3         5.     Documents and ESI shall be produced as they are kept in the usual course of

4    business. All Documents and ESI shall be produced with a copy of the file folder, envelope, or

5    other container in which the Documents and ESI are kept or maintained. All Documents and ESI

6    shall be produced intact in their original files, without disturbing the organization of Documents

7    and ESI employed during the conduct of the ordinary course of business and during the

8    subsequent maintenance of the Documents and ESI.

9         6.     Documents and ESI not otherwise responsive to this discovery request shall be

10   produced if such Documents and ESI mention, discuss, refer to, or explain the Documents and

11   ESI which are called for by this discovery request, or if such Documents and ESI are attached to

12   Documents and ESI called for by this discovery request and constitute routing slips, transmittal

13   memoranda, or letters, comments, evaluations or similar materials.

14        7.     Each Document and item of ESI requested herein is requested to be produced in its

15   entirety and without deletion or excisions, regardless of whether You consider the entire

16   Document or item of ESI to be relevant or responsive to this request. If You have redacted any

17   portion of a Document or item of ESI, stamp the word "redacted" on each page of the Document

18   or item of ESI that You have redacted.

19        8.     If any Document or item of ESI called for by these requests is not produced in full

20   or is redacted on the ground that it is privileged or otherwise claimed to be protected against

21   production, You are requested to provide the following information with respect to each such

22   Document or item of ESI or redaction:

23        (a)     its date;

24        (b)     its author(s), its signatory(s) and each and every other person who prepared

25   or participated in its preparation;

26        (c)     the type of Document or item of ESI it is (e.g., letter, chart, memorandum,

27   etc.);

28        (d)     a description of its subject matter and length;

1        (e)       a list of those persons and entities to whom said Document(s) or item of

2    ESI was disseminated, together with their last known addresses and the date or approximate date

3    on which each such person or entity received it;

4        (f)       a list of all other persons to whom the contents of the Document or item of

5    ESI have been disclosed, the date such disclosure took place, the means of such disclosure, and

6    the present location of the Document or item of ESI and all copies thereof;

7        (g)       each and every person having custody or control of  the  Document or item

8    of ESI and all copies thereof; and

9        (h)       the nature of the privilege or other rule of law relied upon and any facts

10   supporting Your position in withholding production of each such Document or item of ESI.

11       9.       If You assert an objection to any request, You must nonetheless respond and

12   produce any responsive Documents and ESI that are not subject to the stated objection. If You

13   object to part of a request or category, You must specify the portion of the request to which You

14   object, and must produce Documents and ESI responsive to the remaining parts of the request.

15       10.      Notwithstanding a claim that a Document or item of ESI is protected from

16   disclosure, any Document or item of ESI so withheld must be produced with the portion claimed

17   to be protected redacted.

18       11.      If any Document or ESI is known to have existed but no longer exists, has been

19   destroyed, or is otherwise available, You must identify the Document or ESI, the reason for its

20   loss, destruction or unavailability, the name of each person known or reasonably believed by You

21   to have present possession, custody, or control of the original and any copy thereof (if

22   applicable), and a description of the disposition of each copy of the Document or ESI.

23       12.      Every Request for Production herein shall be deemed a continuing discovery

24   request, and You are to supplement information which adds to or is in any way inconsistent with

25   Your initial answers to these Requests.

26       13.      Plaintiffs reserve the right to propound additional discovery requests.

27                                 **<u>RELEVANT TIME PERIOD</u>**

28       The relevant time period for each Document Request is for September 26, 2006 through

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

1  the present (the "Relevant Time Period"), unless otherwise specifically indicated, and shall

2  include all Documents, ESI, and any other information that relate to such period, even though

3  prepared or published outside of the relevant time period. If a Document or item of ESI prepared

4  before this period is necessary for a correct or complete understanding of any Document or item

5  of ESI covered by a request, You must produce the earlier or subsequent Document or item of

6  ESI as well. If any Document or item of ESI is undated and the date of its preparation cannot be

7  determined, the Document or item of ESI shall be produced if otherwise responsive to the

8  production request.

9  **REQUESTS FOR PRODUCTION OF DOCUMENTS**

10  **REQUEST FOR PRODUCTION NO. 53:**

11       All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your

12  behalf—whether undertaken or contemplated but not undertaken—to assign a monetary value to

13  Facebook Users, or to determine the monetary value of data received or content collected by You

14  from Facebook Users (and/or any additional information derived therefrom), or to determine the

15  revenue or profits made from data received or content collected by You from Facebook Users

16  (and/or any additional information derived therefrom).

17  **REQUEST FOR PRODUCTION NO. 54:**

18       All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your

19  behalf—whether undertaken or contemplated but not undertaken—to assign a monetary value to

20  the data contained within, or data received or content collected from, Private Messages, and/or

21  any additional information derived therefrom.

22  **REQUEST FOR PRODUCTION NO. 55:**

23       All Documents and ESI sufficient to identify the number of web pages with "Like" Social

24  Plugins embedded, by month, during the Relevant Time Period.

25  **REQUEST FOR PRODUCTION NO. 56:**

26       All Documents and ESI sufficient to identify the number "Likes" generated, by month,

27  during the Relevant Time Period.

28  **REQUEST FOR PRODUCTION NO. 57:**

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

1    All Documents and ESI sufficient to identify the number of Passive Likes generated, by

2  month, during the Relevant Time Period.

3  **REQUEST FOR PRODUCTION NO. 58:**

4    All Documents and ESI related to any analysis—for internal or external use—correlating

5  the acquisition of "Likes" by Third Parties and the advertising spend of those Third Parties on

6  Facebook ad buys.

7  **REQUEST FOR PRODUCTION NO. 59:**

8    All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your

9  behalf—whether undertaken or contemplated but not undertaken—to assign a monetary value to

10  the presence of a "Like" Social Plugin on a Third-Party website, or to determine the value of data

11  received or content collected from the presence of a "Like" Social Plugin on a Third-Party

12  website (and/or any additional information derived therefrom), or to determine the revenue or

13  profits made from the presence of a "Like" Social Plugin on a Third-Party website (and/or any

14  additional information derived therefrom).

15  **REQUEST FOR PRODUCTION NO. 60:**

16    All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your

17  behalf—whether undertaken or contemplated but not undertaken—to increase and/or maximize

18  the presence of the Like Social Plugin on Third Party websites.

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT
CASE NO. C 13-5996 PJH

1   Dated: June 29, 2015                    Respectfully submitted,

2                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

3

4                                           By:    */s/ Michael W. Sobol*

5                                           Michael W. Sobol (State Bar No. 194857)
                                            msobol@lchb.com
6                                           Melissa Gardner (State Bar No. 289096)
                                            mgardner@lchb.com
7                                           LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            275 Battery Street, 29th Floor
8                                           San Francisco, CA  94111-3339
                                            Telephone:  415.956.1000
9                                           Facsimile:  415.956.1008

10                                          Rachel Geman
                                            rgeman@lchb.com
11                                          Nicholas Diamand
                                            ndiamand@lchb.com
12                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            250 Hudson Street, 8th Floor
13                                          New York, NY  10013-1413
                                            Telephone:  212.355.9500
14                                          Facsimile:  212.355.9592

15                                          Hank Bates (State Bar No. 167688)
                                            hbates@cbplaw.com
16                                          Allen Carney
                                            acarney@cbplaw.com
17                                          David Slade
                                            dslade@cbplaw.com
18                                          CARNEY BATES & PULLIAM, PLLC
                                            11311 Arcade Drive
19                                          Little Rock, AR 72212
                                            Telephone:  501.312.8500
20                                          Facsimile:  501.312.8505

21                                          *Attorneys for Plaintiffs and the Proposed Class*

22

23

24

25

26

27

28

PLAINTIFFS' THIRD SET OF REQUESTS FOR
                                           PRODUCTION OF DOCUMENTS TO DEFENDANT
                                           CASE NO. C 13-5996 PJH

1   Michael W. Sobol (State Bar No. 194857)          Jeremy A. Lieberman
    msobol@lchb.com                                  Lesley F. Portnoy
2   Melissa Gardner (State Bar No. 289096)           info@pomlaw.com
    mgardner@lchb.com                                POMERANTZ, LLP
3   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP          600 Third Avenue, 20th Floor
    275 Battery Street, 29th Floor                   New York, New York  10016
4   San Francisco, CA  94111-3339                    Telephone:  212.661.1100
    Telephone:  415.956.1000                         Facsimile:  212.661.8665
5   Facsimile:  415.956.1008
                                                     Patrick V. Dahlstrom
6   Rachel Geman                                     pdahlstrom@pomlaw.com
    rgeman@lchb.com                                  POMERANTZ, LLP
7   Nicholas Diamand                                 10 S. La Salle Street Suite 3505
    ndiamand@lchb.com                                Chicago, Illinois  60603
8   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP          Telephone:  312.377.1181
    250 Hudson Street, 8th Floor                     Facsimile:  312.377.1184
9   New York, NY  10013-1413
    Telephone:  212.355.9500
10  Facsimile:  212.355.9592

11  Hank Bates (State Bar No. 167688)
    hbates@cbplaw.com
12  Allen Carney
    acarney@cbplaw.com
13  David Slade
    dslade@cbplaw.com
14  CARNEY BATES & PULLIAM, PLLC
    11311 Arcade Drive
15  Little Rock, AR 72212
    Telephone:  501.312.8500
16  Facsimile:  501.312.8505

17  *Attorneys for Plaintiffs and the Proposed Class*

18                  UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20

21  MATTHEW CAMPBELL, MICHAEL              Case No. C 13-5996 PJH
    HURLEY, and DAVID SHADPOUR, on
22  behalf of themselves and all others    **PROOF OF SERVICE BY EMAIL**
    similarly situated,
23
                    Plaintiffs,
24
    v.
25
    FACEBOOK, INC.,
26
                    Defendant.
27

28

1    I am a citizen of the United States and employed in San Francisco County, California. I

2  am over the age of eighteen years and not a party to the within-entitled action. My business

3  address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339.

4    I am readily familiar with Lieff, Cabraser, Heimann & Bernstein, LLP's practice for

5  collection and processing of documents for service via email, and that practice is that the

6  documents are attached to an email and sent to the recipient's email account.

7

8    On June 29, 2015, I caused to be served copies of the following documents:

9  **1.    PLAINTIFFS' SECOND SET OF REQUESTS FOR**
   **PRODUCTION OF DOCUMENTS TO DEFENDANT; and**
10   **this**

11  **2.    PROOF OF SERVICE BY EMAIL**

12
on Defendant in this action through their counsel:
13
   Christopher Chorba
14   Gibson, Dunn & Crutcher LLP
   cchorba@gibsondunn.com
15
   Joshua Aaron Jessen
16   Gibson Dunn & Crutcher LLP
   jjessen@gibsondunn.com
17
   Jeana Marie Bisnar Maute
18   Gibson Dunn & Crutcher LLP
   jbisnarmaute@gibsondunn.com
19
   Ashley Marie Rogers
20   Gibson Dunn and Crutcher LLP
   arogers@gibsondunn.com
21

22

23
   Executed on June 29, 2015, at San Francisco, California.
24
                                        */s/ Melissa A. Gardner*
25                                         Melissa A. Gardner

26

27

28

PROOF OF SERVICE BY EMAIL
                                        CASE NO. C 13-5996 PJH