# EXHIBIT B

1  GIBSON, DUNN & CRUTCHER LLP
   JOSHUA A. JESSEN, SBN 222831
2  JJessen@gibsondunn.com
   JEANA BISNAR MAUTE, SBN 290573
3  JBisnarMaute@gibsondunn.com
   ASHLEY M. ROGERS, SBN 286252
4  ARogers@gibsondunn.com
   1881 Page Mill Road
5  Palo Alto, California 94304
   Telephone:  (650) 849-5300
6  Facsimile:   (650) 849-5333
7
   GIBSON, DUNN & CRUTCHER LLP
8  GAIL E. LEES, SBN 90363
   GLees@gibsondunn.com
9  CHRISTOPHER CHORBA, SBN 216692
   CChorba@gibsondunn.com
10 333 South Grand Avenue
   Los Angeles, California 90071
11 Telephone:  (213) 229-7000
   Facsimile:   (213) 229-7520
12
13 Attorneys for Defendant
   FACEBOOK, INC.
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        OAKLAND DIVISION

18 | MATTHEW CAMPBELL, MICHAEL      | Case No. C 13-05996 PJH (MEJ)
19 | HURLEY, and DAVID SHADPOUR,    |
                                    | **PUTATIVE CLASS ACTION**
20 |              Plaintiffs,       |
                                    | **DEFENDANT FACEBOOK, INC.'S
21 |       v.                       | RESPONSES AND OBJECTIONS TO
                                    | PLAINTIFFS' THIRD SET OF REQUESTS
22 | FACEBOOK, INC.,                | FOR PRODUCTION OF DOCUMENTS**
23 |              Defendant.        |
24
25
26
27
28

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

  
1    Defendant Facebook, Inc. ("Defendant" or "Facebook"), by and through its attorneys, and

2    pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S.

3    District Court for the Northern District of California, the Court orders in this action, and the parties'

4    agreements and conferences among counsel, provides the following responses and objections to

5    Plaintiffs' Third Set of Requests for Production of Documents (the "Requests").

6                                   **PRELIMINARY STATEMENT**

7        1.    Facebook's responses to the Requests are made to the best of Facebook's current

8    knowledge, information, and belief.  Facebook reserves the right to supplement or amend any

9    responses should future investigation indicate that such supplementation or amendment is necessary.

10       2.    Facebook's responses to the Requests are made solely for the purpose of and in

11   relation to this action.  Each response is given subject to all appropriate objections (including, but not

12   limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and

13   admissibility).  All objections are reserved and may be interposed at any time.

14       3.    Facebook's responses are premised on its understanding that Plaintiffs seek only that

15   information that is within Facebook's possession, custody, and control.

16       4.    Facebook incorporates by reference each and every general objection set forth below

17   into each and every specific response.  From time to time, a specific response may repeat a general

18   objection for emphasis or some other reason.  The failure to include any general objection in any

19   specific response shall not be interpreted as a waiver of any general objection to that response.

20       5.    Nothing contained in these Responses and Objections or provided in response to the

21   Requests consists of, or should be construed as, an admission relating to the accuracy, relevance,

22   existence, or nonexistence of any alleged facts or information referenced in any Request.

23                                   **GENERAL OBJECTIONS**

24       1.    Facebook objects to each Request, including the Definitions and Instructions, to the

25   extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil

26   Procedure, the Federal Rules of Evidence, the Local Civil Rules of the U.S. District Court for the

27   Northern District of California, and any agreements between the parties.

28

                                         1

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1        2.      Facebook objects to each Request to the extent that it is not limited to the relevant

2  time period, thus making the Request overly broad, unduly burdensome, and not relevant to the

3  claims or defenses in this action.  Unless otherwise specified in its responses, and pursuant to the

4  agreement of the parties, Facebook's responses will be limited to information generated between

5  April 1, 2010 and December 30, 2013.

6        3.      Facebook objects to each Request to the extent that it seeks information unrelated and

7  irrelevant to the claims or defenses in this litigation and not reasonably calculated to lead to the

8  discovery of admissible evidence.

9        4.      Facebook objects to each Request as overly broad and unduly burdensome,

10  particularly in view of Facebook's disproportionate cost necessary to investigate as weighed against

11  Plaintiffs' need for the information.  For example, many of the Requests seek broad and vaguely

12  defined categories of materials that are not reasonably tailored to the subject matter of this action.

13        5.      Facebook objects to each Request to the extent that it purports to request the

14  identification and disclosure of information or documents that were prepared in anticipation of

15  litigation, constitute attorney work product, reveal privileged attorney-client communications, or are

16  otherwise protected from disclosure under any applicable privileges, laws, or rules.  Facebook hereby

17  asserts all such applicable privileges and protections, and excludes privileged and protected

18  information from its responses to each Request.  *See generally* Fed. R. Evid. 502; Cal. Code Evid.

19  § 954.  Inadvertent production of any information or documents that are privileged or otherwise

20  immune from discovery shall not constitute a waiver of any privilege or of any other ground for

21  objecting to the discovery with respect to such information or documents or the subject matter

22  thereof, or the right of Facebook to object to the use of any such information or documents or the

23  subject matter thereof during these or any other proceedings.   In the event of inadvertent disclosure

24  of any information or inadvertent production or identification of documents or communications that

25  are privileged or otherwise immune from discovery, Plaintiffs will return the information and

26  documents to Facebook and will be precluded from disclosing or relying upon such information or

27  documents in any way.

28

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

6.      Facebook objects to each and every Request, Definition, and Instruction to the extent that it seeks information outside of Facebook's possession, custody, and control.

7.      Facebook objects to each Request to the extent that it requests information protected by the right of privacy of Facebook and/or third parties, or information that is confidential, proprietary, or competitively sensitive.

8.      Facebook objects to each Request to the extent that it seeks documents or information already in Plaintiffs' possession or available in the public domain.  Such information is equally available to Plaintiffs.

9.      Facebook objects to each Request to the extent that it calls for the production of "each," "every," "any," or "all" documents in cases where such a demand is overly broad and/or causes undue burden and expense.

10.     Facebook objects to the production of Documents within thirty (30) days of service and will produce Documents at a mutually agreed upon time.

**OBJECTIONS TO DEFINITIONS**

1.      Facebook generally objects to Plaintiffs' definitions of "Communication," "Document(s)," "Electronic Media," "ESI," "Electronically Stored Information," "Identify," and "Metadata" to the extent that Plaintiffs purport to use these defined terms to request the identification and disclosure of documents that:  (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules.  Facebook further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal and Local Rules.

2.      Facebook objects to Plaintiffs' definition of "Passive Likes" as vague, ambiguous, overly broad, and unduly burdensome.  Facebook further objects to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the claims and defenses in this action.  Facebook construes the term "Passive Lives" as it relates to the practice challenged in this action (the alleged increase in the Facebook "Like" count on a website when the

3

1   URL for that website was contained in a message transmitted through Facebook's Messages product

2   during the class period).

3        3.     Facebook objects to Plaintiffs' definition and use of the term "Person" as vague,

4   ambiguous, overly broad, and unduly burdensome to the extent that Plaintiffs intend to use this term

5   to include "any natural person or any business, legal or governmental entity or association" over

6   which Facebook exercises no control.

7        4.     Facebook objects to Plaintiffs' definition of "Private Message(s)" to the extent that it

8   is vague, ambiguous, overly broad, and unduly burdensome.  Facebook further objects to the

9   definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not

10   relevant to the claims and defenses in this action.

11        5.     Facebook objects to Plaintiffs' definitions of "Relate(s) to," "Related to" and

12   "Relating to" on the ground that the definitions make the Requests overly broad and unduly

13   burdensome and impose obligations that go beyond the requirements of the Federal and Local Rules.

14   Facebook shall construe these terms as commonly and ordinarily understood.

15        6.     Facebook objects to Plaintiffs' definition and use of the terms "You," "Your," or

16   "Facebook" as vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are

17   meant to include "directors, officers, employees, partners, members, representatives, agents

18   (including attorneys, accountants, consultants, investment advisors or bankers), and any other person

19   purporting to act on [Facebook, Inc.'s] behalf. . . . parents, subsidiaries, affiliates, predecessor

20   entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or

21   any other entity acting or purporting to act on its behalf" over which Facebook exercises no control,

22   and to the extent that Plaintiffs purport to use these terms to impose obligations that go beyond the

23   requirements of the Federal and Local Rules.

24                  **OBJECTIONS TO "RULES OF CONSTRUCTION" AND INSTRUCTIONS**

25        1.     Facebook objects to Plaintiffs' "Rules of Construction" and "Instructions" to the

26   extent that they impose obligations that go beyond the requirements of the Federal and Local Rules.

27        2.     Facebook objects to Plaintiffs' Instruction No. 2 to the extent that it is not limited to

28   the relevant time period, thus making the Instruction overly broad, unduly burdensome, and not

1   relevant to the claims or defenses in this action.  Unless otherwise specified in its responses, and

2   pursuant to the agreement of the parties, Facebook's response will be limited to information

3   generated between April 1, 2010 and December 30, 2013.

4          3.      Facebook objects to Plaintiffs' Instruction No. 6 as ambiguous and unduly

5   burdensome.  Facebook further objects to the Instruction to the extent it seeks the production of

6   irrelevant documents and exceeds the requirements of the Federal and Local Rules.

**OBJECTION TO PURPORTED "RELEVANT TIME PERIOD"**

8          Facebook objects to Plaintiffs' proposed "Relevant Time Period" (September 26, 2006, to the

9   present) because it substantially exceeds the proposed class period identified in Plaintiffs'

10  Consolidated Amended Complaint, does not reflect the time period that is relevant to Plaintiffs'

11  claims in this action, and  renders the Requests overly broad, unduly burdensome, and irrelevant.

12  Unless otherwise specified, and pursuant to the agreement of the parties, Facebook's Responses to

13  these Requests will be limited to information generated between April 1, 2010 and December 30,

14  2013.  Facebook otherwise objects to the remainder of Plaintiffs' statement regarding the "Relevant

15  Time Period" to the extent that it purports to impose obligations beyond those imposed by the Federal

16  and Local Rules.

**SPECIFIC RESPONSES AND OBJECTIONS**

18  **REQUEST FOR PRODUCTION NO. 53:**

19         All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your behalf—

20  whether undertaken or contemplated but not undertaken—to assign a monetary value to Facebook

21  Users, or to determine the monetary value of data received or content collected by You from

22  Facebook Users (and/or any additional information derived therefrom), or to determine the revenue

23  or profits made from data received or content collected by You from Facebook Users (and/or any

24  additional information derived therefrom).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

26         Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

27  to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

28  forth in this Response.  Facebook further objects to this Request on the following additional grounds:

5

1      (A)    Facebook objects to this Request to the extent that it seeks documents protected from

2 disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

3 applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

4 documents protected by these privileges and protections.

5      (B)    The Request is vague and ambiguous in its use of the terms and phrases "efforts by

6 Third Parties on Your behalf," "undertaken or contemplated but not undertaken," "data received or

7 content collected," "revenue or profits made from data received or content collected" and "any

8 additional information derived therefrom."

9      (C)    The Request is overly broad and unduly burdensome as to the time period and to the

10 extent it seeks "All Documents and ESI."

11      (D)    The Request seeks documents that reflect trade secrets, confidential, and/or

12 proprietary company information.

13      (E)    The Request is overly broad, unduly burdensome, and harassing in view of

14 Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

15 Request purports to seek all documents related to Facebook's "efforts, or efforts by Third Parties on

16 [Facebook's] behalf—whether undertaken or contemplated but not undertaken—to assign a monetary

17 value to Facebook Users, or to determine the monetary value of data received or content collected by

18 [Facebook] from Facebook Users (and/or any additional information derived therefrom), or to

19 determine the revenue or profits made from data received or content collected by [Facebook] from

20 Facebook Users (and/or any additional information derived therefrom," regardless of the relevance of

21 those documents to the claims or defenses in this action.

22      (F)    The Request seeks documents that are not relevant to the claims or defenses in this

23 action and are not reasonably calculated to lead to the discovery of admissible evidence.

24      (G)    The Request seeks to impose obligations that go beyond the requirements of the

25 Federal and Local Rules.

26      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

27 discovery in this action, Facebook responds as follows:  Facebook will meet and confer with

28 Plaintiffs' counsel to determine the proper scope of this overly broad and ambiguous Request.

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1  **REQUEST FOR PRODUCTION NO. 54:**

2      All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your behalf—

3  whether undertaken or contemplated but not undertaken—to assign a monetary value to the data

4  contained within, or data received or content collected from, Private Messages, and/or any additional

5  information derived therefrom.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

7      Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

8  to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

9  forth in this Response.  Facebook further objects to this Request on the following additional grounds:

10      (A)     Facebook objects to this Request to the extent that it seeks documents protected from

11  disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

12  applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

13  documents protected by these privileges and protections.

14      (B)     The Request is vague and ambiguous in its use of the terms and phrases "efforts by

15  Third Parties on Your behalf," "undertaken or contemplated but not undertaken," "data contained

16  within, or data received or content collected from," "Private Messages," and "any additional

17  information derived therefrom."

18      (C)     The Request is overly broad and unduly burdensome as to the time period and to the

19  extent it seeks "All Documents and ESI."

20      (D)     The Request seeks documents that reflect trade secrets, confidential, and/or

21  proprietary company information.

22      (E)     The Request is overly broad, unduly burdensome, and harassing in view of

23  Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

24  Request purports to seek all documents related to Facebook's "or efforts by Third Parties on

25  [Facebook's] behalf—whether undertaken or contemplated but not undertaken—to assign a monetary

26  value to the data contained within, or data received or content collected from, Private Messages,

27  and/or any additional information derived therefrom," regardless of the relevance of those documents

28  to the claims or defenses in this action.

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1        (F)    The Request seeks documents that are not relevant to the claims or defenses in this

2   action and are not reasonably calculated to lead to the discovery of admissible evidence.

3        (G)    The Request seeks to impose obligations that go beyond the requirements of the

4   Federal and Local Rules.

5        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

6   discovery in this action, Facebook responds as follows:  Facebook will meet and confer with

7   Plaintiffs' counsel to determine the proper scope of this overly broad and ambiguous Request.

8   **REQUEST FOR PRODUCTION NO. 55:**

9        All Documents and ESI sufficient to identify the number of web pages with "Like" Social

10   Plugins embedded, by month, during the Relevant Time Period.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12        Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

13   to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

14   forth in this Response.  Facebook further objects to this Request on the following additional grounds:

15        (A)    Facebook objects to this Request to the extent that it seeks documents protected from

16   disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

17   applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

18   documents protected by these privileges and protections.

19        (B)    The Request is overly broad and unduly burdensome as to the time period and to the

20   extent it seeks "All Documents and ESI."

21        (C)    The Request seeks documents that reflect trade secrets, confidential, and/or

22   proprietary company information.

23        (D)    The Request is overly broad, unduly burdensome, and harassing in view of

24   Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

25   Request purports to seek all documents sufficient to identify "the number of web pages with 'Like'

26   Social Plugins embedded, by month," regardless of the relevance of those documents to the claims or

27   defenses in this action.

28

8

1    (E)    The Request seeks documents that are not relevant to the claims or defenses in this

2    action and are not reasonably calculated to lead to the discovery of admissible evidence.

3    (F)    The Request seeks to impose obligations that go beyond the requirements of the

4    Federal and Local Rules.

5    Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

6    discovery in this action, Facebook responds as follows:  Facebook will conduct a reasonable search

7    for non-privileged documents sufficient to identify the number of web pages with "Like" Social

8    Plugins embedded between April 1, 2010 and December 30, 2013, to the extent such documents

9    exist, are within Facebook's custody and control, have not already been produced to Plaintiffs, and

10    can be located using a reasonable search.

11    **REQUEST FOR PRODUCTION NO. 56:**

12    All Documents and ESI sufficient to identify the number "Likes" generated, by month, during

13    the Relevant Time Period.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

15    Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

16    to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

17    forth in this Response.  Facebook further objects to this Request on the following additional grounds:

18    (A)    Facebook objects to this Request to the extent that it seeks documents protected from

19    disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

20    applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

21    documents protected by these privileges and protections.

22    (B)    The Request is overly broad and unduly burdensome as to the time period and to the

23    extent it seeks "All Documents and ESI."

24    (C)    The Request seeks documents that reflect trade secrets, confidential, and/or

25    proprietary company information.

26    (D)    The Request is overly broad, unduly burdensome, and harassing in view of

27    Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

28    Request purports to seek all documents sufficient to identify "the number 'Likes' generated, by

9

1 month, during the Relevant Time Period," regardless of the relevance of those documents to the

2 claims or defenses in this action.

3      (E)    The Request seeks documents that are not relevant to the claims or defenses in this

4 action and are not reasonably calculated to lead to the discovery of admissible evidence.

5      (F)    The Request seeks to impose obligations that go beyond the requirements of the

6 Federal and Local Rules.

7 **REQUEST FOR PRODUCTION NO. 57:**

8      All Documents and ESI sufficient to identify the number of Passive Likes generated, by

9 month, during the Relevant Time Period

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

11      Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

12 to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

13 forth in this Response.  Facebook further objects to this Request on the following additional grounds:

14      (A)    Facebook objects to this Request to the extent that it seeks documents protected from

15 disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

16 applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

17 documents protected by these privileges and protections.

18      (B)    The Request is vague and ambiguous in its use of the term "Passive Likes."

19      (C)    The Request is overly broad and unduly burdensome as to the time period and to the

20 extent it seeks "All Documents and ESI."

21      (D)    The Request seeks documents that reflect trade secrets, confidential, and/or

22 proprietary company information.

23      (E)    The Request is overly broad, unduly burdensome, and harassing in view of

24 Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

25 Request purports to seek all documents sufficient to identify "the number of Passive Likes generated,

26 by month," regardless of the relevance of those documents to the claims or defenses in this action.

27      (F)    The Request seeks documents that are not relevant to the claims or defenses in this

28 action and are not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1    (G)    The Request seeks to impose obligations that go beyond the requirements of the

2    Federal and Local Rules.

3    Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

4    discovery in this action, Facebook responds as follows:  Facebook will conduct a reasonable search

5    for non-privileged documents sufficient to identify the number Likes that were generated as a result

6    of the processes involved in the practice challenged in this action (the alleged increase in the

7    Facebook "Like" count on a website when the URL for that website was contained in a message

8    transmitted through Facebook's Messages product) between April 1, 2010 and December 30, 2013, to

9    the extent such documents exist, are within Facebook's custody and control, have not already been

10    produced to Plaintiffs, and can be located using a reasonable search.

11    **REQUEST FOR PRODUCTION NO. 58:**

12    All Documents and ESI related to any analysis—for internal or external use—correlating the

13    acquisition of "Likes" by Third Parties and the advertising spend of those Third Parties on Facebook

14    ad buys.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16    Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

17    to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

18    forth in this Response.  Facebook further objects to this Request on the following additional grounds:

19    (A)    Facebook objects to this Request to the extent that it seeks documents protected from

20    disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

21    applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

22    documents protected by these privileges and protections.

23    (B)    The Request is vague and ambiguous in its use of the terms and phrases "analysis—for

24    internal or external use," "correlating the acquisition of 'Likes' by Third Parties," "advertising

25    spend," and "ad buys."

26    (C)    The Request is overly broad and unduly burdensome as to the time period and to the

27    extent it seeks "All Documents and ESI."

28

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1    (D)    The Request seeks documents that reflect trade secrets, confidential, and/or

2    proprietary company information.

3    (E)    The Request is overly broad, unduly burdensome, and harassing in view of

4    Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

5    Request purports to seek all documents related to "any analysis—for internal or external use—

6    correlating the acquisition of 'Likes' by Third Parties and the advertising spend of those Third Parties

7    on Facebook ad buys," regardless of the relevance of those documents to the claims or defenses in

8    this action.

9    (F)    The Request seeks documents that are not relevant to the claims or defenses in this

10   action and are not reasonably calculated to lead to the discovery of admissible evidence.

11   (G)    The Request seeks to impose obligations that go beyond the requirements of the

12   Federal and Local Rules.

13   **REQUEST FOR PRODUCTION NO. 59:**

14   All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your behalf—

15   whether undertaken or contemplated but not undertaken—to assign a monetary value to the presence

16   of a "Like" Social Plugin on a Third-Party website, or to determine the value of data received or

17   content collected from the presence of a "Like" Social Plugin on a Third-Party website (and/or any

18   additional information derived therefrom), or to determine the revenue or profits made from the

19   presence of a "Like" Social Plugin on a Third-Party website (and/or any additional information

20   derived therefrom).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

22   Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

23   to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

24   forth in this Response.  Facebook further objects to this Request on the following additional grounds:

25   (A)    Facebook objects to this Request to the extent that it seeks documents protected from

26   disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

27   applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

28   documents protected by these privileges and protections.

1    (B)    The Request is vague and ambiguous in its use of the terms and phrases "efforts by

2    Third Parties on Your behalf," "undertaken or contemplated but not undertaken," "data received or

3    content collected from," "revenue or profits," and "any additional information derived therefrom."

4    The Request is also vague and ambiguous because it is unclear whether the Request seeks

5    information about the value of a "Like" social plugin on a third-party website to Facebook or to the

6    developer of the third-party website.

7    (C)    The Request is overly broad and unduly burdensome as to the time period and to the

8    extent it seeks "All Documents and ESI."

9    (D)    The Request seeks documents that reflect trade secrets, confidential, and/or

10    proprietary company information.

11    (E)    The Request is overly broad, unduly burdensome, and harassing in view of

12    Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

13    Request purports to seek all documents related to Facebook's "efforts by Third Parties on

14    [Facebook's] behalf—whether undertaken or contemplated but not undertaken—to assign a monetary

15    value to the presence of a 'Like' Social Plugin on a Third-Party website, or to determine the value of

16    data received or content collected from the presence of a 'Like' Social Plugin on a Third-Party

17    website (and/or any additional information derived therefrom), or to determine the revenue or profits

18    made from the presence of a 'Like' Social Plugin on a Third-Party website (and/or any additional

19    information derived therefrom)," regardless of the relevance of those documents to the claims or

20    defenses in this action.

21    (F)    The Request seeks documents that are not relevant to the claims or defenses in this

22    action and are not reasonably calculated to lead to the discovery of admissible evidence.

23    (G)    The Request seeks to impose obligations that go beyond the requirements of the

24    Federal and Local Rules.

25    Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

26    discovery in this action, Facebook responds as follows:  Facebook will meet and confer with

27    Plaintiffs' counsel to determine the proper scope of this overly broad and ambiguous Request.

28    **REQUEST FOR PRODUCTION NO. 60:**

1    All Documents and ESI relating to Your efforts, or efforts by Third Parties on Your behalf—

2    whether undertaken or contemplated but not undertaken—to increase and/or maximize the presence

3    of the Like Social Plugin on Third Party websites.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

5    Facebook restates and incorporates its Preliminary Statement, General Objections, Objections

6    to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set

7    forth in this Response.  Facebook further objects to this Request on the following additional grounds:

8    (A)    Facebook objects to this Request to the extent that it seeks documents protected from

9    disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

10   applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes

11   documents protected by these privileges and protections.

12   (B)    The Request is vague and ambiguous in its use of the terms and phrases "efforts by

13   Third Parties on Your behalf," "undertaken or contemplated but not undertaken," and "increase

14   and/or maximize."

15   (C)    The Request is overly broad and unduly burdensome as to the time period and to the

16   extent it seeks "All Documents and ESI."

17   (D)    The Request is overly broad, unduly burdensome, and harassing in view of

18   Facebook's cost necessary to investigate as weighed against Plaintiffs' need for the information.  This

19   Request purports to seek all documents related to Facebook's "efforts, or efforts by Third Parties on

20   [Facebook's] behalf—whether undertaken or contemplated but not undertaken—to increase and/or

21   maximize the presence of the Like Social Plugin on Third Party websites," regardless of the

22   relevance of those documents to the claims or defenses in this action.

23   (E)    The Request seeks documents that are not relevant to the claims or defenses in this

24   action and are not reasonably calculated to lead to the discovery of admissible evidence.

25   (F)    The Request seeks to impose obligations that go beyond the requirements of the

26   Federal and Local Rules.

27

28

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

1    DATED:  August 3, 2015                    GIBSON, DUNN & CRUTCHER LLP

2                                              By:  _____/s/_____

3                                                       Joshua A. Jessen

4                                              Attorney for Defendant FACEBOOK, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. C 13-05996 PJH (MEJ)

**PROOF OF SERVICE**

I, Ashley M. Rogers, declare as follows:

I am employed in the County of Santa Clara, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State.  On August 3, 2015, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the parties stated below, by the following means of service:

David F. Slade
dslade@cbplaw.com
James Allen Carney
acarney@cbplaw.com
Joseph Henry Bates, III
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com

Jeremy A. Lieberman
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
jalieberman@pomlaw.com

Melissa Ann Gardner
mgardner@lchb.com
Nicholas Diamand
ndiamand@lchb.com
Rachel Geman
rgeman@lchb.com
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
msobol@lchb.com

Jon A Tostrud
Tostrud Law Group, P.C.
jtostrud@tostrudlaw.com

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
info@glancylaw.com

16

☑     **BY ELECTRONIC SERVICE**:  On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑     I am employed in the office of Joshua A. Jessen and am a member of the bar of this court.

☑     I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 3, 2015.


                                                    _____/s/_____
                                                          Ashley M. Rogers

17