UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL, et al., <br>     Plaintiffs, <br> v. <br> FACEBOOK INC., <br>     Defendant. | Case No. 13-cv-05996-PJH (MEJ) <br><br> **ORDER RE: MOTIONS TO SEAL** <br> Re: Dkt. Nos. 110, 111, 121, 125, 127 |

## INTRODUCTION

Pending before the Court are the parties' five Administrative Motions to Seal various documents filed pursuant to Civil Local Rule 79-5 and the Amended Stipulated Protective Order (Dkt. No. 93). Dkt. Nos. 110, 111, 121, 125, 127. The Motions to Seal are associated with three Discovery Letters and their accompanying exhibits and related declarations. *See* Dkt. Nos. 112, 113, 122, 126, 128. Having considered the parties' positions, the documents at issue, and the relevant legal authorities, the Court issues the following Order.

## LEGAL STANDARD

In the Ninth Circuit, two different standards govern motions to seal, depending upon the nature of the proceeding in connection with which the documents are submitted. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). For many judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id.* at 678 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims.

*Kamakana*, 447 F.3d at 1179-80. Federal Rule of Civil Procedure 26(c)'s "good cause" standard applies to documents submitted in connection with non-dispositive motions, such as discovery motions. *Pintos*, 605 F.3d at 678; *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). Additionally, Civil Local Rule 79-5(b) requires a party's request to file a document under seal be "narrowly tailored to seek sealing of only sealable material."

## DISCUSSION

As an initial matter, the parties' joint discovery letters are non-dispositive motions, and the "good cause" standard therefore applies. *See, e.g.*, *Prolific Software, Inc. v. Veeva Sys. Inc.*, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014) ("Because the parties' discovery letter is a non-dispositive motion, the 'good cause' standard applies.").

### A.     Letter regarding Plaintiffs' Third Set of Requests for Production

Plaintiffs' first Motion to Seal (Dkt. No. 110) seeks to protect portions of the Discovery Letter regarding Facebook's Responses to Plaintiffs' Third Set of Requests for Production (Dkt. No. 112, redacted version of the "RFP Ltr."). Plaintiffs assert the RFP Letter refers to documents or information that Facebook previously designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Protective Order in this action. *See* Dkt. No. 110 at 1. Facebook filed a supporting declaration in accordance with Civil Local Rule 79-6(d)(1)(A), stating the RFP Letter "contains non-public, confidential, and proprietary Facebook business information" and that much of the identified "information concerns the processes and functionality of Facebook's messages technology and source code that is protectable as a trade secret or otherwise entitled to protection under the law." Sokol Decl. No. 1 at 1-3, Dkt. No. 115. Facebook contends that some information referenced in the letter comes from internal Facebook documents and describes "a Facebook internal discussion of business and engineering decisions regarding Facebook's technology that is entitled to protection under the

1   law." *Id.*

2   Having carefully reviewed the information sought to be sealed, the Court finds the
3   following portions contain trade secrets or otherwise protectable information relating to
4   Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and
5   which the public does not at this time have a meaningful interest in obtaining.  As such, there is
6   good cause to seal the following portions of the RFP Letter:

- On page 3, the text between "In his June 2015 Declaration, Facebook Engineer Alex Himel stated that he" and "In describing that work"; and
- On page 3, the text between "In describing that work, Mr. Himel referenced" and "Such records would be"

Dkt. No. 110-3 (unredacted version of RFP Letter).  Accordingly, the foregoing information shall remain redacted from the RFP Letter.

However, the Court finds Facebook has not met its burden to show there is good cause to seal the portions of the parties' Joint Discovery Letter listed below.  Facebook makes general assertions that "[p]ublic disclosure of this information would cause competitive harm to Facebook by allowing its competitors to access sensitive information, which they could use to gain unfair advantage against Facebook."  Sokol Decl. No. 1 at 1-3.  But unlike the information above, Facebook has not shown how the following content, if revealed, is sensitive information or how such information could actually be used by competitors to harm Facebook:

- On page 3, the text between "Indeed, Facebook has published a blog post containing" and "(FB000003105)";
- On page 3, the text between "evidence suggests that this outcome was" and "(RFPs 58, 59)";
- On page 3, footnote 4, the text between "a Facebook employee states" and "FB000003335";
- On page 3, footnote 4, the text between "FB00000699" and "Documents";
- On page 3, footnote 4, the text between "Documents discussing this" and "and outcomes thereof";

United States District Court
Northern District of California

1        • On page 5, footnote 9, the text between "two previously produced documents evidence a" and "or"; and

• On page 5, footnote 9, the text between "or" and "that '[i]ncreasing the Like count'" (editing in the original).

*Id.* Accordingly, the foregoing content shall be unredacted from the RFP Letter.

**B.    Letter regarding Interrogatory No. 8 and Request for Production No. 41**

Plaintiffs' second Motion seeks to seal (1) portions of the Discovery Letter concerning Plaintiffs' Interrogatory No. 8 and RFP 41 (Dkt. No. 113, redacted version of the "Rog/RFP Ltr."), and (2) an Exhibit accompanying the Rog/RFP Letter (Dkt. No. 113-5, Ex. 1). Dkt. No. 111 at 1.

    1.    <u>Rog/RFP Letter</u>

Plaintiffs filed their Administrative Motion to Seal portions of the Rog/RFP Letter because it refers to documents Facebook previously designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Amended Stipulated Protective Order." *Id.* Faceboook filed a supporting declaration in accordance with Civil Local Rule 79-6(d)(1)(A), stating the Rog/RFP Letter "contains non-public, confidential, and proprietary Facebook business information" and "references technical information about the processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled to protection under the law." Sokol Decl. No. 2 at 1-2, Dkt. No. 116.

Having carefully reviewed the information sought to be sealed, the Court finds the following portions contain trade secrets or otherwise protectable information relating to Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and which the public does not at this time have a particular interest in obtaining. As such, there is good cause to seal the following portions of the Rog/RFP Letter:

• On page 3, the text between "As just one example, FB000005827 explains that" and "Facebook, itself, appears";

• On page 3, the text between "Facebook, itself, appears to use the document" and "Therefore, this document";

• On page 3, footnote 5, the text following "In multiple instances";

4

- On page 3, footnote 6, the text between "Additionally, FB000005827 contains several" and "If, as this document suggests";
- On page 3, footnote 6, the text between "If, as this document suggests" and "Facebook must provide Plaintiffs with this data";
- On page 4, the text between "In reality, Facebook did not 'intercept' URLs contained in messages" and "This routine commercial conduct violates no law";
- On page 4, the text between "Facebook searched for and located 16 of them" and "Facebook also produced other technical information for each message"; and
- On page 4, footnote 9, the text between "Plaintiffs are also in possession of the names of databases storing the" and "which were included in the produced documentation."

Dkt. No. 111-3 (unredacted version of Rog/RFP Ltr.). Accordingly, the foregoing information shall remain redacted from the Rog/RFP Letter.

2. Exhibit 1

Plaintiffs also request the Court seal Exhibit 1 of Exhibit E to the Rog/RFP Letter. Dkt. No. 111 at 1-2. Plaintiffs have designated Exhibit 1 as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and argue "the document contains personally identifiable information related to private messages sent and received by the Plaintiffs and third parties." *Id.* at 1. Facebook does not challenge the sealing of this information.

Exhibit 1 contains a table that provides identifying information about the senders and recipients of 19 private messages. Dkt. No. 111-5, Ex. E. It also lists the time and date of the messages, the URL contained in the message, and the production numbers of those documents. *Id.* The exposure of such information risks subjecting the persons identified in this document to annoyance, embarrassment, or other significant harm, and the public has no meaningful need to obtain this information at this time. As such, the Court finds there is good cause to seal the information in the columns showing (1) the names and Facebook identifications of the messages' senders and recipients, (2) the date and time of the communication, and (3) the URL content of the communication. *See* Dkt. No. 111-5. The Court does not, however, find there is good cause to

5

1    seal the table's headings or the production numbers, as such information does not risk the

2    possibility of releasing identifying information of those named.

**C.     Letter regarding Plaintiffs' Notice of 30(b)(6) Deposition**

Plaintiffs' third Motion seeks to seal Exhibits A through D to the Discovery Letter concerning Plaintiffs' 30(b)(6) Deposition Notice (Dkt. No. 122, redacted version of the "Dep. Ltr." or "Deposition Letter"), as well as the portions of the Letter that reference those exhibits. Dkt. No. 121 at 1. Exhibits A through D contain documents Facebook designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." *Id.* Facebook filed a supporting declaration in accordance with Civil Local Rule 79-6(d)(1)(A), stating the Deposition Letter and the accompanying Exhibits A through D "contain non-public, confidential, and proprietary Facebook business information" and that each Exhibit contains information that "concerns the processes and functionality of Facebooks' messages technology that is protectable as a trade secret or otherwise entitled to protection under the law." Sokol Decl. No. 3 at 1-3, Dkt. No. 124. Facebook contends "[p]ublic disclosure of this information would cause competitive harm to Facebook" and "could also be used by individuals or companies that might seek to compromise the security of Facebook's messages technology." *Id.* The parties have redacted Exhibits A-D in their entirety.

1.     Exhibit A

Exhibit A is Plaintiffs' Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Dkt. No. 122-1 (redacted version). Having carefully reviewed the information sought to be sealed, the Court finds that portions of Exhibit A contain potential trade secrets or otherwise protectable information relating to Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and which the public does not at this time have a particular interest in obtaining. As such, there is good cause to seal those portions; however, there are other portions of Exhibit A, listed below, that do not contain information protectable as a trade secret or that could cause any sort of harm to Facebook. These portions simply contain generic information about the Notice and when and how the deposition will take place or describe information both parties have already made public without any interest in sealing that information. To seal the entirety of the document would not comply with Civil Local Rule 79-5(b), which requires a

6

request to seal be "narrowly tailored to seek sealing of only sealable material."

Accordingly, the following portions of Exhibit A shall be unredacted:

- All text on the cover page;
- On page 2, the text in paragraph 1 including "PLEASE TAKE NOTICE" through "the following characterizations";
- On page 5, the text in paragraph 2 including "The identification of Facebook source code" through "including but not limited to the following characterizations";
- On page 7, the text in paragraph 3 including "The creation and use of Objects and Associations" through "otherwise related to private messages, including:";
- On page 7, the text in paragraph 4 including "The identification of all documents and ESI" through page 8, paragraph 6, "processes effectuating access to such information"; and
- On page 8, the text including "The deposition will commence" through "Plaintiffs reserve the right to use the videotape deposition at trial" and the following signature page.

Ex. A, Dkt. No. 121-2 (unredacted version). The remainder of Exhibit A shall be sealed.

2. <u>Exhibit B</u>

Exhibit B to the Deposition Letter contains Facebook's Responses and Objections to Plaintiffs' Notice of Deposition. Dkt. No. 122-2 (redacted version). Having carefully reviewed the information sought to be sealed, the Court finds that portions of Exhibit B contain potential trade secrets or otherwise protectable information relating to Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and which the public does not at this time have a particular interest in obtaining. As such, there is good cause to seal those portions; however, there are other portions of Exhibit B, listed below, that do not contain information that is protectable as a trade secret or could cause any sort of harm to Facebook. Much of this document again contains generic language responding in general terms to the Deposition Notice and providing no specific details relating to Facebook's business or information that could cause it harm. Again, this does not comply with Civil Local Rule 79-5(b)'s narrow tailoring requirement.

Accordingly, the following portions of Exhibit B shall be unredacted:

- All text on the cover page;
- On page 1, the text including "Pursuant to Rules 26 and 30" through page 3, "including but not limited to the following characterizations";
- On page 7, the text including "RESPONSES AND OBJECTIONS TO TOPIC NO. 1" through page 8, "including but not limited to the following characterizations:";
- On page 10, the text including "RESPONSES AND OBJECTIONS TO TOPIC NO. 2:" through page 15, "TOPIC NO. 7:";[1]
- On page 15, the text including "RESPONSES AND OBJECTIONS TO DEPOSITION REQUEST NO. 7" through page 16, "Facebook will designate a witness to provide testimony regarding"; and
- On page 16, the text including "DATED" through page 17, with the "Ashley M. Rogers" e-signature.

Ex. B, Dkt. No. 121-3 (unredacted version).  The remainder of Exhibit B shall be sealed.

  3. <u>Exhibit C</u>

Exhibit C to the parties' Deposition Letter contains Facebook's Responses and Objections to Plaintiffs' First Set of Interrogatories.  Ex. C, Dkt. No. 122-3 (redacted version).  Having carefully reviewed the information sought to be sealed, the Court finds that portions of Exhibit C contain potential trade secrets or otherwise protectable information relating to Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and which the public does not at this time have a particular interest in obtaining.  As such, there is good cause to seal those portions; however, there are other portions of Exhibit C, listed below, that do not contain information that is protectable as a trade secret or could cause any sort of harm to Facebook.  Again, much of Facebook's Responses and Objections in this document use generalized terms that do not reveal any particular information about it or its business practices.  Facebook has not shown

---

[1] The Court notes that this portion includes Topic No. 3, which is virtually identical to Plaintiff's Interrogatory No. 8.  As the parties did not request to seal Interrogatory No. 8, the Court finds no basis for sealing it now.

8

how this information may harm it, or why the Court should ignore Civil Local Rule 79-5's narrow tailoring requirement.

Accordingly, the following portions of Exhibit C shall be unredacted:

- All text on the cover page;
- On page 1, the text including "Defendant Facebook, Inc." through page 3, paragraph 1, "the undefined term, 'Social Plugin.'";
- On page 3, the text in paragraph 2 including "Facebook objects to Plaintiffs' definition" through page 5, paragraph 11, "materials that are not relevant to the claims and defenses in this action";
- On page 5, the text in paragraph 12 including "12. Facebook objects to Plaintiffs' definition" through page 8, paragraph (D), "Facebook responds as follows:";
- On page 8, the text including "Facebook reserves the right" through page 9, paragraph (E), "Facebook responds as follows:";
- On page 13, the text including "INTERROGATORY NO. 3" through page 14, "Facebook responds as follows:";
- On page 17, the text including "INTERROGATORY NO. 4" through page 18, "Facebook responds as follows:";
- On page 20, the text including "INTERROGATORY NO. 5" through page 21, "Facebook responds as follows";
- On page 22, the text including "INTERROGATORY NO. 6" through page 23, "Facebook responds as follows";
- On page 24, the text including "INTERROGATORY NO. 7" through page 25, "Facebook responds as follows"; and
- On page 25, the text including "DATED" through the remainder of the document.

Ex. C, Dkt. No. 121-4 (unredacted version). The remainder of Exhibit C shall be sealed.

4. <u>Exhibit D</u>

Exhibit D contains Facebook's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories. Ex. D, Dkt. No. 121-5. Again, having carefully reviewed the information

9

sought to be sealed, the Court finds that portions of Exhibit D contain potential trade secrets or otherwise protectable information relating to Facebook's internal processes and tools that risk particularized harm to Facebook if revealed, and which the public does not at this time have a particular interest in obtaining.  As such, there is good cause to seal those portions; however, there are other portions of Exhibit D, listed below, that do not contain information that is protectable as a trade secret or could cause any sort of harm to Facebook, for the same reasons noted for Exhibits B & C.

Accordingly, the following portions of Exhibit D shall be unredacted:

- All text on the cover page;
- On page 1, the text including "Defendant Facebook, Inc." through page 3, paragraph 1, "the undefined term, 'Social Plugin.'";
- On page 3, the text in paragraph 2 including "2. Facebook objects to Plaintiffs' definition" through page 5, paragraph 11, "materials that are not relevant to the claims and defenses in this action";
- On page 6, the text in paragraph 12 including "12. Facebook objects to Plaintiffs' definition" through page 8, paragraph (D), "Facebook responds as follows:";
- On page 9, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1" through "Facebook responds as follows";
- On page 11, the text including "Facebook reserves the right" through page 12, "Facebook responds as follows";
- On page 16, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2" through page 17, "Facebook responds as follows";
- On page 20, the text including "INTERROGATORY NO. 3" through page 21, "Facebook responds as follows";
- On page 25, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3" through page 26, "Facebook responds as follows";
- On page 29, the text including "INTERROGATORY NO. 4" through page 30, "Facebook responds as follows";

10

- On page 33, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4" through "Facebook responds as follows";
- On page 36, the text including "INTERROGATORY NO. 5" through page 37, "Facebook responds as follows";
- On page 38, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5" through page 39, "Facebook responds as follows";
- On page 40, the text including "INTERROGATORY NO. 6" through page 41, "Facebook responds as follows";
- On page 42, the text including "SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6" through page 43, "Facebook responds as follows";
- On page 44, the text including "INTERROGATORY NO. 7" through page 45, "Facebook responds as follows";
- On page 45, the text including "SUPPLEMENTAL RESPONSE TO INTERROGTORY NO. 7" through page 46, "Facebook responds as follows"; and
- On page 46, the text including "DATED" through the remainder of the document.

Ex. D, Dkt. No. 121-5 (unredacted version). The remainder of Exhibit D shall be sealed.

5. The Deposition Letter

Having reviewed the parties' Deposition Letter, and in light of the Court's foregoing findings concerning Exhibit C and the other Exhibits, the Court finds the content included in the Deposition Letter shall remain redacted and sealed as Facebook has shown good cause that this information relates to potential trade secrets or other sensitive data and the public has no meaningful interest in this information at this time.

D. **Harrison Declaration**

Facebook seeks to seal portions of Dale Harrison's Declaration, which it submitted to demonstrate its burden in responding to one of Plaintiffs' discovery requests. Mot. to Seal Decl., Dkt. No. 125; *see* Dkt. No. 126-1 (redacted version of Harrison Decl.). Facebook argues that specific parts of Harrison's Declaration "contain information that is privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . and concerns the processes and

11

functionality of Facebook's messages technology." Mot. to Seal Decl. at 1. Facebook contends that if this information were to be made public, it could "cause competitive harm to Facebook and compromise the security of Facebook's messages technology, causing harm to Facebook and users of Facebook's products." *Id.* Plaintiffs did not file an opposition to Facebook's Motion.

Having carefully reviewed Harrison's Declaration, the Court finds the following portions contain potential trade secrets or otherwise protectable information which the public has no meaningful information in obtaining at this point. As such, there is good cause to seal the following:

- On page 2, the text in paragraph 5 between "The information I extracted included" and paragraph 6, "which would be responsive to Plaintiffs' request";
- On page 3, the text in paragraph 7 between "The Objects identified, extracted, and already produced to Plaintiffs—" and "—are the only Objects created in connection with sharing URLs in messages";
- On page 3, the text in paragraph 8 between "specifically" and "for the 16 messages I located";
- On page 3, the text in paragraph 9 between "in connection with these 16 messages" and "Similarly, I am not aware";
- On page 3, the text in paragraph 10 between "billions of pieces of data per day" and page 4, paragraph 11, "'Associations' refer to relationships";
- On page 4, the text in paragraph 13 between "I was required to write new software code using" and "to find information";
- On page 4, the text in paragraph 13 between "referred to as" and "was produced to Plaintiffs";
- On page 4, the text in paragraph 14 between "Plaintiffs were unable to provide" and "Without this data, I could not locate the message";
- On page 5, the text from the beginning of paragraph 15 up until "Using this process";
- On page 5, the text in paragraph 15 between "referred to as" and "was produced to

Plaintiffs";

- On page 5, the text in paragraph 15 between "7 of the 16 messages did not have a" and paragraph 16, "Using this process";
- On page 5, the text in paragraph 16 between "relating to the 9 URLs in the 9" and "I understand that this information";
- On page 5, the text in paragraph 16 between "referred to as" and "was produced to Plaintiffs";
- On page 5, the text in paragraph 17 between "in connection with each message" and "This was a message-by-message process";
- On page 5, the text in paragraph 17 between "referred to as" and "was produced to Plaintiffs";
- On page 7, the text in paragraph 21 between "The" and "documentation that Facebook has already produced";
- On page 7, the text in paragraph 21 between "that Facebook has already produced to Plaintiffs" and "This information should help Plaintiffs";
- On page 7, the text in paragraph 22 between "Plaintiffs have also asked Facebook to produce" and "for the 16 historical messages I extracted"; and
- On page 7, the text in paragraph 22 between "16 historical messages I extracted" and "I declare under penalty of perjury."

Dkt. No. 125-2 (unredacted version of the Harrison Decl.).

However, the Court does not find that Facebook has demonstrated good cause for sealing other portions of Harrison's Declaration, which it has not shown contain either potential trade secrets or sensitive information that could cause harm to Facebook. In particular, the Court notes Facebook seeks to seal portions of Harrison's Declaration which indicate that Facebook's source code provides the information Plaintiffs seek. *See id.* ¶ 20. The Court does not see why it should seal such statements when Facebook itself has repeatedly publicly emphasized the same point. *See, e.g.*, Rog/RFP Ltr. at 5 (arguing that Plaintiffs did not need responses to Interrogatory 8 and RFP 41 as "Facebook already gave Plaintiffs direct access to ***all the relevant source* code**"

13

(emphasis in original)); Dep. Ltr. at 4-5 (arguing that, having produced the source code, "Plaintiffs thus have had—for many months—all of the data they need"); Dkt. No. 95 at 4 (Joint Discovery Letter re: RFP No. 30) ("Facebook has agreed to make the relevant source code in the U.S. available for Plaintiffs' inspection . . .; thus, by their own admission, Plaintiffs now have access to the 'black box' that shows them how the challenged conduct operated." (citation omitted)). Accordingly, there is no good cause to seal the following portions of Harrison's Declaration, and they shall be unredacted:

- On page 4, the text in paragraph 11 including "'Associations' refer to relationships" through paragraph 12, "In my experience";
- On page 5, the text in paragraph 17 including "after providing the above information, I" through "in connection with each message";
- On page 6, the text in paragraph 19 including "If ordered to do so" through "it could take hundreds of man hours"; and
- On page 6, the text in paragraph 20 including "Objects and Associations for each of these messages" through "However, the abstract hypothetical question".

Dkt. No. 125-2.

### E. Plaintiffs' Response to the Harrison Declaration and Related Exhibits

Plaintiffs' final Motion seeks to seal portions of their Response to the Harrison Declaration ("Response"), as well as Exhibits 1 and 2 to the Response, as they refer to documents that Facebook has designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Mot. to Seal Resp., Dkt. No. 127; *see* Dkt. No. 128 (redacted version of Pls.' Resp.), 128-1 (redacted version of Exhibit 1), 128-2 (redacted version of Exhibit 2). Additionally, Plaintiffs contend that Exhibits 1 and 2 "contain personally identifiable information related to Plaintiffs and/or third parties," which should be kept "confidential to protect Plaintiffs' and third parties' privacy interests[] and to prevent exposure to harm or identity theft." Mot. to Seal Resp. at 3. Facebook filed a supporting declaration pursuant to Civil Local Rule 79-6(d)(1)(A), in which it argues the Response and Exhibits 1 and 2 contain "non-public, confidential, and proprietary Facebook business information," the public disclosure of which could harm Facebook. Sokol Decl. No. 4,

14

¶¶ 2-5, Dkt. No. 129.  Specifically, Exhibits 1 and 2 contain information about "the processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled to protection under the law."  *Id.* at ¶¶ 3-4.  Facebook further contends that Exhibits 1 and 2 contain Facebook User IDs, which "could be used to identify people who use Facebook's services."  *Id.*

      1.    <u>Plaintiffs' Response</u>

Having carefully reviewed Plaintiffs' Response, the Court finds the following portions contain potential trade secrets or otherwise protectable information which the public has no meaningful interest in obtaining at this point.  As such, there is good cause to seal following:

- On page 1, the text between "Facebook seeks to limit its production to the" and "associated with the Like counter";
- On page 5, the text between "documents relating to" and "As discussed previously with the Court";
- On page 5, the text between "As discussed previously with the Court" and "contain explanatory text";
- On page 5, the text between "stating in pertinent part:" and "Similarly, the same document";
- On page 5, the text between "For example, hyperlinks exist that allow the viewer to" and "Each of the above-described documents";
- On page 6, the text between "In response, Facebook contends that" and "[footnote 2]  As Plaintiffs seek injunctive relief";
- On page 6, the text between "these documents purport to describe" and "that Facebook has always maintained";
- On page 7, the text between "Accordingly, the above-described documents, and any prior versions thereof, should be produced" and "created from private messages";
- On page 7, the text between "In terms of identifying how" and "*Id.* at ¶ 20";
- On page 7, the text between "Facebook should provide an explanation of the purpose of each" and "thus far produced";
- On page 7, the text between "Doing so would, in Facebook's words, allow

Plaintiffs to" and "*Id.* at ¶ 6";

- On page 7, the text between "Identification of" and "The Declaration makes reference to";
- On page 7, the text between "The Declaration makes reference to" and "that Mr. Harrison searched"; and
- On page 8, the text between "whether they have any additional purpose beyond" and "identified by Mr. Harrison".

Dkt. No. 127-2 (unredacted version of Response).

However, the Court does not find that the following portions of the Response contain potential trade secrets or information that could cause harm to Facebook. As there is no good cause to redact these portions, they shall not be sealed:

- On page 1, the text including "It asserts that only the" through "concerning the incremental increase";
- On page 1, the text including "The" through "Plaintiffs seek are essential";
- On page 1, the text including "Facebook offers no factual basis for why other" through "beyond those concerning incrementing the Like counter";
- On page 2, the text including "Facebook's declarant states that it" through page 3, "Declaration at ¶ 19";
- On page 3, the text including "Mr. Harrison further states that he" through "*Id.*";
- On page 3, the text including "Mr. Harrison takes the position that he cannot identify or produce" through "This is simply a restatement";
- On page 3, the text in footnote 1 including "Mr. Harrison states that it would be" through the end of that footnote;
- On page 3, the text including "his statements are always conditional" through "Declaration at ¶ 19";
- On page 3, the text including "Facebook's minimal production to date and the purportedly" through "Plaintiffs are not asking the impossible";
- On page 3, the text including page 4, "The Declaration does not" through "Facebook nonetheless can and should conduct further investigation";

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

- On page 4, the text including "Further, Facebook's methodology in identifying" through "*Id.* at ¶ 19";
- On page 4, the text including "However Mr. Harrison does not say that" through "*Id.* at ¶ 18";
- On page 4, the text including "Facebook to identify and produce" through "In contrast to the conclusory statements";
- On page 5, the text including "the following items of information" through "documents relating to";
- On page 6, the text including "Each of these documents contains content related to how" through "In response, Facebook contends that";
- On page 6, the text including "the depth and breadth of" through "Moreover";
- On page 6, the text including "Moreover" through "If other documents purport to provide additional clarification";
- On page 6, the text including "it is nonetheless clear that the content of the" through "these documents purport to describe";
- On page 6, the text including "that Facebook has always maintained" through "Refusal to produce relevant documents";
- On page 7, the text including "that Mr. Harrison searched" through page 8, "whether they have any additional purpose beyond";
- On page 8, the text including "identified by Mr. Harrison" through "Such clarification"; and
- On page 8, the text including "no substantive evidence of burden from identifying" through "it should be compelled to fully respond."

23
24
25
26
27
28

Dkt. No. 127-2 (unredacted version of Response).  Again, the Court notes the parties are inconsistent in the information they wish to redact.  Plaintiffs now request to seal terms they used publically in their Interrogatory No. 8 and Rog/RFP Letter.  *See* Dkt. No. 113-1 at 9-10, Rog/RPF Ltr. at 1-2.  As Plaintiffs did not request to redact the terms in those documents, the Court does not

find it appropriate to seal them now.[2]

2.  Exhibits 1 and 2 to Plaintiffs' Response

The Court finds it appropriate to seal both Exhibits 1 and 2 (redacted versions at Dkt. Nos. 128-1 and 128-2; unredacted versions at Dkt. Nos. 127-4 and 127-5), as the entirety of these documents contain potential trade secrets or otherwise proprietary or confidential information that could cause harm to Facebook or the identifiable individuals if such information was exposed.

## CONCLUSION

For the foregoing reasons, Exhibits 1 and 2 to Plaintiffs' Response (Dkt. Nos. 128-1 and 128-2) are **SEALED** in their entirety, and the redacted portions of the Deposition Letter at Dkt. No. 122 are also **SEALED**.  However, as to the following documents, the appropriate parties shall re-file versions of these documents, with more limited redactions in accordance with this Order by **November 16, 2015**:

1. The "RFP Letter" at Dkt. No. 112;
2. The "Rog/RFP Letter" at Dkt. No. 113;
3. Exhibits A through D to the "Deposition Letter" (Dkt. Nos. 122-(1-4));
4. Dale Harrison's Declaration (Dkt. No. 125);
5. Plaintiffs' Response (Dkt. No. 127-2).

**IT IS SO ORDERED.**

Dated: October 15, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] In future motions to seal, the Court asks, in the interests of efficiency and consistency, that the parties conduct a careful review of the information they seek to redact to verify that they have not already made such information public.