UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CAMPBELL, et al.,

    Plaintiffs,

v.

FACEBOOK, INC.,

    Defendant.

Case No. 13-cv-5996-PJH

**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; DENYING RENEWED MOTION TO CONTINUE**

    Before the court are two motions: (1) defendant Facebook's motion for relief from nondispositive pretrial order of Magistrate Judge James, and (2) plaintiffs' renewed motion to continue deadlines. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby rules as follows.

    Facebook's motion challenges two aspects of Magistrate Judge James' discovery order (referred to as "the Order"). First, Facebook challenges the Order to the extent it granted plaintiffs' motion to compel a response to Request for Production ("RFP") No. 53, which seeks documents related to assigning a monetary value to Facebook users or related to revenue and profits generated from users' data and content. Second, Facebook challenges the Order to the extent it granted plaintiffs' motion to compel a response to RFP No. 60, which seeks documents related to Facebook's efforts to increase or maximize the presence of its "Like" social plugin.

    Facebook argues that the Order is contrary to law for two primary reasons: (1) it addressed RFPs 53 through 60 "en masse, rather than conducting an individualized

relevance analysis of each request," and (2) it "improperly expanded the scope of discovery on the basis that no discovery supports or proves plaintiffs' underlying theory."

Starting with (1), the court finds no basis in Facebook's objection that the Order improperly treated the RFP's "en masse." The Order grouped together eight RFPs because they sought related categories of information, namely, "how Facebook generates profits in order to analyze the role played by private messages, social plugins, and Likes, and, specifically, the interception of private messages, generation of passive Likes, and derivative activities, in Facebook's income stream." Order at 11. Indeed, even the first case cited by Facebook addressed "each category of RFPs in turn," not each individual RFP in turn. See Alcala v. Monsanto Co., 2014 WL 1266204, at *2 (N.D. Cal. Mar. 24, 2014). In fact, Alcala grouped together as many as four RFPs, and the court finds no reason to conclude that the Order's grouping together of eight RFPs related to damages was "contrary to law."

Moving to (2), the court finds that the Order properly discussed the discoverability of damages-related documents. The Order first established that, under the relevant statutes, "profits made as a result of the violation may be recoverable." The Order then noted that Facebook maintains that it has no documents directly attributing any profits to the alleged violations. As a result, the Order found that plaintiffs are entitled to the more generalized financial documents that Facebook does have, because "even though Facebook itself may not have determined the independent value or profits it obtained from scanning private messages, expert analysis of the information plaintiffs seek may assist them in making that determination." Order at 13. In other words, the parties first explored damages-related discovery that was narrowly tailored to plaintiffs' claims, but in the absence of any such documents, a broader scope of discovery is required. Such discovery is still well within the boundaries of Rule 26, and the court rejects any contention that the Order "improperly expanded the scope of discovery." The Order properly concluded that plaintiffs are entitled to discovery related to "the scanning of putative class members' private messages and the potential benefit Facebook receives

2

as a result of obtaining information from those messages." Order at 13.  If Facebook kept records of revenues and profits that were directly attributable to the challenged practice, then the scope of discovery could be properly limited to those records; but in their absence, Facebook must provide more general financial records, so that plaintiffs may conduct the analysis required to attribute revenues and profits to the challenged practice.

Because the court finds that the reasoning set forth in the Order is not "contrary to law," Facebook's motion is DENIED.  However, the court does note that, in certain respects, the two RFPs in question go beyond the rationale set forth in the Order. Specifically, RFP No.53 does not seek merely "all documents and ESI relating to the assignment of monetary value to Facebook Users or to the revenue and profits made from data received or content collected by Facebook from Facebook Users," it seeks "all documents and ESI relating to your efforts, or efforts by third parties on your behalf – whether undertaken or contemplated but not undertaken – to assign a monetary value to Facebook Users (and/or any additional information derived therefrom), or to determine the revenue or profits made from data received or content collected by you from Facebook users (and/or any additional information derived therefrom)."  The court fails to see how expansive language such as "whether undertaken or contemplated but not undertaken" or "any additional information derived therefrom" serves either party's interests.  The Order correctly holds that plaintiffs are entitled to "discover how Facebook generates profits," but it did not hold that plaintiffs are entitled to information about hypothetical methods of generating profits that Facebook may have contemplated but not undertaken.  Thus, the court will enforce plaintiffs' RFP No. 53 only to the extent that they seek "all documents and ESI relating to the assignment of monetary value to Facebook Users or to the revenue and profits made from data received or content collected by Facebook from Facebook Users."  Similarly, as to RFP No. 60, the court will enforce it only to the extent that plaintiffs seek "all documents and ESI relating to efforts to increase and/or maximize the presence of the "Like" social plugin on third party websites."

Turning to plaintiffs' renewed motion to continue the briefing and hearing dates for

their anticipated motion for class certification and Facebook's anticipated motion for summary judgment, the court DENIES the motion. However, given the upcoming deadline for plaintiffs to file their class certification motion, the court orders Facebook to produce discovery responsive to RFP No. 53 and No. 60 no later than **November 6, 2015**.

**IT IS SO ORDERED.**

Dated: November 3, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge