# EXHIBIT H

## REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

# EXHIBIT 20

GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
GAIL E. LEES, SBN 90363
GLees@gibsondunn.com
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, and DAVID SHADPOUR,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. C 13-05996 PJH (MEJ)<br><br>**PUTATIVE CLASS ACTION**<br><br>**DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES** |

Defendant Facebook, Inc. ("Defendant" or "Facebook"), by and through its attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, the Court orders in this action, and the parties' agreements, provides the following supplemental responses and objections to Plaintiffs' Narrowed Second Set of Interrogatories (the "Interrogatories").

**PRELIMINARY STATEMENT**

1. Facebook's responses to the Interrogatories are made to the best of Facebook's current knowledge, information, and belief. Facebook reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2. Facebook's responses to the Interrogatories are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Facebook's responses are premised on its understanding that Plaintiffs seek only that information that is within Facebook's possession, custody, and control.

4. Facebook incorporates by reference each and every general objection set forth below into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5. Nothing contained in these Reponses and Objections or provided in response to the Interrogatories consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Interrogatory.

**GENERAL OBJECTIONS**

1. Facebook objects to each Interrogatory, including the Definitions and Instructions, to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Civil Rules of the U.S. District Court for the Northern District of California, and any agreements between the parties.

2. Facebook objects to each Interrogatory to the extent that it is not limited to the relevant time period, thus making the Interrogatory overly broad, unduly burdensome, and not relevant to the claims or defenses in this action. Unless otherwise specified in its responses, and pursuant to the agreement of the parties, Facebook's responses will be limited to information generated between April 1, 2010 and December 30, 2013.

3. Facebook objects to each Interrogatory to the extent that it seeks information unrelated and irrelevant to the claims or defenses in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Facebook objects to each Interrogatory as overly broad and unduly burdensome, particularly in view of Facebook's disproportionate cost necessary to investigate as weighed against Plaintiffs' need for the information. The Interrogatories seek broad and vaguely defined categories of materials that are not reasonably tailored to the subject matter of this action.

5. Facebook objects to each Interrogatory to the extent that it purports to request the identification and disclosure of information or documents that were prepared in anticipation of litigation, constitute attorney work product, reveal privileged attorney-client communications, or are otherwise protected from disclosure under any applicable privileges, laws, or rules. Facebook hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to each Interrogatory. *See generally* Fed. R. Evid. 502; Cal. Code Evid. § 954. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Facebook to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings. In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Plaintiffs will return the information and documents to Facebook and will be precluded from disclosing or relying upon such information or documents in any way.

6. Facebook objects to each and every Interrogatory to the extent that the information

sought by the Interrogatory is more appropriately pursued through another means of discovery, such as a request for production or deposition.

7.  Facebook objects to each and every Interrogatory, Definition, and Instruction to the extent that it seeks information outside of Facebook's possession, custody, and control.

8.  Facebook objects to each Interrogatory to the extent that it requests information protected by the right of privacy of Facebook and/or third parties, or information that is confidential, proprietary, or competitively sensitive.

9.  Facebook objects to each Interrogatory to the extent that it seeks documents or information already in Plaintiffs' possession or available in the public domain. Such information is equally available to Plaintiffs.

10. Facebook objects to each Interrogatory on the ground and to the extent that it exceeds the bounds of Federal Rule of Civil Procedure 33(a)(1), which provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

## OBJECTIONS TO DEFINITIONS

1.  Facebook objects to Plaintiffs' definition of "Association" to the extent that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the claims and defenses in this action.

2.  Facebook objects to Plaintiffs' definition of "Association Type" or "(atype)" to the extent that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the claims and defenses in this action.

3.  Facebook generally objects to Plaintiffs' definitions of "Communication," "Document(s)," "Electronic Media," "ESI," "Electronically Stored Information," "Identify," and "Metadata" to the extent that Plaintiffs purport to use these defined terms to request the identification and disclosure of documents that: (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules. Facebook further

3

1  objects to the extent that these definitions purport to impose obligations that go beyond the
2  requirements of the Federal and Local Rules.

3      4.    Facebook objects to Plaintiffs' definition of "Destination Object" or "(id2)" to the
4  extent that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects
5  to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are
6  not relevant to the claims and defenses in this action.

7      5.    Facebook objects to Plaintiffs' definition of "(id)" to the extent that it is vague,
8  ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the
9  extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the
10 claims and defenses in this action.

11     6.    Facebook objects to Plaintiffs' definition of "Key -> Value Pair" to the extent that it is
12 vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition
13 to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to
14 the claims and defenses in this action.

15     7.    Facebook objects to Plaintiffs' definition of "Object" to the extent that it is vague,
16 ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the
17 extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the
18 claims and defenses in this action.

19     8.    Facebook objects to Plaintiffs' definition of "Object type" or "(otype)" to the extent
20 that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the
21 definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not
22 relevant to the claims and defenses in this action.

23     9.    Facebook objects to Plaintiffs' definition and use of the term "Person" as vague,
24 ambiguous, overly broad, and unduly burdensome to the extent that Plaintiffs intend to use this term
25 to include "any natural person or any business, legal or governmental entity or association" over
26 which Facebook exercises no control.

27     10.    Facebook objects to Plaintiffs' definition of "Process" to the extent that it is vague,
28 ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the

| | |
|---|---|
| 1 | extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the |
| 2 | claims and defenses in this action. |
| 3 |     11.    Facebook objects to Plaintiffs' definition of "Private Message(s)" to the extent that it |

      11.    Facebook objects to Plaintiffs' definition of "Private Message(s)" to the extent that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the claims and defenses in this action.

      12.    Facebook objects to Plaintiffs' definitions of "Relate(s) to," "Related to" and "Relating to" on the ground that the definitions make the Interrogatories overly broad and unduly burdensome and impose obligations that go beyond the requirements of the Federal and Local Rules. Facebook shall construe these terms as commonly and ordinarily understood.

      13.    Facebook objects to Plaintiffs' definition of "Source Object" or "(id1)" to the extent that it is vague, ambiguous, overly broad, and unduly burdensome. Facebook further objects to the definition to the extent that Plaintiffs purport to use this defined term to seek materials that are not relevant to the claims and defenses in this action.

      14.    Facebook objects to Plaintiffs' definition and use of the terms "You," "Your," or "Facebook" as vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include "directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other person purporting to act on [Facebook, Inc.'s] behalf. . . . parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf" over which Facebook exercises no control, and to the extent that Plaintiffs purport to use these terms to impose obligations that go beyond the requirements of the Federal and Local Rules.

**OBJECTIONS TO "RULES OF CONSTRUCTION" AND INSTRUCTIONS**

      1.    Facebook objects to Plaintiffs' "Rules of Construction" and "Instructions" to the extent they impose obligations that go beyond the requirements of the Federal and Local Rules.

      2.    Facebook objects to Plaintiffs' Instruction No. 2 to the extent that it is not limited to the relevant time period, thus making the Instruction overly broad, unduly burdensome, and not

5
DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES
Case No. C 13-05996 PJH (MEJ)

relevant to the claims or defenses in this action. Unless otherwise specified in its responses, and pursuant to the agreement of the parties, Facebook's response will be limited to information generated between April 1, 2010 and December 30, 2013.

3.  Facebook objects to Plaintiffs' Instruction No. 6 as ambiguous and unduly burdensome. Facebook further objects to the instruction to the extent it exceeds the requirements of the Federal and Local Rules.

### OBJECTION TO PURPORTED "RELEVANT TIME PERIOD"

Facebook objects to Plaintiffs' proposed "Relevant Time Period" (September 26, 2006 through the present) because it substantially exceeds the proposed class period identified in Plaintiffs' Consolidated Amended Complaint, does not reflect the time period that is relevant to Plaintiffs' claims in this action, and renders the Interrogatories overly broad, unduly burdensome, and irrelevant. Unless otherwise specified, and pursuant to the agreement of the parties, Facebook's Responses to these Interrogatories will be limited to information generated between April 1, 2010 and December 30, 2013. Facebook otherwise objects to the remainder of Plaintiffs' statement regarding the "Relevant Time Period" to the extent that it purports to impose obligations beyond those imposed by the Federal and Local Rules.

### SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 8:**

Identify all facts relating to the Processing of each Private Message sent or received by Plaintiffs containing a URL[1], including, for each Private Message:

(A)  all Objects that were created during the Processing of the Private Message, including the (id) and the Object Type for each Object, as well as any Key -> Value Pair(s) contained in each Object;

---

[1]  Each such Private Message has been identified by each Plaintiff in Exhibit 1 to his respective Objections and Responses to Defendant's First Set of Interrogatories.

6

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES
Case No. C 13-05996 PJH (MEJ)

   (B) all Objects that were created specifically when the embedded URL was shared, including the (id) and the Object Type for each Object, as well as any Key -> Value Pair(s) contained in each Object;

   (C) all Associations related to each Private Message, identified by the Source Object, Association Type, and Destination Object, as well as any Key -> Value Pair(s) contained in each Association;

   (D) the database names and table names in which each Association and Object is stored;

   (E) each application or feature in Facebook that uses the Objects or Associations created for each Private Message; and

   (F) how each Object associated with the Private Message was used by Facebook.

**RESPONSE TO INTERROGATORY NO. 8:**

  Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set forth in this Response. Facebook further objects to this Interrogatory on the following additional grounds:

   (A) The Interrogatory is vague and ambiguous in its use of the terms and phrases "Processing"; "Private Message"; "Objects"; "(id)"; "Object Type"; "Key -> Value Pair(s)"; "Objects that were created specifically when the embedded URL was shared"; "Associations"; "Source Object"; "Association Type"; "Destination Object"; "database names and table names"; and "application or feature."

   (B) The Interrogatory is compound.

   (C) The Interrogatory seeks information that is not relevant to the claims or defenses in this action to the extent it concerns practices other than those challenged in this action (the alleged increase in the Facebook "Like" count on a website when the URL for that website was contained in a message transmitted through Facebook's Messages product during the class period).

   (D) The Interrogatory is vague, unduly burdensome, and overly broad in that it purports to seek "all facts relating to the Processing of each Private Message sent or received by Plaintiffs containing a URL."

7

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES
Case No. C 13-05996 PJH (MEJ)

     (E)    The Interrogatory seeks information that reflects trade secrets, confidential, and/or proprietary company information.

     (F)    The Interrogatory exceeds the bounds of Federal Rule of Civil Procedure 33(a)(1), which provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

Subject to and without waiving the foregoing general and specific objections, and subject to the ongoing nature of discovery in this action, Facebook responds as follows:

Facebook refers Plaintiffs to Facebook's Responses and Objections to Plaintiffs' Interrogatory Nos. 2, 3, and 4. Facebook also will meet and confer with Plaintiffs' counsel to determine the proper scope of this overly broad and ambiguous Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to "Rules of Construction," Instructions, and Purported "Relevant Time Period" as though fully set forth in this Response. Facebook further objects to this Interrogatory on the following additional grounds:

     (A)    The Interrogatory is vague and ambiguous in its use of the terms and phrases "Processing"; "Private Message"; "Objects"; "(id)"; "Object Type"; "Key -> Value Pair(s)"; "Objects that were created specifically when the embedded URL was shared"; "Associations"; "Source Object"; "Association Type"; "Destination Object"; "database names and table names"; and "application or feature."

     (B)    The Interrogatory is compound.

     (C)    The Interrogatory seeks information that is not relevant to the claims or defenses in this action to the extent it concerns practices other than those challenged in this action (the alleged increase in the Facebook "Like" count on a website when the URL for that website was contained in a message transmitted through Facebook's Messages product during the class period).

     (D)    The Interrogatory is vague, unduly burdensome, and overly broad in that it purports to seek "all facts relating to the Processing of each Private Message sent or received by Plaintiffs containing a URL."

8

(E) The Interrogatory seeks information that reflects trade secrets, confidential, and/or proprietary company information.

(F) The Interrogatory exceeds the bounds of Federal Rule of Civil Procedure 33(a)(1), which provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

Subject to and without waiving the foregoing general and specific objections, and subject to the ongoing nature of discovery in this action, Facebook responds as follows:

Facebook refers Plaintiffs to Facebook's Responses and Objections to Plaintiffs' Interrogatory Nos. 2, 3, and 4. Additionally, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Facebook refers Plaintiffs to documents bearing production numbers FB000005502 through FB000006175, which contain information responsive to this Interrogatory for the messages identified in Plaintiffs' letter of July 24, 2015 that could be located after a reasonable search and diligent inquiry. The chart attached as Exhibit 1 identifies the production numbers of the documents that correspond to the messages identified in Plaintiffs' July 24, 2015 letter.

DATED: September 1, 2015                    GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
Joshua A. Jessen

Attorneys for Defendant FACEBOOK, INC.

9

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES
Case No. C 13-05996 PJH (MEJ)

# Exhibit 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | To | From | Date | URL | Production Number(s) |
|---|---|---|---|---|---|
| 1 | ■ | ■ | ■ | ■ | FB000005502-FB000005527<br>FB000005528-FB000005574<br>FB000005575-FB000005576 |
| 2 | ■ | ■ | ■ | ■ | FB000005577-FB000005578 |
| 3 | ■ | ■ | ■ | ■ | FB000005579-FB000005600<br>FB000005601-FB000005646<br>FB000005647-FB000005648 |
| 4 | ■ | ■ | ■ | ■ | FB000005649-FB000005672<br>FB000005673-FB000005719<br>FB000005720-FB000005721 |
| 5 | ■ | ■ | ■ | ■ | FB000005722-FB000005749<br>FB000005750-FB000005797<br>FB000005798-FB000005799 |
| 6 | ■ | ■ | ■ | ■ | FB000005800-FB000005801 |
| 7 | ■ | ■ | ■ | ■ | FB000005802-FB000005826<br>FB000005827-FB000005879<br>FB000005880-FB000005881 |
| 10 | ■ | ■ | ■ | ■ | Unavailable. |
| 68 | ■ | ■ | ■ | ■ | FB000005882-FB000005883 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

|  | To | From | Date | URL | Production Number(s) |
|---|---|---|---|---|---|
| 89 | ■ | ■ | ■ | ■ | FB000005884-FB000005886<br>FB000005887-FB000005932<br>FB000005933-FB000005934 |
| 93 | ■ | ■ | ■ | ■ | FB000005935-FB000005957<br>FB000005958-FB000006004<br>FB000006005-FB000006006 |
| 99 | ■ | ■ | ■ | ■ | FB000006007-FB000006008 |
| 113 | ■ | ■ | ■ | ■ | FB000006009-FB000006037<br>FB000006038-FB000006084<br>FB000006085-FB000006087 |
| 115 | ■ | ■ | ■ | ■ | Unavailable. |
| 123 | ■ | ■ | ■ | ■ | FB000006088-FB000006089 |
| 200 | ■ | ■ | ■ | ■ | FB000006090-FB000006119<br>FB000006120-FB000006169<br>FB000006170-FB000006171 |
| 410 | ■ | ■ | ■ | ■ | Unavailable. |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

|  | To | From | Date | URL | Production Number(s) |
|---|---|---|---|---|---|
| 654 |  |  |  |  | FB000006172-FB000006173 |
| 482 |  |  |  |  | FB000006174-FB000006175 |

3

# PROOF OF SERVICE

I, Ashley M. Rogers, declare as follows:

I am employed in the County of Santa Clara, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, CA 94304-1211, in said County and State. On September 1, 2015, I served the following document(s):

**DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES**

on the parties stated below, by the following means of service:

David F. Slade
dslade@cbplaw.com
James Allen Carney
acarney@cbplaw.com
Joseph Henry Bates, III
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com

Melissa Ann Gardner
mgardner@lchb.com
Nicholas Diamand
ndiamand@lchb.com
Rachel Geman
rgeman@lchb.com
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
msobol@lchb.com

☑ **BY ELECTRONIC SERVICE**: On the above-mentioned date, based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ I am employed in the office of Joshua A. Jessen and am a member of the bar of this court.

☑ I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2015.

                                                          */s/*
                                               Ashley M. Rogers

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' NARROWED SECOND SET OF INTERROGATORIES
Case No. C 13-05996 PJH (MEJ)