GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
PRIYANKA RAJAGOPALAN, SBN 278504
PRajagopalan@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 849-5300
Facsimile:   (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISON

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY,<br><br>           Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC.,<br><br>           Defendant. | Case No. C 13-05996 PJH<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171**<br><br>**HEARING:**<br>Date:      March 16, 2016<br>Time:      9:00 A.M.<br>Location: Courtroom 3, Third Floor<br>              The Honorable Phyllis J. Hamilton |

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

Gibson, Dunn & Crutcher LLP

I, Nikki Stitt Sokol, declare as follows:

1. I am Associate General Counsel for Litigation for Defendant Facebook, Inc. ("Facebook"). Pursuant to Civil Local Rule 79-5(d) and the Amended Stipulated Protective Order entered by the Court on July 1, 2015 (the "Protective Order") (Dkt. No. 93), I submit this Declaration in support of Plaintiffs' Administrative Motion to File Under Seal Re Plaintiffs' Response to Defendant's "Objection to and Request to Strike New Evidence and Misstatements Of Fact" (Dkt. 171), which seeks to file under seal designated portions of Plaintiffs' Response to Defendant's Objection to and Request to Strike New Evidence and Misstatements of Fact (Dkt. 172). Except as otherwise noted, I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, could and would testify competently to them.

2. Facebook respectfully requests that the Court allow portions of Plaintiffs' Response to Defendant's Objection to and Request to Strike New Evidence and Misstatements of Fact to be filed under seal due to their confidential nature. As discussed with particularity below, these portions contain non-public, confidential, and proprietary Facebook business information that is protectable as a trade secret or otherwise entitled to protection under the law, including information concerning the processes and functionality of Facebook's source code, messages technology, social plugin technology; Facebook's Recommendations and Activity Feed features, software, and other internal tools; and Facebook internal documents containing discussions of the functionality of Facebook's messages products and internal tools.

3. I respectfully request that Facebook's requests to seal or not to seal the below-referenced documents (or relevant portions of those documents) should not be construed as an admission that the information marked for redaction by Plaintiffs is accurate. Plaintiffs' Response to Defendant's Objection to and Request to Strike New Evidence and Misstatements of Fact contains a number of misstatements and mischaracterizations of documents in and outside of the record. Nothing in my Declaration constitutes an admission of any allegation marked for redaction by Plaintiffs.

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

4. I respectfully submit that the presumption of access to judicial records does not apply here because the document at issue is being filed in connection with a non-dispositive motion, and the Ninth Circuit has "carved out an exception to the presumption of access to judicial records. . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (the presumption of public access to judicial documents in connection with dispositive motions "does not apply in the same way to non-dispositive motions"). Accordingly, "'[g]ood cause' is the proper standard," and "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *see also In re High- Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Plaintiffs' Motion for Class Certification is a non-dispositive motion. Therefore, the parties need only demonstrate 'good cause' in order to support their requests to seal."). A party shows good cause when, for example, public disclosure of the materials would put the party at a competitive disadvantage. *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice").

5. Good cause exists to seal portions of Plaintiffs' Response to Defendant's Objection to and Request to Strike New Evidence and Misstatements of Fact. Specifically, the following portions contain non-public, confidential, and proprietary Facebook business information that Facebook designated as HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. The public does not at this time have a meaningful interest in obtaining such information, and public disclosure of this information would cause particularized

2

Gibson, Dunn & Crutcher LLP

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

harm to Facebook by allowing its competitors to access sensitive information, which they could use to gain an unfair advantage against Facebook.  Such information could also be used by individuals or companies that might seek to compromise the security of Facebook's messages technology, causing harm to Facebook and the people who use Facebook's services:

| Sealable Portions | Reason for Confidentiality |
|---|---|
| 1:10; 3:26; 4:6; 4:10; 4:19; 4:21; 4:23-24; 4:27, n.4; 5:5-6; 6:12; 6:14; 6:16; 6:18; 6:19; 6:27; 7:7; 8:5; 8:12 (text between "systematically" and "Private"); 8:14; 8:16 | The information redacted by Plaintiffs concerns the internal processes and functionality of Facebook's messages technology or Plaintiffs' characterization of the same that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 3:5; 3:7-8; 3:8; 3:9-10; 3:15; 4:9; 5:25-26, n.5; 6:23-24 | The information redacted by Plaintiffs reflects information or Plaintiffs' characterization of information contained in the declaration of a Facebook engineer that concerns the processes and functionality of Facebook's messages technology, other internal tools, and source code that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 4:1 | As stated in my February 23, 2016 Declaration, the information redacted by Plaintiffs does not need to be sealed. |
| 4:3-4 | As stated in my November 17, 2015 Declaration, only the information between "whose actions had" and "private message" needs to be redacted.<br><br>This information concerns the processes and functionality of Facebook's source code that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 4:5 | The information redacted by Plaintiffs does not need to be sealed and was not marked for redaction when originally filed.  *See* Dkt. 138-4, Ex. 2, at ¶ 104 (Opening Golbeck Report). |
| 4:12-13 | Only the text between "Alex Himel explained that" and "was the internal name" needs to be redacted.<br><br>The information redacted by Plaintiffs concerns the internal processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 4:14; 4:16-17 | The information redacted by Plaintiffs reflects Facebook's responses to Plaintiffs' discovery requests and concerns the internal processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 5:6-7; 6:4-7; 6:8-9 | The information redacted by Plaintiffs concerns Plaintiffs' expert's characterization of the internal processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled |

3

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

Gibson, Dunn & Crutcher LLP

| Sealable Portions | Reason for Confidentiality |
|---|---|
|  | to protection under the law. |
| 5:16-17 | As stated in my November 17, 2015 Declaration, only the information between "whose actions had" and "private message" needs to be redacted.<br><br>This information concerns Plaintiffs' expert's characterization of the processes and functionality of Facebook's source code that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 5:18-20; 5:20-21; 5:22; 5:22-23; 5:27, n.5; 5:27-28, n.5; 6:1; 6:3; 6:9-10 | The information redacted by Plaintiffs concerns the processes and functionality of Facebook's messages technology, other internal tools, and source code that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 6:21-22 | Only the information between "a table called" and "a name which should speak for itself" needs to be redacted.<br><br>The information redacted by Plaintiffs concerns the internal processes and functionality of Facebook's messages technology that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 6:26; 7:2-4; 7:5; 7:13-14; 7:18-19; 7:20-21; 7:22 | The information redacted by Plaintiffs concerns the processes and functionality of Facebook's source code or Plaintiffs' characterization of the same that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 6:28-7:1; 7:14-15 | The information redacted by Plaintiffs concerns Plaintiffs' expert's characterization of the processes and functionality of Facebook's source code that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 7:7-10; 7:10-13 | The information redacted by Plaintiffs quotes or reflects Plaintiffs' characterization of a Facebook internal document that contains a discussion of the functionality of Facebook's messages products and internal tools that is protectable as a trade secret or otherwise entitled to protection under the law. |
| 7:23; 7:24-25; 8:12-13 (text between "historically" and "It merely") | The information redacted by Plaintiffs does not need to be sealed. |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that I executed this Declaration in Menlo Park, California on March 14, 2016.

*/s/ Nikki Stitt Sokol*
Nikki Stitt Sokol

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

Gibson, Dunn & Crutcher LLP

**ATTORNEY ATTESTATION**

I, Christopher Chorba, attest that concurrence in the filing of this Declaration of Nikki Stitt Sokol has been obtained from the signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of March 2016, in Los Angeles, California.

Dated: March 14, 2016                         */s/ Christopher Chorba*
                                                            Christopher Chorba

5

DECLARATION OF NIKKI STITT SOKOL IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL – DKT. NO. 171
Case No. C 13-05996 PJH

Gibson, Dunn & Crutcher LLP