UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FACEBOOK INC.,<br><br>  Defendant. | Case No. 13-cv-05996-PJH   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 186, 189 |

On May 12, 2016, Plaintiffs filed a request for a telephonic discovery conference for the purpose of obtaining an order that Facebook provide its portions of four letter briefs. Dkt. No. 186. In support of their request, Plaintiffs stated Facebook had taken "two actions within hours of each other." First, Facebook "decided to pull out of [the undersigned's] procedure for resolving discovery disputes, refusing to provide its final version of its portion of letter briefs regarding issues that the parties have been conferring on for months, including multiple in-person meetings, and instead announced its intention to seek a new procedure more to its liking along with a stay of discovery." Second, "Facebook filed with Judge Hamilton an 'errata' to correct a misrepresentation it made in its opposition to class certification which included a partial Facebook document which had theretofore been withheld, and which is the very same type of document Plaintiffs have been pursuing through [the undersigned's] discovery procedures, but which Facebook claimed lacked relevancy and refused to produce."

Based on Plaintiffs' representations and seeking to avoid unnecessary briefing, the Court ordered the parties to meet and confer in person on May 23, 2016 in the undersigned's courtroom to meaningfully discuss and attempt to resolve their disputes. However, Facebook subsequently filed its own request for a telephonic conference, stating that the Court should hold the conference before the May 23 meet and confer for two reasons. First, Facebook contends that although it has

agreed to submit its portions of the discovery briefs now, "further discovery motions practice is improper given that Plaintiffs' Motion for Class Certification is fully briefed, was argued on March 16, and is currently awaiting a decision." Facebook maintains there is no prejudice to Plaintiffs in deferring these issues until the Court rules on the pending class certification motion because there is currently no discovery cut-off. Second, even if the Court does not defer these discovery disputes until there is a ruling on class certification, Facebook contends the Court should hold a discovery conference for the separate reason that Plaintiffs' counsel "have repeatedly rewritten both the substance and requested relief in their letter briefs over an extended period, forcing Facebook to waste time and money responding to constantly-shifting targets."

Having had the benefit of reviewing both parties' requests, the Court agrees with Facebook that it would be beneficial to defer these issues until after the ruling on class certification. As the class certification ruling will determine the scope of the case moving forward, and therefore the appropriate scope of discovery, it seems prudent and cost effective under these particular circumstances to hold off on further discovery until that matter is resolved. And, as there is no discovery cut-off, Plaintiffs face minimal prejudice in a brief stay pending resolution of this issue. Accordingly, the Court **VACATES** the May 23 meet and confer. The parties are **ORDERED** to meet and confer to discuss the appropriate scope of discovery after the District Court rules on the pending class certification motion. In the meantime, the Court shall not consider any further disputes.

**IT IS SO ORDERED.**

Dated: May 17, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge