UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CAMPBELL, et al.,

    Plaintiffs,

    v.

FACEBOOK INC.,

    Defendant.

Case No. 13-cv-5996-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

Before the court is the parties' joint administrative motion to seal documents accompanying class certification briefs and evidentiary objections. See Dkt. 181. The motion, which was filed at the court's direction as a replacement for the overly-broad motions to seal that were filed previously, sets forth two categories of information for which plaintiffs seek sealing, and three categories of information for which Facebook seeks sealing. Specifically, plaintiffs seek the sealing of (1) representations of the specific content of plaintiffs' private correspondence with third parties, and (2) information concerning third parties' private affairs disclosed nowhere in public filings and not relevant to the merits of the motion for class certification. Facebook seeks the sealing of (1) information regarding the processes and functionality of Facebook's security and anti-abuse products and systems, (2) source code, and (3) the names of internal tables in Facebook's databases. The court finds that each of these categories of information is properly sealable, and GRANTS the parties' motion to the extent that it seeks such relief.

However, the parties have also redacted other information from their briefs and evidence, namely, the names of Facebook employees. The court takes this opportunity

to clarify its ruling from the class certification hearing – the court held that "the addresses and phone numbers of anyone, whether or not they are a party to the lawsuit," may be redacted. Dkt. 177 at 105. The court also allowed the redaction of the "names of people who are not parties to the suit." Id. Facebook's counsel then asked about the status of certain deponents, who were non-parties at the time of the deposition, but who may become parties if the class were to be certified. The court stated that those names could be redacted also, "regardless of what their status is," but intended to confine that ruling to the names of non-representative class members, regardless of their status as parties to the case. To the extent that either side seeks to redact the names of actual parties to the lawsuit (e.g., the named plaintiffs, or Facebook employees), that request is denied. Indeed, the current proposed redactions appear to redact the names of some Facebook employees, but not others. Compare Dkt. 178-1 at 8, n.26 with Dkt. 178-1 at 10, n. 38. In some instances, the same name sometimes appears redacted in one place, but unredacted in other places (and in some instances, those employees submit declarations, in which their names are, of course, unredacted). Compare Dkt. 178-1 at 10:3 with Dkt. 178-2 at 5, n.2, Dkt. 161-3. Accordingly, the parties are directed to re-file their briefs with the names of parties unredacted, and must also do so with respect to any exhibits affected by this ruling. The parties shall have until **June 15, 2016** to comply with this order.

**IT IS SO ORDERED.**

Dated: May 18, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge