GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
PRIYANKA RAJAGOPALAN, SBN 278504
PRajagopalan@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MATTHEW CAMPBELL and MICHAEL HURLEY,

Plaintiffs,

v.

FACEBOOK, INC.,

Defendant.

Case No. C 13-05996 PJH (MEJ)

**DEFENDANT FACEBOOK, INC.'S REQUEST TO RESPOND TO PLAINTIFFS' "OBJECTION" TO FACEBOOK'S ERRATA REGARDING CERTAIN PRE-CLASS PERIOD CONDUCT**

UNITED STATES DISTRICT COURT
DENIED
Judge Phyllis J. Hamilton
NORTHERN DISTRICT OF CALIFORNIA

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S REQUEST TO RESPOND TO PLAINTIFFS' "OBJECTION" TO FACEBOOK'S ERRATA REGARDING CERTAIN PRE-CLASS PERIOD CONDUCT
Case No. C 13-05996 PJH (MEJ)

Facebook respectfully requests leave to submit the following brief response to Plaintiffs' "Objection" to Facebook's Errata to evidence regarding certain pre-class period conduct. (Dkt. 187.)

Last week, Facebook filed its short Errata to correct and clarify an unintentional and immaterial error in the record regarding certain ***pre***-class period conduct. Specifically, in connection with its briefing, Facebook submitted evidence that (i) before the start of Plaintiffs' proposed class period, in some circumstances certain data regarding URL attachments sent with Facebook messages *may* have been logged in a Hive table called "share_stats," and (ii) the table was deleted *before* the beginning of the class period. (Dkt. 185.) Facebook recently learned that the second portion of this statement was incorrect; specifically, the "share_stats" table itself existed for a ***very brief*** period (22 days) during the proposed class period. (*Id.*) But the first and more critical part of the statement remains true: this table would only have reflected ***pre-class period*** data. (*Id*.) Therefore, no Facebook user who sent or received a message during the proposed class period could have had data regarding a URL attachment for that message logged to the "share_stats" table. (*Id*.) Nevertheless, Facebook filed the Errata in the interests of complete transparency and to correct the record.

But "no good deed goes unpunished." Less than 24 hours later, and without notice to Facebook, Plaintiffs filed an "Objection" to Facebook's Errata asking, in what must be a first, that the Court "strike" the correction. (Dkt. 187.) Apparently, Plaintiffs want the Court to consider ***inaccurate*** information (albeit on an immaterial point). Instead of identifying some effect on the propriety (or lack thereof)[1] of class certification, Plaintiffs use their "Objection" to tarnish Facebook, which is as meritless as it is unseemly. And once again, Plaintiffs' filing is replete with misrepresentations:[2]

1. Plaintiffs assert that Facebook "heavily relied upon" on the corrected information "in its opposition to class certification." (Dkt. 187 at 1.) That is false. The issue of when the "share_stats" table was deleted was ***not discussed*** in Facebook's Opposition Brief, and it was only one of several

[1] If anything, the fact that the "share_stats" table existed for the first 22 days of Plaintiffs' proposed 1,539-day class period (which was ***1.4%*** of the proposed class period) would create even *more* variability that would further underscore why Plaintiffs' claims are inappropriate for class treatment.

[2] The following addresses some but not all of the misstatements in Plaintiffs' latest brief.

1

DEFENDANT FACEBOOK, INC.'S REQUEST TO RESPOND TO PLAINTIFFS' "OBJECTION" TO FACEBOOK'S ERRATA REGARDING CERTAIN PRE-CLASS PERIOD CONDUCT
Case No. C 13-05996 PJH (MEJ)

Gibson, Dunn & Crutcher LLP

points referenced in Facebook's voluminous appendix of evidence (which itself was necessary to respond to brand new (and unpled) allegations mentioned for the first time in Plaintiffs' Motion).

2. Plaintiffs accuse Facebook of "cherry-pick[ing]" information and producing documents that were "strategically tailored specifically for this litigation" and "appear[] to reflect Facebook's lawyer's editing." (*Id.*) This is false. After Plaintiffs raised the "share_stats" table in their Motion for Class Certification, Facebook investigated the issue and submitted a declaration from Mr. Himel. (Dkt. 184-11, 185.) During his subsequent deposition, Mr. Himel testified that he determined when the table was deleted by looking at the "history of this table" in the "metadata logs." (Himel Depo., Feb. 4, 2016, 203:7-22.) Because Plaintiffs' assertions regarding "share_stats" were ***not pled***, Facebook did not produce this documentation prior to class certification briefing. Facebook recently agreed to (and did) produce this information to Plaintiffs. (Dkt. 185.) As is a standard and appropriate practice for producing relevant material from internal systems, Facebook exported the information to a file, in this case, Microsoft Excel, ***a practice expressly contemplated by the agreed-upon ESI Order in this matter***.[3] Plaintiffs' allegation that the document was edited by Facebook's lawyers is baseless. Facebook would have been happy to explain the provenance of the document to Plaintiffs if they had bothered to ask.[4]

3. Plaintiffs also attempt to reargue points from their class certification briefing, including points regarding certain logging functionality that they raised for the first time in their Reply Brief (which are a subject of Facebook's February 26 Objection and Request to Strike (Dkt. 178-4)). This additional argument is inappropriate, and a number of Plaintiffs' statements are incorrect. Facebook requests that the Court disregard Plaintiffs' new argument.

4. Plaintiffs claim that "Facebook has repeatedly taken the position that the production of key data, such as Facebook's source code, was unnecessary . . . ***only to be eventually forced to do so by the Court***." (Dkt. 187 at 3 (emphasis added).) This is demonstrably false. While the parties initially

[3] (Dkt. 74 at 3 ("To avoid production of entire large databases and enterprise systems, a party may opt to produce responsive information from databases and enterprise systems in an alternate form, such as an Excel spreadsheet or similar report, where practicable.").)

[4] Plaintiffs' other claims about this document, for example that it comes from a "configuration table," a term we have repeatedly told them is ambiguous and inapplicable to this data, are also false.

disagreed over the propriety of producing Facebook's highly confidential source code in this non-patent case, Facebook voluntarily made it available last July. (Dkt. 114-1 ¶ 15.) Since then, Plaintiffs' three experts have collectively reviewed the source code for over 80 days. Facebook hoped that production of its source code, which Plaintiffs told the Magistrate Judge was the "black box" they needed to understand Facebook's Messages product, would limit further burdensome discovery requests by Plaintiffs. Instead, the exact opposite occurred: Facebook's production of its source code has led Plaintiffs to demand more and more information (most of it irrelevant, and certainly not proportional, to their claims).[5]

For the foregoing reasons, Plaintiffs' "Objection" to Facebook's Errata concerning certain ***pre***-class period conduct is without merit and should be disregarded.

Dated: May 18, 2016

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/*
Christopher Chorba

Attorneys for Defendant FACEBOOK, INC.

[5] Facebook has repeatedly made entirely voluntary discovery compromises in an effort to streamline discovery and avoid unnecessary motions, only to have Plaintiffs use those compromises against Facebook, call them admissions (despite Facebook's continuing objections to their irrelevance and overbreadth), and demand more.

3

DEFENDANT FACEBOOK, INC.'S REQUEST TO RESPOND TO PLAINTIFFS' "OBJECTION" TO FACEBOOK'S ERRATA REGARDING CERTAIN PRE-CLASS PERIOD CONDUCT
Case No. C 13-05996 PJH (MEJ)

Gibson, Dunn & Crutcher LLP