GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
PRIYANKA RAJAGOPALAN, SBN 278504
PRajagopalan@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY<br><br>               Plaintiffs,<br><br>      v.<br><br>FACEBOOK, INC.,<br><br>               Defendant. | Case No. C 13-05996 PJH<br><br>**DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Defendant Facebook, Inc. ("Facebook") answers Plaintiffs' Second Amended Class Action Complaint (the "Complaint") as follows:

Except as otherwise expressly recognized herein, Facebook denies each and every allegation contained in the Complaint.  Facebook states that the headings, sub-headings and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Facebook denies the allegations in the headings, sub-headings, and footnotes in the Complaint.  Facebook expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## "I.    INTRODUCTION"

1.    Facebook denies the allegations in the first sentence of paragraph 1.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  The remaining allegations in paragraph 1 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the remaining allegations in paragraph 1 are deemed in whole or in part to be factual, Facebook admits that Plaintiffs purport to bring claims under these statutes and are requesting an order seeking injunctive, declaratory, and monetary relief, except that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' UCL and CIPA § 632 claims with prejudice, and in its Order dated May 18, 2016, the Court denied certification of a Rule 23(b)(3) class for monetary relief.  Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or that this action may be maintained as a class action.

2.    Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 2 that pertain to Plaintiffs' use of Facebook and/or the Facebook Messages product.  Facebook denies Plaintiffs' characterizations of the Facebook Messages product and its disclosures related to the Facebook Messages product.  Facebook admits that it processes the messages of Facebook users who send or receive messages through the Messages product.  Facebook further admits that, at certain times, and under certain circumstances, if a message sent through the Facebook Messages product included a link to another website (uniform resource identifier ("URL")) that contained a Facebook "Like" button plugin, the aggregate "Like" count for that URL

1

Gibson, Dunn &
Crutcher LLP

displayed on a social plugin may have increased.  Facebook denies the remaining allegations in paragraph 2.

3.      Facebook admits that, while it offers the Facebook social networking service to users for free, it generates revenue from targeted advertising.  Facebook further admits that it has more than 1.2 billion users.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 3.

4.      Facebook denies the allegations in paragraph 4.

## "II.     THE PARTIES"

5.      Facebook admits that a Facebook account with a user name of Matthew Campbell exists.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 5.

6.      Facebook admits that a Facebook account with a user name of Michael Hurley exists.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6.

7.      Facebook admits the allegations in paragraph 7.

## "III.    JURISDICTION"

8.      Facebook admits that this Court has federal question jurisdiction over claims that arise under the Electronic Communications Privacy Act, but Facebook denies that Plaintiffs have standing under Article III of the United States Constitution.  Facebook further denies Plaintiffs have stated a claim for a violation of any law, or that this action may be maintained as a class action.  Except as so admitted, Facebook denies the allegations in paragraph 8.

9.      Facebook admits that this Court has diversity jurisdiction under the Class Action Fairness Act, but Facebook denies that Plaintiffs have standing under Article III of the United States Constitution.  Facebook further denies Plaintiffs have stated a claim for a violation of any law, or that this action may be maintained as a class action.   Except as so admitted, Facebook denies the allegations in paragraph 9.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

10.     Facebook admits that its headquarters are in California and that it conducts business in California.  The remaining allegations in paragraph 10 are conclusions of law for which no responsive pleading is required and which are therefore denied.

### "IV.    INTRADISTRICT ASSIGNMENT"

11.     Facebook admits that its executive offices and corporate headquarters are located in Menlo Park, California.  Insofar as the allegations in paragraph 11 state conclusions of law, no response is required.  To the extent a response is required, Facebook is without information sufficient to form a belief as to the truth of the allegations in this paragraph and denies each and every allegation on that basis.  Facebook denies any express or implied allegation within this paragraph that any of its conduct was improper or unlawful.

12.     Facebook admits the allegations in paragraph 12.

### "V.    CHOICE OF LAW"

13.     The allegations in paragraph 13 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 13 are deemed in whole or in part to be factual, Facebook admits that paragraph 13 contains what appears to be a partial excerpt of its Statement of Rights and Responsibilities, and avers this document speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 13.

### "VI.    FACTS COMMON TO ALL COUNTS"

14.     Facebook admits that it operates the world's largest social-networking website.  Facebook admits that it has more than 1.2 billion users.  Facebook further admits that its social-networking website enables users to share text, photography, video, and other Internet content.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 14.

15.     Facebook admits that its social-networking website enables users to communicate with one another.  Facebook admits that the Facebook social-networking website includes Facebook Pages and the Facebook Messages product.  By way of further response, Facebook avers that Facebook Pages and the Facebook Messages product are not the only tools offered on the Facebook social-networking website.  Facebook admits that the Facebook Messages product includes

3

messages and chats.  Facebook further admits that Facebook chats are in an instant messaging format.  Except as so admitted, Facebook denies the allegations in paragraph 15.

16.   Facebook admits that, in order to establish a Facebook account, a Facebook user must agree to Facebook's Statement of Rights and Responsibilities and acknowledge reading Facebook's Data Use Policy (now known as the "Data Policy").  Facebook further admits that paragraph 16 contains what appears to be a partial excerpt of a prior version of the Facebook website at www.facebook.com, and Facebook avers that the document speaks for itself.

17.   Facebook admits the allegations in paragraph 17, except that Facebook's "Data Use Policy" is now known as its "Data Policy."

18.   Facebook admits that paragraph 18 quotes certain language used in one or more versions of its Statement of Rights and Responsibilities and Data Use Policy, and avers that these documents speak for themselves.  By way of further response, Facebook avers that the current versions of its Statement of Rights and Responsibilities and Data Policy speak for themselves.  Except as so admitted, Facebook denies the allegations in paragraph 18.

19.   Facebook admits that paragraph 19 quotes certain language used in an article that was available on the Facebook Help Center.  Facebook admits that there are different ways to share content on Facebook, including sharing content with a broad audience, sharing content with a small group of friends, and sharing content with an individual.  Facebook admits that one way to share content with an individual is to send a message.  By way of further response, Facebook avers that the document speaks for itself.

20.   Facebook admits that paragraph 20 quotes portions of an article that was available on the Facebook Help Center.  By way of further response, Facebook avers that the document speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 20.

21.   Facebook admits that the Facebook Messages product has, at certain points in time, included email, chat, and messaging functionality.  Facebook admits that, at certain points in time, users were able to use the Facebook Messages product to send messages to and receive messages from Facebook users and non-Facebook email addresses.  Except as so admitted, Facebook denies the allegations in paragraph 21.

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

22.     Facebook admits that the Facebook Messages product enables users to communicate with one another.  Facebook disputes Plaintiffs' characterizations of its Facebook Messages product and its disclosures related to the Facebook Messages product, or that its conduct provides a basis for any actionable claim.  Facebook further admits that paragraph 22 quotes certain language used in articles that were available on the Facebook Help Center, and avers that these documents speak for themselves.  Except as so admitted, Facebook denies the allegations in paragraph 22.

23.     Facebook admits that paragraph 23 contains certain words that were included in a Facebook post that was previously available on the Internet, and avers that this document speaks for itself.  Facebook disputes Plaintiffs' characterization of the document.  Except as so admitted, Facebook denies the allegations in paragraph 23.

24.     Facebook denies the allegations in paragraph 24.

25.     Facebook admits that it has developed items of embeddable HTML code called "social plugins," including the "Like" button.  Facebook admits that certain third-party websites offer social plugins in order to provide engaging and personalized social experiences to their users.  Facebook admits that social plugins allow people to share content using Facebook directly from third-party websites.  Except as so admitted, Facebook denies the allegations in paragraph 25.

26.     Facebook admits that it processes the messages of Facebook users who send or receive messages through the Messages product.  Facebook further admits that, at certain times, and under certain circumstances, if a message sent using the Facebook Messages product included a link to another website (URL) that contained a Facebook "Like" button plugin, the aggregate "Like" count for that URL displayed on a social plugin may have increased.  Facebook disputes Plaintiffs' characterizations of its Facebook Messages product, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 26.

27.     Facebook denies the allegations in paragraph 27.

28.     Facebook denies the allegations in paragraph 28.

29.     Facebook avers that the referenced documents speak for themselves.  Facebook disputes Plaintiffs' characterization of its conduct and its disclosures, or that its conduct provides a

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 29.

30.     Facebook admits that it has developed items of embeddable HTML code called "social plugins," including the "Like" button.  Facebook admits that certain third-party websites offer social plugins.  Facebook admits that social plugins allow people to share content using Facebook directly from third-party websites.  Facebook admits that paragraph 30 contains what appears to be a partial written excerpt of audio from a Facebook video titled "Understanding Social Plugins" that was posted to Facebook at one time, and Facebook avers that the document speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 30.

31.     Facebook admits that social plugins allow people to share content using Facebook directly from third-party websites.  Except as so admitted, Facebook denies the allegations in paragraph 31.

32.     Facebook admits that paragraph 32 contains what appears to be a partial written excerpt of audio from a Facebook video titled "Understanding Social Plugins" that was posted to Facebook at one time, and Facebook avers that the document speaks for itself.  Facebook disputes Plaintiffs' characterization of its conduct and its disclosures, or that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the allegations in paragraph 32.

33.     Facebook admits that paragraph 33 purports to characterize a blog post that was published on the *Wall Street Journal*'s website in October 2012.  Facebook avers that the blog post speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 33.

34.     Facebook admits that paragraph 34 purports to characterize an article that was published on the *Digital Trends* website in October 2012.  Facebook avers that the article speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 34.

35.     Facebook admits that paragraph 35 purports to characterize a blog post that was published on the *Wall Street Journal*'s website in October 2012.  Facebook avers that the blog post speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 35.

36.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 36.

37.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 37.

38.     Facebook admits that paragraph 38 purports to characterize an article that was published on Swiss security firm High-Tech Bridge's website in August 2013.  Facebook avers that the article speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 38.

39.     Facebook denies the allegations in paragraph 39.

40.     Facebook denies the allegations in paragraph 40.  By way of further response, Facebook disputes Plaintiffs' characterization of its conduct and its disclosures, or that its conduct provides a basis for any actionable claim.

41.     Facebook admits that it has developed items of embeddable HTML code called "social plugins," including the "Like" button.  Facebook admits that certain third-party websites offer social plugins.  Facebook admits that social plugins allow people to share content using Facebook directly from third-party websites.  By way of further response, Facebook admits that paragraph 41 purports to characterize an article that was published on CNET News' website in June 2010.  Facebook avers that the article speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 41.

42.     Facebook admits that paragraph 42 purports to characterize an article that was published on CNET News' website in June 2010.  Facebook avers that the article speaks for itself.  Except as so admitted, Facebook denies the allegations in paragraph 42.

43.     Facebook denies the allegations in paragraph 43.

44.     Facebook admits that paragraph 44 purports to characterize an episode of *Frontline*.  Facebook avers that the document speaks for itself.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.  Facebook lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 44.

"A.     **Facebook's Other Sharing of Intercepted Data With Third Parties**"

45.     Facebook denies the allegations in the first sentence of paragraph 45.  Facebook admits that under certain circumstances, an attachment to a Facebook message may result in the

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1    creation of an EntShare, and that Facebook also creates EntGlobalShares under certain

2    circumstances.  Except as so admitted, Facebook denies the allegations in paragraph 45.

3          46.    Facebook denies the allegations in paragraph 46.

4          47.    Facebook admits that paragraph 47 purports to characterize several documents

5    produced and/or filed in this lawsuit.  Facebook avers that the documents speak for themselves.

6    Facebook disputes Plaintiffs' and Dr. Jennifer Golbeck's characterization of its conduct, or that its

7    conduct provides a basis for any actionable claim.  Facebook admits that "Insights" is the name of a

8    Facebook user interface that provides domain owners with data about interaction with and traffic to

9    their websites, including aggregate, anonymous statistics and aggregate, anonymous demographic

10   information, and that URL shares in messages may have been included in this aggregate, anonymous

11   information for a period of time ending in late 2012.  Except as so admitted, Facebook denies the

12   allegations in paragraph 47.

13         48.    Facebook admits that paragraph 48 purports to characterize several documents

14   produced and/or filed in this lawsuit.  Facebook avers that the documents speak for themselves.

15   Facebook disputes Plaintiffs' and Dr. Jennifer Golbeck's characterization of its conduct, or that its

16   conduct provides a basis for any actionable claim.  Facebook admits that for a period of time ending

17   in late 2012, URL shares in messages may have been included in the aggregate, anonymous counts

18   for the Graph API and "link_stats" API.  Except as so admitted, Facebook denies the allegations in

19   paragraph 48.

20         49.    Facebook denies the allegations in paragraph 49.

21         50.    Facebook denies the allegations in paragraph 50.  Facebook disputes Plaintiffs'

22   characterization of its conduct, or that its conduct provides a basis for any actionable claim.

23         51.    Facebook denies the allegations in paragraph 51.

24         52.    Facebook admits that it has more than one billion users.  Facebook admits that

25   paragraph 52 contains what appears to be a partial excerpt of a Facebook article titled "How

26   Advertising and Sponsored Stories Works" that was available on Facebook.  Facebook avers that

27   this document speaks for itself.  Facebook admits that it earns revenue from advertisements it

28   displays to Facebook users, and that such advertisements may be targeted based on certain

8

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1   information provided by users to Facebook.  Except as so admitted, Facebook denies the allegations

2   in paragraph 52.

3        53.     Facebook admits that paragraph 53 purports to characterize a third-party study

4   published by Nielsen OCR.  Facebook avers that this document speaks for itself.  Facebook admits

5   that it earns revenue from advertisements it displays to Facebook users, and that such advertisements

6   may be targeted based on certain information provided by users to Facebook.  Except as so admitted,

7   Facebook denies the allegations in paragraph 53.

8        54.     Facebook admits that paragraph 54 purports to characterize an article titled "Private

9   Traits and Attributes are Predictable from Digital Records of Human Behavior" that was published

10  in the *Proceedings of the National Academy of Sciences of the United States of America* in 2013.

11  Facebook admits that paragraph 54 purports to characterize an article titled "Social Influence in

12  Social Advertising:  Evidence from Field Experiments" that was published in *Proceedings of the*

13  *13th ACM Conference on Electronic Commerce* in 2012.  Facebook avers that these documents

14  speak for themselves.  Facebook disputes Plaintiffs' characterization of its conduct, or that its

15  conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies the

16  allegations in paragraph 54.

17       55.     Facebook admits that it receives, processes, and stores information shared by users on

18  Facebook, including when users send messages.  Facebook avers that it uses all information shared

19  on Facebook in accordance with its Statement of Rights and Responsibilities and its Data Policy,

20  and avers that these documents speak for themselves.  By way of further response, Facebook admits

21  that paragraph 55 purports to characterize an article titled "Information For Law Enforcement

22  Authorities" that was available on Facebook's Safety Center.  Facebook avers that the document

23  speaks for itself.  Facebook disputes Plaintiffs' characterization of its conduct and disclosures, or

24  that its conduct provides a basis for any actionable claim.  Except as so admitted, Facebook denies

25  the allegations in paragraph 55.

26       56.     Facebook admits that paragraph 56 contains what appears to be a partial excerpt of a

27  statement by the Senate Judiciary Committee, and Facebook avers that this document speaks for

28  itself.  The remaining allegations in paragraph 56 are conclusions of law for which no responsive

pleading is required and which are therefore denied.  To the extent the allegations in paragraph 56 are deemed in whole or in part to be factual, Facebook denies them.

57.   Facebook admits that paragraph 57 contains what appears to be a partial excerpt of a statement by Senator Patrick Leahy, and Facebook avers that this document speaks for itself.  The remaining allegations in paragraph 57 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 57 are deemed in whole or in part to be factual, Facebook denies them.

58.   Facebook admits that paragraph 58 purports to characterize the "Fair Information Practice Principles" published by the U.S. Department of Health and Human Services.  Facebook avers that this document speak for itself.  The remaining allegations in paragraph 58 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent these allegations are deemed in whole or in part to be factual, Facebook denies them.  Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim.

59.   Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 59.

60.   Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 60.

61.   Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 61.

## "VII.   CLASS ALLEGATIONS"

62.   Facebook admits that Plaintiffs purport to bring a class action under Rule 23 of the Federal Rules of Civil Procedure.  The remaining allegations in paragraph 62 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent these allegations are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

63.   Facebook admits that Plaintiffs purport to exclude certain entities and individuals from the putative class.  By way of further response, Facebook avers that this action may not be

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1  maintained as a class action.  Except as so admitted, Facebook denies the allegations in paragraph

2  63.

3        64.      The allegations in paragraph 64 are conclusions of law for which no responsive

4  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 64

5  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

6  Facebook avers that this action may not be maintained as a class action.

7        65.      The allegations in paragraph 65 are conclusions of law for which no responsive

8  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 65

9  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

10  Facebook avers that this action may not be maintained as a class action.

11        66.      The allegations in paragraph 66 are conclusions of law for which no responsive

12  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 66

13  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

14  Facebook avers that this action may not be maintained as a class action.

15        67.      The allegations in paragraph 67 are conclusions of law for which no responsive

16  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 67

17  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

18  Facebook avers that this action may not be maintained as a class action.

19        68.      The allegations in paragraph 68 are conclusions of law for which no responsive

20  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 68

21  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

22  Facebook avers that this action may not be maintained as a class action.

23        69.      The allegations in paragraph 69 are conclusions of law for which no responsive

24  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 69

25  are deemed in whole or in part to be factual, Facebook denies them.  By way of further response,

26  Facebook avers that this action may not be maintained as a class action.

27        70.      The allegations in paragraph 70 are conclusions of law for which no responsive

28  pleading is required and which are therefore denied.  To the extent the allegations in paragraph 70

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

71.     The allegations in paragraph 71 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 71 are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook avers that this action may not be maintained as a class action.

### "VIII. THE CLASS REPRESENTATIVES"

72.     Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 72.

73.     Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73.

### "IX.  CAUSES OF ACTION

In response to footnote 3, Facebook admits that the Court dismissed Plaintiffs' UCL and CIPA § 632 claims with prejudice in its Order dated December 23, 2014.  Facebook denies that Plaintiffs may maintain these claims.

### COUNT ONE

**(Violations of the Electronic Communications Privacy Act,
18 U.S.C. §§ 2510 *et seq.*)"**

74.     Responding to paragraph 74, Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

75.     Facebook admits that Plaintiffs purport to bring claims under these statutes. Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or that this action may be maintained as a class action.

76.     Facebook admits the allegations in paragraph 76.

77.     Facebook admits that it presently has over 166 million users in the United States. Facebook further admits that it presently has more than one billion users.  The remaining allegations in paragraph 77 are conclusions of law for which no responsive pleading is required and which are

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

therefore denied.  To the extent the allegations in paragraph 77 are deemed in whole or in part to be factual, Facebook denies them.

78.     The allegations in paragraph 78 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 78 are deemed in whole or in part to be factual, Facebook denies them.

79.     The allegations in paragraph 79 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 79 are deemed in whole or in part to be factual, Facebook denies them.

80.     Facebook denies the allegations in paragraph 80.

81.     The allegations in paragraph 81 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 81 are deemed in whole or in part to be factual, Facebook denies them.

82.     The allegations in paragraph 82 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 82 are deemed in whole or in part to be factual, Facebook denies them.

83.     The allegations in paragraph 83 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 83 are deemed in whole or in part to be factual, Facebook denies them.

84.     The allegations in paragraph 84 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 84 are deemed in whole or in part to be factual, Facebook denies them.

85.     The allegations in paragraph 85 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 85 are deemed in whole or in part to be factual, Facebook denies them.

86.     The allegations in paragraph 86 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 86 are deemed in whole or in part to be factual, Facebook denies them.

87.     Facebook denies the allegations in paragraph 87.

13

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

88.     Facebook denies the allegations in paragraph 88.

89.     Facebook denies the allegations in paragraph 89.

90.     The allegations in paragraph 90 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 90 are deemed in whole or in part to be factual, Facebook denies them.

91.     Facebook disputes Plaintiffs' characterization of its conduct, or that its conduct provides a basis for any actionable claim, and Facebook denies the allegations in paragraph 91.

92.     The allegations in paragraph 92 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 92 are deemed in whole or in part to be factual, Facebook denies them.

93.     Facebook denies the allegations in paragraph 93.

94.     Facebook denies the allegations in paragraph 94.

95.     Facebook denies the allegations in paragraph 95.

96.     The allegations in paragraph 96 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 96 are deemed in whole or in part to be factual, Facebook denies them.

## "COUNT TWO

### (Violations of the California Invasion of Privacy Act,

### Cal. Penal Code §§ 631)"

97.     Responding to paragraph 97, Facebook incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

98.     Facebook avers that in its Order dated December 23, 2014, the Court dismissed Plaintiffs' claim under California Penal Code § 632 with prejudice, and therefore no response to this paragraph is required.  To the extent a response is required, Facebook denies that Plaintiffs are entitled to any relief and/or remedies under any of these laws, or that this action may be maintained as a class action.  The allegations in paragraph 98 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the remaining allegations in paragraph 98 are deemed in whole or in part to be factual, Facebook denies them.

14

99.     Facebook admits that the language quoted in paragraph 99 appears in California Penal Code § 630.  Facebook denies that the language has anything to do with Facebook's conduct or renders unlawful any of Facebook's conduct.

100.    The allegations in paragraph 100 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 100 are deemed in whole or in part to be factual, Facebook denies them.

101.    Facebook lacks knowledge or information sufficient to admit or deny the allegations in paragraph 101.

102.    The allegations in paragraph 102 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 102 are deemed in whole or in part to be factual, Facebook denies them.

103.    The allegations in paragraph 103 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 103 are deemed in whole or in part to be factual, Facebook denies them.

104.    The allegations in paragraph 104 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 104 are deemed in whole or in part to be factual, Facebook denies them.

105.    Facebook admits the allegations in paragraph 105.

106.    The allegations in paragraph 106 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 106 are deemed in whole or in part to be factual, Facebook denies them.

107.    Facebook denies the allegations in paragraph 107.

108.    Facebook denies the allegations in paragraph 108.

109.    The allegations in paragraph 109 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 109 are deemed in whole or in part to be factual, Facebook denies them.

110.    Facebook denies the allegations in paragraph 110.

111.    Facebook denies the allegations in paragraph 111.

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

112.    The allegations in paragraph 112 are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 112 are deemed in whole or in part to be factual, Facebook denies them.

113.    Facebook denies the allegations in paragraph 113.

114.    Facebook denies the allegations in paragraph 114.

### "JURY TRIAL DEMANDED"

This paragraph is a demand for a jury trial, to which no response is required.

### "PRAYER FOR RELIEF"

The allegations set forth in Plaintiffs' "Prayer for Relief" are conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations in paragraph 1 through 7 of Plaintiffs' "Prayer for Relief" are deemed in whole or in part to be factual, Facebook denies them.  By way of further response, Facebook denies that Plaintiffs' purported class is certifiable or that Plaintiffs or members of the purported class suffered injury or damage of any kind.  Facebook denies that Plaintiffs or the members of the purported classes are entitled to any relief on any of their claims.

### AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, Facebook pleads the following separate and additional defenses.[1]

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Facebook denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiffs and the putative class.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' Complaint, and each and every purported cause of action, fails to state a claim upon which relief can be granted.

---

[1]   Facebook maintains all of its affirmative defenses, and it has not eliminated defenses to claims that have been dismissed (given Plaintiffs' purported reservation of rights) and/or defenses raised in connection with class certification.

Gibson, Dunn & Crutcher LLP

1

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

2       Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States

3   Constitution and/or by Article 1, Section 2 of the California Constitution.

4

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

5       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

6   because Plaintiffs and the putative class members lack standing under Article III of the United States

7   Constitution.

8

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

9       Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

10  because Plaintiffs and the putative class members lack standing under the Electronic

11  Communications Privacy Act, 18 U.S.C. 2510, *et seq*.

12

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

13      Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part,

14  because Plaintiffs and the putative class members lack standing under the California Invasion of

15  Privacy Act, California Penal Code § 631.

16

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

17      This Court lacks jurisdiction over some or all of the claims asserted by the Plaintiffs and/or

18  the purported class.

19

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

20      Plaintiffs and the putative class members have not sustained any injury or damage as a result

21  of any actions allegedly taken by Facebook, and are thus barred from asserting any claims against

22  Facebook.

23

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

24      Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory

25  damages—are limited by the terms of the contracts between Facebook and Plaintiffs.

26

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

27      Plaintiffs' claims are barred, in whole or in part, because the damages sought by Plaintiffs and

28  the putative class members are speculative and remote and impossible to ascertain.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

2
3

Plaintiffs' claims are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.

4

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

5
6

Plaintiffs have failed to mitigate their alleged damages, if any, and any recovery should be reduced or denied accordingly.

7

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

8
9

Plaintiffs are barred by the doctrine of unclean hands from maintaining each and every purported claim against Facebook, or from recovering any damages thereunder from Facebook.

10

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

11

Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

12

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

13
14

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, by contracts and/or agreements they entered into with Facebook.

15

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

16
17
18
19

If Plaintiffs have sustained any damages as alleged in the Complaint, which Facebook denies, such damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiffs and/or of third parties, such that Facebook is not responsible or liable for any damages allegedly suffered by Plaintiffs.

20

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

21
22
23
24
25

Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment of Plaintiffs.  In particular, Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent that Plaintiffs have used any of Facebook's services that are enabled by the practices that Plaintiffs seek to challenge.

26

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

27
28

Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the applicable statutes of limitation and statutes of repose.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

2       Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

3 doctrine of laches.

4

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

5       Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

6 doctrine of estoppel.

7

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

8       Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, by the

9 doctrine of waiver.

10

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

11       Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part, to the

12 extent there is an adequate remedy at law.

13

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

14       Plaintiffs' Complaint and each purported cause of action are barred, in whole or in part,

15 because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of

16 the occurrences that form the bases of their claims as alleged in the Complaint.

17

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

18       Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the

19 putative plaintiff class representatives are not sufficiently typical of those of the purported class

20 members, common issues of fact and law do not predominate over individual issues and liability and

21 damages cannot be proven on a class-wide basis, the putative plaintiff class representatives will not

22 adequately represent the purported plaintiff class, the putative plaintiff class is not ascertainable, the

23 putative class is not cohesive, the proposed class action would not be manageable, a class action is

24 not a superior method for adjudicating the purported claims set forth in Plaintiffs' Complaint, and

25 final injunctive relief or corresponding declaratory is not appropriate respecting the putative class as a

26 whole.

27

28

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

2         Plaintiffs may not maintain this lawsuit as a class action because the interests of the purported

3 class members are in conflict with each other.

4

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

5         Any attempt to require Facebook to identify, locate or notify absent persons on whose behalf

6 this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth

7 Amendment to the United States Constitution.

8

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

9         As a matter of constitutional right and substantive due process, Facebook would be entitled to

10 contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the

11 purported plaintiff class prevail on their claims.  Trying this case as a class action would violate the

12 United States Constitution and the Constitution of California.

13

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

14         Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

15 at all relevant times, Facebook's actions were a necessary incident to the rendition of services.

16

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

17         Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

18 at all relevant times, Facebook's alleged conduct was authorized.

19

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

20         Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

21 at all relevant times, Facebook's actions were within the ordinary course of business.

22

**THIRTY-FIRST  SEPARATE AND ADDITIONAL DEFENSE**

23         Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because

24 to the extent Facebook engaged in any of the alleged acts, omissions, or conduct, it did so with

25 justification.

26

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

27         Plaintiffs' application of the California Invasion of Privacy Act in this case is contrary to

28 public policy.

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

2      Plaintiffs' remaining state law claim is preempted by federal law.

3

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

4      Statutory damages under 18 U.S.C. § 2510 should not be awarded or should otherwise be

5  limited because:  (i) such an award would violate the substantive and procedural safeguards

6  guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1,

7  Section 7 of the California Constitution, and by the common law; and (ii) the imposition of such an

8  award would constitute an excessive fine or penalty under the Eighth Amendment to the United

9  States Constitution and Article 1, Section 17 of the California Constitution.

10

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

11      Per 18 U.S.C § 2520(d), Facebook acted in good faith reliance on a court warrant or order, a

12  grand jury subpoena, a legislative authorization, or a statutory authorization; a request of an

13  investigative or law enforcement officer under 18 U.S.C § 2518(7); and/or a good faith determination

14  that 18 U.S.C § 2511(3) or 18 U.S.C § 2511(2)(a)(i) permitted the conduct complained of.

15

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

16      The Complaint and each cause of action are vague, ambiguous, and uncertain.  Facebook

17  reserves the right to add additional defenses as the factual bases for each of Plaintiffs' claims and

18  allegations become known.

19

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

20      Facebook has insufficient knowledge or information upon which to form a basis as to whether

21  it may have additional, as yet unstated, separate defenses available.  Facebook has not knowingly or

22  intentionally waived any applicable affirmative defenses and reserves the right to raise additional

23  affirmative defenses as they become known to it through discovery in this matter.  Facebook further

24  reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete

25  affirmative defenses that it determines are not applicable during the course of subsequent discovery.

26

27

28

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

**PRAYER**

2        WHEREFORE, Facebook prays for the following relief:

3        A.        That judgment on the Complaint, and on each cause of action, be entered in favor of

4    Facebook;

5        B.        That this Court finds that this suit cannot be maintained as a class action;

6        C.        That Plaintiffs and the members of the putative class take nothing by Plaintiffs'

7    Complaint;

8        D.        That the request for declaratory and injunctive relief be denied;

9        E.        That Facebook be awarded its costs incurred, including reasonable attorneys' fees; and

10        F.        For such other and/or further relief as this Court may deem just and proper.

11    Dated:  June 28, 2016                          Respectfully submitted,

12                                                    GIBSON, DUNN & CRUTCHER LLP

13                                                    By:  _____/s/_____
14                                                              Joshua A. Jessen

15                                                    Attorneys for Defendant FACEBOOK, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH

1

## **<u>JURY DEMAND</u>**

2

Defendant Facebook, Inc. hereby demands a jury trial on all issues so triable.

3

Dated:  June 28, 2016                              Respectfully submitted,

4

GIBSON, DUNN & CRUTCHER LLP

5

By:  _____
                                          */s/*
6
                                                         Joshua A. Jessen

7

Attorneys for Defendant FACEBOOK, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. C 13-05996 PJH