UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CAMPBELL, et al.,

    Plaintiffs,

    v.

FACEBOOK INC.,

    Defendant.

Case No. 13-cv-05996-PJH

**ORDER DENYING MOTIONS TO COMPEL AND GRANTING MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 205, 206, 207, 208, 213

Before the court are three discovery motions by plaintiffs: a motion to compel production of source code (Dkt. 206), a motion to compel production of configuration tables (Dkt. 207), and a motion to compel further document searches (Dkt. 208). The motions are fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motions to compel for the following reasons.

**DISCUSSION**

**A.  Legal Standard**

A party may bring a motion to compel discovery when another party has failed to respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense <u>and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (emphasis added). As the moving party, plaintiffs must inform the court which discovery requests are the subject of the motion to compel, why defendant's objections are not justified or why the response provided is deficient, and how proportionality and the other requirements of Federal Rule of Civil Procedure 26(b) are met. See Civil L.R. 37-2.

**B.   Analysis**

The court has reviewed the factual background and allegations in this case in detail in its prior order partially granting class certification. See Dkt. 192. In that ruling, the court certified a class for injunctive and declaratory relief only. Id. at 29. Plaintiffs' case was limited to three specific alleged uses by Facebook of URLs in Facebook messages: (1) Facebook counts a URL in a message as a "like" of the website; (2) Facebook uses the data regarding URLs in messages to generate recommendations for Facebook users; and (3) Facebook shares the data regarding URLs in messages with third parties to generate targeted advertising. Id. at 3–5. Following its ruling, the court permitted plaintiffs to file the operative second amended complaint. Dkt. 196.

In accordance with the limits of the case at this stage, discovery must be tailored to the relief sought and the remaining claims. As a general matter, the court finds that plaintiffs' discovery requests are overboard, apparently seeking to discover new practices to challenge, as opposed to seeking more information on the specific uses at issue in this case. The discovery sought is therefore not "proportional to the needs of the case" under Rule 26.

**1.   Motion to Compel Further Document Searches**

The motion to compel further document searches centers on the specific search terms and time periods to be used to narrow document searches. See Dkt. 208 App. A. The court has reviewed the proposed search terms and timeframes and finds that plaintiffs' proposed searches are overboard and not tailored to the claims at issue. The court therefore DENIES the motion to compel further document searches, provided that

Facebook proceeds with its counterproposal on the search term issue.  See Dkt. 208 App. A, column 4; Dkt. 216 at 9.[1]

### 2. Motion to Compel Source Code

Plaintiffs' overreach is most apparent in its motion to compel inspection of over three years of Facebook's highly proprietary source code.  This case is limited to three specific uses of URLs in messages described in the class certification order.  Plaintiffs are not automatically entitled to review the entirety of Facebook's source code during the entire class period based on their allegations, especially when Facebook has represented that the challenged practices have ceased.  Facebook has proposed another Rule 30(b)(6) deposition, document searches, DIFFs reflecting specific changes to the code, and interrogatories as reasonable alternative discovery to allow plaintiffs to verify cessation of the specific challenged practices.  Dkt. 214 at 9–10.  The court finds that further source code review is unreasonable and disproportionate in light of the narrow issues remaining in the case.  The court therefore DENIES the motion to compel source code review, provided that Facebook proceeds with the reasonable discovery that it describes to allow plaintiffs to confirm cessation of the specific challenged practices.

### 3. Motion to Compel Production of Configuration Tables

Plaintiff's third motion to compel seeks production of a number of configuration tables that are purportedly related to the challenged practices.  As with the other two motions, the court finds that plaintiffs' requests for configuration tables are overbroad, apparently seeking information about Facebook practices far beyond those at issue. Plaintiffs seek production of millions of cells of proprietary and sensitive information that is unrelated to specific practices identified in the class certification order.  As Facebook represents, configuration data related to the three challenged practices does not exist in any discrete table.  Dkt. 215 at 6.  In such a context, production of several entire

---

[1] The parties also raise issues regarding searches from non-individual custodial sources.  As Facebook has agreed to produce from these sources, the court DENIES the motion to compel production from these sources as moot.  As these sources lack search capacity, the parties will need to find a reasonable approach to production from these sources.

configuration tables only tangentially related to the practices at issue is not proportional to the needs of the case.  Instead, Facebook should proceed with its counterproposal to provide another Rule 30(b)(6) deposition, and/or specific configuration data based on specific relevant code calls identified by plaintiffs.  See Dkt. 215 at 10.  Plaintiffs' motion to compel production of configuration tables is DENIED.

### 4. Motions to File Under Seal

Both parties have filed administrative motions to file portions of their papers under seal in conjunction with these motions.  Dkt. 205, 213.  Facebook has filed a detailed declaration by Nikki Stitt Sokol supporting plaintiffs' motion.  Dkt. 211.  Because this is a discovery matter only tangentially related to the merits of the case, the parties need only show that that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Sealing requests must be narrowly tailored under the local rules and Ninth Circuit authority.  See Civil L.R. 79-5(b).

The court finds that there is good cause to file the materials under seal pursuant to this court's earlier order, which permitted redaction of "(1) information regarding the processes and functionality of Facebook's security and antiabuse products and systems, (2) source code, and (3) the names of internal tables in Facebook's database." Dkt. 193 at 1.  The court will therefore GRANT Facebook's motion to file under seal.  The court will also GRANT plaintiffs' motion to file under seal, provided that the plaintiffs re-file their papers with the more limited redactions detailed in Facebook's Sokol declaration.  See Dkt. 211.

### CONCLUSION

For the foregoing reasons, plaintiffs motions to compel are DENIED.  However, Facebook shall provide plaintiffs the alternative reasonable and proportional discovery that was described in its opposition papers.  Facebook's motion to file under seal (Dkt.

213) is GRANTED. Plaintiffs' motion to file under seal (Dkt. 205) is GRANTED in part: within two weeks of this order, plaintiffs shall re-file their motion papers in accordance with the more narrow redactions set forth in Facebook's declaration supporting plaintiffs' motion to file under seal.

**IT IS SO ORDERED.**

Dated: October 4, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge