1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| MATTHEW CAMPBELL and MICHAEL HURLEY, | Case No. C 13-05996 PJH-SK |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| FACEBOOK, INC., | |
| Defendant. | |

1  WHEREAS, the above-entitled action is pending before this Court (the "Action");

2  WHEREAS, the Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action, in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Class Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement filed on March 1, 2017, which sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and having heard any argument of counsel; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

3. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4. The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Settlement Agreement not receive final approval or should the Effective Date not occur), a class defined as all natural-person Facebook users located within the United States and its territories who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from December 30, 2011 to March 1, 2017. The only changes between the Settlement Class and the class certified by the Court on May 18, 2016, are (1) the explicit inclusion of Facebook users located in United States territories, and (2) bringing the end of the class period current to the date of settlement. Excluded from the Settlement Class are (i) all Persons who are directors, officers, and agents of Facebook or its subsidiaries and affiliated

1 companies or are designated by Facebook as employees of Facebook or its subsidiaries and affiliated
2 companies; and (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate
3 court to which this matter is ever assigned, and its immediate family and staff.

4      5.     The Court finds, for settlement purposes only, that the expansion of the certified class
5 to include all Settlement Class Members is appropriate under Federal Rule of Civil Procedure
6 23(b)(2) in the settlement context because (1): the Defendant is alleged to have acted or refused to act
7 on grounds that apply generally to the Settlement Class, so that the described injunctive and non-
8 monetary relief is appropriate with respect to the Settlement Class as a whole; and (2): (a) the
9 Settlement Class Members are so numerous that joinder of all Class Members in the class action is
10 impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims
11 of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and
12 their counsel will fairly and adequately represent and protect the interests of the Class Members; and
13 (e) a class action is superior to other available methods for the fair and efficient adjudication of the
14 controversy.

15      6.     The Court finds that, subject to the Fairness Hearing, the Settlement Agreement is fair,
16 reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that
17 the Settlement Agreement substantially fulfills the purposes and objectives of the class action and
18 provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement
19 Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving
20 experienced counsel familiar with the legal and factual issues of this case and made with the
21 assistance and supervision of a mediator; (b) meets all applicable requirements of law, including
22 Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715;
23 and (c) is not a finding or admission of liability by Defendant.

24      7.     Notice of the settlement is not required here.  *See* Fed. R. Civ. P. 23(c)(2)(A) (stating
25 that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added).
26 The Court finds that notice also is not required because the Settlement Agreement only releases
27 claims for injunctive and/or declaratory relief and does not release the monetary or damages claims of
28 the Class (*see* Settlement Agreement, ¶ 49), and thus the settlement expressly preserves the individual

rights of class members to pursue monetary claims against the defendant.  *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, No. 11-cv-03796-LB, 2012 WL 5948951, at *4, 17 (N.D. Cal. Nov. 28, 2012).

8. The Court finds that the CAFA Notice sent by Facebook complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

9. Each Settlement Class Member shall be given a full opportunity to comment on or object to the Settlement Agreement, and to participate at a Fairness Hearing.  Comments or objections must be in writing, and must include (1) the name and case number of the Action (*Campbell et al. v. Facebook, Inc.*, Case No. 13-5996-PJH); (2) the Settlement Class Member's  full legal name and mailing address; (3) the personal signature of the Settlement Class member; (4) the grounds for any objection; (5) the name and contact information of any and all attorneys representing, advising, or assisting with the comment or objection, or who may profit from pursuing any objection; and  (6) a statement indicating whether the Settlement Class Member intends to appear at the Final Approval Hearing, either personally or through counsel.

10. To be considered, written comments or objections must be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, within 60 days after the entry of this Order.  No Class Member shall be entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of the Class Member's intention to appear at the Final Approval Hearing is timely filed, or postmarked for mail to the Court within 60 days after date of entry of this Order.

11. The date of the postmark on the envelope containing the written objection shall be the exclusive means used to determine whether an objection has been timely submitted.  Class Members who fail to mail timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from objecting to the Settlement Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

12. The Court appoints Plaintiffs Michael Hurley and Matthew Campbell as the Class Representatives, and the law firms of Lieff Cabraser Heimann & Bernstein, LLP and Carney Bates & Pulliam, PLLC as Class Counsel.

13. A hearing (the "Fairness Hearing") shall be held before this Court on _____, 2017, at _____.m., at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 – 3rd Floor, 1301 Clay Street, Oakland, California 94612, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Final Approval Order and Final Judgment as provided in the Settlement Agreement should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation of, or service on behalf of, the Settlement Class.  All Settlement Class Members will be bound by any Final Approval Order and Final Judgment dismissing the Action with prejudice.

14. Class Counsel's application for attorneys' fees, costs and expenses shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval.  Any opposition, comment, or objection shall be filed no later than sixty (60) days after the Court's order of preliminary approval.  Any reply shall be filed no later than seventy-four (74) days after the Court's order of preliminary approval.

15. The motion in support of final approval of the settlement shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval.  Any opposition or objection shall be filed no later than sixty (60) days after the Court's order of preliminary approval. Any reply shall be filed no later than seventy-four (74) days after the Court's order of preliminary approval.

16. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees, costs and expenses, and any award to the Class Representatives for their representation of, and service to, the Class, should be approved.

17. Neither this order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as,

admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant.  This order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action except by the settling Parties and only the settling Parties in a proceeding to enforce the Settlement Agreement.

18.  The Court reserves the right to adjourn the date of the Fairness Hearing and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice.

19.  All discovery and proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Settlement Class Members and their Legally Authorized Representatives are preliminarily enjoined from filing or otherwise participating in any other suit based on the Released Claims in the Settlement Agreement.

20.  The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement described therein.

IT IS SO ORDERED.

DATED: _____

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE