# EXHIBIT 1

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol, SBN 194857
msobol@lchb.com
David T. Rudolph, SBN 233457
drudolph@lchb.com
Melissa Gardner, SBN 289096
mgardner@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

CARNEY BATES & PULLIAM, PLLC
Hank Bates, SBN 167688
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

*Attorneys for Plaintiffs and the Class*

GIBSON, DUNN & CRUTCHER LLP
JOSHUA A. JESSEN, SBN 222831
JJessen@gibsondunn.com
JEANA BISNAR MAUTE, SBN 290573
JBisnarMaute@gibsondunn.com
ASHLEY M. ROGERS, SBN 286252
ARogers@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. C 13-05996 PJH-SK<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Judge Phyllis J. Hamilton |

# **TABLE OF CONTENTS**

Page

I.      RECITALS ................................................................................................................. 1

II.     DEFINITIONS .......................................................................................................... 4

III.    SETTLEMENT CLASS CERTIFICATION ............................................................. 6

IV.     SETTLEMENT CONSIDERATION AND INJUNCTIVE RELIEF ........................ 7

V.      SUBMISSION OF THE SETTLEMENT AGREEMENT TO THE COURT FOR REVIEW AND APPROVAL ..................................................................................... 9

VI.     RELEASES AND DISMISSAL OF ACTION ........................................................ 11

VII.    NOTICE PURSUANT TO 28 U.S.C. § 1715 ......................................................... 14

VIII.   ATTORNEYS' FEES AND COSTS ....................................................................... 14

IX.     MODIFICATION OR TERMINATION OF SETTLEMENT AGREEMENT AND FACEBOOK'S RESERVATION OF RIGHTS ...................................................... 16

X.      MISCELLANEOUS PROVISIONS ....................................................................... 18

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, including Exhibits A-B hereto ("Settlement Agreement" or "Agreement"), is made and entered into by, between, and among Plaintiffs Matthew Campbell and Michael Hurley (together, "Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Facebook, Inc. ("Defendant" or "Facebook").  Class Representatives, the Settlement Class, and Facebook (collectively, the "Parties") enter into this Agreement to effect a full and final settlement and dismissal of *Campbell, et al. v. Facebook, Inc.*, Case No. 13-cv-05996 PJH-SK (N.D. Cal.) (the "Action").

## I.    RECITALS

1.    WHEREAS, on December 30, 2013, Class Representatives Matthew Campbell and Michael Hurley filed a class action complaint in the United States District Court for the Northern District of California asserting claims under the Electronic Communications Privacy Act ("ECPA"; 18 U.S.C. § 2510, *et seq.*); the California Invasion of Privacy Act ("CIPA"; Cal. Penal Code § 630, *et seq.*); and California's Unfair Competition Law ("UCL"; California Business and Professions Code § 17200, *et seq.*), alleging, *inter alia*, that Facebook "read[] its users' personal, private Facebook messages without their consent" for "purposes including but not limited to data mining and user profiling," "generating 'Likes' for web pages," and "targeted advertising," on behalf of themselves and a proposed class of "[a]ll natural person Facebook users located within the United States who have sent or received private messages where such message included URLs in the content, from within two years before the filing of this action up through and including the date of the judgment in this case" (*see* Dkt. 1);

2.    WHEREAS, on January 21, 2014, plaintiff David Shadpour filed another complaint in the United States District Court for the Northern District of California alleging similar facts and asserting similar classwide claims under CIPA and the UCL against Facebook (*see Shadpour v. Facebook, Inc.*, Case No. 5:14-cv-00307-PSG (N.D. Cal.), Dkt. 1);

3.    WHEREAS, on April 15, 2014, the Court granted Plaintiffs' Motion to Consolidate the Related Actions (*see* Dkt. 24), thereby consolidating the *Campbell* and *Shadpour* actions, and on April 25, 2014, the plaintiffs filed a Consolidated Amended Complaint asserting ECPA, CIPA, and

UCL claims on behalf of themselves and a proposed class of "[a]ll natural-person Facebook users located within the United States who have sent or received private messages that included URLs in their content, from within two years before the filing of this action up through and including the date when Facebook ceased its practice" (*see* Dkt. 25);

4.      WHEREAS, on December 23, 2014, the Court issued an order granting in part and denying in part Facebook's motion to dismiss the Consolidated Amended Complaint, dismissing the claims under CIPA § 632 and the UCL, but denying the motion to dismiss claims under ECPA and CIPA § 631 (*see* Dkt. 43);

5.      WHEREAS, the Parties engaged in almost two years of extensive discovery, including the production of tens of thousands of pages of documents and other electronic discovery, fact and expert depositions of 18 witnesses (spanning 19 days of testimony), informal conferences and discussions, substantial discovery motion practice, and the exchange of hundreds of pages of written discovery requests and responses;

6.      WHEREAS, on October 2, 2015 David Shadpour voluntarily dismissed his lawsuit and claims pursuant to Federal Rule of Civil Procedure 41(a), which action was unopposed by Facebook (Dkt. 123);

7.      WHEREAS, on May 18, 2016, the Court issued an order granting in part and denying in part Plaintiffs' Motion for Class Certification, denying certification as to the proposed damages class under Federal Rule of Civil Procedure 23(b)(3), but granting certification of the following injunctive-relief class under Federal Rule of Civil Procedure 23(b)(2):

> All natural-person Facebook users located within the United States who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from within two years before the filing of this action up through the date of the certification of the class.

and additionally appointing Lieff Cabraser Heimann & Bernstein, LLP and Carney Bates & Pulliam, PLLC as class counsel and Matthew Campbell and Michael Hurley as class representatives (Dkt. 192);

8.      WHEREAS, in its order granting in part and denying in part Plaintiffs' Motion for Class Certification, the Court directed the Class Representatives to file a Second Amended Complaint

"(1) revising the class definition to reflect the definition set forth in the class certification motion, and (2) adding allegations regarding the sharing of data with third parties" (Dkt. 192), and, on June 7, 2016, the Class Representatives filed a revised, Second Amended Complaint as ordered (*see* Dkt. 196);

9.      WHEREAS, following the class certification ruling, the Parties engaged in additional discovery and then agreed to further mediate their dispute;

10.      WHEREAS, Class Representatives believe that their claims are meritorious and that they would be successful at trial, but nevertheless agreed to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties and delay of further protracted litigation;

11.      WHEREAS, Facebook denies the allegations in the Second Amended Complaint, denies that it has engaged in any wrongdoing, denies that the Class Representatives' allegations state valid claims, denies that a class was properly certified in the Action, denies that Plaintiffs can maintain a class action for purposes of litigation, and vigorously disputes that Class Representatives and the Class are entitled to any relief, but Facebook nevertheless agreed to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

12.      WHEREAS, Class Representatives, Facebook, and the Settlement Class intend for this Settlement Agreement fully and finally to compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to the approval of the Court; and

13.      NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Class Representatives, for themselves and on behalf of the Settlement Class, and by Facebook that, subject to the approval of the Court, the Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Agreement.

1    ## II.    DEFINITIONS

2    14.    In addition to the terms defined elsewhere in this Agreement, the following terms,

3    used in this Settlement Agreement, shall have the meanings specified below:

4    15.    "Action" means the consolidated class action lawsuit captioned *Campbell v.*

5    *Facebook, Inc.*, Case No. 13-cv-05996 PJH-SK (N.D. Cal.).

6    16.    "Attorneys' Fees and Costs Award" means such funds as may be awarded by the

7    Court to Class Counsel to compensate Class Counsel for its fees, costs, and expenses in connection

8    with the Action and the Settlement, as described in Paragraphs 57–59.

9    17.    "Class Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP

10   and Carney Bates & Pulliam, PLLC and Plaintiffs' attorneys of record in this Action who are

11   members of those two firms.

12   18.    "Class Period" means the period from December 30, 2011 to March 1, 2017.

13   19.    "Class Representatives" means Matthew Campbell and Michael Hurley.

14   20.    "Court" means the United States District Court for the Northern District of California

15   and the Judge assigned to the Action, United States Judge Phyllis J. Hamilton.

16   21.    "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP and all of

17   Facebook's attorneys of record in the Action.

18   22.    "Effective Date" means seven (7) days after which both of the following events have

19   occurred: (i) the Final Approval Order and Final Judgment have been entered and (ii) the Final

20   Approval Order and Final Judgment have become Final.

21   23.    "Facebook" means (i) Facebook, Inc. and its past, present, and future parents,

22   subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities,

23   whether foreign or domestic, that are owned or controlled by Facebook, and (ii) the past, present, and

24   future shareholders, officers, directors, members, agents, employees, independent contractors,

25   consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors,

26   successors, and assigns of the entities in Part (i) of this definition.

27   24.    "Fairness Hearing" means the hearing that is to take place after the entry of the

28   Preliminary Approval Order for purposes of:  (i) entering the Final Approval Order and Final

Judgment and dismissing the Action with prejudice; (ii) determining whether the Settlement should be approved as fair, reasonable, and adequate; (iii) ruling upon an application for Service Awards by the Class Representatives; (iv) ruling upon an application by Class Counsel for an Attorneys' Fees and Costs Award; and (v) entering any final order awarding Attorneys' Fees and Costs and Service Awards.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

25.     "Final" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final.

26.     "Final Approval Order and Final Judgment" means the order finally approving the terms of this Settlement Agreement and a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice, without material variation from Exhibit A.

27.     "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person responsible for handling the business affairs of a Settlement Class Member.

28.      "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

29.     "Preliminary Approval Order" means the order that the Class Representatives and Facebook will seek from the Court, without material variation from Exhibit B.  Entry of the Preliminary Approval Order shall constitute preliminary approval of the Settlement Agreement.

30.     "Service Award" means the amount approved by the Court to be paid to the Class Representatives as described further in Paragraph 60.

31.     "Settlement" means the settlement of the Action between and among the Class Representatives, the Settlement Class Members, and Facebook, as set forth in this Settlement Agreement, including all attached Exhibits (which are an integral part of this Settlement Agreement and are incorporated in their entirety by reference).

32.     "Settlement Class" has the meaning set forth in Paragraph 36.

33.     "Settlement Class Member(s)" means any and all persons who fall within the definition of the Settlement Class.

## III.     SETTLEMENT CLASS CERTIFICATION

34.     For purposes of settlement only, the Parties agree to seek provisional certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(2).  The only changes between the Settlement Class and the class certified by the Court on May 18, 2016, are (1) the explicit inclusion of Facebook users located in United States territories, and (2) bringing the end of the class period current to the date the Parties have executed this Agreement below.

35.     The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order granting provisional certification of the Settlement Class subject to the final findings and approval in the Final Approval Order and Final Judgment, and appointing Class Representatives as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

36.     For purposes of the provisional certification, the Settlement Class shall be defined as follows:

> All natural-person Facebook users located within the United States and its territories who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from December 30, 2011 to March 1, 2017.

37.     Excluded from the Settlement Class are (i) all Persons who are directors, officers, and agents of Facebook or its subsidiaries and affiliated companies or are designated by Facebook as employees of Facebook or its subsidiaries and affiliated companies; and (ii) the Court, the Court's

6

1   immediate family, and Court staff, as well as any appellate court to which this matter is ever

2   assigned, and its immediate family and staff.

3        38.    Facebook does not consent to certification of the Settlement Class (or to the propriety

4   of class treatment) for any purpose other than to effectuate the settlement of this Action.  Facebook's

5   agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability,

6   or damage of any kind to Class Representatives or any of the provisional Settlement Class Members.

7        39.    If this Settlement Agreement is terminated pursuant to its terms, disapproved by any

8   court (including any appellate court), and/or not consummated for any reason, or the Effective Date

9   for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating

10  the Settlement, and all preliminary and/or final findings regarding that class certification order, shall

11  be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the

12  Settlement Class had never been certified pursuant to this Settlement Agreement and such findings

13  had never been made, and the Action shall return to the procedural posture on December 12, 2016, in

14  accordance with this Paragraph.  No Party nor counsel shall refer to or invoke the vacated findings

15  and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this

16  Settlement Agreement is not consummated and the Action is later litigated and contested by

17  Facebook under Rule 23 of the Federal Rules of Civil Procedure.

18  **IV.    SETTLEMENT CONSIDERATION AND INJUNCTIVE RELIEF**

19       40.    In consideration for the dismissal of the Action with prejudice and the releases

20  provided in this Settlement Agreement, Facebook agrees to the following:

21       a)    <u>Acknowledgment regarding Cessation of Practices</u>.  Facebook confirms that

22  the following uses of data from EntShares created from URLs sent in Facebook Messages during the

23  Class Period have ceased, as of the dates noted below:

24       i)    From the beginning of the Class Period until on or about December 19,

25  2012, Facebook source code was engineered so that when an anonymous, aggregate count was

26  displayed next to a "Like" button on a third-party web page, that count often included, *inter alia*, the

27  number of times a URL related to that particular website had been shared by Facebook users in

28  Facebook Messages and resulted in creation of an EntShare.  On or about December 19, 2012,

Facebook changed its source code such that the external count no longer included the number of shares, by users, of URLs in private messages that resulted in creation of EntShares.

ii)      Facebook makes its "Insights" user interface and related API available to owners of third-party websites that choose to include Facebook tools or features, for purposes of providing anonymous, aggregate data about interaction with and traffic to their websites.  During certain periods of time during the Class Period, this information included anonymous, aggregate statistics and demographic information about users who shared links to those sites across the Facebook platform.  From the beginning of the Class Period until on or about October 11, 2012, the anonymous, aggregate statistics and demographic information included information about users who shared URLs in Facebook Messages that resulted in creation of EntShares.  On or about October 11, 2012, Facebook changed its source code such that it ceased including information about URL shares in Facebook Messages that resulted in creation of EntShares (and attendant statistics and demographic information) within Insights and its related API.

iii)      Facebook's Recommendations Feed was a social plugin offered to developers that displayed a list of URLs representing the most recommended webpages on that developer's site.  Over time, two different units of Facebook source code determined the list of URLs that would appear in the Recommendations Feed for a given webpage at a given time.  One of those units of Facebook source code was the "PHP backend."  During the Class Period, the PHP backend was never the primary system determining the list of URLs that would appear in the Recommendations Feed.  However, the PHP backend served as a backup system if the primary system failed.  The PHP backend considered, *inter alia*, an anonymous, aggregate count of, *inter alia*, the number of times a URL had been shared in a Facebook Message and resulted in creation of an EntShare.  On or about July 9, 2014, Facebook changed its code such that it ceased utilizing the PHP backend as the backup system for its Recommendations Feed.

b)      EntShares Acknowledgment.  Facebook confirms, as of the date it has executed this Agreement below, that it is not using any data from EntShares created from URL attachments sent by users in Facebook Messages for: 1) targeted advertising; 2) sharing personally identifying user information with third parties; 3) use in any public counters in the "link_stats" and

Graph APIs; and 4) displaying lists of URLs representing the most recommended webpages on a particular web site.

c)      Disclosure Changes.  Facebook acknowledges that enhanced disclosures and practice changes, enacted after the filing of this Action, are among the benefits to the Class Members. Specifically, in January 2015, Facebook's Data Policy was revised to state, *inter alia*, that Facebook collects the "content and other information" that people provide when they "message or communicate with others," and to further explain the ways in which Facebook may use that content, and (2) in July 2014, the backup system for the Recommendations Feed, as described above, was discontinued.

d)      Additional Explanatory Language.  Facebook shall display the following, additional language, without material variation, on its United States website for Help Center materials concerning messages within 30 days of the Effective Date: "We use tools to identify and store links shared in messages, including a count of the number of times links are shared."  Facebook shall make this additional language available on its United States website for a period of one year from the date it is posted, provided however that Facebook may update the disclosures to ensure accuracy with ongoing product changes.

## V.      SUBMISSION OF THE SETTLEMENT AGREEMENT TO THE COURT FOR REVIEW AND APPROVAL

41.      Solely for purposes of implementing this Agreement and effectuating the proposed Settlement, the Parties agree and stipulate that Class Counsel shall submit to the Court a motion for preliminary approval of the Settlement together with the [Proposed] Preliminary Approval Order (Exhibit B) and [Proposed] Final Approval Order and Final Judgment (Exhibit A).

42.      Among other things, the Preliminary Approval Order shall:

a)      find that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Class Representatives as the representatives of the provisional Settlement Class and Class Counsel as counsel for the provisional Settlement Class;

b)      find that the CAFA Notice sent by Facebook complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

c) preliminarily enjoin all Settlement Class Members and their Legally Authorized Representatives from filing or otherwise participating in any other suit based on the Released Claims;

d) establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement;

e) schedule the Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, adequate, and to determine whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice;

f) provide that all Settlement Class Members will be bound by the Final Approval Order and Final Judgment dismissing the Action with prejudice; and

g) pending the Fairness Hearing, stay all proceedings in the Action, other than the proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement and Preliminary Approval Order.

43. In advance of the Fairness Hearing, Class Counsel shall request entry of a Final Approval Order and Final Judgment, without material variation from Exhibit A, the entry of which is a material condition of this Settlement Agreement, and that shall, among other things:

a) find that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

b) finally approve this Settlement Agreement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(2) for purposes of settlement only;

d) find that notice to the Rule 23(b)(2) class is not necessary;

e) incorporate the Releases set forth in this Settlement Agreement and make the Releases effective as of the Effective Date;

f) issue the injunctive relief described in this Settlement Agreement;

g)      authorize the Parties to implement the terms of the Settlement;

h)      dismiss the Action with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

i)      determine that the Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth in this Agreement.

## VI.      RELEASES AND DISMISSAL OF ACTION

44.      "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.  The Releases are a material part of the Settlement for Facebook.  The Releases shall be construed as broadly as possible to effect complete finality over this Action involving claims that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in, or could have been alleged in, the Action.

45.      "Released Parties" means (i) Facebook and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Facebook; and (ii) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, administrators, representatives, fiduciaries, insurers, attorneys, legal representatives, advisors, predecessors, successors, and assigns of the entities in Part (i) of this Paragraph.

46.      "Class Representatives' Releasing Parties" means each Class Representative, and each of his heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone other than Class Members claiming through them or acting or purporting to act for them or on their behalf.

47.     Upon the Effective Date, Class Representatives' Releasing Parties will be deemed to have, and by operation of the Final Approval Order and Final Judgment will have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation), against the Released Parties, from the Class Representatives' first interaction with Facebook up until and including the Effective Date, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief ("Class Representatives' Released Claims").  Class Representatives' Releasing Parties are forever enjoined from taking any action seeking any relief against the Released Parties based on any of Class Representatives' Released Claims.

48.     "Releasing Parties" means Settlement Class Members, and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

49.     Upon the Effective Date, the Releasing Parties will be deemed to have, and by operation of the Final Approval Order and Final Judgment will have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, and rights or liabilities for injunctive and/or declaratory relief, of any nature and description whatsoever, known or unknown, existing or preexisting, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) against the Released Parties, from the beginning of the Class Period up until and including the Effective Date, that result from, arise out of, are based on, or relate in any

1   way to the practices and claims that were alleged in, or could have been alleged in, the Action

2   ("Settlement Class Members' Released Claims"), except that, notwithstanding the foregoing, the

3   Releasing Parties do not release claims for monetary relief, damages, or statutory damages.  The

4   Releasing Parties are forever enjoined from taking any action seeking injunctive and/or declaratory

5   relief against the Released Parties based on any Settlement Class Members' Released Claims.

6       50.    "Released Claims" include Class Representatives' Released Claims and Settlement

7   Class Members' Released Claims.

8       51.    Upon the Effective Date, Facebook will be deemed to have, and by operation of the

9   Final Approval Order and Final Judgment will have fully, finally, and forever released, relinquished,

10  and discharged any and all past, present, and future claims, actions, demands, causes of action, suits,

11  debts, obligations, and rights or liabilities for injunctive and/or declaratory relief, of any nature and

12  description whatsoever, known or unknown, existing or preexisting, recognized now or hereafter,

13  expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based

14  in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or

15  regulation) against the Class Representatives' Releasing Parties, from the beginning of the Class

16  Period up until and including the Effective Date, that result from, arise out of, are based on, or relate

17  in any way to the practices and claims that were alleged in, or could have been alleged in, the Action

18  ("Facebook's Released Claims").  Facebook is forever enjoined from taking any action seeking any

19  relief against the Class Representatives' Releasing Parties based on any of Facebook's Released

20  Claims.

21      52.    After entering into this Settlement Agreement, the Parties may discover facts other

22  than, different from, or in addition to, those that they know or believe to be true with respect to the

23  claims released by this Settlement Agreement, but they intend to release fully, finally and forever the

24  Released Claims, and in furtherance of such intention, the Releases will remain in effect

25  notwithstanding the discovery or existence of any such additional or different facts.  With respect to

26  the Released Claims, Class Representatives (on behalf of themselves and the Settlement Class

27  Members), through their counsel, expressly, knowingly, and voluntarily waive any and all provisions,

28  rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal

doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

53.     Notwithstanding the preceding Paragraph, Settlement Class Members are not releasing any known or unknown claims for damages.  The Parties acknowledge, and by operation of law shall be deemed to have acknowledged, that the waiver of the provisions of Section 1542 of the California Civil Code (and any similar State laws) with respect to the claims released by this Settlement Agreement was separately bargained for and was a key element of the Settlement.

54.     By operation of the Final Approval Order and Final Judgment, the Action will be dismissed with prejudice.

55.     Upon the Effective Date: (a) this Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Representatives and Settlement Class Members; and (b) Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against Released Parties in any federal or state court or tribunal any and all Released Claims.

## VII.   NOTICE PURSUANT TO 28 U.S.C. § 1715

56.     Facebook shall serve notice of the Settlement Agreement that meets the requirements of 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of this Settlement Agreement with the Court.  The Parties agree that class notice is not necessary in this action.  *See, e.g.*, *Lilly v. Jamba Juice Co*., No. 13-cv-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc*., No. 11-cv-03796-LB, 2012 WL 5948951, at *4 (N.D. Cal. Nov. 28, 2012).

## VIII.   ATTORNEYS' FEES AND COSTS

57.     Class Counsel may apply to the Court for an award of reasonable attorneys' fees and costs not to exceed $3,890,000.  Class Counsel approximates that it will seek $660,000 in costs and

14

$3,230,000 in fees, but may apply in different amounts not to exceed $3,890,000.  Facebook has been provided a copy of summaries of Class Counsel's time records, and as a result of that review, Facebook will take no position on Class Counsel's application and agrees to pay the amount of fees and costs determined by the Court.  These terms regarding fees and costs were negotiated and agreed to by the Parties only after full agreement was reached as to all other material terms.

58.     Any Attorneys' Fees and Costs Award, as awarded by the Court, shall be payable by Facebook, as ordered, within the later of (a) thirty (30) calendar days after the Effective Date, or (b) ten (10) business days after Class Counsel, following the Effective Date, has transmitted to Facebook instructions for payment.

59.     Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Costs Award amongst Class Counsel and any other attorneys.  Facebook shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Costs awarded.  The amount ordered by the Court shall be the sole monetary obligation paid by Facebook pursuant to this Settlement Agreement, and in no event shall Facebook be obligated to pay any amount in excess of $3,890,000.

60.     The Parties agree that the Class Representatives may apply to the Court for a Service Award to each of the Class Representatives, each of which shall not exceed $5,000, for their services as class representatives.  The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court.  Facebook agrees to pay the amount determined by the Court.  Class Representatives understand and acknowledge that they may receive no monetary payment, and their agreement to the Settlement is not conditioned on the possibility of receiving monetary payment.  Any Service Awards, as awarded by the Court, shall be payable by Facebook as ordered, within the later of (a) thirty (30) calendar days after the Effective Date, or (b) ten (10) business days after Class Counsel, following the Effective Date, has transmitted to Facebook instructions for payment.

## IX.    MODIFICATION OR TERMINATION OF SETTLEMENT AGREEMENT AND FACEBOOK'S RESERVATION OF RIGHTS

61.    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approval of the Court; provided, however that, after entry of the Final Approval Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all Exhibits hereto) without further approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement Agreement.

62.    This Settlement Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.

63.    In the event the terms or conditions of this Settlement Agreement are modified by any court, any Party in its sole discretion to be exercised within thirty (30) days after such modification may declare this Settlement Agreement null and void.  For purposes of this Paragraph, modifications include any modifications to the definitions of the Settlement Class, Settlement Class Members, Released Parties, or Released Claims, any modifications to the terms of the Settlement consideration described in Paragraph 40 and/or any requirement of notice to the Settlement Class.  In the event of any modification by any court, and in the event the Parties do not exercise their unilateral option to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

64.    In the event that a Party exercises his/her/its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing on December 12, 2016.

65.     If this Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with the terms of this Settlement Agreement, the Parties will be restored to their respective positions in the Action on December 12, 2016.  In such event, the terms and provisions of this Settlement Agreement and the memorandum of understanding will have no further force and effect with respect to the Parties and will not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated.

66.     The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, and/or reimbursement to be paid to Class Counsel, and the procedure for any payment to Class Representatives, are not part of the settlement of the Released Claims as set forth in this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Settlement Agreement.  Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for Attorneys' Fees and Costs and/or payment to Class Representatives, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Settlement Agreement or otherwise affect or delay the finality of the Final Approval Order and Final Judgment approving the Settlement.  The terms of this Agreement relating to the Attorneys' Fees and Costs Award and Service Awards were negotiated and agreed to by the Parties only after full agreement was reached as to all other material terms of the proposed Settlement, including, but not limited to, any terms relating to the relief to the Settlement Class.

67.     Facebook denies the material factual allegations and legal claims asserted in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Parties. This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.  For the avoidance of doubt, Facebook does not acknowledge the propriety of certifying the Settlement Class for any purpose other than to effectuate the Settlement of the Action.

If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, Facebook reserves the right to challenge the certifiability of any class claims certified in the Action and/or to seek to decertify any such class claims.  Facebook's agreement to this Settlement does not constitute an admission that certification is appropriate outside of the context of this Settlement.  Class Counsel shall not refer to or invoke Facebook's decision to accept the certified class for purposes of settlement if the Effective Date does not occur and the Action is later litigated and certification is contested by Facebook under Rule 23 of the Federal Rules of Civil Procedure.

## X.    MISCELLANEOUS PROVISIONS

68.    The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement Agreement compromises claims that are contested and will not be deemed an admission by Facebook or Class Representatives as to the merits of any claim or defense.

69.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> To Class Representatives and the Settlement Class:
>
> Michael W. Sobol
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111-3339
>
> To Counsel for Facebook:
>
> Christopher Chorba
> Gibson, Dunn & Crutcher LLP
> 333 South Grand Avenue
> Los Angeles, CA 90071

<u>With a Copy to Facebook:</u>

Colin Stretch
General Counsel
Facebook, Inc.
1601 Willow Road
Menlo Park, CA 94025

70.     All of the Exhibits to this Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

71.     The Parties agree that the recitals are contractual in nature and form a material part of this Settlement Agreement.

72.     No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.  This Settlement Agreement supersedes all prior negotiations and agreements.  The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

73.     Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days.  In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

74.     The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, deemed to be, used as, construed as, and do not constitute a presumption, concession, admission, or evidence of (i) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (ii) any fact alleged, defense asserted, or any fault, misrepresentation, or omission by the Released Parties; (iii) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class, and/or (iv) whether the consideration to be given in this Settlement Agreement represents the

19

relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

75. The Parties to this Action or any other Released Parties shall have the right to file the Settlement Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

76. The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement Agreement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator.

77. The Class Representatives and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Class Representatives asserted against Facebook, including the claims on behalf of the Settlement Class, and that it promotes the best interests of the Settlement Class.

78. To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

79. The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

80. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. Signatures submitted by email or facsimile shall also be considered originals. The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

81.     The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

82.     This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

83.     This Settlement Agreement was jointly drafted by the Parties.  Class Representatives, Settlement Class Members, and/or Facebook shall not be deemed to be the drafters of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction. Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application.

84.     Any and all Exhibits to this Settlement Agreement, which are identified in the Settlement Agreement and attached hereto, are material and integral parts hereof and are fully incorporated herein by this reference.

85.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles.

86.     The headings used in this Settlement Agreement are inserted merely for the convenience of the reader, and shall not affect the meaning or interpretation of this Settlement Agreement.

87.     In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

88.     Except in connection with any legal proceeding or court filing, Class Representatives and Class Counsel will not issue any press release or communicate with the media regarding the Settlement or the Action without prior approval of Facebook.  However, if Class Representatives or Class Counsel receive an inquiry from any third party (excluding Settlement Class Members who

identify themselves as such), they may decline to comment, refer to the complaint, make accurate statements regarding the status of the settlement approval process, or defer to the Court file.  Class Counsel reserves all rights to communicate with individual members of the Settlement Class to assist them in understanding the Settlement and nothing herein shall be construed as restricting those rights and responsibilities.  Similarly, nothing in this Agreement will affect Facebook's right to communicate with individual members of the Settlement Class relating to matters other than the Action or the proposed Settlement.

89.    The provision of the confidentiality agreement entered into with respect to the mediation process concerning this matter is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

90.    The Class Representatives further acknowledge, agree, and understand that: (i) each has read and understands the terms of this Agreement; (ii) each has been advised in writing to consult with an attorney before executing this Agreement; and (iii) each has obtained and considered such legal counsel as he deems necessary.

91.    All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

92.    Each Party to this Settlement Agreement warrants that he or it is acting upon his or its independent judgment and upon the advice of his or its counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

93.    Each Counsel or other person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.  Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any

1  modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that

2  Class Counsel and Class Representatives deem appropriate.

3      IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly

4  executed this Settlement Agreement as of the date set forth below.

5

6  Dated: _____, 2017            PLAINTIFF MATTHEW CAMPBELL

7

8                                 By: _____

9

10 Dated: _____, 2017            PLAINTIFF MICHAEL HURLEY

11

12                                 By: _____

13

14 Dated: Mar. 1, 2017             FACEBOOK, INC.

15
                                   By: _____
16
                                   Nikki Stitt Sokol, Assoc. General Counsel
17 Dated: _____, 2017            PLAINTIFFS' CO-LEAD COUNSEL

18

19
                                   By: _____
20                                     Michael Sobol

21

22                                 By: _____
                                       Hank Bates
23

24
   Dated: March 1, 2017            COUNSEL TO FACEBOOK, INC.
25

26
                                   By: _____
27                                     Joshua Jessen

28

                                    23
              CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
                          Case No. 13-05996 PJH-SK

1  modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that

2  Class Counsel and Class Representatives deem appropriate.

3        IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly

4  executed this Settlement Agreement as of the date set forth below.

5

6  Dated: **3 / 1** , 2017            PLAINTIFF MATTHEW CAMPBELL

7

8                            By: _____

9

10  Dated: _____ , 2017            PLAINTIFF MICHAEL HURLEY

11

12                            By: _____

13

14  Dated: _____ , 2017            FACEBOOK, INC.

15

16                            By: _____

17  Dated: **3 / 1** , 2017            PLAINTIFFS' CO-LEAD COUNSEL

18                            MICHAEL SOBOL, SIGNED ON HIS BEHALF BY

19                            By: DAVID T. RUDOLPH

20                                Michael Sobol

21

22                            By: _____

23                                Hank Bates

24

25  Dated: _____ , 2017            COUNSEL TO FACEBOOK, INC.

26

27                            By: _____
                                    Joshua Jessen

28

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
Case No. 13-05996 PJH-SK

modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that

Class Counsel and Class Representatives deem appropriate.

      IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly

executed this Settlement Agreement as of the date set forth below.

Dated: _____, 2017           **PLAINTIFF MATTHEW CAMPBELL**

                                              By: _____

Dated: 3/1, 2017           **PLAINTIFF MICHAEL HURLEY**

                                              By: *Michael Hurley*

Dated: _____, 2017           **FACEBOOK, INC.**

                                              By: _____

Dated: _____, 2017           **PLAINTIFFS' CO-LEAD COUNSEL**

                                              By: _____
                                                   **Michael Sobol**

                                              By: _____
                                                   **Hank Bates**

Dated: _____, 2017           **COUNSEL TO FACEBOOK, INC.**

                                              By: _____
                                                   **Joshua Jessen**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. C 13-05996 PJH-SK<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |

The Court has considered the Class Action Settlement Agreement ("Settlement Agreement"), dated March 1, 2017, the Parties' motion for an order finally approving the Settlement Agreement, the record in this Action, the arguments and recommendations made by counsel, and the requirements of the law. The Court finds and orders as follows:

## I.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1.     The Settlement Agreement is approved under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, and its terms are within the range of reasonableness. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third-party mediator. The Court finds that the Settlement Agreement is not the result of collusion.

## II.   DEFINED TERMS

2.     For purposes of this Final Approval Order and Final Judgment ("Order"), the Court adopts all defined terms as set forth in the Settlement Agreement.

## III.   NO ADMISSIONS AND NO EVIDENCE

3.     This Order, the Settlement Agreement, the Settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party or any of the Released Persons of wrongdoing, to establish a violation of any law or duty, an admission that any of the practices at issue violate any laws or require any disclosures, any liability or non-liability, the certifiability or non-certifiability of a litigation class in this case, or any misrepresentation or omission in any statement or written document approved or made by any Party.

## IV.   JURISDICTION

4.     For purposes of the Settlement of the Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

# V.    CLASS CERTIFICATION OF RULE 23(B)(2)
## CLASS FOR SETTLEMENT PURPOSES ONLY

5.    The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Rule 23(b)(2) Settlement Class, which expands the class certified by the Court on May 18, 2016, meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class; (d) Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class because Class Representatives have no interests antagonistic to the Settlement Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) the Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6.    The Settlement Agreement was reached after extensive investigation and motion practice in the Action, and was the result of protracted negotiations conducted by the Parties, over the course of several months, including with the assistance of a mediator.  Class Representatives and Class Counsel maintain that the Action and the claims asserted therein are meritorious and that Class Representatives and the Class would have prevailed at trial.  Defendant denies the material factual allegations and legal claims asserted by Class Representatives in this Action, maintains that a class would not be certifiable under any Rule, and that the Class Representatives and Class Members would not prevail at trial.  Notwithstanding the foregoing, the Parties have agreed to settle the Action pursuant to the provisions of the Settlement Agreement, after considering, among other things:  (a) the benefits to the Class Representatives and the Settlement Class under the terms of the Settlement Agreement; (b) the uncertainty of being able to prevail at trial; (c) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (d) obstacles to establishing entitlement to class-wide relief; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such

litigation and appeals; and (f) the desirability of consummating the Settlement promptly in order to provide effective relief to the Class Representatives and the Settlement Class.

7.      The Court accordingly certifies, for settlement purposes only, a class under Rule 23(b)(2), consisting of all natural-person Facebook users located within the United States and its territories who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from December 30, 2011 to March 1, 2017.  Excluded from the Settlement Class are (i) all Persons who are directors, officers, and agents of Facebook or its subsidiaries and affiliated companies or are designated by Facebook as employees of Facebook or its subsidiaries and affiliated companies; and (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff.

## VI.     NOTICE

8.      Notice of the settlement is not required here.  *See* Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added).  The Court finds that notice also is not required because the Settlement Agreement only releases claims for injunctive and/or declaratory relief and does not release the monetary or damages claims of the Class (*see* Settlement Agreement, ¶ 49), and thus the settlement expressly preserves the individual rights of class members to pursue monetary claims against the defendant.  *See, e.g.*, *Lilly v. Jamba Juice Co*., No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, No. 11-cv-03796-LB, 2012 WL 5948951, at *4, 17 (N.D. Cal. Nov. 28, 2012).

## VII.    CLAIMS COVERED AND RELEASES

9.      This Order constitutes a full, final and binding resolution between the Class Representatives' Releasing Parties, on behalf of themselves and the Settlement Class Members, and the Released Parties.  This Release shall be applied to the maximum extent permitted by law.

10.     Upon the Effective Date and by operation of this Order, the Class Representatives' Releasing Parties will fully, finally, and forever release any and all Class Representatives' Released Claims, including claims for personal injury and damages, known and unknown, as well as provide a waiver under California Civil Code Section 1542.  Class Representatives' Releasing Parties are

1   forever enjoined from taking any action seeking any relief against the Released Parties based on any

2   Class Representatives' Released Claims.

3         11.    Upon the Effective Date and by operation of this Order, the Releasing Parties will

4   fully, finally, and forever release the Settlement Class Members' Released Claims (as well as provide

5   a waiver under California Civil Code Section 1542), including any and all claims for injunctive

6   and/or declaratory relief of any kind or character, at law or equity, known or unknown, preliminary or

7   final, under Federal Rule of Civil Procedure 23(b)(2) or any other federal or state law or rule of

8   procedure, from the beginning of the Class Period up until and including the Effective Date, that

9   result from, arise out of, are based on, or relate in any way to the practices and claims that were

10  alleged in, or could have been alleged in, the Action, except that, notwithstanding the foregoing, the

11  Releasing Parties do not release claims for monetary relief or damages.  The Releasing Parties are

12  forever enjoined from taking any action seeking injunctive and/or declaratory relief against the

13  Released Parties based on any Settlement Class Members' Released Claims.

14        12.    Upon the Effective Date and by operation of this Order, Facebook will fully, finally,

15  and forever release, waive, and discharge all legal claims, causes of action, cross-claims, or counter-

16  claims against Class Representatives' Releasing Parties that result from, arise out of, are based on, or

17  relate in any way to the practices and claims that were alleged in, or could have been alleged in, the

18  Action.  Facebook is forever enjoined from taking any action seeking any relief against the Class

19  Representatives' Releasing Parties based on any of Facebook's Released Claims.

20        13.    The Settlement Agreement and this Order shall be the exclusive remedy for any and

21  all Released Claims of the Class Representatives, Settlement Class Members, and Facebook.

22          **VIII.   INJUNCTIVE RELIEF**

23        14.    Facebook shall display the following language, without material variation, on its

24  United States website for Help Center materials concerning messages within 30 days of the Effective

25  Date: "We use tools to identify and store links shared in messages, including a count of the number of

26  times links are shared."  Facebook shall make this language available on its United States website for

27  a period of one year from the date it is posted, provided however that Facebook may update the

28  disclosures to ensure accuracy with ongoing product changes.

IX.    **ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**

15.    The Court's decision regarding the payment of attorneys' fees and expenses to Class Counsel and incentive awards to the Class Representatives is addressed in a separate order.

X.    **AUTHORIZATION TO PARTIES TO IMPLEMENT**

**AGREEMENT AND MODIFICATIONS OF AGREEMENT**

16.    By this Order, the Parties are hereby authorized to implement the terms of the Settlement Agreement.  After the date of entry of this Order, the Parties may by written agreement effect such amendments, modifications, or expansions of the Settlement Agreement and its implementing documents (including all exhibits thereto) without further approval by the Court if such changes are consistent with terms of this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

XI.    **RETENTION OF JURISDICTION**

17.    The Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

XII.    **FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

18.    By operation of this Order, this Action is hereby dismissed with prejudice.  A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


DATED: _____                    _____
                                         HONORABLE PHYLLIS J. HAMILTON
                                         UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT
Case No. 13-05996 PJH-SK

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. C 13-05996 PJH-SK<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action, in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Class Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement filed on March 1, 2017, which sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and having heard any argument of counsel; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:

1.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2.     The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

3.     The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4.     The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Settlement Agreement not receive final approval or should the Effective Date not occur), a class defined as all natural-person Facebook users located within the United States and its territories who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from December 30, 2011 to March 1, 2017. The only changes between the Settlement Class and the class certified by the Court on May 18, 2016, are (1) the explicit inclusion of Facebook users located in United States territories, and (2) bringing the end of the class period current to the date of settlement.  Excluded from the Settlement Class are (i) all Persons who are directors, officers, and agents of Facebook or its subsidiaries and affiliated

companies or are designated by Facebook as employees of Facebook or its subsidiaries and affiliated companies; and (ii) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned, and its immediate family and staff.

5. The Court finds, for settlement purposes only, that the expansion of the certified class to include all Settlement Class Members is appropriate under Federal Rule of Civil Procedure 23(b)(2) in the settlement context because (1): the Defendant is alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that the described injunctive and non-monetary relief is appropriate with respect to the Settlement Class as a whole; and (2): (a) the Settlement Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court finds that, subject to the Fairness Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and supervision of a mediator; (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (c) is not a finding or admission of liability by Defendant.

7. Notice of the settlement is not required here.  *See* Fed. R. Civ. P. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "*may* direct appropriate notice to the class") (emphasis added). The Court finds that notice also is not required because the Settlement Agreement only releases claims for injunctive and/or declaratory relief and does not release the monetary or damages claims of the Class (*see* Settlement Agreement, ¶ 49), and thus the settlement expressly preserves the individual

rights of class members to pursue monetary claims against the defendant. *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015); *Kim v. Space Pencil, Inc.*, No. 11-cv-03796-LB, 2012 WL 5948951, at *4, 17 (N.D. Cal. Nov. 28, 2012).

8.      The Court finds that the CAFA Notice sent by Facebook complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

9.      Each Settlement Class Member shall be given a full opportunity to comment on or object to the Settlement Agreement, and to participate at a Fairness Hearing.  Comments or objections must be in writing, and must include (1) the name and case number of the Action (*Campbell et al. v. Facebook, Inc.*, Case No. 13-5996-PJH); (2) the Settlement Class Member's  full legal name and mailing address; (3) the personal signature of the Settlement Class member; (4) the grounds for any objection; (5) the name and contact information of any and all attorneys representing, advising, or assisting with the comment or objection, or who may profit from pursuing any objection; and  (6) a statement indicating whether the Settlement Class Member intends to appear at the Final Approval Hearing, either personally or through counsel.

10.      To be considered, written comments or objections must be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, within 60 days after the entry of this Order.  No Class Member shall be entitled to be heard at the Final Approval Hearing, whether individually or through counsel, unless written notice of the Class Member's intention to appear at the Final Approval Hearing is timely filed, or postmarked for mail to the Court within 60 days after date of entry of this Order.

11.      The date of the postmark on the envelope containing the written objection shall be the exclusive means used to determine whether an objection has been timely submitted.  Class Members who fail to mail timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from objecting to the Settlement Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

12.     The Court appoints Plaintiffs Michael Hurley and Matthew Campbell as the Class Representatives, and the law firms of Lieff Cabraser Heimann & Bernstein, LLP and Carney Bates & Pulliam, PLLC as Class Counsel.

13.     A hearing (the "Fairness Hearing") shall be held before this Court on _____, 2017, at _____.m., at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 – 3rd Floor, 1301 Clay Street, Oakland, California 94612, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Final Approval Order and Final Judgment as provided in the Settlement Agreement should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation of, or service on behalf of, the Settlement Class.  All Settlement Class Members will be bound by any Final Approval Order and Final Judgment dismissing the Action with prejudice.

14.     Class Counsel's application for attorneys' fees, costs and expenses shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval.  Any opposition, comment, or objection shall be filed no later than sixty (60) days after the Court's order of preliminary approval.  Any reply shall be filed no later than seventy-four (74) days after the Court's order of preliminary approval.

15.     The motion in support of final approval of the settlement shall be filed and served no later than thirty (30) days after the Court's order of preliminary approval.  Any opposition or objection shall be filed no later than sixty (60) days after the Court's order of preliminary approval.  Any reply shall be filed no later than seventy-four (74) days after the Court's order of preliminary approval.

16.     At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees, costs and expenses, and any award to the Class Representatives for their representation of, and service to, the Class, should be approved.

17.     Neither this order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as,

admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant.  This order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action except by the settling Parties and only the settling Parties in a proceeding to enforce the Settlement Agreement.

18.     The Court reserves the right to adjourn the date of the Fairness Hearing and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice.

19.     All discovery and proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Settlement Class Members and their Legally Authorized Representatives are preliminarily enjoined from filing or otherwise participating in any other suit based on the Released Claims in the Settlement Agreement.

20.     The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement described therein.

IT IS SO ORDERED.

DATED:  _____

_____
HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT