UNITED STATES DISTRICT COURT

*ORIGINAL*

NORTHERN DISTRICT OF CALIFORNIA


Before The Honorable Phyllis J. Hamilton, Judge


| | | |
|---|---|---|
| Matthew Campbell, Michael | ) | **Motion for Preliminary** |
| Hurley, and David Shadpour, | ) | **Approval for Class Action** |
| | ) | **Settlement** |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | NO. C 13-05996PJH |
| | ) | |
| Facebook, Inc., | ) | Pages 1 - 32 |
| | ) | |
| Defendant. | ) | Oakland, California |
| _____ | ) | Wednesday, April 19, 2017 |


<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>


APPEARANCES:

For Plaintiffs:          Lieff Cabraser Heimann & Bernstein LLP
                         275 Battery Street, 30th Floor
                         San Francisco, California  94111
                    BY:  DAVID T. RUDOLPH, ATTORNEY AT LAW

                         Carney Bates & Pulliam PLLC
                         519 West 7th Street
                         Little Rock, Arkansas  72201
                    BY:  HANK BATES, ATTORNEY AT LAW

                    (APPEARANCES CONTINUED NEXT PAGE)

Reported By:          Raynee H. Mercado, CSR No. 8258


    Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.


*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

## **A P P E A R A N C E S (CONT'D.)**

For DEFENDANT:       Gibson, Dunn & Crutcher LLP
                     3161 Michelson Drive
                     Irvine, California  92612-4412
           BY:  JOSHUA A. JESSEN, ATTORNEY AT LAW


                     Gibson, Dunn & Crutcher LLP
                     1881 Page Mill Road
                     Palo Alto, California  94304
                     JEANA BISNAR MAUTE, ATTORNEY AT LAW


                     Gibson, Dunn & Crutcher LLP
                     333 South Grand Avenue
                     Los Angeles, California  90071
           BY:  CHRISTOPHER CHORBA, ATTORNEY AT LAW


--o0o--

```
 1    Wednesday, April 19, 2017                 9:16 a.m.

 2                    P R O C E E D I N G S

 3         THE CLERK:  Calling civil case 13-05996, Campbell,

 4    et al. versus Facebook, Inc.

 5       Counsel, please step forward and state your appearances.

 6                    (Pause in the proceedings.)

 7         THE COURT:  All right.

 8         MR. BATES:  Good morning.  Hank Bates with Carney

 9    Bates & Pulliam on behalf of plaintiffs and the injunctive

10    relief class.

11         THE COURT:  Good afternoon.  Good morning.

12         MR. JESSEN:  Good morning, Your Honor.  Joshua Jessen

13    from Gibson, Dunn & Crutcher on behalf of the defendant

14    Facebook.  I'm joined by my colleagues Chris Chorba and Jeana

15    Bisnar Maute.

16         THE COURT:  All right.  Good morning.

17         MR. CHORBA:  Morning, Your Honor.

18         THE COURT:  All right.  This matter is also on for

19    approval preliminary approval of class action settlement that

20    you all have reached.

21       Counsel?

22         MR. BATES:  Yes, Your Honor.  I can address questions

23    or I can sort of walk through how we got here and are in the

24    settlement, however is your preference.

25         THE COURT:  Well, you've outlined how you got through
```

```
 1    settlement.  There -- I have just a couple of issues --
 2              MR. BATES:  Okay.
 3              THE COURT:  -- with respect to it.  This -- I mean, I
 4    certified only an injunctive relief class.  There's only
 5    injunctive relief that's at issue here.
 6              MR. BATES:  Correct, Your Honor.
 7              THE COURT:  There are no damages at issue.  You all
 8    have arrived at a mutually agreeable position with respect to
 9    the challenged uses that Facebook was making of the -- of the
10    information.  I think that's reasonable.  I mean, that's what
11    you were seeking in the case.
12        And I find that the settlement on its face is certainly
13    within the ballpark of a settlement that the court would
14    ultimately find adequate and reasonable.
15        I do however have some issues, though.  As I indicated in
16    the previous settlement, clearly, attorneys' fees is going to
17    have to be justified in the case at the time that you submit a
18    motion for fees, as well as the incentive awards that you're
19    seeking for the named plaintiffs.
20        You know, I had some real issue as to whether or not there
21    was any actual harm in this case, and so I'll -- I'm not
22    exactly sure what, except perhaps litigation participation,
23    the named plaintiffs would be deserving of some sort of a
24    monetary award.
25        I do see that they are waiving their rights to pursue any
```

```
 1   monetary damages against Facebook, whereas the putative class
 2   is -- is not --
 3            MR. BATES:  Correct, Your Honor.
 4            THE COURT:  -- waiving those rights.  And that, I
 5   guess, might be worth something.
 6            MR. BATES:  We can address that in the --
 7            THE COURT:  But you'll address that in the papers.
 8            MR. BATES:  -- in the papers, but the general -- they
 9   were very involved in this litigation with long depositions,
10   document production, interrogatory responses, including some
11   of their communicates also being deposed.
12            THE COURT:  Their depositions were taken?
13            MR. BATES:  Yes.
14            THE COURT:  Okay.
15            MR. BATES:  Yeah, there were -- and we'll address all
16   that in the final papers.  And we've asked for the 5,000
17   apiece, which is the bench mark generally in the Ninth
18   Circuit.
19            THE COURT:  Right.  Okay.
20            MR. BATES:  And we'll also, of course, address the
21   fee issue in more detail at that time as well.
22            THE COURT:  Okay.  Since it's an injunctive relief
23   case only, I assume you'll be seeking a Lodestar --
24            MR. BATES:  Correct, Your Honor.
25            THE COURT:  -- award in the case?
```

1     Okay.  All right.  Then we'll take a closer look at that

2     time.

3     All right.  So the real issue remaining is -- well, there

4     are a couple of minor issues.  But the real issue is the

5     question of notice to the class.

6          **MR. BATES:**  Yes, Your Honor.

7          **THE COURT:**  I -- I'm not persuaded that no notice

8     should be given to the class.  I mean, notwithstanding that it

9     it's a (b)(2) class and class certification doesn't have to be

10    noticed to the class, there's nothing that relieves, I think,

11    the parties from notifying the class of an actual settlement

12    or of the fact that the plaintiffs' counsel will be seeking

13    fees in the case.  Both section 23(E) and (H) anticipate that

14    a -- or require that the class be notified before either of

15    those things happen so that they can submit objections.

16    Frankly, I don't know how I would entertain any objections

17    unless we gave notice to the class in some fashion.

18    Granted, we don't know how large the class is.  You all

19    have never been able -- required to pinpoint a number, but it

20    seems to me that some form of notice is necessary in order to

21    fill our responsibilities under rule 23(E) and (H).

22          **MR. BATES:**  Well, Your Honor, it's certainly within

23    our discretion to require notice.  In terms of how we got to

24    the decision not to propose notice, we took a very hard look

25    at it, and, frankly, all of the cases that have addressed it

1    in the Northern District and then in addition to cases in the

2    other California districts and a string of cases in the

3    Southern District in new York all did not require notice in a

4    (b)(2) context for a variety of reasons, so we didn't have

5    case law to bring to you to say notice should be required in

6    the --

7         **THE COURT:**  I don't need case law.

8         **MR. BATES:**  You're exactly right.

9         **THE COURT:**  The statute -- I mean, the rule says

10   they're supposed to get notice so that they can file an

11   objection to fees if they wish to or otherwise object to

12   the -- the class.  I mean, haven't you built in an objection

13   procedure?

14        **MR. BATES:**  We have, Your Honor.

15        **THE COURT:**  You have.  So how are people supposed to

16   object if they don't know that there's going to be a

17   settlement?

18        **MR. BATES:**  There's been a fair amount of media

19   attention on this case and -- and there would be some notice

20   through that.

21        In terms of -- of providing notice, in terms of the way

22   the courts have looked at it, in terms of if we're going to --

23   if, indeed, the court is requiring notice in this context,

24   we're going to have to figure out what type of notice we're

25   going to do.

```
 1              THE COURT:  Sure.
 2              MR. BATES:  You know, the courts have looked at it,
 3   and what they've balanced is when it's injunctive relief only,
 4   when injunctive relief doesn't require any --
 5              THE COURT:  Waiver.
 6              MR. BATES:  -- affirmative action of any type.
 7              THE COURT:  Or waiver of damages.
 8              MR. BATES:  Or waiver.  And of course, most important
 9   thing is the -- the express carving out of any claims for
10   monetary damages from the release.  And then that's
11   counter-balanced with the cost of notice in terms of -- on
12   the -- on the detriment side.
13              THE COURT:  Well, what -- I mean, first of all, you
14   have no idea who the -- who all the class members are.  So how
15   difficult would it be to send out some sort of Internet
16   notice?  I mean, how expensive would that be?
17              MR. BATES:  In terms of --
18              THE COURT:  I mean, I imagine that Facebook -- can't
19   you just post something and send it to everyone?  Don't you
20   have something like a list serve?
21              MR. JESSEN:  That's actually a very onerous process,
22   Your Honor, to contact everyone.  I mean, first of all, it
23   is -- we don't really know who the class members are.  And --
24   But even assuming that -- but that's sort of one hurdle, is
25   how do we identify these folks because there really is no
```

1   administratively feasible way to determine who during the

2   class period sent a message with a URL that was turned into an

3   attachment.  So that's one issue, is how do you identify these

4   folks.

5       There's really no good way to do it.  But even if we

6   could, sending out a massive number of emails or providing

7   some other sort of notification is a very significant

8   undertaking.  It would be expensive.  It would be terribly

9   time-consuming.

10      Go ahead.  Sorry.

11          THE COURT:  What about some sort of Internet

12  advertising?

13          MR. JESSEN:  Yeah, I think --

14          THE COURT:  Isn't that what they did in the *Yahoo!*

15  case?

16          MR. JESSEN:  Yeah.  And allow my to address -- Excuse

17  me, Your Honor -- a couple points.  They did do that in the

18  *Yahoo!* case, although Judge Koh in her order granting approval

19  of that settlement acknowledged that for a (b)(2) settlement

20  with injunctive relief only and no damages relief, that notice

21  is not required.

22      And, in fact, if -- obviously, if Your Honor looks at

23  Federal Rule Civil Procedure 23(c)(2), you know, the rule says

24  for any class certified under 23(b)(1) or (b)(2), the court

25  may direct appropriate notice to the class.

1    **THE COURT:**  But that's notice of certification.

2    That's not notice of settlement.  Look at Section E and H.

3    **MR. JESSEN:**  I've looked at those, Your Honor, and

4    there have been -- As the plaintiff cite in their motion for

5    preliminary approval, there have actually been several cases

6    including in the Northern District that have considered this

7    very issue and -- and we've cited them.  One of the cases is

8    the *Lilly vs. Jamba Juice* case.

9    **THE COURT:**  Sure.  I don't agree with those, though.

10   And there isn't any Ninth Circuit authority one way or the

11   other on how to interpret those two provisions of Rule 23.

12   **MR. JESSEN:**  Agree that there's no Ninth Circuit

13   authority, Your Honor.

14   One point that I would make, and Your Honor acknowledged

15   this in your order for class certification.  We had argued

16   that ascertainability is a requirement for a (b)(2) class.

17   The court, you know, rejected that argument.  But part of Your

18   Honor's rationale in the class certification order was, unlike

19   in a Rule 23(b)(3) class, where people have a right to opt

20   out, and -- and that's not the case and -- and mandatory

21   notice is required, that's not the case, as I think the

22   Supreme Court said in the *Dukes* case in a Rule 23(b)(2) class.

23   So I think, you know --

24   **THE COURT:**  But once again, that's not settlement

25   notice or the notice that is required to give before

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

1    attorneys' fees are considered and granted.

2         It's not the same thing.

3         **MR. JESSEN:**  I don't -- I don't know that the courts

4    have drawn that distinction, Your Honor.  I think -- I think

5    Mr. Bates is right that the court does have discretion not --

6         **THE COURT:**  "Newberg on Class Actions" has drawn that

7    distinction even if the courts haven't.

8         **MR. JESSEN:**  Yeah.  I think if I could raise a few

9    other points, Your Honor, that -- that are significant.

10   Number one, there has actually been a lot of media and

11   publicity around this case from day one.  It continued

12   actually when we filed -- when the parties filed a settlement

13   agreement.  The settlement was reported in numerous news

14   outlets.

15        Number two, we have -- is we have provided notice to --

16   pursuant to CAFA to all attorney generals in all 50 states, to

17   the U.S. Attorney General, and territories.  So notice has

18   been dispersed pretty widely.

19        As a practical matter, Your Honor, first of all, notice

20   here would be expensive.  It'd be very difficult to figure out

21   the appropriate kind of notice.

22        But secondly, it's unclear what the point of the notice

23   would be.  No one can opt out of this class.  It's an

24   injunctive-relief-only class.  They're not -- No one -- No one

25   is releasing damages claims.

1          **THE COURT:**  But they can object.  They can object

2   that this declaratory relief or the injunctive relief doesn't

3   go far enough.  They can object to that.  They can object to

4   any amount of fees that are being sought.

5          **MR. JESSEN:**  I -- I think, Your Honor -- this gets to

6   the other point I was going to make, which is our fear is

7   notice in this context is just going to create confusion.

8          Typically when people get noticed, they think they should

9   do something with it.  Here, we're dealing with practices --

10   the sort of three uses that Your Honor certified in her class

11   certification order that -- that ceased many years ago, in

12   2012 and 2014 respectively.

13          And so we anticipate -- it's unclear sort of what the

14   notice would say, but I think it's going to create a lot of

15   confusion.  And since these class members don't have a right

16   to opt out, they don't -- they're not releasing damages

17   claims.  We would -- In all likelihood, anything Facebook

18   does, Your Honor, gets significant publicity.

19          And we don't to have infrastructure to answer questions

20   that are going to inevitably come up if someone gets notice,

21   saying, by the way, there are these historical practices --

22          **THE COURT:**  Well, what is the point of, then,

23   allowing the class an opportunity to make objections if we're

24   not going to tell them that something's going on with this

25   class that they've been hearing about.

1          **MR. JESSEN:**  There --

2          **THE COURT:**  What's the point?

3     And we are required to give them notice of attorneys' fees

4     that are being sought.  I assume there's agreement that,

5     indeed, the class is entitled to object to that if they wish.

6          **MR. BATES:**  Yes, Your Honor.  And, again --

7          **THE COURT:**  So how do we notify them of that?

8          **MR. BATES:**  And I've -- I understand your perspective

9     Your Honor, frankly when we start to look at this, we started

10    from your perspective as a sort of default position that

11    notice should be provided.

12         It was only after we read all the case law and found no

13    case consistent with that position.  That does not mean that

14    court does not have discretion to require it.  And in terms

15    of, you know, the options for some type of notice in this

16    context.  And -- In the Yahoo! case, although the court noted

17    that notice wasn't required the parties had proposed notice.

18         And in part, they had done it there because of the

19    different nature of the case.  It was a -- It was a non-user

20    class as opposed to a user class, so they were outside the

21    loop of the terms of service.  It a way of providing

22    disclosures to the class that -- since they were outside the

23    terms of service, communication, right?

24         And that was a part of -- and what they tell in that

25    class, they did do Internet advertising.  I think the cost was

1   around -- think it exceeded a hundred thousand dollars, around

2   there.  And in order to put banner ads that would provide

3   general --

4           **THE COURT:**  And that's probative in this case?  I

5   mean, Facebook is a multi-billion-dollar company.  You're

6   not -- I mean, hundred thousand dollars does not seem to me to

7   be a prohibitive amount of money to spend on some notice.  But

8   I'm more concerned --

9       I agree they can't opt out of the class.  In fact, some of

10  procedures that you've agreed to cease doing you'd stopped

11  even before you all had entered into a settlement, at least

12  that was the representation.

13          **MR. JESSEN:**  Correct.

14          **THE COURT:**  Correct.  So okay.  They can't opt out.

15  Whether or not they should be able -- the class members should

16  be able to object that the relief should be broader is

17  probably kind of a small thing.  But it is an issue but not a

18  major issue.

19      But the attorneys' fees is -- is a significant issue.  In

20  fact, most -- the vast majority of objections I get are that

21  attorneys' fees are inappropriate given the -- the nature of

22  the settlement, the amount of the settle, et cetera.  And I

23  think that class members -- even class members who can't do

24  anything about the relief that's been agreed to have a right

25  to assert those objections.

```
 1            So that's my main concern.
 2            MR. BATES:  Okay.
 3            THE COURT:  Complying with 23(e).  I how -- I think
 4    it's 23(e).  How are we supposed to do that?  How are you all
 5    supposed to do that?
 6            MR. JESSEN:  So --
 7            THE COURT:  So if you don't want to confuse the class
 8    members with giving them details of the practices, et cetera,
 9    we still have to tell them that fees are going to be sought in
10    "X" amount, and they have "X" amount of time to object.
11            MR. BATES:  Yeah, one -- I mean, the -- there is a --
12    a significant concern in terms of confusion.  I think in terms
13    of -- we'd have to discuss in terms of what the content would
14    be.  I find even when I've -- when send out notice in a case
15    and it's simply notice of class certification as opposed to
16    notice of a -- of a class settlement, you get lots of calls
17    'cause people expect to think they need to do something.  You
18    know, either -- either make a claim or be on the look-out for
19    a check.
20            Most calls you get is, when do I get my money type calls,
21    'cause there is a sense when you get something, it requires an
22    action by you.  So I think to the extent that if we went down
23    the road of notice, if it were more focused on potentially the
24    fee amount, the types of things that -- that they would have
25    an interest in participating.
```

1          **THE COURT:**  It can be very -- It's a very simple

2     notice.  I mean, the case has been on file for a couple of

3     years.  You simply notify the class that the parties have

4     settled it.  Facebook has agreed to do -- you can describe it

5     in any way in which you wish.  And you as a class member need

6     do nothing.  Everyone who uses Facebook is going to enjoy the

7     benefit of whatever it is Facebook has agreed to do.

8          However, for the effort and the -- the litigation that was

9     undertaken in order to achieve this, the plaintiffs' lawyers

10    are going to be seeking fees.  This is the amount.  Facebook

11    has agreed to pay, what, up to a certain amount.  Do you have

12    an objection to that?

13          **MR. BATES:**  And the service award.

14          **THE COURT:**  Right.  So what's -- what's hard about

15    that?

16          **MR. JESSEN:**  Yeah, I think a couple points, Your

17    Honor.  I mean, I do think that the court does have discretion

18    here.  And if you look at the text -- and I agree there's a

19    little bit of tension between 23(c)(2) and 23(e).  23(c)(2)

20    says very clearly the court may direct notice, "may," which

21    Judge Koh again, even though the parties in *Yahoo!*, which was

22    a case involving people who didn't use Yahoo! mail, even

23    though they agreed to provide notice -- Judge Koh acknowledged

24    in that order, even in the context of settlement, notice is

25    not required for a (b)(2) settlement with injunctive relief

1     only and -- and no damages release.  Okay?

2          23(e) does say the court must -- this is regarding

3     settlement.  The court must --

4                    (Off-the-record discussion.)

5               MR. JESSEN:  The court must direct notice in a

6     reasonable manner to all class members who would be bound by

7     the proposal.  Okay?

8          And here, again, it's a mandatory (b)(2).  There's --

9     They're not -- They're not sacrificing any of their

10    substantive rights, Your Honor, as the court in the *Lilly vs.*

11    *Jamba Juice* case acknowledged -- and I'm quoting from page 9

12    of the opinion.  I'm happy to provide the cite even if --

13    because even if notified of the settlement, the settlement

14    class would not have the right to opt out from the injunctive

15    settlement and the settlement does not release the monetary

16    claims of class members, the court concludes the class notice

17    is not necessary.

18         And, again, I'll go back to your honor's class

19    certification opinion, which is docket 192, on pages 8 and 9,

20    the court specifically noted that in a (b)(2) class, in -- in

21    determining that ascertainability was not a requirement, the

22    court cited *Dukes* and -- which -- and I'm quoting the court's

23    opinion, quoting *Dukes*, the procedural protections attending

24    the B3 class, predominance, superiority, mandatory notice, and

25    the right to opt out are missing from (b)(2), not because the

1    rule considers them unnecessary but because it considers them

2    unnecessary to a (b)(2) class.  So this is an important

3    distinction, Your Honor.  I don't think the court does have

4    discretion here to not award it.

5         **THE COURT:**  But I've already decided I'm going to

6    require notice at least of the fees so that there can be

7    objections.  It seems a meaningless act to set aside time for

8    parties to object to something they've received no notice of.

9         **MR. JESSEN:**  I disagree on that point, Your Honor,

10   for a couple reasons.  Number one, the case has received

11   wide -- widespread publicity, including the settlement

12   agreement.  I can submit to Your Honor 12 articles filed

13   with -- published within a day or two after the settlement.

14       Number two, we have provided notice to the attorney

15   generals.  And the rule under CAFA, they have to have an

16   opportunity to object.  Okay?  So it's not as if not providing

17   other notice in this context doesn't have a meaning.  It does

18   have a meaning, for the attorney generals to object.

19       Number three, there are a lot of people monitoring this

20   case through the ECF, Your Honor.  And people who are aware of

21   it are aware of the proceedings based upon the information in

22   the public docket.

23       So there -- there is -- and I will say -- I want to make

24   another point, Your Honor.  In the *Yahoo!* case, when they did

25   provide this Internet notice -- again, totally different case

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

1    because that was a case concerning non-Yahoo! users.

2        You could see even though (b)(2), our position is you

3    don't have to provide notice in a (b)(2) case with injunctive

4    relief only and no damages relief.  In the context where the

5    class is people who don't use the product, in that case,

6    Yahoo! mail, you could understand they wanted to sort of get

7    this out there.

8        Our case is completely different because everyone in this

9    case is a Facebook user.  Part of the -- part of the relief

10   we've acknowledged in this case is we have updated our data

11   policy.  Okay?  We've enhanced the data policy.  And we've

12   also agreed to put additional language on the website.  Okay?

13       Everyone who uses Facebook, first of all, is bound by that

14   policy and gets notice of it, okay?  So they do get notice in

15   that context, and that information is available to them on the

16   website.  Okay.

17       So we're fundamentally differently situated from -- from

18   the parties in *Yahoo!*.  But I will say that in the *Yahoo!*

19   case, even after providing extensive notice, they had one

20   objector, a professional objector.  The objection was

21   overruled.

22       And, again, in this case, Your Honor, it -- it -- it -- I

23   think it would -- it's not required.  It would sow confusion.

24   And if I could make one -- one final point, Your Honor --

25            **THE COURT:**  So are you suggesting, though, that in

1   class action settlements, we don't give notice, particularly

2   if it's a (b)(2) class -- but we don't give notice because the

3   objections are rare and we rarely get -- I've never received

4   more than a dozen in any one case.

5        **MR. JESSEN:**  No, Your Honor.  I'm -- I'm not

6   suggesting that.  I'm just saying as a practical matter even

7   in that case when they didn't have to provide notice and they

8   did, they had one objection.

9        In our -- I think you have to look at every -- it's not as

10  if there would not be (b)(2) cases where notice would be

11  appropriate.  I just think that our particular case is not one

12  of those.  It's going to be -- Your Honor says, well, it may

13  only be a hundred thousand dollars.  Your Honor, we've

14  litigated this case extensively for three years.  You know,

15  we've -- it's been an expensive case to litigate, and -- and

16  additional money on top of that is problematic.

17       We actually -- And, frankly, Your Honor, if the court does

18  require --

19       **THE COURT:**  Well, I'm not suggesting that Facebook

20  alone bear the costs.

21       **MR. JESSEN:**  Understood, Your Honor.

22       As a practical matter, this is -- I mean, this --

23  requiring notice in this context -- again, we're dealing with

24  historical practices that ceased many years ago.  We've

25  updated the data policy which everyone at Facebook gets

1   notified about.  And it's on the website, okay?  In that

2   context, notice is likely to confuse people.  It's likely to

3   lead to an influx of inquiries to the company that we're not

4   set up to handle.

5        And, frankly, Your Honor, it -- it has the potential to

6   jeopardize the settlement.  We have built into the settlement

7   agreement a provision where if certain changes are made to the

8   agreement, the parties can -- can not go forward with the

9   agreement.  And one of those is the provision of notice

10  because we don't think it's required, and we don't think it's

11  appropriate in this context.

12       **THE COURT:**  Well, I don't think it's necessarily

13  appropriate for you all to bargain away the court's right to

14  require notice under threat that the settlement won't -- won't

15  come to fruition if the court orders that notice be made.

16       **MR. CHORBA:**  Your Honor, Chris Chorba.  May I address

17  this issue just very briefly?  I think Mr. Jessen has done a

18  fine job, and Mr. Bates have (sic) as well articulating our

19  position.

20       And I think Your Honor's made clear that you're inclined

21  to exercise your discretion to require notice.

22       I would like to, if possible, just explore -- I mean, this

23  is something we'll have to discuss with our client.  This is

24  something we'll want to meet and confer with plaintiffs about.

25  But -- And I'm happy to submit this, but in another case that

1    we had before Judge Chen just last year, we had an extended

2    discussion with the court.  What Judge -- And it was another

3    (b)(2) only class, no release of damages.

4        Judge Chen exercised his discretion in that case to not

5    require notice.  We had a very similar dialogue to the one

6    we're having with you now.

7        I will say what he found persuasive here were the points

8    Mr. Jessen raised, that there was a CAFA notice.  There was

9    publicity.  I will say there was a lot less publicity there

10   than here.  He also noted that any filings would be on the

11   public ECF, so any class member paying attention would have

12   the opportunity to review that.

13       And fourth and finally, and it's something I'd like to

14   suggest here -- I have no authority with my client -- he

15   actually required the plaintiffs' counsel to post on their

16   website and the counsel here -- both lawyers have on their

17   website pages dedicated to this case.  He required them to

18   post the attorneys' fees motions on that website and viewed

19   that as an appropriate form of notice.

20       Because here, as in that case, very difficult time

21   identifying who the people are, so one of our concerns

22   frankly, Your Honor, is once you dip your toe in this water

23   and exercise your discretion to require notice, we have a

24   serious concern that we do not want to be in a world where

25   someone down the line sues us again and says, well, Judge

1    Hamilton found that you had to give notice, and that notice

2    isn't adequate because I didn't see it.

3        That is our primary concern with this, so I would just

4    submit to Your Honor that I think those four forms that --

5            **THE COURT:**  This is the first I've herd that there is

6    a suggestion of posting it.  My main concern is with the

7    attorneys' fees.

8            **MR. CHORBA:**  Right.

9            **THE COURT:**  If indeed those are posted.

10       Tell me about this website.  Tell me about -- you're

11   talking about the firm's website --

12           **MR. CHORBA:**  The firm's.

13           **THE COURT:**  -- or is there a class action website of

14   some --

15           **MR. CHORBA:**  It's the firm's website, Your Honor.

16   There's no settlement process, no claims process, so there's

17   not a page dedicated to this case, nor would there be pursuant

18   to the settlement.  I'm talking about the law firm's websites

19   where there's contact us if you're part of this case or you

20   are a potential claimant in this case.

21       And, again, it's analogous to the situation that we had in

22   a case with PepsiCo where Judge Chen found that convincing.

23   Again, he had your concerns, how are people going to know

24   about this, where would people go.  And, again, those four

25   avenues I would just submit to Your Honor I think are

1  sufficient to kind of cover these concerns.

2      And anyone who's paid attention to this, anyone who has

3  any concern with it would receive notice of it, be able to

4  review the motions, either on the public docket, either

5  through the extensive press coverage --

6          **THE COURT:**  How does counsel feel about putting the

7  motions on the website?  I mean, the motion for fees

8  oftentimes include billing information, and what -- what's

9  your view on that?

10          **MR. BATES:**  Well, we would put the public -- the same

11  versions of the motions that we would --

12          **THE COURT:**  File it in ECF.

13          **MR. BATES:**  -- publicly available through Pacer.  To

14  the extent that we felt that we had to redact some things, I

15  think -- the most important aspects of it would still be

16  publicly available.

17          **THE COURT:**  And so I assume then you're willing to do

18  that.

19      Have you all talked about this?

20          **MR. CHORBA:**  No, Your Honor, I'm --

21                  (Simultaneous colloquy.)

22          **MR. BATES:**  -- I mean, I understand where the court

23  is coming from.  I think it's become clear through this

24  discussion that the concerns among the parties are much more

25  about the internal fallout in terms of having to deal with

1     questions and the -- that Facebook has than -- than from

2     counsel's side in terms of -- of disclosing our attorneys'

3     fees or trying to avoid any objections to that.

4          And we have no concern with that and -- and, again, when

5     we started looking at this process, we started from the

6     perspective that we expected to be doing notice.

7          It was only after we read all of the case law and

8     everything went the other way and I had no cases to come and

9     show you to say, this court said notice is required.

10         But the court does have discretion.  There's no question

11    about it.

12              **THE COURT:**  No, and --

13                   (Simultaneous colloquy.)

14         **MR. BATES:**  -- think it's a matter of tailoring it to

15    the court's concerns so that -- so we avoid some of the -- the

16    detriments that the other courts have seen in this area that

17    can also address the court's concerns.

18              **THE COURT:**  Well --

19         **MR. BATES:**  We're certainly open --

20         **THE COURT:**  My concern is less about the injunctive

21    relief, the practices that Facebook is ceasing to engage in

22    for the reasons that I already stated.  My concern is less

23    about that than it is about giving the parties an opportunity

24    to object if they wish to the fees that are being sought.

25         **MR. BATES:**  And we understand that.

 1          THE COURT:  There are two things that an injunctive

 2     relief class would have the right to object to.  One is that

 3     the injunctive relief isn't broad enough and they think it

 4     should go further.  I'm not as concerned about that because

 5     you all have agreed to discontinue the practices that were at

 6     issue here in the case.

 7        With regard to the attorneys' fees, however, there --

 8     seems to me that we have an obligation to at least allow the

 9     class members to file an objection if they wish.

10        I think what you've suggested is reasonable.  Actually

11     with the posting of the -- it's not enough just to put them on

12     ECF because everybody doesn't have access to ECF --

13                    (Simultaneous colloquy.)

14          THE COURT:  Yes, they're publicly available, but you

15     have to be a filer in order to have access.

16        Putting them on the website of the firm is different.  I

17     mean, a lot of people will Google a law firm and if you get to

18     the home page and if it's easily -- if you can put a link to

19     it so that it's easy enough for the -- any class members who

20     are perusing your website to find it.  I would think that

21     would be adequate.

22        The only thing that I would ask in addition -- you said

23     there were four mechanisms.

24          MR. CHORBA:  Yeah.  And I can go through that again,

25     Your Honor.  The publicity that this case has received, even

1   the settlement.

2        Number two, the CAFA notice that goes to all appropriate

3   State and federal officials.

4        Number three, the -- the public ECF.  Everything in this

5   case is filed.  But to Your Honor's point that general members

6   of the public may not have access.

7             **THE COURT:**  Right.

8             **MR. CHORBA:**  Posting on the websites of the

9   respective law firms.  Again, if you're -- if you're trying to

10  target this to those people who would take an interest, our

11  belief is one of those four would be far more likely to

12  actually reach interested parties than a banner ad, which is,

13  in our view, going to create a lot of confusion.  And we won't

14  just get the calls.  Counsel will get calls.  The court may

15  get calls.

16       And in this circumstances where substantive rights are not

17  being released, where there's no opt-out, if it's just the

18  concern about --

19            **THE COURT:**  That's the principal concern.

20            **MR. CHORBA:**  Again, the -- counsel's website where

21  it's there, anyone can download it.  It's the public version

22  that they would file before Your Honor.

23       The class members who have taken an interest in this will

24  have the exact same information.  And, Your Honor, we can post

25  the preliminary approval order with the schedule.  I mean,

1     those are things I'd like to discuss with my client and

2     opposing counsel.

3        But I think that would be a way that would -- would

4     satisfy Your Honor's concern and -- and allow us to proceed

5     with wrapping up the settlement.

6           **MR. BATES:**  And we're certainly -- we haven't

7     discussed this, but we're certainly open to all of that.

8           **THE COURT:**  I would be satisfied with that.  But I

9     would like something -- a filing from Facebook with regard to

10    the claim that you're making that the publicity is wide and

11    broad.

12                    (Simultaneous colloquy.)

13          **THE COURT:**  I'm not necessarily privy to all of that.

14    I don't read all of these stories.  I only read what I get in

15    the *Recorder* or *Daily Journal*.  And it hasn't been that much

16    publicity in those two -- those two journals, even though

17    there's been some.

18          **MR. CHORBA:**  Right.

19          **THE COURT:**  What I'd like is some compilation or

20    reference to them so that I can be assured that, indeed, this

21    story has been covered to the extent that you say it has.

22          **MR. CHORBA:**  And it's extensive.  For a class action,

23    Your Honor, it's -- it's extensive in my experience, so we

24    will -- we will do a supplemental -- if we can have a week to

25    put that together, we'll get it on file.

1        **THE COURT:**  Okay.

2        **MR. CHORBA:**  And shall we do an amended proposed

3    preliminary approval order along with it?

4        **THE COURT:**  Yes, that includes these items, and that

5    will give you a little time to figure out at your firm how

6    you're going to go about posting it --

7        **MR. CHORBA:**  That will be no problem.

8        **THE COURT:**  -- once -- once you file it.  And I like

9    the idea of including the order --

10        **MR. CHORBA:**  Okay.

11        **THE COURT:**  -- with the posting.

12        **MR. CHORBA:**  Thank you, Your Honor.

13        **MR. BATES:**  Okay.

14        **THE COURT:**  Okay?

15        All right.  So let's see if there's anything else.  On --

16    The only other thing is I -- you know, I'm -- I've done it

17    both ways, but with regard to whether or not a class member

18    has to file something in writing before they can appear, I

19    don't generally require that.

20        If there is an objection, it's great to have them in

21    writing so that you all have advanced notice.  So I don't have

22    any problem with the requirement that objections be in

23    writing, but I believe you all have included in the proposed

24    order that a class member won't be able to be heard unless

25    they've given written notice of an intention to appear.

1     No one needs to give advance notice of an intention to

2   appear.  I always ask if there's someone who wishes to make an

3   objection.  Every now and then, there is.  And they don't have

4   to have filed something in advance.

5     So I'd like you to change that.  I believe that's in

6   paragraph ten.

7         **MR. BATES:**  Okay.

8         **MR. CHORBA:**  That's -- That's an easy fix from our

9   perspective, Your Honor.

10        **MR. BATES:**  And ours as well.

11        **THE COURT:**  And do you need to also change paragraph

12  seven of the order?  And that's where you would put -- that's

13  the place where you've said that you don't believe notice is

14  necessary.  I'm not making that finding.  I think some notice

15  is necessary.

16    It's just that the alternative to more direct notice that

17  you've suggested I am persuaded under the facts of this case

18  are probably sufficiently adequate and would help to avoid any

19  unnecessary confusion, so that's what it should say.

20        **MR. BATES:**  We'll modify paragraph seven to conform

21  to that.

22        **THE COURT:**  Okay.  Seven and ten.

23    All right.  With regard to the dates, then, assuming that

24  preliminary approval is given a week from today, which will

25  give you time to get the amended orders in and amended notice,

```
 1      then the proposal is fine.  We would just have to change
 2      everything by a week.
 3         So the motions for final approval and attorneys' fees
 4      instead of being due May 19th would be due --
 5              THE CLERK:  26th.
 6              THE COURT:  26th?
 7              THE CLERK:  26th.
 8              THE COURT:  May 26th.
 9         Objections due instead of June 19th, would be --
10              THE CLERK:  June 26th.
11              THE COURT:  June 26th.
12         Response to objections -- I think that's two weeks later.
13      You have July 3rd, so that would be July 10th.
14              THE CLERK:  Yes.
15              THE COURT:  And the hearing instead of July 26 would
16      be August 2nd; is that right?
17              THE CLERK:  Yes.
18              THE COURT:  How's that?
19              MR. JESSEN:  Give us one minute to confer with our
20      client, Your Honor.
21                      (Pause in the proceedings.)
22              MR. BATES:  I am not available on the 2nd.  I can be
23      available the -- the next week, and I'm not sure if we're
24      going to be able to cover the 2nd on my side.
25              MR. CHORBA:  Is the 9th available?
```

```
 1                THE COURT:  The 9th, is that available?

 2                THE CLERK:  The 9th is available.

 3                MR. CHORBA:  That works for all of us.

 4                MR. BATES:  Otherwise, I can check and --

 5                THE COURT:  The 9th is fine.

 6                MR. CHORBA:  Thank you, Your Honor.

 7                THE CLERK:  August 9th at 9:00 a.m.?

 8                THE COURT:  August 9th, 9:00 a.m.

 9           All right.  Then with that, I give -- grant preliminary

10      approval.

11                MR. BATES:  Thank you, Your Honor.

12                MR. CHORBA:  Thank you very much.

13                MR. JESSEN:  Thank you, Your Honor.

14                THE COURT:  You're welcome.

15                (Proceedings were concluded at 9:54 A.M.)

16                           --o0o--

17

18

19

20

21

22

23

24

25
```

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Monday, April 24, 2017