Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
David T. Rudolph (State Bar No. 233457)
drudolph@lchb.com
Melissa Gardner (State Bar No. 289096)
mgardner@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Rachel Geman
rgeman@lchb.com
Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
Facsimile:  212.355.9592

Hank Bates (State Bar No. 167688)
hbates@cbplaw.com
Allen Carney
acarney@cbplaw.com
David Slade
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL, MICHAEL HURLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No.  4:13-cv-05996-PJH<br><br>**JOINT DECLARATION OF MICHAEL SOBOL AND HANK BATES IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**<br><br>Date:    August 9, 2017<br>Time:    9:00 a.m<br>Judge: Hon. Phyllis J. Hamilton<br>Place: Courtroom 3, 3rd Floor |

We, Michael Sobol and Hank Bates, declare as follows:

1.     Michael Sobol is a member in good standing of the California State Bar and a partner in the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), counsel for Plaintiffs and the Class in this proceeding.  He is the LCHB attorney principally responsible for overseeing LCHB's work in this proceeding.

2.     Hank Bates is a member in good standing of the California and Arkansas State Bars and a partner in the law firm Carney Bates & Pulliam PLLC ("CBP"), counsel for Plaintiffs and the Class in this proceeding.  He is the CBP attorney principally responsible for overseeing CBP's work in this proceeding.

3.     We submit this declaration jointly in support of Plaintiffs' Motion for Attorneys' Fees and Expenses and for Service Awards for Plaintiffs.

4.     Except as otherwise noted, we have personal knowledge of the facts set forth herein, and if called to testify thereto, could and would do so competently, including with respect to the information provided regarding our respective law firms.

## SUMMARY OF CLASS COUNSEL'S WORK IN THIS CASE

5.     As summarized below, investigating, litigating, and negotiating a resolution of this matter required substantial commitments of time and resources from our firms. Throughout the litigation, all reasonable efforts were made to avoid duplication of efforts and to ensure the most efficient management and prosecution of this matter reasonably possible.

6.     A chronological summary of Class Counsel's work is provided below.

**I.     Case Investigation and Factual Research Prior to Filing (September 2013 to December 2013)**

7.     Class Counsel began work on this action at the beginning of September, 2013, four months prior to filing.  That pre-filing investigation included extensive review of Facebook's messaging function, consultation with multiple experts, review of Facebook's terms of service and privacy policies during the relevant time period and investigation of publicly available information related to the alleged conduct.

**II.     Consolidation of Actions and Successful Opposition to Facebook's Motion to Dismiss (January 2014 to December 2014)**

8.      Plaintiffs, on behalf of themselves and those similarly situated, commenced this action (the "Action") on December 30, 2013. In their initial complaint, Plaintiffs asserted claims for violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.* ("ECPA"); the California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq.* ("CIPA"); and California's Unfair Competition Law California Business and Profession Code §§ 17200 *et seq.* ("UCL"). Therein, Plaintiffs alleged that Facebook, as a routine policy and business practice, captured and reads its users' personal, private Facebook messages without their consent for purposes including, but not limited to, data mining and user profiling, generating 'Likes' for web pages, and targeted advertising.

9.      On January 21, 2014, David Shadpour filed a related action, which alleged similar facts and averred identical causes of action against Facebook (*see Shadpour v. Facebook*, Inc., Case No. 5:14-cv-00307-PSG (N.D. Cal.), Dkt. 1).

10.     Class Counsel conferred with counsel for Shadpour and successfully negotiated an agreement to seek consolidation of the actions. On April 15, 2014, the Court entered an order granting Plaintiffs' Motion to Consolidate the Related Actions (the "Consolidation Order") and consolidating the related actions for all purposes. (*See* Dkt. 24.) Following entry of the Court's Consolidation Order, the Class Representatives filed a Consolidated Amended Complaint on April 25, 2014, asserting ECPA, CIPA, and UCL claims on behalf of themselves and a proposed class of "[a]ll natural-person Facebook users located within the United States who have sent or received private messages that included URLs in their content, from within two years before the filing of this action up through and including the date when Facebook ceased its practice." (*See* Dkt. 25.).[1]

11.     On June 17, 2014, Facebook filed a Motion to Dismiss Plaintiffs' Consolidated Amended Complaint. (*See* Dkt. 29.) Plaintiffs filed an opposition (*see* Dkt. 31), and Facebook, in

---

[1] On October 2, 2015, David Shadpour voluntarily dismissed his claims, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a). (*See* Dkt. 123.)

turn, filed a reply brief (*see* Dkt. 35). On December 23, 2014, the Court issued an order granting in part and denying in part Facebook's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint, dismissing the claims under CIPA § 632 and the UCL, but denying dismissal of the claims under ECPA and CIPA § 631. (*See* Dkt. 43.)

**III.    Discovery and Discovery-Related Motions Practice (January 2015 to October 2015)**

12.    Following entry of the Court's order granting in part and denying in part Facebook's motion to dismiss the Consolidated Amended Complaint, the parties engaged in almost two years of extensive discovery, including the production of tens of thousands of pages of documents, fact and expert depositions of 18 witnesses (spanning 19 days of testimony), informal conferences and discussions, hundreds of hours reviewing and analyzing Facebook's source code and detailed technical documentation, substantial discovery motion practice and the exchange of hundreds of pages of written discovery requests and responses.

13.    More specifically, during the ten-month period between the Court's order on Facebook's motion to dismiss and Plaintiffs' filing of their motion for class certification, Plaintiffs propounded three sets of requests for Production (totaling 60 Requests), two sets of Interrogatories (totaling eight Interrogatories), and a Request for Admission.  Plaintiffs also served a third-party subpoena—consisting of three document requests—on one of Facebook's outside PR agencies.  Similarly, during this time period Plaintiffs took five depositions of Facebook witnesses, including multiple 30(b) depositions covering numerous highly technical topics, including the operation of Facebook's source code.[2]

14.    Plaintiffs' review and analysis of Facebook source code was particularly time consuming, given the complexity of Facebook's systems, which included over 10 million lines of code (*see, e.g.,* Dkt. No. 122 at 3;  Dkt. No. 130 at 8), and which Facebook characterized as "complicated and vast" (Dkt. No. 113 at 5), further taking the position that source code review was extraordinary and "unprecedented…in a consumer class action." (Dkt. No. 214 at 2; *see also* Dkt. No. 114 at 1).  Indeed, this extensive source code review and analysis was at the core of

---

[2] Broadly, the depositions covered the operation of Facebook architecture related to Private Message functionality, site security, and Facebook's creation and use of data and metadata from the processing of URLs contained within Private Messages.

1  discovery in this case.  It ultimately led to the articulation of the additional practices described in

2  Plaintiffs' motion for class certification as well as in the Second Amended Complaint, as the

3  Court recognized. *See, e.g.,* Order Granting in Part and Denying in Part Motion for Class

4  Certification (Dkt. No. 192 at 4, 6).

5         15.     Facebook propounded commensurate discovery, in the form of two sets of

6  Requests for Production, each, for Plaintiffs Campbell and Hurley (totaling 30 Requests per

7  Plaintiff), one set of Requests for Production for Plaintiff Shadpour (totaling 22 Requests), two

8  sets of Interrogatories, each, to Plaintiffs Campbell and Hurley (totaling 15 Interrogatories for

9  Plaintiff Campbell and 14 for Plaintiff Hurley), one set of Interrogatories to Plaintiff Shadpour

10  (totaling 11 Interrogatories), and one set of Requests for Admission, each, for Plaintiffs Campbell

11  and Hurley (totaling four Requests per Plaintiff).  Additionally, Plaintiffs defended numerous

12  depositions: all three Plaintiffs were deposed, while four third-party *acquaintances* of Plaintiffs

13  (with whom Plaintiffs corresponded via Facebook's private message function) were noticed for

14  deposition by Facebook, and of these four individuals, three were ultimately deposed.

15         16.     In addition, during this same period the parties engaged in substantial letter

16  briefing before Magistrate Judge Maria-Elena James, on a host of discovery issues ranging, *inter*

17  *alia*, from incomplete interrogatory responses and document production to 30(b)(6) deposition

18  topics to regulatory filings with EU agencies.  *See,* Dkt. Nos. 77, 95, 112, 113, 122.  Moreover,

19  during this same period, the parties engaged in protracted negotiation over the production of

20  Facebook's source code, involving an extensive meet and confer process, contested briefing (*see,*

21  *e.g.,* Dkt. Nos. 84-85), and ultimately a joint stipulation in which Facebook agreed to produce

22  source code for the time period of September 1, 2009 through December 31, 2012 (Dkt. 90).

23         17.     During this time period, the parties also engaged in their first mediation session on

24  August 19, 2015, before Cathy Yanni of JAMS.

25  **IV.    Class Certification Briefing and Expert Discovery (November 2015 to March 2016)**

26         18.     During the next portion of the discovery phase, Plaintiffs filed a Motion for Class

27  Certification. (*See* Dkt. 138.) Defendants filed an opposition (*see* Dkt. 147-4), and Plaintiffs, in

28  turn, filed a reply brief (*see* Dkt. 167).  Over the course of this time period, the parties continued

1    with discovery, with both Plaintiffs and Facebook deposing each others' experts in the class

2    certification briefing, and Plaintiffs taking additional fact witness depositions. The parties also

3    continued to encounter, negotiate and brief discovery disputes.  *See, e.g.,* Dkt. Nos. 186,[3] 189

4    190.

5           19.     On May 18, 2016, the Court issued an order granting in part and denying in part

6    Plaintiffs' Motion for Class Certification, denying certification as to a damages class under

7    Federal Rule of Civil Procedure 23(b)(3), but granting certification of an injunctive-relief class

8    under Federal Rule of Civil Procedure 23(b)(2). (*See* Dkt. 192.) Specifically, the Court certified

9    for class treatment three specific alleged uses by Facebook of URLs included in private messages:

10   (1) Facebook's cataloging URLs share in private messages and counting them as a "like" on the

11   relevant third-party website, (2) Facebook's use of data regarding URLs shared in private

12   messages to generate recommendations for Facebook users, and (3) Facebook's sharing of data

13   regarding URLs in messages (and attendant demographic data about the messages' participants)

14   with third parties. (Dkt. 192, at pp. 3-5). In addition, the Court directed the Plaintiffs to file a

15   Second Amended Complaint "(1) revising the class definition to reflect the definition set forth in

16   the class certification motion, and (2) adding allegations regarding the sharing of data with third

17   parties." (*Id.* at p.6). In accord therewith, the Plaintiffs filed their Second Amended Complaint on

18   June 7, 2016. (Dkt. 196).

19   **V.    Post-Certification Discovery and Settlement Negotiations (April 2016 to November 2016)**

20

21          20.     Subsequent to the filing of Plaintiffs' Second Amended Complaint, discovery in

21   this Action continued.  Facebook propounded a third set of Interrogatories, each, to Plaintiffs

22   Campbell and Hurley, and Plaintiffs propounded a fourth and fifth set of Requests for Production

23   and third and fourth set of Interrogatories.  Plaintiffs continued with the deposition of additional

24   fact witnesses, as well.  During this time, Plaintiffs filed three motions to compel discovery (Dkt.

25

26   _____

27   [3] Requesting a telephonic conference to compel Facebook to provide portions of four separate
     letter briefs related to (1) Plaintiffs' Requests for Production concerning damages; (2) topics to
     which produced documents alluded in Facebook's current production; (3) configuration tables;
28   and (4) Facebook's "predictive coding" used in the course of document production.

DECLARATION OF M. SOBOL & H. BATES ISO
MOT. FOR ATTORNEYS' FEES
CASE NO. 4:13-CV-05996-PJH

Nos. 206, 207, 208),[4] which were opposed by Facebook (Dkt. Nos. 214, 215, 216) and which were ultimately denied on October 4, 2016 by the Court, who instead ordered Facebook to provide the alternative discovery described in Facebook's motion papers (Dkt. No. 218).

21.    Parallel to the above-described discovery, the parties also worked diligently on exploring the possibility of settlement, beginning with a second mediation session before Cathy Yanni on July 21, 2016. While not yielding a resolution to the Action, the parties agreed to come back for a third mediation session, which occurred on July 28, 2016. This third mediation was also unsuccessful. For months following the parties' third mediation session, the parties continued to negotiate informally. Eventually, the parties agreed to attend a fourth mediation, which took place on December 7, 2016 before Randall Wulff.

## VI.   Mediation and Settlement Agreement (December 2016 to January 2017)

22.    As a result of these cumulative efforts, the parties were able to reach an agreement-in-principle to resolve this Action at the December 7, 2016 mediation, and on December 23, 2016, the parties filed a Joint Status Report, advising the Court that they had reached a settlement-in-principle. (*See* Dkt. 222). Thereafter, the parties worked diligently to memorialize the terms of the settlement, first in a Memorandum of Understanding executed on February 9, 2017.  Prior to that execution, on February 3, 2017, to facilitate agreement on issues related to the petition for the award of attorney's fees and costs, Class Counsel provided Facebook with the monthly time summaries.

## VII.   Work after Execution of Memorandum of Understanding (February 2017 to Present)

23.    Subsequent to execution of the Memorandum of Understanding, Class Counsel negotiated and drafted the Settlement Agreement, executed and filed with this Court on March 1, 2017, drafted the Motion for Preliminary Approval of Class Action Settlement and related filings, attending the hearing on this motion, implemented the notice requirements ordered by this Court and conferred with Facebook on issues related to the settlement.

---

[4] Respectively, these motions sought to compel production of source code, configuration tables, and further document searches.

## SUMMARY OF TIME AND COSTS INCURRED

**I.   Time Incurred By Plaintiffs' Counsel**

24.   We have spent considerable time working on this case that could have been spent on other fee-generating matters. The time that we have spent on this case has been completely contingent on the outcome. We have not been paid for any of our time spent on this case, nor have we been reimbursed for any of the expenses we incurred in this case.

25.   In total, from the inception of this litigation in September 2013 through April 30, 2017, the attorneys and staff at our firms have billed approximately 11,173.50 hours on this matter, for a total combined lodestar (for the two Class Counsel firms combined) of $6,310,216.30. Attached hereto as **Exhibit 1** are summaries listing, for each of our firms, each lawyer, paralegal and other professional for which compensation is sought, the hours each individual has expended to date, their hourly billing rates, and their total lodestar.

26.   The amounts included in Exhibit 1 are derived from our respective time records, which are prepared contemporaneously, describe tasks performed in 0.1 hour increments, and maintained in the ordinary course of business. Such amounts do not include many hours of time that we have written off in the exercise of billing discretion upon review of these time records.

27.   Our respective firms' billing rates, which were used for purposes of calculating the lodestar here, have been approved by courts in California and throughout the country, are the usual and customary rates that our respective firms charge for services in other actions, and are set in accordance with prevailing market rates. The lodestar calculation provided here is based on our respective firms' 2017 billing rates.  For any personnel who are no longer employed by the firm in question, their billing rate at the time they left the respective firm is used.

28.   A sample of California federal courts that have approved LCHB's standard billing rates and reimbursement of costs as reasonable are:

a.   *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, Dkt. No. 1112 (N.D. Cal. Sept. 2, 2015) (approving billing rates);

b.   *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig.*, No. 10-ml-02151 JVS (FMOx), Dkt. No. 3933 (C.D. Cal.

1    June 24, 2013) (awarding requested fees and finding that "[c]lass counsel's experience,

2    reputation, and skill, as well as the complexity of the case" justified their rates that ranged up to

3    $950);

4               c.    *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1009

5    (N.D. Cal. 2015) (awarding requested attorneys' fees);

6               d.    *Steinfeld v. Discover Financial Services*, Case No. 3:12-cv-01118-JSW

7    (N.D. Cal. Mar. 31, 2014) ("Class counsel have submitted declarations that show the hourly rates

8    that they have requested are reasonable and have provided the Court with information about other

9    cases that approved their rates.");

10              e.    *Nwabueze v. AT&T Inc.*, No. C 09-01529 SI, 2014 U.S. Dist. LEXIS

11   11766, at *8 (N.D. Cal. Jan. 29, 2014) ("[T]he Court also finds that the rates requested are within

12   the range of reasonable hourly rates for contingency litigation approved in this District.");

13              f.    *Ross v. Trex Co., Inc.*, No. 09-cv-00670-JSW (N.D. Cal. Dec. 16, 2013)

14   (awarding requested attorneys' fees);

15              g.    *In re AXA Rosenberg Investor Litigation*, No. 11-00536-JSW (N.D. Cal.

16   April 2, 2012) ("The Court has also reviewed Lead Counsel's hourly rates and concludes that

17   these rates are appropriate for attorneys in this locality of Lead Counsel's skills and experience.");

18              h.    *Vedachalam v. Tata Consultancy Services, Ltd.*, No. C-06-0963-CW (N.D.

19   Cal. July 18, 2013) ("Class Counsel's hourly rates are reasonable in light of their experience (as

20   reflected in their declarations and the declarations of their peers in the field of class action

21   litigation), and the rates charged are comparable to other attorneys in this field.");

22              i.    *Wehlage, et al. v. Evergreen at Arvin, LLP, et al.*, No. 4:10-cv-058390-CW

23   (N.D. Cal. Oct. 4, 2012) ("[T]he billing rates used by Class Counsel to calculate their lodestar are

24   reasonable and in line with prevailing rates in this District for personnel of comparable

25   experience.");

26              j.    *Holloway v. Best Buy Co., Inc.*, No. C-05-5056 PJH (MEJ) (N.D. Cal. Nov.

27   9, 2011) ("The rates used by Class Counsel are reasonable.");

28

DECLARATION OF M. SOBOL & H. BATES ISO
MOT. FOR ATTORNEYS' FEES
CASE NO. 4:13-CV-05996-PJH

k.     *Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS 144437, at *10 (N.D. Cal. Mar. 5, 2010) ("The Court further finds that Plaintiff's Counsels' hourly rates are reasonable for their skill and the work they performed.").

29.     A sample of California federal courts that have approved CBP's requested fees and reimbursement of costs as reasonable include the following:

a.     *Smith v. Intuit, Inc*., No. 5:12-cv-00222 (N.D. Cal Oct. 1, 2013) (Docket No. 105) (granting requested attorneys' fees);

b.     *In re Bank of America Credit Protection Marketing & Sales Practices Litig.*, No. 11-md-2269 (N.D. Cal Jan. 16, 2013) (Docket No. 96) (granting requested attorneys' fees);

c.     *In re National Golf Properties, Inc. Securities Litigation*, No. 2:02-cv-1383-GHK-RZX (C.D. Cal. Oct. 5, 2004) (Docket No. 106), (granting requested attorneys' fees);

d.     *Valuepoint Partners, Inc. v. ICN Pharmaceuticals, Inc. Et al.*, No. 8:03-cv-0989 (C.D. Cal. Feb. 28, 2005) (Docket No. 109) (granting requested attorneys' fees).

30.     Federal and state courts throughout the country have likewise approved CBP's requested fees and reimbursement of costs as reasonable.  *See, e.g., In re Liberty Refund Anticipation Loan Litig.*, Case No. 1:12-cv-02949 (N.D. Ill.); *Middlesex County Retirement System v. Semtech Corp. et al*, Case No. 07-Civ-7183 (S.D.N.Y.); *In re Sterling Financial Corporation Securities Class Action*, Case No. CV 07-2171 (S.D.N.Y.); *Nelson, et al. v. Wal-Mart Stores, Inc.,* Case No. 04-CV-00171 (E.D. Ark.); *Montalvo v. Tripos, Inc. et al.*, Case No. 4:03CV995SNL (E.D. Mo.); *In re Fleming Corporation Securities Litigation,* No. 5-02-CV-178 (E.D. Tx.).

31.     In addition to the chronological summary of work provided above, the following chart shows the number of hours that each of our firms spent, as of April 30, 2017, on each of fourteen categories of activities related to the action.

| Billing Category | Lieff Cabraser Hours | Lodestar |
|---|---|---|
| Pre-Filing Investigation and Drafting Original Complaint | 207.70 | $118,818.00 |

| | | |
|---|---|---|
| Consolidation of Actions & Consolidated Complaint | 146.30 | $98,414.50 |
| Case Management | 180.70 | $108,702.50 |
| Case Management Statements & Conferences | 94.80 | $66,834.00 |
| Dispositive Motions (Motion to Dismiss and Summary Judgment) | 417.30 | $241,181.00 |
| Written Discovery | 721.20 | $421,219.00 |
| Document Review | 645.40 | $311,176.50 |
| Experts and Source Code Review and Analysis | 605.20 | $351,914.00 |
| Depositions | 907.60 | $543,920.00 |
| Discovery Motions and Meet and Confers | 1,086.40 | $672,208.00 |
| Class Certification Motion | 1,045.70 | $666,078.00 |
| Second Amended Complaint | 42.20 | $29,879.50 |
| Mediation & Settlement | 342.40 | $232,211.50 |
| Post-Settlement Motions and Related Actions | 25.30 | $15,372.00 |
| **TOTAL** | **6,468.20** | **$3,877,928.50** |

- 10 -

| Billing Category | Carney Bates & Pulliam Hours | Lodestar |
|---|---|---|
| Pre-Filing Investigation and Drafting Original Complaint | 206.90 | $112,965.50 |
| Consolidation of Actions & Consolidated Complaint | 203.40 | $108,068.50 |
| Case Management | 120 | $78,946.00 |
| Case Management Statements & Conferences | 53.50 | $38,598.50 |
| Dispositive Motions (Motion to Dismiss and Summary Judgment) | 382.80 | $196,701.00 |
| Written Discovery | 491.50 | $265,065.50 |
| Document Review | 255.20 | $117,345.00 |
| Experts and Source Code Review and Analysis | 209.30 | $114,090.00 |
| Depositions | 840.60 | $502,462.00 |
| Discovery Motions and Meet and Confers | 674.00 | $348,702.50 |
| Class Certification Motion | 687.20 | $369,274.00 |
| Second Amended Complaint | 13.30 | $6,673.50 |
| Mediation & Settlement | 485.80 | $321,720.00 |
| Post-Settlement Motions and Related Actions | 81.80 | $51,232.50 |

- 11 -

| TOTAL | 4,705.30 | $2,631,844.50 |
|-------|----------|---------------|

| Billing Category | Class Counsel Combined Hours | Class Counsel Combined Lodestar |
|------------------|------------------------------|----------------------------------|
| Pre-Filing Investigation and Drafting Original Complaint | 414.60 | $231,783.50 |
| Consolidation of Actions & Consolidated Complaint | 349.70 | $206,483.00 |
| Case Management | 300.70 | $187,648.50 |
| Case Management Statements & Conferences | 148.30 | $105,432.50 |
| Dispositive Motions (Motion to Dismiss and Summary Judgment) | 800.10 | $437,882.00 |
| Written Discovery | 1,212.70 | $686,284.50 |
| Document Review | 900.60 | $428,521.50 |
| Experts and Source Code Review and Analysis | 814.50 | $466,004.00 |
| Depositions | 1,748.20 | $1,046,382.00 |
| Discovery Motions and Meet and Confers | 1,760.40 | $1,020,910.50 |
| Class Certification Motion | 1,732.90 | $1,035,352.00 |
| Second Amended Complaint | 55.50 | $36,553.00 |

| Mediation & Settlement | 828.20 | $553,931.50 |
|---|---|---|
| Post-Settlement Motions and Related Actions | 107.10 | $66,604.50 |
| **TOTAL** | **11,173.50** | **$6,509,773.00** |

32.     Based on our experience with other class actions and complex cases, we believe that the time expended in connection with this matter was necessary to ensure the success of the action and reasonable in amount, particularly given the result achieved for the Settlement Class members and the complexity and challenges of the litigation.

33.     The hourly rates utilized in the lodestar calculation include no risk multiplier. This Action involves novel issues predicated on claims involving the ECPA's and CIPA's application to electronic messages. The caselaw in this context is not fully developed, which resulted in the parties advancing conflicting interpretations of certain elements of Plaintiffs' ECPA and CIPA claims during the litigation, including the definition of message "content," the extent to which an interception of an electronic message occurs "in transit," the contours of the affirmative defense of implied consent, and the extent to which an "ordinary course of business" defense applies to an electronic communications service provider's acquisition and/or use of message content. Moreover, these novel legal issues were disputed in a highly technical context that required our firms and our retained experts to review extensive source code and technical documents. These issues, and other difficult issues implicated by these claims, required our firms to research and devise litigation strategies to move the case through class certification towards trial, without the certainty of ever receiving compensation.

## II.  Costs Incurred By Plaintiffs' Counsel

34.     At the inception of the litigation, we agreed to establish a common cost fund to be used to pay necessary common expenses, primarily expert and consultant expenses, incurred on

behalf of Plaintiffs in this litigation. The common cost fund is, and at all times has been, maintained by LCHB, and has been funded by our respective firms through periodic assessments.

35.     LCHB has contributed $196,276.00 to the common cost fund since its inception, and CBP has contributed $210,207.00 to the common cost fund since its inception, for a total contribution of $406,483.00.  In all, a total of $396,619.19 in necessary common costs have been paid from the common cost fund.[5] The costs paid from the cost fund are categorized as follows:

| Expense Description | Expense Amount |
|---|---|
| Experts and Code Review | $338,055.09 |
| Court Reporters and Related Deposition Costs | $52,322.43 |
| E-Discovery Consultants | $6,241.67 |
| **TOTAL** | **$396,619.19** |

36.     In addition to our respective cost fund contributions, our respective firms have incurred other necessary expenses in prosecuting this matter. Attached hereto as **Exhibit 2** is a summary of expenses incurred in the prosecution of this matter, including travel for depositions and hearings, legal research, postage, and other customary litigation expenses. As detailed in this exhibit, LCHB's expenses incurred in the prosecution of this matter total $374,757.71, inclusive of cost fund contributions; and CBP's expenses incurred in the prosecution of this matter total $288,801.41, inclusive of cost fund contributions. After deduction of the $9,863.81 not expended from the cost fund on this action, total unreimbursed expenses are $653,695.31.

37.     The foregoing expenses were incurred solely in connection with this litigation and are reflected in our respective books and records as maintained in the ordinary course of business.

---

[5] Of the total $406,483.00 contributed to the common cost fund, $9,863.81 has not been spent in this case.

III.     **Time and Effort by Plaintiffs**

38.     In addition to the time and costs we incurred in this action, the two Class Representatives have spent considerable time and effort in their pursuit of this litigation and in seeking to advance the legal rights and interests of the Settlement Class, including time spent discussing this litigation with Plaintiffs' counsel, time spent reviewing and responding to discovery requests, time spent preparing for their depositions and being deposed, and time spent communicating with Class Counsel counsel in the context of settlement negotiations.

39.     Each Class Representative has prepared a declaration detailing the time and efforts he has spent in pursuit of this litigation. The declaration of Matthew Campbell is attached hereto as **Exhibit 3** and the declaration of Michael Hurley is attached hereto as **Exhibit 4**.

## QUALIFICATIONS

**Lieff Cabraser Heimann & Bernstein, LLP**

40.     LCHB's qualifications were previously detailed at ECF No. 138-1 (filed in support of Plaintiff's Motion for Class Certification and appointment of LCHB as Class Counsel), which filing is incorporated by reference herein. As set forth therein, LCHB is one of the most respected and most successful class action firms in the country, and has recovered billions of dollars for class members. A copy of LCHB's current resume, which describes the firm's experience in class action and other complex litigation, can be found at http://www.lchbdocs.com/pdf/firm-resume.pdf.

41.     The primary LCHB attorneys working on this case were partners Michael W. Sobol, David Rudolph, Nicholas Diamand, and Rachel Geman, and associate Melissa Gardner.

42.     Michael W. Sobol is a 1989 graduate of Boston University School of Law.  Mr. Sobol practiced law in Massachusetts from 1989 to 1997. From 1995 through 1997, he was a Lecturer in Law at Boston University School of Law. In 1997, Mr. Sobol left his position as partner in the Boston firm of Shafner, Gilleran & Mortensen, P.C. to move to San Francisco, where he joined LCHB. Since joining LCHB in 1997, Mr. Sobol has represented plaintiffs in consumer protection class actions and other class actions and complex matters. He has been a partner with LCHB since 1999, and is currently in his fifteenth year as head of LCHB's consumer

practice group. Mr. Sobol has served as plaintiffs' class counsel in numerous nationwide class action cases. Mr. Sobol's qualifications are detailed at pages 6-9 of the Joint Declaration of Class Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Dkt. 227-2).

43. Nicholas Diamand graduated from Columbia University of Law in 2002, with an LLM degree as a Stone Scholar. He thereafter clerked for then-Chief Judge Edward R. Korman, of the U.S District Court, Eastern District of New York. He joined LCHB in 2003 where he was an associate until 2006. He was a partner from 2007 until July 2008 and has been a partner since 2013. In the intervening period, he was Of Counsel at LCHB. During his time at LCHB, Mr. Diamand's practice has been focused on consumer, securities fraud, and privacy litigation.

44. David Rudolph graduated from University of California at Berkeley, Boalt Hall School of Law in 2004. From 2007 to 2008 he was a law clerk for the Honorable Saundra Brown Armstrong, United States District Court for the Northern District of California. Prior to joining LCHB, Mr. Rudolph worked as an associate at Quinn Emmanuel. Since joining LCHB, Mr. Rudolph has become a partner in the San Francisco office. He has litigated numerous intellectual property cases in diverse technology areas, including internet services, storage visualization, semiconductor design, and handheld mobile devices. Mr. Rudolph has additionally represented several plaintiffs and defendants in copyright infringement and trade secret matters.

45. Rachel Geman graduated from Colombia University of Law in 1997. She then clerked for Judge Constance Baker Motley, United States District Court for the Southern District of New York from 1997 to 1998. Ms. German is now a partner in the LCHB New York office and focuses her work on employment law, consumer protection, and False Claims Act litigation. Her recent clients consist of whistleblowers in the banking, pharma, and healthcare industries; consumers in mortgage and short-term health insurance class action matters; and municipalities in civil rights litigation. She has also previously worked as an adjunct professor at New York Law School.

46. Melissa Gardner graduated in 2011 from Harvard Law School. After graduating, she worked as a law clerk for South Brooklyn Legal Services and at the law firm Emery Celli

Brinckerhoff & Abady in New York. Since joining LCHB as an associate in 2012, Ms. Gardner has represented plaintiffs in consumer protection, digital privacy, and mass tort litigation.

**Carney Bates & Pulliam, PLLC**

47.     CBP's qualifications were previously detailed at ECF No. 138-1 (filed in support of Plaintiff's Motion for Class Certification and appointment of CBP as Class Counsel), which filing is incorporated by reference herein. As set forth therein, CBP is a national law firm based in Little Rock, Arkansas, and is recognized as one of the country's premiere firms in the areas of consumer protection class actions, data privacy/security, securities fraud, environmental law and employment discrimination.  A copy of CBP's current resume, which describes the firm's experience in class action and other complex litigation, can be found at http://www.cbplaw.com/firm-resume/.

48.     The primary CBP attorneys working on this case were partners Hank Bates and Allen Carney and associate David Slade.  In addition, partner Tiffany Wyatt Oldham, associate Justin Craig and former associate Mitch Rouse performed discrete tasks.

49.     <u>Hank Bates</u> is a partner at CBP with 25 years of litigation experience.  He joined CBP in 2004, and since that time has focused his practice on representing consumers, farmers, shareholders, small businesses and governmental entities in class actions and complex litigation involving primarily consumer fraud, computer privacy, environmental law and employment rights.  He received his B.A. from Harvard College in 1987 and his J.D. from Vanderbilt University School of Law in 1992.  Following law school, he was a law clerk for the Honorable Danny J. Boggs, United State Court of Appeals for the Sixth Circuit.  He practiced public-interest environmental law in San Francisco, California from 1993 to 1997, first with the law firm of Shute, Mihaly & Weinberger and then with Earthjustice, before returning to his home state of Arkansas. Mr. Bates's qualifications are detailed at pages 10-13 of Joint Declaration of Class Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Dkt. 227-2).

50.     <u>Allen Carney</u> is a partner at CBP with over 20 years of litigation experience.  He concentrates his practice on prosecuting complex litigation on behalf of investors, consumers and

1  employees. Mr. Carney played a key role in litigating the various Payment Protection actions

2  against the largest credit card issuers, which actions resulted in significant recoveries for injured

3  consumers. Prior to joining CBP, Mr. Carney was a partner with Jack, Lyon & Jones, P.A. in the

4  Little Rock, Arkansas office, where he practiced extensively in the areas of complex commercial

5  litigation, labor and employment litigation, and business transactions. Mr. Carney received his

6  B.S.B.A. undergraduate degree from the University of Arkansas at Fayetteville in 1991 and his

7  J.D. from the University of Arkansas at Little Rock in 1994.

8         51.    <u>Tiffany Wyatt Oldham</u> is a partner at CBP with 16 years of litigation experience.

9  She received her B.A. from the University of Arkansas at Fayetteville in 1998 and her J.D. from

10  the University of Arkansas at Fayetteville in 2001. Prior to joining CBP, Ms Oldham worked as

11  an intern for the United States Bankruptcy Court, Western Division of Arkansas where she

12  researched bankruptcy issues and assisted in administrating bankruptcy proceedings. Since

13  joining CBP in 2002, Ms. Oldham has focused her practice on securities and consumer fraud class

14  action, and she has gained experience with the full range of litigation issues confronting investors

15  and consumers in complex litigation.

16         52.    <u>David Slade</u> is an associate at CBP with 4 years of litigation experience. He

17  received his B.A. from Yale University in 2001 and his J.D. from the University of Arkansas at

18  Little Rock in 2013. At CBP, Mr. Slade's focus is on consumer protection, specifically in the

19  areas of data privacy and data security. He has also organized cyber safety training for Arkansas

20  law enforcement and victim assistance professionals in conjunction with the National

21  Organization of Victim Assistance. Additionally, Mr. Slade is a member of the Volunteers

22  Organization, Center for Arkansas Legal Services, an organization committed to pro bono

23  advocacy.

24         53.    <u>Justin Craig</u> is an associate with 3 years of litigation experience. He received his

25  B.A. from the University of Central Florida in 2010 and his J.D. from the University of Arkansas

26  at Little Rock in 2014. Mr. Craig founded his own law firm, and as a solo practitioner, focused on

27  serving populations that are historically underserved through providing family law, estate

28

planning, and expungement services. Since joining CBP in 2015, Mr. Craig has focused his work on consumer protection.

54.      Mitch Rouse is a former associate of CBP.  Mr. Rouse earned his J.D. from the University of Arkansas at Little Rock William H. Bowen School of Law in 2014.  While in law school, he was selected by the Law Review Editorial Board to serve as the Editor-in-Chief of the UALR Law Review. Following law school, Mr. Rouse clerked for the Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

55.      Rebecca Kaufman is a former associate of CBP.  Ms. Kaufman graduated from the University of Arkansas-Little Rock Bowen School of Law in 2011.  While in law school, Ms. Kaufman simultaneously pursued a Masters of Public Service Degree at the Clinton School of Public Service.  Ms. Kaufman also holds a Bachelor of Arts degree from the University of Mississippi.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of May, 2017 in San Francisco, California.

*/s/ Michael W. Sobol*
Michael W. Sobol

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of May, 2017 in Little Rock, Arkansas.

*/s/ Hank Bates*
Hank Bates

# EXHIBIT 1

**Lodestar Summary for Class Counsel for the Settlement Class**
*Matthew Campbell and Michael Hurley, et al., v. Facebook, Inc.*
Case No. 4:13-cv-05996-PJH

**Timekeeper Status**

(P) = Partner                                    (C) = Contract Attorney
(OC) = Of Counsel                              (PL) = Paralegal
(A) = Associate                                  (R) = Research/Litigation Support

| Lieff Cabraser Heimann & Bernstein, LLP | | | |
|---|---|---|---|
| **Timekeeper** | **Hours** | **Rate** | **Lodestar** |
| Sobol, Michael (P) | 1092.7 | $900 | $983,430.00 |
| Geman, Rachel (P) | 40.4 | $700 | $28,280.00 |
| Diamand, Nicholas (P) | 451 | $650 | $293,150.00 |
| Diamand, Nicholas (OC) | 47.4 | $550 | $26,070.00 |
| Rudolph, David (P) | 1155.4 | $625 | $722,125.00 |
| Rudolph, David (OC) | 1334.4 | $575 | $767,280.00 |
| Gardner, Melissa (A) | 1605.3 | $455 | $730,411.50 |
| Cronin-Wilson, Seth (C) | 405 | $515 | $208,575.00 |
| Anthony, Richard (R) | 4.1 | $345 | $1,414.50 |
| Ashlynn, Willow (R) | 3.9 | $360 | $1,404.00 |
| Belushko-Barrows, Nikki (R) | 12.8 | $345 | $4,416.00 |
| Grant, Anthony (R) | 33.0 | $375 | $12,375.00 |
| Mukherji, Renee (R) | 7.6 | $375 | $2,850.00 |
| Calangian, Margie (R) | 31.5 | $375 | $11,812.50 |
| Ocampo, Erwin (PL) | 14.2 | $360 | $5,112.00 |
| Chan, Christian (PL) | 9.1 | $350 | $3,185.00 |
| Carnam, Todd (PL) | 191.9 | $345 | $66,205.50 |
| Rudnick, Jennifer (PL) | 28.5 | $345 | $9,832.50 |
| **LCHB TOTAL** | **6,468.2** | | **$3,877,928.50** |

| Carney Bates & Pulliam, PLLC | | | |
|---|---|---|---|
| **Timekeeper** | **Hours** | **Rate** | **Lodestar** |
| Bates, Hank (P) | 1,296.80 | $750 | $979,125.00 |
| Carney, Allen (P) | 852.00 | $750 | $639,000.00 |
| Oldham, Tiffany (P) | 34.70 | $575 | $19,952.50 |
| Craig, Justin (A) | 92.60 | $375 | $34,725.00 |
| Kaufman, Rebecca (A) | 18.20 | $375 | $6,825.00 |
| Rouse, Mitch (A) | 6.40 | $375 | $2,400.00 |
| Slade, David (A) | 2,404.60 | $395 | $949,817.00 |
| **CBP TOTAL** | **4,705.30** | | **$2,631,844.50** |

| Grand Total for Class Counsel for the Settlement Class | | |
|---|---|---|
| | **Hours** | **Lodestar** |
| Attorney Grand Total | 10,836.9 | $6,391,166.00 |
| Non-Attorney Grand Total | 336.6 | $118,607.00 |
| **GRAND TOTAL** | **11,173.5** | **$6,509,773.00** |

# EXHIBIT 2

**Expense Summary for Class Counsel for the Settlement Class**
*Matthew Campbell and Michael Hurley, et al., v. Facebook, Inc.*
Case No. 4:13-cv-05996-PJH

| EXPENSE CATEGORY | CBP, PLLC | LCHB, LLP | Total |
|---|---|---|---|
| Travel (airfare, transportation, lodging & meals) | $67,906.71 | $17,373.71 | $85,280.42 |
| Long distance/ Facsimile/Teleconference | $1,075.80 | $4,441.48 | $5,517.28 |
| Postage/Express Delivery/Messenger | $560.49 | $3,675.65 | $4,236.14 |
| Commercial Copies | | $89.00 | $89.00 |
| Internal Reproduction Copies | $762.44 | $19,318.60 | $20,081.04 |
| Experts/Consultants | | $90,398.11 | $90,398.11 |
| Court Fees | $481.00 | $825.39 | $1,306.39 |
| Court Reporters/Transcripts | | $11,223.60 | $11,223.60 |
| Witness/Service Fees | $75.00 | $279.00 | $354.00 |
| Electronic Database | | $4,350.00 | $4,350.00 |
| Computer Research/PACER | $7,732.97 | $9,414.67 | $17,147.64 |
| Mediation Expenses | | $16,787.50 | $16,787.50 |
| Other Charges | | $305.00 | $305.00 |
| Common Cost Fund Contributions | $210,207.00 | $196,276.00 | $406,483.00 |
| *Funds Not Expended from Common Cost Fund* | | | ($9,863.81) |
| **TOTAL EXPENSES** | **$288,801.41** | **$374,757.71** | **$653,695.31** |

# EXHIBIT 3

1   Michael W. Sobol (State Bar No. 194857)
    msobol@lchb.com
2   David T. Rudolph (State Bar No. 233457)
    drudolph@lchb.com
3   Melissa Gardner (State Bar No. 289096)
    mgardner@lchb.com
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, CA  94111-3339
    Telephone:  415.956.1000
6   Facsimile:  415.956.1008

7   Rachel Geman
    rgeman@lchb.com
8   Nicholas Diamand
    ndiamand@lchb.com
9   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
10  New York, NY  10013-1413
    Telephone:  212.355.9500
11  Facsimile:  212.355.9592

12  Hank Bates (State Bar No. 167688)
    hbates@cbplaw.com
13  Allen Carney
    acarney@cbplaw.com
14  David Slade
    dslade@cbplaw.com
15  CARNEY BATES & PULLIAM, PLLC
    519 West 7th Street
16  Little Rock, AR 72201
    Telephone:  501.312.8500
17  Facsimile:  501.312.8505

18  *Attorneys for Plaintiffs and the Class*

19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

21  MATTHEW CAMPBELL, MICHAEL          Case No.  4:13-cv-05996-PJH
    HURLEY, on behalf of themselves and all
22  others similarly situated,             **DECLARATION OF MATTHEW
                                           CAMPBELL IN SUPPORT OF
23              Plaintiffs,                PLAINTIFFS' MOTION FOR AN AWARD
                                           OF ATTORNEYS' FEES AND COSTS AND
24  v.                                     SERVICE AWARDS**

25  FACEBOOK, INC.,                        Date:    August 9, 2017
                                           Time:    9:00 a.m
26              Defendant.                 Judge: Hon. Phyllis J. Hamilton
                                           Place: Courtroom 3, 3rd Floor
27

28

I, Matthew Campbell, declare as follows:

1.     I am one of the Named Plaintiffs in this case.

2.     I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs and Service Awards.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.     After initiating this lawsuit, I actively participated in this litigation, including through discussions with my attorneys about the litigation about the litigation's progress and significant milestones, the multiple mediations, and the ultimate settlement of the lawsuit.

4.     I provided information for and reviewed the Complaint in which I am a named Plaintiff filed on December 30, 2013, the Consolidated Amended Complaint filed on April 25, 2014, and the Second Amended Complaint filed on June 7, 2016.

5.     I also provided information and documents to my attorneys for purposes of responding to Defendant's discovery requests—totaling 17 Interrogatories, four Requests for Admission, and 30 Requests for Production.  The documents I searched for, gathered, reviewed and produced in the course of responding to Defendant's Requests for Production were culled from, *inter alia*, all of the Private Messages in my personal Facebook account and my professional Facebook account, from which almost 1,000 responsive Private Messages were produced.

6.     On May 19, 2015, I was deposed by Counsel for Defendant from 9:04 am until 4:58 pm, inclusive of breaks.  I travelled from Little Rock, Arkansas to San Francisco, California to attend this deposition.  In preparation for this deposition I met with Class Counsel both telephonically and in-person.

7.     Throughout the litigation, I had numerous telephonic, email, and in-person meetings with Class Counsel.  They routinely kept me advised as to the status of the case and responded to any questions I had.

8.     I also stayed up to date on and informed of case developments by reviewing and discussing with Class Counsel the major filings and events in the case.

DECLARATION OF M. CAMPBELL ISO
MOT. FOR ATTORNEYS' FEES
CASE NO. 4:13-CV-05996-PJH

9.     I was in regular communication with Class Counsel during each mediation, and I reviewed and approved the Settlement that is presented for the Court's approval.

10.     In total, since this litigation began approximately 45 months ago, I estimate that I have spent 60 hours on this litigation.

11.     I have never been promised any compensation for performing my duties as a plaintiff and class representative.  I understand, however, that the parties have requested that the Court award me $5,000 for my time and efforts on behalf of the Settlement Class.  I will be most appreciative if the Court determines that my efforts on behalf of the Settlement Class in commencing and assisting with the prosecution of this action warrant an award in that amount.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24 th day of May, 2017, in LITTLE ROCK ARKANSAS

By: _____
Matthew Campbell

# EXHIBIT 4

1  Michael W. Sobol (State Bar No. 194857)
   msobol@lchb.com
2  David T. Rudolph (State Bar No. 233457)
   drudolph@lchb.com
3  Melissa Gardner (State Bar No. 289096)
   mgardner@lchb.com
4  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, CA  94111-3339
   Telephone:  415.956.1000
6  Facsimile:  415.956.1008

7  Rachel Geman
   rgeman@lchb.com
8  Nicholas Diamand
   ndiamand@lchb.com
9  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
10 New York, NY  10013-1413
   Telephone:  212.355.9500
11 Facsimile:  212.355.9592

12 Hank Bates (State Bar No. 167688)
   hbates@cbplaw.com
13 Allen Carney
   acarney@cbplaw.com
14 David Slade
   dslade@cbplaw.com
15 CARNEY BATES & PULLIAM, PLLC
   519 West 7th Street
16 Little Rock, AR 72201
   Telephone: 501.312.8500
17 Facsimile: 501.312.8505

18 *Attorneys for Plaintiffs and the Class*

19                UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21 MATTHEW CAMPBELL, MICHAEL          Case No.  4:13-cv-05996-PJH
   HURLEY, on behalf of themselves and all
22 others similarly situated,            **DECLARATION OF MICHAEL HURLEY**
                                         **IN SUPPORT OF PLAINTIFFS' MOTION**
23                Plaintiffs,            **FOR AN AWARD OF ATTORNEYS' FEES**
                                         **AND COSTS AND SERVICE AWARDS**
24 v.

25 FACEBOOK, INC.,                     Date:    August 9, 2017
                                        Time:    9:00 a.m
26                Defendant.            Judge: Hon. Phyllis J. Hamilton
                                        Place: Courtroom 3, 3rd Floor
27

28

I, Michael Hurley, declare as follows:

1. I am one of the Named Plaintiffs in this case.

2. I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Costs and Service Awards. I have personal knowledge of the facts stated herein. If called to testify to the contents of this declaration, I could and would competently do so.

3. After initiating this lawsuit, I actively participated in this litigation, including through discussions with my attorneys about the litigation about the litigation's progress and significant milestones, the multiple mediations, and the ultimate settlement of the lawsuit.

4. I provided information for and reviewed the Complaint in which I am a named Plaintiff filed on December 30, 2013, the Consolidated Amended Complaint filed on April 25, 2014, and the Second Amended Complaint filed on June 7, 2016.

5. I also provided information and documents to my attorneys for purposes of responding to Defendant's discovery requests—totaling 15 Interrogatories, four Requests for Admission, and 30 Requests for Production. The documents I searched for, gathered, reviewed and produced in the course of responding to Defendant's Requests for Production were culled from, *inter alia*, all of the Private Messages in my personal Facebook account, from which 17 responsive Private Messages were produced.

6. On July 9, 2015, I was deposed by Counsel for Defendant from 9:01 am until 3:42 pm, inclusive of breaks. I travelled from North Plains, Oregon to San Francisco, California to attend this deposition. In preparation for this deposition I met with Class Counsel both telephonically and in-person.

7. Throughout the litigation, I had numerous telephonic, email, and in-person meetings with Class Counsel. They routinely kept me advised as to the status of the case and responded to any questions I had.

8. I also stayed up to date on and informed of case developments by reviewing and discussing with Class Counsel the major filings and events in the case.

DECLARATION OF M. HURLEY ISO
MOT. FOR ATTORNEYS' FEES
CASE NO. 4:13-CV-05996-PJH

9.      I was in regular communication with Class Counsel during each mediation, and I reviewed and approved the Settlement that is presented for the Court's approval.

10.      In total, since this litigation began approximately 45 months ago, I estimate that I have spent 60 hours on this litigation.

11.      I have never been promised any compensation for performing my duties as a plaintiff and class representative. I understand, however, that the parties have requested that the Court award me $5,000 for my time and efforts on behalf of the Settlement Class. I will be most appreciative if the Court determines that my efforts on behalf of the Settlement Class in commencing and assisting with the prosecution of this action warrant an award in that amount.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25 th day of May, 2017, in North Plains , Oregon

By: _Michael Hurley_____
     Michael Hurley