1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 4:13-cv-05996-PJH-SK<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |

The Court has considered the Class Action Settlement Agreement ("Settlement Agreement"), dated March 1, 2017, the Parties' motion for an order finally approving the Settlement Agreement, the record in this Action, the arguments and recommendations made by counsel, and the requirements of the law.  The Court finds and orders as follows:

## I.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Settlement Agreement is approved under Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that the Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, and its terms are within the range of reasonableness.  The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third-party mediator.  The Court finds that the Settlement Agreement is not the result of collusion.

## II.   DEFINED TERMS

2. For purposes of this Final Approval Order and Final Judgment ("Order"), the Court adopts all defined terms as set forth in the Settlement Agreement.

## III.   NO ADMISSIONS AND NO EVIDENCE

3. This Order, the Settlement Agreement, the Settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party or any of the Released Persons of wrongdoing, to establish a violation of any law or duty, an admission that any of the practices at issue violate any laws or require any disclosures, any liability or non-liability, the certifiability or non-certifiability of a litigation class in this case, or any misrepresentation or omission in any statement or written document approved or made by any Party.

## IV.   JURISDICTION

4. For purposes of the Settlement of the Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

## V. CLASS CERTIFICATION OF RULE 23(B)(2) CLASS FOR SETTLEMENT PURPOSES ONLY

5. The Court finds and concludes that, for the purposes of approving this Settlement only, the proposed Rule 23(b)(2) Settlement Class, which expands the class certified by the Court on May 18, 2016, meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class; (d) Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class because Class Representatives have no interests antagonistic to the Settlement Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Settlement Class; and (e) the Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. The Settlement Agreement was reached after extensive investigation and motion practice in the Action, and was the result of protracted negotiations conducted by the Parties, over the course of several months, including with the assistance of a mediator.  Class Representatives and Class Counsel maintain that the Action and the claims asserted therein are meritorious and that Class Representatives and the Class would have prevailed at trial.  Defendant denies the material factual allegations and legal claims asserted by Class Representatives in this Action, maintains that a class would not be certifiable under any Rule, and that the Class Representatives and Class Members would not prevail at trial.  Notwithstanding the foregoing, the Parties have agreed to settle the Action pursuant to the provisions of the Settlement Agreement, after considering, among other things:  (a) the benefits to the Class Representatives and the Settlement Class under the terms of the Settlement Agreement; (b) the uncertainty of being able to prevail at trial; (c) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (d) obstacles to establishing entitlement to class-wide relief; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the

1  difficulties and delays inherent in such litigation and appeals; and (f) the desirability of
2  consummating the Settlement promptly in order to provide effective relief to the Class
3  Representatives and the Settlement Class.

4         7.      The Court accordingly certifies, for settlement purposes only, a class under Rule
5  23(b)(2), consisting of all natural-person Facebook users located within the United States and its
6  territories who have sent, or received from a Facebook user, private messages that included URLs
7  in their content (and from which Facebook generated a URL attachment), from December 30,
8  2011 to March 1, 2017.  Excluded from the Settlement Class are (i) all Persons who are directors,
9  officers, and agents of Facebook or its subsidiaries and affiliated companies or are designated by
10 Facebook as employees of Facebook or its subsidiaries and affiliated companies; and (ii) the
11 Court, the Court's immediate family, and Court staff, as well as any appellate court to which this
12 matter is ever assigned, and its immediate family and staff.

13 **VI.**    **NOTICE**

14        8.      The Court finds that the forms, content, and methods of disseminating notice to the
15 Class Members previously approved and directed by the Court have been implemented by the
16 Parties and (i) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the
17 best practicable notice under the circumstances and are reasonably calculated, under all the
18 circumstances, to apprise the Class Members of the pendency of this Action, the terms of the
19 Settlement, and their right to object to the settlement; (ii) comply with Rule 23(e) as they are
20 reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of
21 the Action, the terms of the proposed settlement, and their rights under the proposed settlement,
22 including, but not limited to, their right to object to the proposed Settlement and other rights
23 under the terms of the Settlement Agreement; (iii) comply with Rule 23(h) as they are reasonably
24 calculated, under the circumstances, to apprise the Class Members of any motion by Class
25 Counsel for reasonable attorney's fees and nontaxable costs, and their right to object to any such
26 motion; (iv) constitute due, adequate, and sufficient notice to all Class Members and other
27 persons entitled to receive notice; and (v) meet all applicable requirements of law, including, but
28

not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c), (e), and (h), and the Due Process Clause(s) of the United States Constitution.

### VII. CLAIMS COVERED AND RELEASES

9. This Order constitutes a full, final and binding resolution between the Class Representatives' Releasing Parties, on behalf of themselves and the Settlement Class Members, and the Released Parties. This Release shall be applied to the maximum extent permitted by law.

10. Upon the Effective Date and by operation of this Order, the Class Representatives' Releasing Parties will fully, finally, and forever release any and all Class Representatives' Released Claims, including claims for personal injury and damages, known and unknown, as well as provide a waiver under California Civil Code Section 1542. Class Representatives' Releasing Parties are forever enjoined from taking any action seeking any relief against the Released Parties based on any Class Representatives' Released Claims.

11. Upon the Effective Date and by operation of this Order, the Releasing Parties will fully, finally, and forever release the Settlement Class Members' Released Claims (as well as provide a waiver under California Civil Code Section 1542), including any and all claims for injunctive and/or declaratory relief of any kind or character, at law or equity, known or unknown, preliminary or final, under Federal Rule of Civil Procedure 23(b)(2) or any other federal or state law or rule of procedure, from the beginning of the Class Period up until and including the Effective Date, that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in, or could have been alleged in, the Action, except that, notwithstanding the foregoing, the Releasing Parties do not release claims for monetary relief or damages. The Releasing Parties are forever enjoined from taking any action seeking injunctive and/or declaratory relief against the Released Parties based on any Settlement Class Members' Released Claims.

12. Upon the Effective Date and by operation of this Order, Facebook will fully, finally, and forever release, waive, and discharge all legal claims, causes of action, cross-claims, or counter-claims against Class Representatives' Releasing Parties that result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in, or could have

1  been alleged in, the Action.  Facebook is forever enjoined from taking any action seeking any

2  relief against the Class Representatives' Releasing Parties based on any of Facebook's Released

3  Claims.

4        13.     The Settlement Agreement and this Order shall be the exclusive remedy for any

5  and all Released Claims of the Class Representatives, Settlement Class Members, and Facebook.

6  **VIII.   INJUNCTIVE RELIEF**

7        14.     Facebook shall display the following language, without material variation, on its

8  United States website for Help Center materials concerning messages within 30 days of the

9  Effective Date: "We use tools to identify and store links shared in messages, including a count of

10 the number of times links are shared."  Facebook shall make this language available on its United

11 States website for a period of one year from the date it is posted, provided however that Facebook

12 may update the disclosures to ensure accuracy with ongoing product changes.

13 **IX.   ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**

14       15.     The Court's decision regarding the payment of attorneys' fees and expenses to

15 Class Counsel and incentive awards to the Class Representatives is addressed in a separate order.

16 **X.   OBJECTIONS**

17       16.     The Court has considered, and overrules, the Objection of Anna St. John to

18 Proposed Settlement (Dkt. No 243).  The Court has considered the arguments raised by Ms. St.

19 John, and concludes that none of the arguments warrants rejection of the Settlement.  On the

20 contrary, a consideration of the factors required by the Ninth Circuit in assessing class settlements

21 shows that the Settlement is fair, reasonable, and adequate.  *See Hanlon v. Chrysler Corp.*, 150

22 F.3d 1011, 1026-27 (9th Cir. 1998).

23 **XI.   AUTHORIZATION TO PARTIES TO IMPLEMENT AGREEMENT AND
24        MODIFICATIONS OF AGREEMENT**

25       17.     By this Order, the Parties are hereby authorized to implement the terms of the

26 Settlement Agreement.  After the date of entry of this Order, the Parties may by written

27 agreement effect such amendments, modifications, or expansions of the Settlement Agreement

28 and its implementing documents (including all exhibits thereto) without further approval by the

Court if such changes are consistent with terms of this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Settlement Agreement.

## XII. RETENTION OF JURISDICTION

18. The Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

## XIII. FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

19. By operation of this Order, this Action is hereby dismissed with prejudice. A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

- 6 -

[PROPOSED] ORDER GRANTING FINAL APPROVAL
TO CLASS ACTION SETTLEMENT
CASE NO. 4:13-CV-05996-PJH