UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CAMPBELL and MICHAEL HURLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 4:13-cv-05996-PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS** |

1. Having reviewed the Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Costs and Service Awards and the documents submitted in support thereof, the Court now FINDS, CONCLUDES, and ORDERS as follows:

1. Plaintiffs, on behalf of themselves and those similarly situated, commenced this action (the "Action") on December 30, 2013. In their initial complaint, Plaintiffs asserted claims for violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*. ("ECPA"); the California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq*. ("CIPA"); and California's Unfair Competition Law California Business and Profession Code §§ 17200 *et seq*. ("UCL"). Therein, Plaintiffs alleged that Facebook, as a routine policy and business practice, captured and reads its users' personal, private Facebook messages without their consent for purposes including, but not limited to, data mining and user profiling, generating "Likes" for web pages, and targeted advertising. (Dkt. 1).

2. On April 15, 2014, the Court entered an order granting Plaintiffs' motion to consolidate this Action with a related action filed by Plaintiff David Shadpour, *Shadpour v. Facebook*, Inc., Case No. 5:14-cv-00307-PSG (N.D. Cal.). (*See* Dkt. 24). Subsequently, Plaintiffs filed a Consolidated Amended Complaint on April 25, 2014, asserting ECPA, CIPA, and UCL claims on behalf of themselves and a proposed class of "[a]ll natural-person Facebook users located within the United States who have sent or received private messages that included URLs in their content, from within two years before the filing of this action up through and including the date when Facebook ceased its practice." (*See* Dkt. 25.).[1]

3. On June 17, 2014, Facebook filed a Motion to Dismiss Plaintiffs' Consolidated Amended Complaint. (*See* Dkt. 29). Plaintiffs filed an opposition (*see* Dkt. 31), and Facebook, in turn, filed a reply brief (*see* Dkt. 35). On December 23, 2014, the Court issued an order granting in part and denying in part Facebook's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint, dismissing the claims under CIPA § 632 and the UCL, but denying dismissal of the claims under ECPA and CIPA § 631. (*See* Dkt. 43).

---

[1] On October 2, 2015, David Shadpour voluntarily dismissed his claims, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a). (*See* Dkt. 123.)

4. On May 18, 2016, the Court issued an order granting in part and denying in part Plaintiffs' Motion for Class Certification, denying certification as to a damages class under Federal Rule of Civil Procedure 23(b)(3), but granting certification of an injunctive-relief class under Federal Rule of Civil Procedure 23(b)(2). (*See* Dkt. 192). The class definition was as follows:

> All natural-person Facebook users located within the United States who have sent, or received from a Facebook user, private messages that included URLs in their content (and from which Facebook generated a URL attachment), from within two years before the filing of this action up through the date of the certification of the class.

(*See Id.*).

5. Specifically, the Court certified for class treatment three specific alleged uses by Facebook of URLs included in private messages: (1) Facebook's cataloging URLs shared in private messages and counting them as a "Like" on the relevant third-party website, (2) Facebook's use of data regarding URLs shared in private messages to generate recommendations for Facebook users, and (3) Facebook's sharing of data regarding URLs in messages (and attendant demographic data about the messages' participants) with third parties. (Dkt. 192, at pp. 3-5). In addition, the Court directed the Plaintiffs to file a Second Amended Complaint "(1) revising the class definition to reflect the definition set forth in the class certification motion, and (2) adding allegations regarding the sharing of data with third parties." (*Id.* at p.6). In accord therewith, the Plaintiffs filed their Second Amended Complaint on June 7, 2016. (Dkt. 196).

6. On December 7, 2016, the parties engaged in a fourth mediation before Randall Wulff. As a result of this final effort, the parties were able to reach an agreement-in-principle to resolve this Action at the December 7, 2016 mediation, and on December 23, 2016, the parties filed a Joint Status Report, advising the Court that they had reached a settlement-in-principle. (*See* Dkt. 222). Thereafter, the parties memorialized the terms of the settlement, first in a Memorandum of Understanding executed on February 9, 2017, and subsequently in the Settlement Agreement executed and filed with this Court on March 1, 2017 (Dkt. 227-3), which acknowledges the relief afforded to the Class (*Id.* At ¶ 40) as well as the role of Class Counsel in

1  obtaining such relief (*Id.*). In the Settlement Agreement, Facebook agreed to take no position on
2  an award of attorneys' fees and costs of up to $3,890,000. At that time, Class Counsel
3  approximated that they would seek $3,230,000 in fees – a significant reduction from the lodestar
4  accrued to that date – and $660,000 in costs; however, it was agreed Class Counsel may apply in
5  different amounts not to exceed $3,890,000. Prior to that agreement, Class Counsel provided
6  Facebook with the monthly time summaries of Class Counsel's lodestar to facilitate negotiation
7  and resolution of the fee issue.

8  7. On April 26, 2017, this Court granted preliminary approval to the parties'
9  settlement and ordered that Class Counsel file an application for attorneys' fees on or before May
10 26, 2017. (Dkt. 235 at ¶ 14).

11 8. Plaintiffs have now filed their Unopposed Motion for an Award of Attorneys' Fees
12 and Costs and Service Awards ("Fee Motion"), supported by the joint declaration of Class
13 Counsel Michael Sobol and Hank Bates ("Joint Declaration"), which attaches as exhibits
14 summaries of Class Counsel's hours billed, hourly rates, and costs incurred, as well as
15 declarations from each Class Representative attesting to their respective participation in this
16 Action. The Court addresses, in turn, the appropriateness of the attorneys' fees, costs, and service
17 awards sought.

18 9. Even where a settlement agreement provides for fees and a defendant commits to
19 take no position on them, in the class action context, a court must still ensure that the attorneys'
20 fees and costs awarded are "fundamentally fair, adequate, and reasonable." *See Staton v. Boeing,*
21 *Co.*, 327 F. 3d 938, 963-64 (9th Cir. 2003).

22 10. In assessing the reasonableness of an attorney's hourly rate, courts consider
23 whether the claimed rate is "in line with those prevailing in the community for similar services by
24 lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S.
25 886, 895-96 n.11 (1984). The Fee Motion and accompanying Joint Declaration establish the
26 experience, credentials, and rates of Class Counsel, sufficient to warrant the rates sought. Fee
27 Motion at 13; Joint Decl. at ¶¶ 27-30, 40-55.
28

11. ECPA provides for an award of reasonable attorneys' fees and costs. *See* 18 U.S.C.S. §2520(b)(3) (providing appropriate relief includes "a reasonable attorney's fee and other litigation costs reasonably incurred."). Similarly, in light of the CIPA claim, the requested attorneys' fees are appropriate in this Action pursuant to California's "private attorney general" statute, which provides for an award of attorneys' fees to a "successful party." *See* Cal. Civ. Proc. Code § 1021.5.

12. The Joint Declaration of Class Counsel provides a detailed chronological summary of the work performed by Class Counsel, a spreadsheet showing the number of hours devoted by each firm to fourteen categories of activities, and spreadsheets setting forth the number of hours billed, the hourly rates, and the lodestar for each individual attorney and staff member who substantially contributed to the prosection of this Action, arriving at a total lodestar of $6,509,773.00. The amount Class Counsel requests in fees – $3,236,304.69 – is just under half of that lodestar, or an overall 50% reduction from their full fees.

13. The Ninth Circuit recently reconfirmed that "[t]here is a strong presumption that the lodestar figure represents a reasonable fee." *Rodriguez v. West Publ. Corp.*, 602 Fed. Appx. 385, 387 (9th Cir. 2015). Further, courts within this District and its sister district have held that a significant negative multiplier—such as the 0.5 multiplier at issue here—"strongly suggests the reasonableness of the negotiated fee." *Rosado v. Ebay Inc.*, No. 5:12-CV-04005-EJD, 2016 U.S. Dist. LEXIS 80760, at *26 (N.D. Cal. June 21, 2016) (negative multiplier of 0.54); *See Gong-Chun v. Aetna*, No. 1:09-CV-01995-SKO, 2012 U.S. Dist. LEXIS 96828, at *53 (E.D. Cal. Jul. 12, 2012) (holding that a negative multiplier of 0.79 suggests that the negotiated fee award is reasonable); *Chun-Hoon v. Mckee Foods Corp.,* 716 F. Supp. 2d 848, 854 (N.D. Cal. 2010) (reasoning that a negative multiplier suggests a reasonable and fair valuation of the services provided by class counsel). In this case, the amount that Class Counsel agreed to accept is far less than their lodestar, making it fair, reasonable and adequate for the Class. Accordingly, the Court approves Class Counsel's request.

14. Class Counsel seeks $653,695.31 in unreimbursed out-of-pocket costs incurred over the course of this litigation. The Settlement terms and well-settled precedent support Class

1 | Counsel's entitlement to recovery of out-of-pocket costs reasonably incurred in investigating, prosecuting, and settling these claims. *See, e.g.*, *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). As detailed in the Joint Declaration, these costs were reasonably incurred in furtherance of the investigation, prosecution, and Settlement of the Action and should be reimbursed. Decl. at ¶¶ 34-37; s*ee In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 469 (C.D. Cal. 2014).

15. The Settlement also provides for service awards of $5,000 to each Class Representative—respectively, to Matthew Campbell and Michael Hurley. *See* Settlement Agreement, ¶ 60. As the Ninth Circuit has recognized, "named plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases"). Such awards are "intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action." *Id.*; *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995).

16. In this District, service awards in the amount of $5,000 per class representative are "presumptively reasonable." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015). In this case, the Class Representatives sat for day-long depositions, produced a significant amount of documents in discovery, answered numerous written discovery requests and invested substantial time over the past three years in collaborating and communicating with Class Counsel and monitoring the litigation. The Court finds that the service awards in this Action are well justified under the circumstances.

17. The Court has considered, and overrules, the Objection of Anna St. John to Proposed Settlement (Dkt. No 243). The Court finds the settlement to be the result of good faith, arms-length negotiations rather than the result of fraud, collusion, or self-dealing. The parties engaged in four separate mediations before two respected mediators, over the course of several months, before first coming to an agreement as to the terms of the settlement and only thereafter arriving at an agreement as to fees. Further, Objector St. John's argument concerning the blended

rate of Class Counsel's lodestar is obviated by the negative multiplier. Considering the nature and length of the negotiation process as well as the benefit conferred on the Class Members in light of the risks of continued litigation, the Court is satisfied that the fee requested by Class Counsel is reasonable.

18.     It is therefore ORDERED that Class Counsel be awarded $3,890,000 in reasonable attorneys' fees and costs, and that Class Representatives Matthew Campbell and Michael Hurley will each receive $5,000 service awards, in accordance with the Settlement Agreement.

IT IS SO ORDERED.

DATED: August 18, 2017

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE